Gary J. Smith (SB #141393)
Ryan R. Tacorda (SB #227070)
BEVERIDGE & DIAMOND, P.C.
456 Montgomery Street, Suite 1800
San Francisco, CA 94104-1251
Telephone: (415) 262-4000
Facsimile: (415) 262-4040

Robert Brager
BEVERIDGE & DIAMOND, P.C.
201 North Charles Street, Suite 2210
Baltimore, MD 21201-4150
Telephone: (410) 230-3850
Facsimile: (410) 230-3868

Attorneys for Defendant
PPG INDUSTRIES, INC.

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CALIFORNIA WATER SERVICE COMPANY, | **CASE NO. CIV-08-3267 SI** |
| Plaintiff, | **SUBMISSION OF REMAINING DOCUMENTS FROM STATE COURT FILE** |
| vs. | |
| THE DOW CHEMICAL COMPANY; E.I. DUPONT DE NEMOURS AND COMPANY; PPG INDUSTRIES, INC.; VULCAN MATERIALS COMPANY; OCCIDENTAL CHEMICAL CORPORATION; VALERO ENERGY CORPORATION; STAUFFER CHEMICAL COMPANY; BOWE-PERMAC, INC., individually and d/b/a BOWE TEXTILE CLEANING, INC.; HOYT CORPORATION; R.R. STREET & CO., INC.; MCGRAW EDISON COMPANY, individually and d/b/a AMERICAN LAUNDRY MACHINERY, INC., AMERICAN LAUNDRY MACHINERY, INC., individually and d/b/a AJAX MANUFACTURING DIVISION AND MARTIN EQUIPMENT, WHITE CONSOLIDATED INDUSTRIES, INC., individually and d/b/a WASHEX MACHINERY DIVISION, ELECTROLUX CORPORATION, LINDUS S.R.L., individually and d/b/a LINDUS WEST, COLUMBIA DRYCLEANING MACHINES, a/k/a COLUMBIA/ILSA MACHINES CORP., REALSTAR, INC., individually and d/b/a | |

1  REALSTAR USA, UNION DRYCLEANING
   PRODUCTS USA, FIRBIMATIC,
2  BERGPARMA OF AMERICA, LLC, AMA
   UNIVERSAL, FLUORMATIC MIDWEST
3  LTD., FORENTA LP, WESTERN MULTITEX
   CORP., MARVEL MANUFACTURING,
4  RENZACCI OF AMERICA, SAIL STAR USA,
   VIC MANUFACTURING CORPORATION,
5  M.B.L., INC., GOSS-JEWETT CO. OF
   NORTHERN CALIFORNIA, MCGREGOR
6  SUPPLY COMPANY, S.B. SUPPLY INC.,
   WASHEX MACHINERY OF CALIFORNIA,
7  INC., WORKROOM SUPPLY, INC., TAYLOR
   HOUSEMAN, INC., UNITED FABRICARE
8  SUPPLY, INC., ECHCO SALES INC., MW
   EQUIPMENT, ARTHUR KAJIWARA
9  EQUIPMENT CO., INC., KELLEHER
   EQUIPMENT SUPPLY, INC., US
10 MACHINERY & ENGINEERING CO., INC.,
   WYATT-BENNETT, CORBETT
11 EQUIPMENT, FULLER SUPPLY
   COMPANY, SAV-ON MACHINERY
12 COMPANY, INC. and DOES 1 through 750,
   INCLUSIVE,
13
            Defendants.
14

15      TO THE CLERK OF THE ABOVE-ENTITLED COURT:

16      Please take notice that defendant PPG Industries, Inc. ("PPG") submits to this Court the

17  following documents from *California Water Service Company v. Dow Chemical Company*,

18  originally denominated Case No. CIV 473093, in the Superior Court of the State of California in and

19  for the County of San Mateo.  These are the remaining documents on file with the San Mateo

20  Superior Court prior to PPG's Notice of Removal filed with this Court on July 7, 2008.

21      1.      Attached as Exhibit A is the Civil Case Cover Sheet for the state court action, filed on

22  May 22, 2008.

23      2.      Attached as Exhibit B is the Affidavit of Personal Delivery of endorsed filed copies

24  of the complaint, summons, notice of case management conference and ADR packet information by

25  the Deputy Court Clerk, filed on May 22, 2008.

26      3.      Attached as Exhibit C is the Answer of PPG Industries, Inc. to Plaintiff's Complaint

27  for Damages and Other Relief, filed on June 27, 2008.

28

1        4.      Attached as Exhibit D is the Answer of Occidental Chemical Corporation to

2    Plaintiff's Complaint for Damages and Other Relief, filed on June 27, 2008.

3        5.      Attached as Exhibit E is the summary of Actions for the state court action available

4    on the San Mateo Superior Court's Open Access online system, as of July 9, 2008.

5

6

7    Dated: _July 9, 2008_ .

               BEVERIDGE & DIAMOND, P.C.

8                   By: _____

9                       Gary J. Smith
                   Ryan R. Tacorda

10                  Attorneys for Defendant
11                  PPG INDUSTRIES, INC.

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

EXHIBIT A

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|
| — Victor M. Sher, SBN 96197<br>Todd E. Robins, SBN 191853<br>Marnie E. Riddle, SBN 233732<br>Sher Leff, LLP 450 Mission Street, Ste. 400 San Francisco, CA 94105<br>TELEPHONE NO.: (415) 348-8333    FAX NO.: (415) 348-8333<br>ATTORNEY FOR (Name): California Water Service Company | **RECEIVED**<br><br>MAY 2 2 2008<br><br>CLERK OF THE SUPERIOR COURT<br>SAN MATEO COUNTY |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF  San Mateo
STREET ADDRESS: 400 County Center
MAILING ADDRESS: 400 County Center, Room A
CITY AND ZIP CODE: Redwood City, California 94063
BRANCH NAME: Southern Branch

CASE NAME:
California Water Service Company v. The Dow Chemical Co., et al.

| CIVIL CASE COVER SHEET<br>☑ Unlimited ☐ Limited<br>(Amount (Amount<br>demanded demanded is<br>exceeds $25,000) $25,000 or less) | Complex Case Designation<br>☐ Counter ☐ Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | CASE NUMBER **CIV 4 7 3 0 9 3**<br>JUDGE:<br>DEPT: |
|---|---|---|

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

| **Auto Tort** | **Contract** | **Provisionally Complex Civil Litigation** |
|---|---|---|
| ☐ Auto (22) | ☐ Breach of contract/warranty (06) | **(Cal. Rules of Court, rules 3.400–3.403)** |
| ☐ Uninsured motorist (46) | ☐ Rule 3.740 collections (09) | ☐ Antitrust/Trade regulation (03) |
| **Other PI/PD/WD (Personal Injury/Property** | ☐ Other collections (09) | ☐ Construction defect (10) |
| **Damage/Wrongful Death) Tort** | ☐ Insurance coverage (18) | ☐ Mass tort (40) |
| ☐ Asbestos (04) | ☐ Other contract (37) | ☐ Securities litigation (28) |
| ☐ Product liability (24) | **Real Property** | ☑ Environmental/Toxic tort (30) |
| ☐ Medical malpractice (45) | ☐ Eminent domain/Inverse | ☐ Insurance coverage claims arising from the |
| ☐ Other PI/PD/WD (23) | condemnation (14) | above listed provisionally complex case |
| **Non-PI/PD/WD (Other) Tort** | ☐ Wrongful eviction (33) | types (41) |
| ☐ Business tort/unfair business practice (07) | ☐ Other real property (26) | **Enforcement of Judgment** |
| ☐ Civil rights (08) | **Unlawful Detainer** | ☐ Enforcement of judgment (20) |
| ☐ Defamation (13) | ☐ Commercial (31) | **Miscellaneous Civil Complaint** |
| ☐ Fraud (16) | ☐ Residential (32) | ☐ RICO (27) |
| ☐ Intellectual property (19) | ☐ Drugs (38) | ☐ Other complaint (not specified above) (42) |
| ☐ Professional negligence (25) | **Judicial Review** | **Miscellaneous Civil Petition** |
| ☐ Other non-PI/PD/WD tort (35) | ☐ Asset forfeiture (05) | ☐ Partnership and corporate governance (21) |
| **Employment** | ☐ Petition re: arbitration award (11) | ☐ Other petition (not specified above) (43) |
| ☐ Wrongful termination (36) | ☐ Writ of mandate (02) | |
| ☐ Other employment (15) | ☐ Other judicial review (39) | |

2. This case ☑ is ☐ is not   complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. ☑ Large number of separately represented parties    d. ☑ Large number of witnesses
   b. ☑ Extensive motion practice raising difficult or novel    e. ☐ Coordination with related actions pending in one or more courts
   issues that will be time-consuming to resolve    in other counties, states, or countries, or in a federal court
   c. ☑ Substantial amount of documentary evidence    f. ☐ Substantial postjudgment judicial supervision

3. Remedies sought (check all that apply): a. ☑ monetary   b. ☑ nonmonetary; declaratory or injunctive relief   c. ☑ punitive
4. Number of causes of action (specify):  Eight
5. This case ☐ is ☑ is not   a class action suit.
6. If there are any known related cases, file and serve a notice of related case. (You may use form CM-015.)

Date: May 22, 2008
Victor M. Sher    ▶ _____
(TYPE OR PRINT NAME)    (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
• Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
• File this cover sheet in addition to any cover sheet required by local court rule.
• If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
• Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. July 1, 2007] | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;<br>Cal. Standards of Judicial Administration, std. 3.10<br>www.courtinfo.ca.gov<br>American LegalNet, Inc.<br>www.FormsWorkflow.com |
|---|---|---|

**EXHIBIT**

tabbies

*A*

# EXHIBIT B

## AFFIDAVIT OF PERSONAL DELIVERY

California water service Company

**FILED**
**SAN MATEO COUNTY**

MAY 2 2 2008

Clerk of the Superior Court
By _____
DEPUTY CLERK

vs

The Dow chemical Company

CASE #    CIV 4 7 3 0 9 3

## DOCUMENTS

Endorsed filed copies of the Complaint, Summons, Notice of Case Management
Conference and ADR Packet information.

I declare under penalty of perjury that I delivered back to the customer, a true copy of the
foregoing documents. Executed on the above filed date at the Hall of Justice & Records
in Redwood City, CA 94063.

By : G. JACKSON
      Deputy Court Clerk

EXHIBIT
**B**

# EXHIBIT C

1  | Gary J. Smith (SB # 141393)
2  | Ryan R. Tacorda (SB # 227070)
   | BEVERIDGE & DIAMOND, P.C.
3  | 456 Montgomery Street, Suite 1800
   | San Francisco, CA 94104-1251
4  | Telephone: (415) 262-4000
   | Facsimile: (415) 262-4040
5  |
   | Attorneys for Defendant
6  | PPG INDUSTRIES, INC.
7  |
8  | **SUPERIOR COURT OF THE STATE OF CALIFORNIA**
9  | **IN AND FOR THE COUNTY OF SAN MATEO**
10 |
11 | CALIFORNIA WATER SERVICE
   | COMPANY,
12 |                Plaintiff,
13 |        vs.
14 | THE DOW CHEMICAL COMPANY; E.I.
   | DUPONT DE NEMOURS AND COMPANY;
15 | PPG INDUSTRIES, INC.; VULCAN
   | MATERIALS COMPANY; OCCIDENTAL
16 | CHEMICAL CORPORATION; VALERO
   | ENERGY CORPORATION; STAUFFER
17 | CHEMICAL COMPANY; BOWE-PERMAC,
   | INC., individually and d/b/a BOWE TEXTILE
18 | CLEANING, INC.; HOYT CORPORATION;
   | R.R. STREET & CO., INC.; MCGRAW
19 | EDISON COMPANY, individually and d/b/a
   | AMERICAN LAUNDRY MACHINERY, INC.,
20 | AMERICAN LAUNDRY MACHINERY, INC.,
   | individually and d/b/a AJAX
21 | MANUFACTURING DIVISION AND
   | MARTIN EQUIPMENT, WHITE
22 | CONSOLIDATED INDUSTRIES, INC.,
   | individually and d/b/a WASHEX
23 | MACHINERY DIVISION, ELECTROLUX
   | CORPORATION, LINDUS S.R.L., individually
24 | and d/b/a LINDUS WEST, COLUMBIA
   | DRYCLEANING MACHINES, a/k/a
25 | COLUMBIA/ILSA MACHINES CORP.,
   | REALSTAR, INC., individually and d/b/a
26 | REALSTAR USA, UNION DRYCLEANING
   | PRODUCTS USA, FIRBIMATIC,
27 | BERGPARMA OF AMERICA, LLC, AMA
   | UNIVERSAL, FLUORMATIC MIDWEST
28 | LTD., FORENTA LP, WESTERN MULTITEX
   | CORP., MARVEL MANUFACTURING,

**CASE NO. CIV 473093**

**ANSWER OF PPG INDUSTRIES, INC. TO PLAINTIFF'S COMPLAINT FOR DAMAGES AND OTHER RELIEF**

BD3

CJ '

RRT

FILED
SAN MATEO COUNTY
JUN 2 7 2008
Clerk of the Superior Court
By
DEPUTY CLERK

ORIGINAL

EXHIBIT
C

1 | RENZACCI OF AMERICA, SAIL STAR USA, VIC MANUFACTURING CORPORATION,
2 | M.B.L., INC., GOSS-JEWETT CO. OF NORTHERN CALIFORNIA, MCGREGOR
3 | SUPPLY COMPANY, S.B. SUPPLY INC., WASHEX MACHINERY OF CALIFORNIA,
4 | INC., WORKROOM SUPPLY, INC., TAYLOR HOUSEMAN, INC., UNITED FABRICARE
5 | SUPPLY, INC., ECHCO SALES INC., MW EQUIPMENT, ARTHUR KAJIWARA
6 | EQUIPMENT CO., INC., KELLEHER EQUIPMENT SUPPLY, INC., US
7 | MACHINERY & ENGINEERING CO., INC., WYATT-BENNETT, CORBETT
8 | EQUIPMENT, FULLER SUPPLY COMPANY, SAV-ON MACHINERY
9 | COMPANY, INC. and DOES 1 through 750, INCLUSIVE,

10

                    Defendants.

11

12      Defendant PPG Industries, Inc. ("PPG" or "Defendant") answers the allegations of the

13  Complaint of California Water Service Company ("Plaintiff") as follows:

14                              **GENERAL DENIAL**

15      Pursuant to California Code of Civil Procedure section 431.30(d), PPG denies the allegations

16  of the Complaint and each and every cause of action, and each paragraph in each cause of action,

17  and every part thereof, including a denial that Plaintiff was damaged in the sum or sums alleged or to

18  any other sum at all.

19                           **AFFIRMATIVE DEFENSES**

20      As separate and affirmative defenses to each of the claims asserted in the Plaintiff's

21  Complaint, PPG further alleges:

22                        **FIRST AFFIRMATIVE DEFENSE:**

23                    **FAILURE TO STATE A CAUSE OF ACTION**

24      Plaintiff's Complaint, and each cause of action stated therein, fails to state facts sufficient to

25  constitute a claim for which relief may be granted against PPG.

26  / / /

27  / / /

28  / / /

                                   -2-

ANSWER OF PPG INDUSTRIES, INC. TO PLAINTIFF'S COMPLAINT FOR DAMAGES AND OTHER RELIEF;
Case No. CIV 473093

1

**SECOND AFFIRMATIVE DEFENSE:**

2

**UNCERTAINTY**

3

The Complaint, and each cause of action stated therein, is vague, ambiguous and uncertain.

4

**THIRD AFFIRMATIVE DEFENSE:**

5

**FAILURE TO JOIN**

6

Plaintiff has failed to join feasible and necessary parties to afford a just adjudication of the

7

causes of action alleged in the Complaint.

8

**FOURTH AFFIRMATIVE DEFENSE:**

9

**STATUTE OF LIMITATIONS**

10

Plaintiff's Complaint, and each cause of action stated therein, is barred by the applicable

11

statutes of limitations.

12

**FIFTH AFFIRMATIVE DEFENSE:**

13

**LACHES**

14

Plaintiff unreasonably delayed the commencement of this action.  Because of this delay, PPG

15

has been prejudiced.  As a result, the Complaint and each cause of action is barred by the doctrine of

16

laches.

17

**SIXTH AFFIRMATIVE DEFENSE:**

18

**WAIVER**

19

Plaintiff, by its acts, conduct, and omissions, has waived the claims alleged in the Complaint,

20

and each cause of action therein.

21

**SEVENTH AFFIRMATIVE DEFENSE:**

22

**ESTOPPEL**

23

Plaintiff, by its acts, conduct, and omissions, is estopped from asserting the claim or claims

24

alleged in the Complaint and each cause of action therein.

25

**EIGHTH AFFIRMATIVE DEFENSE:**

26

**UNCLEAN HANDS**

27

Plaintiff engaged in inequitable conduct directly related to the claims asserted in Plaintiff's

28

Complaint.  Plaintiff's claims are therefore barred by the doctrine of unclean hands.

-3-

1    **NINTH AFFIRMATIVE DEFENSE:**

2    **FEDERAL PREEMPTION**

3    Plaintiff's Complaint, and each cause of action stated therein, is preempted by federal law.

4    **TENTH AFFIRMATIVE DEFENSE:**

5    **FAILURE TO MITIGATE**

6    Plaintiff's damages, if any, are completely, or in part, the product of Plaintiff's failure to

7    mitigate these alleged damages as required by law.  Because of this failure to mitigate, Plaintiff is

8    barred from recovery for the alleged losses or damages.

9    **ELEVENTH AFFIRMATIVE DEFENSE:**

10    **APPORTIONMENT OF FAULT**

11    Parties and persons, other than PPG, were negligently or legally responsible or otherwise at

12    fault for any and all damages alleged in the Complaint (which damages are herein denied).

13    Therefore, in the event of any liability, whether by settlement or judgment in favor of any other party

14    against PPG, Plaintiff should be limited in seeking recovery from PPG for that proportion of alleged

15    injuries and damages, if any, for which PPG is liable or responsible under the Complaint and each

16    cause of action therein.

17    **TWELFTH AFFIRMATIVE DEFENSE:**

18    **COMPARATIVE NEGLIGENCE**

19    At the time of the incidents alleged in Plaintiff's Complaint, Plaintiff and others failed to

20    exercise reasonable or ordinary care such that the injuries and damages allegedly sustained by

21    Plaintiff were actually or proximately caused or contributed to by Plaintiff's and others' negligent

22    acts, conduct, and omissions.  PPG therefore has no liability to Plaintiff, or in the alternative, PPG is

23    only liable in an amount commensurate with its proportionate fault, if any, based on Plaintiff's

24    comparative negligence.

25    **THIRTEENTH AFFIRMATIVE DEFENSE:**

26    **ASSUMPTION OF RISK**

27    At all times mentioned in Plaintiff's Complaint, and by virtue of the nature of the solvent

28    contamination alleged by Plaintiff and the parties' relationship to that activity, PPG owed no legal

-4-

1 | duty to protect Plaintiff from the particular risk of harm that allegedly caused the contamination and

2 | injury to the property described in Plaintiff's Complaint.  Plaintiff is therefore completely barred

3 | from recovering damages for any of the alleged claims.

4 | **FOURTEENTH AFFIRMATIVE DEFENSE:**

5 | **INDEPENDENT, INTERVENING, OR SUPERSEDING CAUSE**

6 | If Plaintiff suffered any injury or damages, such injury or damages were caused solely by or

7 | were the direct and proximate result of the actions and/or negligence of others, including Plaintiff,

8 | distributors and dry cleaners.  Said actions and/or negligence constitute a superseding and/or

9 | intervening cause of the injury and damages claimed by Plaintiff.

10 | **FIFTEENTH AFFIRMATIVE DEFENSE:**

11 | **STATE OF THE ART/LAWFUL, PERMITTED, AND LICENSED CONDUCT**

12 | All activities of PPG as relevant to the claims stated in the Complaint conformed to statutes,

13 | governmental regulations, and industry standards based upon the state of knowledge existing at the

14 | relevant time.  The manufacture, sale, and labeling of the product(s) alleged in the Complaint, and

15 | each claim stated therein, and all other acts of PPG concerning said product(s), if any, were licensed

16 | and permitted by the State of California and the United States.  PPG complied with all applicable

17 | statutes and regulations, existing at the time of manufacture, that prescribed standards for design,

18 | inspection, testing, manufacture, labeling, packaging, sale, warning, or instructions for use of the

19 | product(s).

20 | **SIXTEENTH AFFIRMATIVE DEFENSE:**

21 | **NO SAFER ALTERNATE DESIGN**

22 | PPG denies that any of its products at issue in this case were unavoidably unsafe, but if there

23 | was any design defect inherent in any such products, such defects being expressly denied, such

24 | defect could not have been effectively eliminated without rendering the products incapable of

25 | reasonable use.

26 | ///

27 | ///

28 | ///

-5-

## SEVENTEENTH AFFIRMATIVE DEFENSE:

## NO DESIGN DEFECT

The benefits, to the public generally and the dry cleaning industry in particular, of the product referred to in plaintiffs' Complaint outweigh the risks of danger, if any, inherent in the product. In addition, consumers did not and could not have any expectations about the chemical properties of the product and/or the likelihood that improper handling of the product would lead to environmental contamination. Further, the product was not defective or unreasonably dangerous based upon the state of scientific and technological knowledge at the time the product was marketed.

## EIGHTEENTH AFFIRMATIVE DEFENSE:

## SOPHISTICATED USER/INTERMEDIARY

By reason of the longstanding and continuous experience with the product(s) referred to in the Complaint, the entities that purchased PPG's product(s) are and were sophisticated users of any and all such product(s). PPG, therefore, sold the product(s) alleged in the Complaint to sophisticated users and intermediaries, giving said users and intermediaries adequate and complete warnings of the environmental risks involved in the handling and use of the product(s). The sophisticated users and intermediaries thereby acquired a separate and affirmative duty to warn of any alleged potential harmful effects from the use or misuse of the product(s). For these reasons, PPG had no duty to independently warn of the said risks, and plaintiff's claims are thereby barred.

## NINETEENTH AFFIRMATIVE DEFENSE:

## BULK SUPPLIER

PPG sold the product(s) alleged in the Complaint in bulk accompanied by adequate written warnings to distributors who subsequently packaged, labeled, and marketed the product(s). For that reason, PPG had no duty to independently warn users of said risks, and plaintiff's claims are thereby barred.

## TWENTIETH AFFIRMATIVE DEFENSE:

## PRODUCT MODIFICATION

Distributors, retailers and/or others modified, altered, and changed the product(s) referred to in Plaintiff's Complaint, so that such changes in product(s) proximately caused the loss and damages

-6-

1    complained of, if any.

2    ### TWENTY FIRST AFFIRMATIVE DEFENSE:

3    ### No CERCLA LIABILITY:

4    Plaintiff cannot recover from PPG under CERCLA because PPG is not a liable party under

5    CERCLA.

6    ### TWENTY SECOND AFFIRMATIVE DEFENSE:

7    ### NO JOINT LIABILITY:

8    Plaintiff's claim for equitable indemnity fails to state a claim because Plaintiff and PPG are

9    not jointly liable to a third party.

10    ### TWENTY THIRD AFFIRMATIVE DEFENSE

11    ### NO UTILITY TAMPERING

12    Plaintiff's seventh cause of action fails to state a claim under Civil Code § 1882 et seq.

13    ### TWENTY FOURTH AFFIRMATIVE DEFENSE

14    ### HSAA PREEMPTION

15    Plaintiff's claims are preempted by the Carpenter-Presley-Tanner Hazardous Substance

16    Account Act, Cal. Health & Safety Code §§ 25300 *et seq.*

17    ### NO RIGHT TO ATTORNEYS' FEES

18    Plaintiff has no right to attorneys' fees in this action.

19    ### INCORPORATION OF DEFENSES

20    PPG incorporates by reference as if fully set forth herein all of the affirmative defenses raised

21    by other defendants to the extent that they are consistent with the positions taken by PPG in this

22    Answer.

23    ### OTHER DEFENSES

24    PPG reserves the right to assert other affirmative defenses which discovery hereafter may

25    reveal to be appropriate.

26    WHEREFORE, having fully answered, PPG respectfully requests that the Court enter

27    judgment against Plaintiff as follows:

28        A.    Dismiss with prejudice all claims asserted against PPG in the Complaint;

-7-

B.    Award to PPG all attorney's fees and costs allowed by law; and

C.    Award PPG such other relief as the Court may deem just and proper.


Dated:  6/27/2008  .

                                        BEVERIDGE & DIAMOND, P.C.

                                        By:  _____
                                             Gary J. Smith
                                             Ryan R. Tacorda

                                        Attorneys for Defendant
                                        PPG INDUSTRIES, INC.

-8-

ANSWER OF PPG INDUSTRIES, INC. TO PLAINTIFF'S COMPLAINT FOR DAMAGES AND OTHER RELIEF;
Case No. CIV 473093

1

## PROOF OF SERVICE

2

3    I am employed in the County of San Francisco, State of California.  I am over the age of 18 years and not a party to the within action; my business address is Beveridge & Diamond, P.C., 456 Montgomery Street, Suite 1800, San Francisco, CA 94104-1251.

4

5    On **June 27, 2008,** I served the foregoing document describe as in this action:

6    **ANSWER OF PPG INDUSTRIES, INC. TO PLAINTIFF'S COMPLAINT FOR DAMAGES AND OTHER RELIEF**

7

8    ☐ *BY FACSIMILE

9    I sent such document from facsimile machine (415) 262-4040 on **[date].**  I certify that said transmission was completed and that all pages were received and that a report was generated by facsimile machine (415) 262-4040 which confirms said transmission and receipt.

10

11    ☒ ** BY MAIL

12    ☒ by placing ☐ the original ☒ a true copy thereof enclosed in sealed envelopes addressed as follows:

13

14    Victor M. Sher, Esq.
     Todd E. Robins, Esq.
15    Marnie E. Riddle, Esq.
     **Sher Leff LLP**
16    450 Mission Street, Suite 400
     San Francisco, CA 94105

17

18    I am readily familiar with the firm's practice of collection and processing correspondence for mailing.  Under that practice it would be deposited with the U.S.
19    Postal Service on that same day with postage thereon fully prepaid at San Francisco, California, in the ordinary course of business.  I am aware that on motion of the party
20    served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after the date of deposit for mailing in affidavit.

21

22    I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

23

24    Executed on **June 27, 2008** at San Francisco, California.

25

26    _____
                ADELA C. CRUZ

27

28

---

ANSWER OF PPG INDUSTRIES, INC. TO PLAINTIFF'S COMPLAINT FOR DAMAGES AND OTHER RELIEF;
Case No. CIV 473093

# EXHIBIT D

1  STEPHEN C. LEWIS (State Bar No. 66590)
2  (E-mail: scl@bcltlaw.com)
   R. MORGAN GILHULY (State Bar No. 133659)
3  (E-mail: rmg@bcltlaw.com)
   DONALD E. SOBELMAN (State Bar No. 184028)
4  (E-mail: des@bcltlaw.com)
   MAUREEN L. KING (State Bar No. 111689)
5  (E-mail: mlk@bcltlaw.com)
6  BARG COFFIN LEWIS & TRAPP, LLP
   350 California Street 22nd Floor
7  San Francisco, CA 94104-1435
   Telephone: (415) 228-5400
8  Fax: (415) 228-5450

9  Attorneys for Defendant
10 OCCIDENTAL CHEMICAL CORPORATION

**FILED**
**SAN MATEO COUNTY**

JUN 2 7 2008

Clerk Of the Superior Court
By _____
DEPUTY CLERK

11

12        **IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA**

13            **IN AND FOR THE COUNTY OF SAN MATEO**

14                                                    **BY FAX**

15  CALIFORNIA WATER SERVICE          Case No.: CIV 473093
    COMPANY,
16                                     **ANSWER OF OCCIDENTAL**
              Plaintiff,               **CHEMICAL CORPORATION TO**
17                                     **PLAINTIFF'S COMPLAINT FOR**
        v.                             **DAMAGES AND OTHER RELIEF**
18
    THE DOW CHEMICAL COMPANY, et al.,  **JURY TRIAL DEMANDED**
19
              Defendants.              Complaint Filed: May 22, 2008
20

21

22

23

24

25                                     **EXHIBIT**
26                                     **D**
27

28

ANSWER OF OCCIDENTAL CHEMICAL CORPORATION TO PLAINTIFF'S COMPLAINT
FOR DAMAGES AND OTHER RELIEF
*California Water Service Company v. The Dow Chemical Company., et al.*, SMSC Case No.: CIV 473093

527792.1

1    Defendant Occidental Chemical Corporation ("Occidental") hereby answers Plaintiff

2  California Water Service Corporation's Complaint for Damages ("Complaint") as follows:

3                                    **GENERAL DENIAL**

4    Occidental generally denies each and every allegation in Plaintiff's Complaint, as permitted

5  by California Code of Civil Procedure Section 431.30. Occidental further denies that Plaintiff is

6  entitled to recover damages of any kind in any amount whatsoever.

7                                        **DEFENSES**

8                                      FIRST DEFENSE

9                             (Failure to State a Cause of Action)

10    The Complaint, and each cause of action presented therein, fails to state facts sufficient to

11  constitute a cause of action against Occidental.

12                                      SECOND DEFENSE

13                               (Contributory Negligence)

14    The Complaint, and each cause of action presented therein, is barred on the grounds that

15  Plaintiff's alleged losses and damages, if any, were actually and proximately caused by its

16  contributory negligence.

17                                      THIRD DEFENSE

18                                   (Assumption of Risk)

19    The Complaint, and each cause of action presented therein, is barred on the grounds that

20  Plaintiff knew of and appreciated, or in the exercise of ordinary care should have known or

21  appreciated, the risk of the injuries or damages alleged in the Complaint, if any, and nevertheless

22  did freely and voluntarily assume said risk, and this undertaking proximately caused and

23  contributed to the losses, injuries or damages, if any, alleged by Plaintiff.

24                                      FOURTH DEFENSE

25                                   (Comparative Fault)

26    The acts, conduct, and omissions of Plaintiff actually and proximately caused the alleged

27  damages and injuries, if any, of which Plaintiff complains. Occidental has no liability to Plaintiff

28  for the portion of the fault attributable to Plaintiff and any person whose acts or omissions are

ANSWER OF OCCIDENTAL CHEMICAL CORPORATION TO PLAINTIFF'S COMPLAINT FOR
DAMAGES AND OTHER RELIEF                                                                       2
*California Water Service Company v. The Dow Chemical Company, et al.*. SMSC Case No.: CIV 473093

527792.1

1 | imputed to Plaintiff.

2 | <center>FIFTH DEFENSE</center>

3 | <center>(Fault of Others)</center>

4 | Occidental alleges that each of the parties to this action other than Occidental, and others

5 | whose identities are presently not known to Occidental, were negligent or legally responsible or

6 | otherwise at fault for the injuries or damages alleged in the Complaint and each cause of action

7 | presented therein. Therefore, Occidental requests that in the event Plaintiff recovers against

8 | Occidental, whether by settlement or judgment, an apportionment of fault be made by the Court or

9 | jury as to all parties. Occidental further requests a judgment and declaration of indemnification

10 | and contribution against all those parties or persons in accordance with the apportionment of fault.

11 | <center>SIXTH DEFENSE</center>

12 | <center>(Bulk Seller)</center>

13 | Occidental was a bulk manufacturer of a chemical or chemicals which may have been used

14 | in compounding or formulating the product or products, if any, which allegedly caused the losses

15 | and damages alleged by Plaintiff; as such a bulk supplier, Occidental could neither foresee every

16 | conceivable downstream use of said chemical or chemicals, nor control the subsequent

17 | compounding, labeling, packaging and use of said chemical or chemicals, nor control the means to

18 | communicate warnings to an ultimate user. Therefore, Occidental satisfied its duty, if any, when it

19 | delivered the bulk product with adequate warnings to its distributors or others, who subsequently

20 | handled, labeled, packaged, used and/or compounded the product or products which allegedly

21 | caused the losses or damages alleged by Plaintiff.

22 | <center>SEVENTH DEFENSE</center>

23 | <center>(Adequate Warning)</center>

24 | Products or materials, if any, supplied by Occidental to Plaintiff or others were

25 | accompanied by adequate warnings associated with the foreseeable use of said products or

26 | materials.

27 |

28 |

---

ANSWER OF OCCIDENTAL CHEMICAL CORPORATION TO PLAINTIFF'S COMPLAINT FOR
DAMAGES AND OTHER RELIEF
*California Water Service Company v. The Dow Chemical Company, et al.*, SMSC Case No.: CIV 473093

3

527792.1

1    EIGHTH DEFENSE

2    (Distributors Were Sophisticated Intermediaries and Users)

3    By reason of the warnings and handling information given by Occidental to its distributors

4    and the distributors' own longstanding and continuous experience with the product or products, if

5    any, referred to in the Complaint, such distributors are and were sophisticated intermediaries and

6    users of any and all such products, and thereby acquired a separate and affirmative duty to warn of

7    any alleged potential harmful effects from the use or misuse of said product or products.  By

8    reason of the foregoing, the distributors' failure to discharge said duty directly and proximately

9    caused any and all losses and damages, if any, complained of by Plaintiff.

10    NINTH DEFENSE

11    (Due Care and Diligence)

12    Occidental exercised due care and diligence in all of the matters alleged in the Complaint,

13    and no act or omission by Occidental was the proximate cause of any damage or loss to Plaintiff.

14    TENTH DEFENSE

15    (State-Of-The-Art Products)

16    Occidental's products and materials at issue in the Complaint at all times were produced

17    and marketed in conformity with the existing state-of-the-art.

18    ELEVENTH DEFENSE

19    (Not a Substantial Factor)

20    The Complaint and each cause of action presented therein are barred on the grounds that

21    the Occidental products or materials referred to in the Complaint, if any, were not a substantial

22    factor in bringing about the injuries and damages complained of by Plaintiff.

23    TWELFTH DEFENSE

24    (Improper Use of Product)

25    If Plaintiff allegedly suffered injuries attributable to the use of any product or material

26    manufactured, packaged, labeled or sold by Occidental, which allegations are expressly denied, the

27    injuries were solely caused by and attributable to the unreasonable, unforeseeable and

28    inappropriate purpose and improper use that was made of said product or material.

ANSWER OF OCCIDENTAL CHEMICAL CORPORATION TO PLAINTIFF'S COMPLAINT FOR
DAMAGES AND OTHER RELIEF
*California Water Service Company v. The Dow Chemical Company, et al.*, SMSC Case No.: CIV 473093

4

527792.1

1    THIRTEENTH DEFENSE

2    (Benefits Outweigh Risks)

3        The benefits of any Occidental product or material referred to in the Complaint outweighed

4    any potential risk of damage.

5    FOURTEENTH DEFENSE

6    (Alterations of Product)

7        Plaintiff and others modified, altered or changed the Occidental products or materials

8    referred to in the Complaint, if any, so that such changes in any said products or materials

9    proximately caused Plaintiff's injuries, loss and damages, if any.

10    FIFTEENTH DEFENSE

11    (Products Not Dangerous or Defective)

12        Products supplied by Occidental, if any, were not dangerous or defective, and the alleged

13    hazards or dangers, if any, were created by the conduct of Plaintiff and others.

14    SIXTEENTH DEFENSE

15    (Statute of Limitations)

16        Plaintiff's Complaint, and each cause of action presented therein, is barred by the

17    applicable statutes of limitation, including, but not limited to, California Code of Civil Procedure

18    Sections 338, 338.1, 343, and 345, and California Commercial Code Section 2725.

19    SEVENTEENTH DEFENSE

20    (Laches)

21        Plaintiff has unreasonably delayed the commencement of this action to the prejudice of

22    Occidental, whereby the Complaint, and each cause of action presented therein, is barred by the

23    doctrine of laches.

24    EIGHTEENTH DEFENSE

25    (Estoppel)

26        As a result of the acts, conduct, and omissions of Plaintiff and its agents, the Complaint,

27    and each cause of action presented therein, is barred by the doctrine of estoppel.

28

ANSWER OF OCCIDENTAL CHEMICAL CORPORATION TO PLAINTIFF'S COMPLAINT FOR
DAMAGES AND OTHER RELIEF
*California Water Service Company v. The Dow Chemical Company, et al.*, SMSC Case No.: CIV 473093

5

527792.1

1

## NINETEENTH DEFENSE

2

(Waiver)

3    As a result of the acts, conduct, and omissions of Plaintiff and its agents, each cause of

4    action presented in the Complaint has been waived.

5

## TWENTIETH DEFENSE

6

(Failure to Mitigate)

7    If Plaintiff has suffered any damages, which Occidental expressly denies, Occidental

8    alleges that Plaintiff's recovery for those damages is barred by its failure to mitigate those

9    damages.

10

## TWENTY-FIRST DEFENSE

11

(Uncertainty)

12    The Complaint, and each cause of action presented therein, is vague, ambiguous, and

13    uncertain.

14

## TWENTY-SECOND DEFENSE

15

(Lack of Jurisdiction)

16    This Court lacks jurisdiction over the subject matter of this action and further lacks

17    jurisdiction over Occidental.

18

## TWENTY-THIRD DEFENSE

19

(Unclean Hands)

20    The Complaint, and each cause of action presented therein, is barred by the equitable

21    doctrine of "unclean hands."

22

## TWENTY-FOURTH DEFENSE

23

(Failure to State a Punitive Damages Claim)

24    The Complaint, and each cause of action presented therein, fails to state facts constituting a

25    claim for which punitive damages may be granted against Occidental.

26

## TWENTY-FIFTH DEFENSE

27

(Punitive Damages Claims are Unconstitutional)

28    California Civil Code section 3294, under which Plaintiff claims punitive damages, is

ANSWER OF OCCIDENTAL CHEMICAL CORPORATION TO PLAINTIFF'S COMPLAINT FOR
DAMAGES AND OTHER RELIEF                                                              6
*California Water Service Company v. The Dow Chemical Company, et al.*, SMSC Case No.: CIV 473093

527792.1

1  invalid on its face and/or as applied to Occidental pursuant to the First, Fifth, Eighth and

2  Fourteenth Amendments to the Constitution of the United States and Article I of the Constitution

3  of the State of California.

### TWENTY-SIXTH DEFENSE

4

5  (Punitive Damages Prohibited)

6      The Complaint, to the extent that it seeks punitive or exemplary damages, violates

7  Occidental's right to protection from excessive fines, as provided in the Eighth Amendment of the

8  United States Constitution and Article I, Section 17 of the Constitution of the State of California,

9  and right to procedural and substantive due process, as provided in the Fifth and Fourteenth

10  Amendments of the United States Constitution and Article I, Section 7 of the Constitution of the

11  State of California, and thus is barred.

### TWENTY-SEVENTH DEFENSE

12

13  (Preemption by Federal Law)

14      The Complaint, and each cause of action presented therein, is pre-empted by federal law,

15  including, but not limited to, the Comprehensive Environmental Response, Compensation, and

16  Liability Act, 42 U.S.C. Section 9601 et seq.

### TWENTY-EIGHTH DEFENSE

17

18  (Ripeness)

19      The Complaint, and each cause of action presented therein, is prematurely brought and is

20  not yet ripe for adjudication, in that the Complaint and each cause of action therein fail to allege

21  that Plaintiff has sustained any legally cognizable injury or damage or any injury or damage

22  whatsoever.

### TWENTY-NINTH DEFENSE

23

24  (Independent, Intervening or Superseding Cause)

25      Plaintiff's injuries, if any, were proximately caused by an unforeseeable, independent,

26  intervening and/or superseding event beyond the control, and unrelated to any conduct, of

27  Occidental.  Occidental's actions, if any, were superseded by the negligence and wrongful conduct

28  of others.

ANSWER OF OCCIDENTAL CHEMICAL CORPORATION TO PLAINTIFF'S COMPLAINT FOR
DAMAGES AND OTHER RELIEF                                                                    7
*California Water Service Company v. The Dow Chemical Company, et al.*, SMSC Case No.: CIV 473093

527792.1

1

2

### THIRTIETH DEFENSE

(Disclaimer of Warranties)

3    Any express and implied warranties alleged by Plaintiff to have been made by Occidental,

4    if made at all, were expressly disclaimed and excluded by product labels, pursuant to the laws of

5    the State of California, which provided that Occidental made no warranties, express or implied,

6    concerning the products or the use of said products which extended beyond the description on the

7    label; and that all statements made concerning said products applied only when used as directed.

8

### THIRTY-FIRST DEFENSE

(Failure to Join Indispensable Parties)

10    The Complaint, and each alleged cause of action therein, is barred on the grounds that

11    Plaintiff has failed to join indispensable parties.

12

### THIRTY-SECOND DEFENSE

(Compliance with State, Federal, and Industry Standards)

14    All conduct and activities of Occidental alleged in the Complaint conformed to, and

15    complied with, all applicable state and federal statutes, state and federal regulations, and industry

16    standards, based upon the state of knowledge existing at all relevant times.

17

### THIRTY-THIRD DEFENSE

(Authorization by Governmental Agencies)

19    The production, sale, packaging, and labeling of the Occidental products or materials

20    referred to in the Complaint, if any, and all other acts of Occidental with respect to said products or

21    materials, were licensed, authorized, privileged, and permitted by the State of California and the

22    United States.

23

### THIRTY-FOURTH DEFENSE

(Accidental Injuries to Property)

25    Acts or omissions of Occidental, if any there were, causing an entry on Plaintiff's property

26    were unintentional and non-negligent and, therefore, not actionable.

27

28

ANSWER OF OCCIDENTAL CHEMICAL CORPORATION TO PLAINTIFF'S COMPLAINT FOR DAMAGES AND OTHER RELIEF
*California Water Service Company v. The Dow Chemical Company, et al.,* SMSC Case No.: CIV 473093

8

527792.1

1    <center>THIRTY-FIFTH DEFENSE</center>

2    <center>(Plaintiff Lacks Standing)</center>

3    The Complaint, and each cause of action presented therein, is barred because Plaintiff was

4    not a consumer of any of the Occidental products or materials referred to in the Complaint, and

5    thus for this reason, and other reasons, has no standing to sue.

6    <center>THIRTY-SIXTH DEFENSE</center>

7    <center>(No Private Right of Action)</center>

8    Plaintiff seeks recovery based on a state-mandated Maximum Contaminant Level via a

9    private lawsuit and, accordingly, Plaintiff's Complaint, and each cause of action presented therein,

10    is barred because the regulations promulgating the Maximum Contaminant Level do not afford a

11    private right of action.

12    <center>THIRTY-SEVENTH DEFENSE</center>

13    <center>(Lack of Foreseeability)</center>

14    Any injuries resulting from the use of the subject product or products, which injuries are

15    hereby expressly denied, were not foreseeable to Occidental given the state of knowledge and state

16    of the art at the time of the alleged injuries.

17    <center>THIRTY-EIGHTH DEFENSE</center>

18    <center>(Free Public Services Doctrine)</center>

19    Plaintiff is wholly responsible for any costs incurred as a result of the alleged

20    contamination of any water supply under its control or management, because Plaintiff has

21    undertaken the public service of providing its subscribers with potable water.

22    <center>THIRTY-NINTH DEFENSE</center>

23    <center>(Complaint Barred By Art. I, Sec. 9)</center>

24    To the extent Plaintiff is claiming damages for the cost of remediation due to Plaintiff's

25    compliance with the Maximum Contaminant Level for PCE, such claims are barred as an ex post

26    facto application of a regulation disallowed by Art. I, sec. 9 of the Constitutions of the United

27    States and the State of California.

28

---

**ANSWER OF OCCIDENTAL CHEMICAL CORPORATION TO PLAINTIFF'S COMPLAINT FOR DAMAGES AND OTHER RELIEF**
*California Water Service Company v. The Dow Chemical Company, et al.*, SMSC Case No.: CIV 473093

9

527792.1

1    <u>FORTIETH DEFENSE</u>

2    (Nuisance Claims Barred by Civil Code Section 3482.5)

3    California Civil Code Section 3482.5 bars Plaintiff's claims, to the extent that those claims

4    are based on statutory or common law nuisance liability.

5    <u>FORTY-FIRST DEFENSE</u>

6    (Damages Barred By Economic Loss Rule)

7    Plaintiff is barred by the economic loss rule from recovering the alleged damages it seeks

8    under the Complaint, and each of the causes of action presented therein.

9    <u>FORTY-SECOND DEFENSE</u>

10    (Other Defenses Reserved)

11    Plaintiff has failed to set forth its claims with sufficient particularity to permit Occidental to

12    raise all appropriate defenses. Occidental reserves the right to add additional defenses as the

13    factual basis for these claims becomes known.

14

15    WHEREFORE, Occidental Chemical Corporation prays for judgment as follows:

16    1.    That Plaintiff take nothing by reason of the Complaint or any claims stated therein;

17    2.    That the Complaint and each cause of action contained therein be dismissed with

18    prejudice against Occidental Chemical Corporation;

19    3.    That Occidental Chemical Corporation recovers its costs, disbursements, expenses,

20    and attorneys' fees herein; and

21    4.    That the Court grant such other and further relief as it may deem just and proper.

22    DATED: June 27, 2008                BARG COFFIN LEWIS & TRAPP, LLP
                                          STEPHEN C. LEWIS
23                                        R. MORGAN GILHULY
                                          DONALD E. SOBELMAN
24                                        MAUREEN L. KING

25

26                          By:    _____
                                          STEPHEN C. LEWIS
27
                                   Attorneys for Defendant OCCIDENTAL
28                                 CHEMICAL CORPORATION

## PROOF OF SERVICE BY UNITED STATES MAIL

I, Joan Flaherty, declare that I am over the age of eighteen years and not a party to this action. I am an employee of Barg Coffin Lewis & Trapp, LLP ("the Firm") and my business address is 350 California Street, 22nd Floor, San Francisco, CA 94104-1435.

On June 27, 2008, I served the following document in this cause:

ANSWER OF OCCIDENTAL CHEMICAL CORPORATION TO PLAINTIFF'S COMPLAINT FOR DAMAGES AND OTHER RELIEF

By placing a copy thereof in envelopes bearing the name(s) and address(es) of the persons to be served as shown below. I am readily familiar with the Firm's practice for collection and processing of correspondence for mailing with the United States Postal Service ("Postal Service"). Pursuant to that practice, correspondence which is placed for collection and mailing with the Postal Service during regular business hours on a given date is deposited with the Postal Service on that same date in the ordinary course of business. On the above date during regular business hours, I sealed the above described envelopes and placed them for collection and mailing with the Postal Service, postage prepaid, in accordance with the Firm's ordinary business practice described above.

| | |
|---|---|
| Victor M. Sher | Scott Summy |
| Todd E. Robins | Cary McDougal |
| Marnie E. Riddle | Carla Burke |
| SHER LEFF LLP | Celeste Evangelisti |
| 450 Mission Street, Suite 400 | BARON & BUDD, P.C. |
| San Francisco, CA  94105 | 3102 Oak Lawn Avenue, Suite 1100 |
| Telephone: (415) 348-8300 | Dallas, TX  75219-4281 |
| Fax: (415) 348-8333 | Telephone: (214) 523-6287 |
| | Fax:  (214) 520-1181 |

I declare under penalty of perjury, under the laws of the State of California that the foregoing is true and correct. Executed on June 27, 2008 at San Francisco, California.

JOAN FLAHERTY

ANSWER OF OCCIDENTAL CHEMICAL CORPORATION TO PLAINTIFF'S COMPLAINT FOR
DAMAGES AND OTHER RELIEF
*California Water Service Company v. The Dow Chemical Company, et al., SMSC Case No.: CIV 473093*

11

527792.1

EXHIBIT E



# Actions



**Home**  **Complaints/Parties**  **Actions**

**Pending Hearings**  **Images**  **Case Report**

## Case CIV473093 - CALIFORNIA WATER SERVICE CO. VS. DOW CHEMICAL CO.

[ Move To This Date ]

| Viewed | Date | Action Text | Disposition | Image |
|---|---|---|---|---|
| N | 10/03/2008 9:00 AM DEPT. 28 | CASE MANAGEMENT CONFERENCE | VACATED | 📝 |
| N | 07/22/2008 9:00 AM DEPT. PJLM | COMPLEX CASE STATUS CONFERENCE | VACATED | 📝 |
| | 07/08/2008 | CASE DISPO`D - BANKRUPTCY/FEDERAL COURT NOTIFICATION RECEIVED | - | |
| | 07/08/2008 | NOTICE TO PLTF OF REMOVAL TO FEDERAL COURT FILED BY PPG INDUSTRIES, INC. | - | |
| N | 06/27/2008 | (S) ANSWER TO COMPLAINT OF CALIFORNIA WATER SERVICE COMPANY FILED BY OCCIDENTIAL CHEMICAL CORPORATION, REPRESENTED BY STEPHEN C LEWIS | - | 📝 |
| N | 06/27/2008 | (S) ANSWER TO COMPLAINT OF CALIFORNIA WATER SERVICE COMPANY FILED BY PPG INDUSTRIES, INC, REPRESENTED BY RYAN R TACORDA | - | 📝 |
| | 06/27/2008 | FIRST PAPER FEE PAID BY PPG INDUSTRIES, INC. | - | |
| | 05/22/2008 | COMPLEX LITIGATION FEE OF $550.00 RECEIVED FROM CALIFORNIA WATER SERVICE COMPANY (PLAINTIFF). | | |
| | 05/22/2008 | ATTORNEY ADDED FOR THE PLAINTIFF(S)/PETITIONER(S) CALIFORNIA WATER SERVICE COMPANY. ATTORNEY: SCOTT SUMMY. | | |
| | 05/22/2008 | CERTIFICATE RE: COMPLEX CASE DESIGNATION. | - | |
| N | 05/22/2008 | AFFIDAVIT OF PERSONAL DELIVERY BY G. JACKSON FILED | - | 📝 |
| N | 05/22/2008 | CIVIL CASE COVERSHEET RECEIVED | - | 📝 |
| N | 05/22/2008 | 30 DAY SUMMONS, ISSUED AND FILED. | - | 📝 |
| N | 05/22/2008 | (S) COMPLAINT FILED | - | 📝 |

**EXHIBIT**

**E**