1  Douglas R. Young (State Bar No. 073248)
   dyoung@fbm.com
2  James H. Colopy (State Bar No. 172806)
   jcolopy@fbm.com
3  Ruth Ann Castro (State Bar No. 209448)
   rcastro@fbm.com
4  Farella Braun & Martel LLP
   235 Montgomery Street, 17th Floor
5  San Francisco, CA 94104
   Telephone: (415) 954-4400
6  Facsimile: (415) 954-4480

7  Attorneys for Defendant
   LEGACY VULCAN CORP., formerly known as
8  VULCAN MATERIALS COMPANY

9              UNITED STATES DISTRICT COURT

10           NORTHERN DISTRICT OF CALIFORNIA

11              SAN FRANCISCO DIVISION

12

13  CALIFORNIA WATER SERVICE          Case No. 3:08-cv-03267 SI
    COMPANY,
14                                     REQUEST FOR JUDICIAL NOTICE IN
                    Plaintiff,         SUPPORT OF DEFENDANT LEGACY
15                                     VULCAN CORP.'S MOTION TO
           vs.                         DISMISS PLAINTIFF'S SEVENTH
16                                     CAUSE OF ACTION PURSUANT TO
    THE DOW CHEMICAL COMPANY; E.I.     FRCP 12(b)(6) AND MOTION TO
    DUPONT DE NEMOURS AND              STRIKE CERTAIN ALLEGATIONS
17  COMPANY; PPG INDUSTRIES, INC.;     PURSUANT TO FRCP 12(f)
    VULCAN MATERIALS COMPANY;
18  OCCIDENTAL CHEMICAL
    CORPORATION; VALERO ENERGY         Date:    October 3, 2008
19  CORPORATION; STAUFFER CHEMICAL     Time:    9:00 a.m.
    COMPANY; BOWE-PERMAC, INC.,        Court:   Courtroom 10
20  indivudally and d/b/a BOWE TEXTILE  Judge:   Hon. Susan Illston
    CLEANING, INC., HOYT CORPORATION,
21  R.R. STREET & CO., INC., MCGRAW
    EDISON COMPANY, individually and d/b/a
22  AMERICAN LAUNDRY MACHINERY,
    INC.; AMERICAN LAUNDRY
23  MACHINERY, INC., individually and d/b/a
    AJAX MANUFACTURING DIVISION
24  AND MARTIN EQUIPMENT, WHITE
    CONSOLIDATED INDUSTRIES, INC.,
25  individually and d/b/a WASHEX
    MACHINERY DIVISION, ELECTROLUX
26  CORPORATION, LINDUS S.R.L.,
    individually and d/b/a LINDUS WEST,
27  COLUMBIA DRYCLEANING MACHINES,
    a/k/a COLUMBIA/ILSA MACHINES
28  CORP., REALSTAR, INC., individually and

Farella Braun & Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA 94104
(415) 954-4400

REQUEST FOR JUDICIAL NOTICE I/S/O
MOTION TO DISMISS AND MOTION TO
STRIKE - Case No. 3:08-cv-03267 SI

23397\1623895.1

d/b/a REALSTAR USA, UNION
DRYCLEANING PRODUCTS USA,
FIRBIMATIC, BERGPARMA OF
AMERICA, LLC, AMA UNIVERSAL;
FLUORMATIC MIDWEST LTD.,
FORENTA LP, WESTERN MULTITEX
CORP., MARVEL MANUFACTURING,
RENZACCI OF AMERICA, SAIL STAR
USA, VIC MANUFACTURING
CORPORATION, M.B.L., INC., GOSS-
JEWETT CO. OF NORTHERN
CALIFORNIA, MCGREGOR SUPPLY
COMPANY, S.B. SUPPLY INC., WASHEX
MACHINERY OF CALIFORNIA, INC.,
WORKROOM SUPPLY, INC., TAYLOR
HOUSEMAN, INC., UNITED FABRICARE
SUPPLY, INC., ECHCO SALES INC., MW
EQUIPMENT, ARTHUR KAJIWARA
EQUIPMENT CO., INC., KELLEHER
EQUIPMENT SUPPLY, INC., US
MACHINERY & ENGINEERING CO.,
INC., WYATT-BENNETT, CORBETT
EQUIPMENT, FULLER SUPPLY
COMPANY, SAV-ON MACHINERY
COMPANY, INC. and DOES 1 through 750,
INCLUSIVE,

                    Defendants.

Defendant Legacy Vulcan Corp., formerly known as Vulcan Materials Company

("Vulcan"), hereby requests that the Court take judicial notice pursuant to Federal Rule of

Evidence 201 of the following legislative history and unpublished court decisions in support of its

Motion to Dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure ("FRCP") and its

Motion to Strike certain allegations pursuant to FRCP 12(f).

True and correct copies of the following legislative history and unpublished court

decisions are attached hereto as exhibits numbered below.

1.    Assembly Utilities and Energy Committee, Assem. Bill No. 1285, 1981-9182 Gen.

      Assem., Reg. Sess. (Cal. 1981), dated April 27, 1981, a true and correct copy of

      which is attached as Exhibit 1.

2.    Analysis of Assembly Bill No. 1285 as Amended in Assembly May 5, 1981, 1981-

      1982 Session, dated June 1981, a true and correct copy of which is attached as

Farella Braun & Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA 94104
(415) 954-4400

REQUEST FOR JUDICIAL NOTICE I/S/O
MOTION TO DISMISS AND MOTION TO          - 2 -
STRIKE - Case No. 3:08-cv-03267 SI

23397\1623895.1

1    Exhibit 2.

2    3.    Governor's Office, Enrolled Bill Report on A.B. 1285, dated August 31, 1981, a

3    true and correct copy of which is attached as Exhibit 3.

4    4.    Senate Committee on Judiciary, Analysis of A.B. 1285 (1981-1982 Reg. Sess.), as

5    amended May 5, a true and correct copy of which is attached as Exhibit 4.

6    5.    Suggested Author's Introductory Statement to Assembly Utilities and Energy

7    Committee for A.B. 1285, dated April 17, 1981, a true and correct copy of which

8    is attached as Exhibit 5.

9    6.    Notice of Entry of Order Sustaining The Dow Chemical Company's and Dow

10    Agrosciences LLC's Demurrer to the Sixth and Seventh Causes of Action of

11    Plaintiffs' First Amended Complaint in Coordinated Proceeding *City of Redlands*

12    *v. Shell Oil Co.*, No. SCVSS120627 (Cal. Super. Ct.,  San Bernardino County),

13    dated July 17, 2006, a true and correct copy of which is attached as Exhibit 6.

14    7.    Tentative Ruling in the matter *D.J. Nelson Trust v. Atlantic Richfield Co.*, No.

15    02AS00535 (Cal. Super. Ct.,  Sacramento County), dated September 13, 2002, a

16    true and correct copy of which is attached as Exhibit 7.

17    8.    Notice of Ruling on Defendants' Motions to Strike Allegations under Civil Code

18    Section 1882 in First Amended Complaint in the matter *City of Santa Monica v.*

19    *Shell Oil Co.*, No. 01CC04331 (Cal. Super. Ct.,  Orange County), dated July 12,

20    2002, a true and correct copy of which is attached as Exhibit 8.

21    9.    Order on Demurrers in the matter *City of Modesto v. The Dow Chemical Co.*, No.

22    999345/999643 (Cal. Super. Ct.,  San Francisco County), dated May 24, 2002, a

23    true and correct copy of which is attached as Exhibit 9.

24    10.    Ruling on Demurrer and Motion to Strike in the matter *Cambria Community*

25    *Services Dist. v. Chevron Corp.*, No. CV01089 (Cal. Super. Ct.,  San Luis Obispo

26    County), dated April 12, 2002, a true and correct copy of which is attached as

27    Exhibit 10.

28

Farella Braun & Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA  94104
(415) 954-4400

REQUEST FOR JUDICIAL NOTICE I/S/O
MOTION TO DISMISS AND MOTION TO    - 3 -    23397\1623895.1
STRIKE - Case No. 3:08-cv-03267 SI

1    Consistent with the requirements of Rule 201, these records are relevant and are "capable

2  of accurate and ready determination by resort to sources whose accuracy cannot reasonably be

3  questioned."  F.R.E. 201(b).  The Court is entitled to consider matters of public record, such as

4  pleadings, orders and other papers on file in another action, or the legislative history of laws, as

5  long as the facts noticed are not subject to reasonable dispute, as they are not with these records.

6  *Intri-Plex Technologies, Inc. v. Crest Group, Inc.*, 499 F.3d 1048, 1052 (9th Cir. 2007);

7  Schwarzer et al., CAL. PRAC. GUIDE: FED. CIV. PRO. BEFORE TRIAL, Ch. 9-D, § 9:219 (Rutter

8  Group 2008).

9    In light of the above, Vulcan respectfully requests that this Court take judicial notice of

10  Exhibits 1-10 attached hereto.

11  Dated: July 11, 2008               FARELLA BRAUN & MARTEL LLP

13                      By:  /s/ James H. Colopy
                            James H. Colopy

15                      Attorneys for Defendant
                      LEGACY VULCAN CORP., formerly
16                      known as VULCAN MATERIALS
                      COMPANY

17

18

19

20

21

22

23

24

25

26

27

28

Farella Braun & Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA  94104
(415) 954-4400

REQUEST FOR JUDICIAL NOTICE I/S/O
MOTION TO DISMISS AND MOTION TO     - 4 -
STRIKE - Case No. 3:08-cv-03267 SI

23397\1623895.1

California Water Service Co. v. The Dow Chemical Company, et al.

Case No. 3:08-cv-03267 SI

# EXHIBIT 1

**TO REQUEST FOR JUDICIAL NOTICE
IN SUPPORT OF LEGACY VULCAN CORP.'S MOTION
TO DISMISS PLAINTIFF'S SEVENTH CAUSE OF ACTION
PURSUANT TO FRCP 12(b)(6) AND MOTION TO STRIKE
CERTAIN ALLEGATIONS PURSUANT TO FRCP 12(f)**

ASSEMBLY UTILITIES . .D ENERGY COMMITTEE
Gordon Duffy, Chairman

BILL:  Assembly Bill 1285 (as amended     HEARING DATE:  April 27, 1981
                        4/20/81)

AUTHOR: McAlister                         FISCAL COMMITTEE:  Yes

BACKGROUND

    It is currently against the law for an individual to steal
electricity, gas or water from a municipal or public utility
through diversion or by tampering with a meter.  However, there
are no provisions in existing law which authorize municipal and
public utilities to recover specific civil damages from individuals
who steal gas, electricity or water through diversion or by tampering
with meters.

ANALYSIS

    AB 1285 would add Title 3.5 to the Civil Code to authorize
utilities to bring civil action for damages against persons involved
in:

    1.  Diverting utility services by any means.

    2.  Connecting or reconnecting to a utility's property to
        obtain service without the authorization of the utility.

    3.  Preventing a utility meter from accurately determining the
        charge for utility services.

    4.  Tampering with any property owned or used by a utility to
        provide utility services.

    5.  Receiving the benefit of utility services with knowledge,
        or reason to believe, that diversion, tampering or an
        unauthorized connection existed at the time of use.

    AB 1285 would allow utilities to recover the greater of the
following amounts:

    1.  $3,000

    2.  Three times the amount of actual damages plus the utility's
        legal costs.

    AB 1285 establishes a rebuttable presumption that an individual
is stealing service from a utility, if, on the customer's premises
there is (1) an instrument or device designed to obtain utility

(800) 666-1917

LEGISLATIVE INTENT SERVICE

AB 1285 (as amended 4/20/81)
Page 2
April 27, 1981

services without paying the full and lawful charge or (2) a
meter that has been altered, tampered with or bypassed to prevent
correct measurement.

The bill provides that any damages recovered by a utility
which are in excess of the actual damages sustained, may be taken
into account by the Public Utilities Commission (or other applicable
ratemaking agency) in establishing utility rates.

COMMENTS

AB 1285 is sponsored by Southern California Edison Company to
establish a civil procedure for utilities to recover damages caused
by individuals who tamper or alter meters in order to obtain utility
services without paying for them. Southern California Edison states
that the rapid increase in utility rates in recent years has stimulated
a corresponding increase in the theft of utility services. In 1980,
the Edison's energy theft protection program detected 4,951 cases
of energy theft. However, only 22 of those cases resulted in success-
ful prosecutions. It is against the law to steal energy or water from
utilities. However, according to the sponsors, many district attorneys
are reluctant to prosecute such cases because of their workloads and
other priorities.

The sponsors are hopeful that the establishment of the civil
damages specified in AB 1285 will deter individuals from stealing
energy. Southern California Edison states that its losses from energy
theft not only impact its customers because they pay more for electricit
Energy theft also impacts the state and local jurisdictions because
of reduced income tax revenue collected from Edison. Individuals who
steal energy also jeopardize the safety of themselves and others when
they perform their illegal acts because they often create hazardous
conditions. Unmetered illegal connections usually lack sufficient
or adequate fuse protection.

The following have expressed interest in this measure:

Souther California Edison - sponsor

Pacific Gas and Electric - support

Southern California Gas - support

San Diego Gas and Electric - support

California Municipal Utilities - support

Richard K. Mason/blg
4/23/81

California Water Service Co. v. The Dow Chemical Company, et al.

Case No. 3:08-cv-03267 SI

# EXHIBIT 2

**TO REQUEST FOR JUDICIAL NOTICE
IN SUPPORT OF LEGACY VULCAN CORP.'S MOTION
TO DISMISS PLAINTIFF'S SEVENTH CAUSE OF ACTION
PURSUANT TO FRCP 12(b)(6) AND MOTION TO STRIKE
CERTAIN ALLEGATIONS PURSUANT TO FRCP 12(f)**

●                              Legislative Analyst
                               June    , 1981

ANALYSIS OF ASSEMBLY BILL NO. 1285 (McAlister)
As Amended in Assembly May 5, 1981
1981-82 Session

Fiscal Effect:

    Cost:    Potential indeterminable costs to
           local courts.

    Revenue:  Potential indeterminable court revenues
           from filing fees.

Analysis:

This bill makes persons or corporations who use
or divert utility electric, gas or water service without
authorization liable to civil action by the utility. The
service may be acquired by making an unauthorized connection
or tampering with a meter or other utility equipment. Current
law makes this act a misdemeanor.

This bill places the burden of proof on the defendant
to show that he or she is not in violation of the bill's
provisions when the utility discovers the following on
premises the defendant owns or uses: (1) equipment to
obtain service without payment, or (2) a meter which has been
altered to mismeasure usage.

The bill sets recoverable damages at either $3,000
or three times the amount of actual damages, plus the cost
of the suit and reasonable attorney's fees, whichever is
greater.

This bill would increase the workload in local courts
by an indeterminable amount. It would also increase court
revenues from filing fees by an indeterminable amount. Because
an increase in workload would contribute to any eventual
justification of an additional state-reimbursed judicial posi-
tion, the bill does not create a reimbursable mandated local
program.

73

AB 1285 (Am. 5/5/81)

California Water Service Co. v. The Dow Chemical Company, et al.

Case No. 3:08-cv-03267 SI

# EXHIBIT 3

**TO REQUEST FOR JUDICIAL NOTICE
IN SUPPORT OF LEGACY VULCAN CORP.'S MOTION
TO DISMISS PLAINTIFF'S SEVENTH CAUSE OF ACTION
PURSUANT TO FRCP 12(b)(6) AND MOTION TO STRIKE
CERTAIN ALLEGATIONS PURSUANT TO FRCP 12(f)**

# ENROLLED BILL REPORT

| AGENCY | BILL NUMBER |
|---|---|
| GOVERNOR'S OFFICE | AB 1285 |
| DEPARTMENT, BOARD OR COMMISSION | AUTHOR |
| LEGAL AFFAIRS | McAlister |

Existing law makes it a misdemeanor for a person to steal electricity, gas, or water from a public or privately owned utility through diversion or tampering with a meter.

This bill would now also allow the utility itself to bring a civil suit for damages for the unlawful taking or diversion of electricity, gas, or water. Damages shall be the greater of $3,000 or 3 times the actual damages plus specified costs.

This bill also permits a utility to obtain injunction relief against these prohibited practices.

The recent rapid increase in utility rates has been accompanied by a similar rapid increase in the theft of utility services. This bill would provide utilities with a means of recovering damages incurred by theft, and would deter future thefts. It is therefore recommended to be signed.


Source: So. Calif. Edison Co.
Support: PG&E, So. Cal. Gas, San Diego Gas and Electric,
          Calif. Municipal Utilities
Opposition: None known

| RECOMMENDATION: | | | |
|---|---|---|---|
| SIGN | | | |
| ANALYST | DATE | LEGAL AFFAIRS SECRETARY | DATE |
| Lester Jones | 8/31/81 | Byron S. Georgiou | 8/31/81 |

**California Water Service Co. v. The Dow Chemical Company, et al.**

**Case No. 3:08-cv-03267 SI**

# EXHIBIT 4

**TO REQUEST FOR JUDICIAL NOTICE
IN SUPPORT OF LEGACY VULCAN CORP.'S MOTION
TO DISMISS PLAINTIFF'S SEVENTH CAUSE OF ACTION
PURSUANT TO FRCP 12(b)(6) AND MOTION TO STRIKE
CERTAIN ALLEGATIONS PURSUANT TO FRCP 12(f)**

SENATE COMMITTEE ON JUDICIARY        1981-82 Regular Session

AB 1285 (McAlister)                                    A
As amended May 5                                       B
Civil Code
MRR                                                    1
                                                       2
                                                       8
                                                       5

THEFT OF ENERGY
CIVIL DAMAGES

### HISTORY

Source:  Southern California Edison Company

Prior Legislation:  None

Support:  Pacific Gas and Electric; Southern
          California Gas; San Diego Gas and
          Electric; California Municipal
          Utilities

Opposition:  No Known

Assembly floor vote:  Ayes 73 - Noes 1.

### KEY ISSUE

SHOULD UTILITY COMPANIES BE PERMITTED TO BRING A
CIVIL ACTION FOR DAMAGES AND AN INJUNCTION IN CASES
INVOLVING THEFT OF ENERGY?

### PURPOSE

Existing law makes it a misdemeanor for a person to
steal electricity, gas, or water from a municipal
or public utility through diversion or by tampering
with a meter (Penal Code Secs 498, 499, 499a.)
However, existing law does not authorize utilities
to recover damages from individuals who steal
energy or to obtain an injunction against prohibited
practices.

                                            (More)

AB 1285 (McAlister)                                          A
Page Two                                                     B

                                                             1
This bill would permit a utility to bring an                 2
action for both damages and an injunction in                 8
cases involving energy theft.                                5

The purpose of this bill is to deter energy
theft.

                        COMMENT

1.  Need for legislation

    The source of this bill states that the recent
    repaid increase in utility rates has been
    accompanied by a similarly rapid increase
    in the theft of utility services.

    In 1980, for example, Southern California
    Edison's energy theft protection program
    detected 4,951 cases of prohibited activity.
    However, only 22 of these were successfully
    prosecuted.

    The source suggests that this low number
    results from the reluctance on the part of
    many district attorneys to prosecute these
    cases because of their office's heavy workload
    and because more serious crimes take
    precedence.

2.  Impact of energy theft

    Southern California Edison states that its
    losses from energy theft result in increased
    rates to all customers and reduced tax
    revenues from utility companies.

                                        (More)

AB 1285 (McAlister)                                          A
Page Three                                                   B

                                                             1
     In addition individuals who engage in                   2
     energy theft often create hazards to them-              8
     selves and others by tampering with                     5
     equipment.  For example, unmetered illegal
     connections usually lack sufficient fuse
     protection.

3.   Utilities covered

     AB 1285's cause of action for damages and
     an injunction would be available to any
     electrical, gas, or water corporation as
     defined in the Public Utilities Code, including
     any electrical, gas, or water system operated
     by any public agency.

4.   Activities covered

     AB 1285 would permit a civil action for damages
     and an injunction against any individual,
     partnership, firm, association, or corporation
     who committed, authorized, solicited, aided,
     abetted, or attempted any of the following
     acts:

     (a)  Diverting utility services;
     (b)  Making a connection with property owned
          or used by the utility in order to
          provide unauthorized service;
     (c)  Preventing any meter or similar device
          from making accurate measurements;
     (d)  Tampering with property owned or used
          by the utility to provide services;
     (e)  Using any portion of a utility service
          with knowledge or reason to believe
          that the use was unauthorized or
          otherwise unlawful.

                                        (More)

AB 1285 (McAlister)
Page Four

A
B

1
2
8
5

5.  Amount of damages

AB 1285 would permit recovery of the greater
of $3,000 or three times the amount of actual
damages plus litigation costs and reasonable
attorney's fees.

Any damages recovered in excess of actual
damages could be taken into account by
the Public Utilities Commission or other
ratemaking agency in establishing utility
rates.

6.  Injunction available

Pursuant to AB 1285, a utility could bring
an action to enjoin any of the activities
listed in Comment 4 above.  The availability
of this remedy would not be contingent on
the utility having suffered or being
threatened with monetary damages.

7.  Rebuttable presumption of violation

AB 1285 would create a rebuttable presumption
of violation of its provisions if, on the
premises controlled by the customer or the
person using the utility service, either or
both of the following were found:

   (a)  Any device designed primarily to
        obtain utility services without
        proper payment;

   (b)  Any meter that had been altered so
        as to cause inaccurate measurement of
        services.

                    *******

California Water Service Co. v. The Dow Chemical Company, et al.

Case No. 3:08-cv-03267 SI

# EXHIBIT 5

**TO REQUEST FOR JUDICIAL NOTICE
IN SUPPORT OF LEGACY VULCAN CORP.'S MOTION
TO DISMISS PLAINTIFF'S SEVENTH CAUSE OF ACTION
PURSUANT TO FRCP 12(b)(6) AND MOTION TO STRIKE
CERTAIN ALLEGATIONS PURSUANT TO FRCP 12(f)**

April 17, 1981

MR. C. W. GRAVES

      Re:  Suggested Author's Introductory
          Statement for A.B. 1285

      In recent years, the theft of utility services has become
an increasingly significant problem in California.  Last year, for
example, the Pacific Gas & Electric Company suffered approximately $9
million of lost revenue due to the theft of electric energy.  This year,
the Southern California Edison Company anticipates that it will lose
$20 million in energy thefts, and the Los Angeles Department of Water and
Power expects it will lose between $3 and $5 million dollars in energy
thefts.  These losses in revenues, of course, are ultimately made up by
honest ratepayers who must pay higher costs for utility service.  Of even
greater concern, however, energy thieves often jeopardize the safety of
themselves and others because they can unwittingly create a variety of
hazardous conditions in attempting to shortcircuit the system.

      Although utilities are generally successful in detecting such
thefts, they have been quite frustrated in pursuing subsequent legal
remedies.  Thus, for example, of nearly 5,000 cases detected by Southern
California Edison last year, only 22 were successfully prosecuted in the
courts.  Put simply, the language of a variety of more general California
laws dealing with theft, misappropriation, fraud and conversion is in-
sufficient to deal with problem of energy theft, which is an act that usually
occurs without witnesses, and can involve a misuse only of the customer's
own property.

      By giving the utilities the power to enjoin and seek civil damages,
A.B. 1285 provides them with a means of seeking restitution on behalf of
their honest customers, and assures that the means of enforcement will
not be saddled solely upon our already overburdened prosecutorial agencies.

                     GREGORY C. O'BRIEN, JR.

GCO:bjb

California Water Service Co. v. The Dow Chemical Company, et al.

Case No. 3:08-cv-03267 SI

# EXHIBIT 6

**TO REQUEST FOR JUDICIAL NOTICE
IN SUPPORT OF LEGACY VULCAN CORP.'S MOTION
TO DISMISS PLAINTIFF'S SEVENTH CAUSE OF ACTION
PURSUANT TO FRCP 12(b)(6) AND MOTION TO STRIKE
CERTAIN ALLEGATIONS PURSUANT TO FRCP 12(f)**

1  NICHOLAS D. KAYHAN (SBN: 129878)
   RICHARD H. POULSON (SBN: 178479)
2  **FILICE BROWN EASSA & McLEOD LLP**
   1999 Harrison Street, 18th Floor
3  Oakland, CA 94612
   Tel: (510) 444-3131
4  Fax: (510) 839-7940

5  Attorneys for Defendants
   THE DOW CHEMICAL COMPANY
6  and DOW AGROSCIENCES LLC

FILED-Central District
SUPERIOR COURT
SAN BERNARDINO COUNTY

JUL 17 2006

By *Stephanie Chandler*
                    Deputy

7

8            SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                 FOR THE COUNTY OF SAN BERNARDINO

10  CITY OF REDLANDS,                    )  Case No. SCVSS120627
                                          )
11            Plaintiff,                  )  Judicial Council Coordination Proceeding
                                          )  No. 4435
12       v.                               )
                                          )
13  SHELL OIL COMPANY, et al.             )
                                          )
14            Defendants.                 )  **NOTICE OF ENTRY OF ORDER**
                                          )  **SUSTAINING THE DOW CHEMICAL**
15  _____      )  **COMPANY'S AND DOW**
                                          )  **AGROSCIENCES LLC'S DEMURRER**
16  Coordination Proceeding               )  **TO THE SIXTH AND SEVENTH**
    Special Title (Rule 1550(b))          )  **CAUSES OF ACTION OF PLAINTIFFS'**
                                          )  **FIRST AMENDED COMPLAINTS**
17  **TCP CASES**                         )
                                          )
18                                        )
    THIS APPLIES TO THE FOLLOWING CASES:  )
19                                        )
    *City of Alhambra v. Shell Oil Company, et al.,*  )
20  *SFSC Case No. CGC-05-441336*         )
                                          )
21  *City of Livingston v. Shell Oil Company, et al.,* )
    *SFSC Case No. CGC 05-442837*         )
22                                        )
    *Montara Water and Sanitary District v. Shell Oil* )
23  *Company, et al., SFSC Case No. CGC-05-438267* )
                                          )
24  *City of Oceanside v. Shell Oil Company, et al.,* )
    *SFSC Case No. CGC-05-439807*         )
25                                        )
                                          )
26

27

28                              -1-
                                                    00201 32426 RHP 542159.1
E&M  _____
BRITE PLAZA     NOTICE OF ENTRY OF ORDER SUSTAINING THE DOW CHEMICAL COMPANY'S AND DOW
ELDON STREET    AGROSCIENCES LLC'S DEMURRER TO THE SIXTH AND SEVENTH CAUSES OF ACTION OF
10TH FLOOR                    PLAINTIFFS' FIRST AMENDED COMPLAINTS
CA 94612-3645
510.444.3131

1   **TO ALL PARTIES AND THEIR ATTORNEY(S) OF RECORD:**

2   PLEASE TAKE NOTICE that the Order Sustaining The Dow Chemical Company's and

3   Dow AgroSciences LLC's Demurrer to the Sixth and Seventh Causes of Action of Plaintiffs' First

4   Amended Complaints, attached hereto as <u>Exhibit A</u>, was signed by The Honorable Donald Alvarez

5   and entered by the Court, on June 9, 2006.

6   DATED: July 14, 2006                                FILICE BROWN EASSA & McLEOD LLP

7

8                                                        By:_____

9                                                            NICHOLAS D. KAYHAN
                                                             RICHARD H. POULSON
                                                             Attorneys for Defendants
10                                                           THE DOW CHEMICAL COMPANY
                                                             and DOW AGROSCIENCES LLC

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

-2-

NOTICE OF ENTRY OF ORDER SUSTAINING THE DOW CHEMICAL COMPANY'S AND DOW
AGROSCIENCES LLC'S DEMURRER TO THE SIXTH AND SEVENTH CAUSES OF ACTION OF
PLAINTIFFS' FIRST AMENDED COMPLAINTS

BE&M
MERRITT PLAZA
LARKSON STREET
SEVENTH FLOOR
ND CA 94612-3541
NR 510.444.3131

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**PROOF OF SERVICE**
*TCP COORDINATION CASES*
**SCVSS120627**
**JCCP. 4435**

I am a citizen of the United States, over 18 years of age and not party to the within action. I am employed in the county of Alameda; my business address is 1999 Harrison Street, 18th Floor, Oakland, CA 94612.

On date listed below, I served the within documents:

- **NOTICE OF ENTRY OF ORDER SUSTAINING THE DOW CHEMICAL COMPANY'S AND DOW AGROSCIENCES LLC'S DEMURRER TO THE SIXTH AND SEVENTH CAUSES OF ACTION OF PLAINTIFFS' FIRST AMENDED COMPLAINTS**

On all parties in this action, as addressed below, by causing a true copy thereof to be distributed as follows:

**SEE ATTACHED SERVICE LIST**

**VIA FAX:**     I caused such documents to be transmitted via fax to the stated parties at their respective facsimile numbers.

X   **BY MAIL:**     I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with U.S. Postal service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter data is more than one day after date of deposit for mailing in affidavit.

☐   **VIA HAND DELIVERY:**     I caused such envelope, to be hand delivered to the stated parties.

**VIA EXPRESS CARRIER:**     I caused such documents to be collected by an agent for **FEDERAL EXPRESS** to be delivered to the offices of the stated parties.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on July 14, 2006, at Oakland, California.

*Heather Hauck (signature)*
HEATHER HAUCK

BE&M
1 MERRITT PLAZA
HARRISON STREET
FIFTEENTH FLOOR
AND CA 94612-3141
tel 510.444.3131

**PROOF OF SERVICE**

00201 32426 RHP 530566.11

| | |
|---|---|
| 1 | Service List |
| 2 | **Victor M. Sher** |
| 3 | Todd E. Robins |

Service List

| | |
|---|---|
| Victor M. Sher<br>Todd E. Robins<br>Sher & Leff LLP<br>450 Mission Street, Suite 400<br>San Francisco, CA 94105<br>Tel: (415) 348-8300<br>Fax: (415) 348-8333<br>**Attorneys for Plaintiffs**<br>**MONTARA WATER AND SANITARY**<br>**DISTRICT; CITY OF OCEANSIDE; CITY**<br>**OF ALHAMBRA; AND CITY OF**<br>**LIVINGSTON** | Scott Summy<br>Celeste A. Evangelisti<br>Baron & Budd, P.C.<br>3102 Oak Lawn Avenue, Suite 1100<br>Dallas, TX 75219-4281<br>Tel: (214) 523-6267<br>Fax: (214) 520-1181<br>**Co-Counsel for Plaintiffs**<br>**MONTARA WATER AND SANITARY**<br>**DISTRICT; CITY OF OCEANSIDE;**<br>**CITY OF ALHAMBRA; AND CITY OF**<br>**LIVINGSTON** |
| Richard Coffin<br>Jon Enscoe<br>Barg, Coffin, Lewis & Trapp, LLP<br>One Market Plaza<br>Steuart Street Tower, Suite 2700<br>San Francisco, CA 94105-1475<br>Tel: (415) 228-5400<br>Fax: (415) 228-5450<br>**Attorneys for Defendants**<br>**WILBUR-ELLIS COMPANY and JOHN**<br>**TAYLOR FERTILIZERS COMPANY** | Lawrence P. Riff<br>Jay E. Smith<br>Steptoe & Johnson LLP<br>633 West Fifth Street, Suite 700<br>Los Angeles, CA 90071<br>Tel: (213) 439-9400<br>Fax: (213) 439-9599<br>**Attorneys for Defendant**<br>**SHELL CHEMICAL COMPANY; SHELL**<br>**OIL COMPANY *dba* SHELL CHEMICAL**<br>**COMPANY** |
| Robert E. Meadows<br>Andrew S. Hicks<br>King & Spalding LLP<br>1100 Louisiana Street, Suite 4000<br>Houston, TX 77002<br>Tel: (713) 751-3200<br>Fax: (713) 751-3290<br>**Co-Counsel for Defendant**<br>**SHELL CHEMICAL COMPANY; SHELL**<br>**OIL COMPANY** | James J. Dragna<br>Nancy Wilms<br>**BINGHAM MCCUTCHEN LLP**<br>355 S. Grand Avenue, Suite 4400<br>Los Angeles, CA 90071<br>Tel: (213) 680-6400<br>Fax: (213) 680-6499<br>**Attorneys for Defendant**<br>**WESTERN FARM SERVICE, INC.** |
| Duane C. Miller<br>Michael Axline<br>A. Curtis Sawyer<br>Tracey L. O'Reilly<br>**MILLER, AXLINE & SAWYER**<br>1050 Fulton Avenue, Suite 100<br>Sacramento, CA 95825<br>Tel: (916) 488-6688<br>Fax: (916) 488-4288<br>**Attorneys for Plaintiffs**<br>**CITY OF CLOVIS; CITY OF ATWATER;**<br>**SALDANA, ET AL.** | Steve Lewis<br>Morgan Gilhuly<br>**BARG COFFIN LEWIS & TRAPP, LLP**<br>One Market<br>Steuart Tower, Suite 2700<br>San Francisco, CA 94105-1475<br>Tel: (415) 228-5400<br>Fax: (415) 228-5450<br>**Attorneys for Defendants**<br>**OCCIDENTAL CHEMICAL COMPANY,**<br>**OCCIDENTAL CHEMICAL**<br>**CORPORATION, OCCIDENTAL**<br>**PETROLEUM COMPANY** |

BE&M<br>1 MERRITT PLAZA<br>HARRISON STREET<br>NTEENTH FLOOR<br>ND CA 94612-3541<br>PH, 510.444.3131

**PROOF OF SERVICE**

00201 32426 RHP 530566.11

| | |
|---|---|
| 1<br>2<br>3<br>4<br>5<br>6 | Mark S. Kannett<br>Paul S. Lecky<br>**BECHERER, KANNETT &**<br>**SCHWEITZER**<br>2200 Powell Street, Suite 805<br>Emeryville, CA 94608<br>Tel: (510) 658-3600<br>Fax: (510) 658-1151<br>**Attorneys for Defendant**<br>**WILBUR ELLIS COMPANY** | Daniel J. McHugh, Esq.<br>Michael Reiter, Esq.<br>**OFFICE OF THE CITY ATTORNEY**<br>City of Redlands<br>P.O. Box 3005<br>Redlands, CA 92373<br>Phone: (909) 798-7595<br>Fax: (909) 798-7503<br>**Co-Counsel for Plaintiffs** |
| 7<br>8<br>9<br>10 | Jay W. Jeffcoat, Esq.<br>M. Ray Hartman, III, Esq.<br>**DLA PIPER RUDNICK GRAY**<br>**CARY US, LLP**<br>401 B. Street, Suite 1700<br>San Diego, California 92101-4297<br>Tel: (619) 699-2807/2936<br>Fax: (619) 699-2701<br>**Attorneys for Helena Chemical Company** | |

-3-

**PROOF OF SERVICE**

00201 32426 RHP 530566.11

BE&M
68 MORRITT PLAZA
1 HARRISON STREET
SIXTEENTH FLOOR
...LAND CA 94612-3541
...ONE 510.444.3131

**EXHIBIT A**

1  NICHOLAS D. KAYHAN (SBN: 129878)
   RICHARD H. POULSON (SBN: 178479)
2  **FILICE BROWN EASSA & McLEOD LLP**
   1999 Harrison Street, 18th Floor
3  Oakland, CA 94612
   Tel: (510) 444-3131
4  Fax: (510) 839-7940

5  Attorneys for Defendants
   THE DOW CHEMICAL COMPANY
6  and DOW AGROSCIENCES LLC

7

FILED-Central District
SUPERIOR COURT
SAN BERNARDINO COUNTY

JUN - 9 2006

By _Stephanie Chandler_
                        Deputy

8              SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                 FOR THE COUNTY OF SAN BERNARDINO

10 CITY OF REDLANDS,                          )  Case No. SCVSS120627
                                              )
11             Plaintiff,                     )  Judicial Council Coordination Proceeding
                                              )  No. 4435
12      v.                                    )
                                              )
13 SHELL OIL COMPANY, et al.                  )
                                              )  [PROPOSED] ORDER SUSTAINING
14             Defendants.                    )  THE DOW CHEMICAL COMPANY'S
                                              )  AND DOW AGROSCIENCES LLC'S
15 _____              )  DEMURRER TO THE SIXTH AND
                                              )  SEVENTH CAUSES OF ACTION OF
16 Coordination Proceeding                    )  PLAINTIFFS' FIRST AMENDED
   Special Title (Rule 1550(b))               )  COMPLAINTS
17 TCP CASES                                  )
                                              )  Date:    March 30, 2006
18                                            )  Time:    8:30 a.m.
                                              )  Dept.:   S6
19 THIS APPLIES TO THE FOLLOWING CASES:       )  Judge:   Hon. Donald Alvarez
                                              )
20 _City of Alhambra v. Shell Oil Company, et al.,_  )
   _SFSC Case No. CGC-05-441336_              )
21                                            )
   _City of Livingston v. Shell Oil Company, et al.,_  )
22 _SFSC Case No. CGC 05-442837_              )
                                              )
23 _Montara Water and Sanitary District v. Shell Oil_  )
   _Company, et al., SFSC Case No. CGC-05-438267_  )
24                                            )
   _City of Oceanside v. Shell Oil Company, et al.,_  )
25 _SFSC Case No. CGC-05-439807_              )
                                              )
26

27

28

E&M
MERRITT PLAZA
ARRISON STREET
EENTH FLOOR
D CA 94612-3561
L 510.444.3131

                              -1-

                                              00201 32426 RHP 530165.01

1    Defendants The Dow Chemical Company's and Dow AgroSciences LLC's Demurrer to

2   Plaintiffs' First Amended Complaints came before this Court on a regularly scheduled hearing on

3   March 30, 2006. Defendants Shell Oil Company dba Shell Chemical Company and Wilbur-Ellis

4   Company filed joinders in the demurrer. The matter having been argued and submitted, and good

5   cause appearing therefore, the Court now rules that the demurrer is sustained as follows:

6        1.    The demurrer is sustained without leave to amend as to Plaintiffs' Sixth Cause of

7   Action for Liability Under Civil Code § 1882 because Plaintiffs fail to state facts sufficient to

8   constitute a cause of action for utility tampering under Civil Code § 1882.1. (C.C.P. § 430.10(e)).

9        2.    The demurrer is sustained as to Plaintiffs' Seventh Cause of Action for Violations of

10   Business & Professions Code § 17200, et seq. because Plaintiffs fail to state facts sufficient to

11   constitute a cause of action under the Unfair Competition Law, Bus. & Prof. Code § 17200, et seq.

12   (C.C.P. § 430.10(e)). Plaintiffs are granted leave to amend to modify their standing allegations in

13   accordance with Business and Professions Code § 17204 as specified by the Court at the March 30,

14   2006 hearing.

15

16        IT IS SO ORDERED.

17   Dated:    JUN - 9 2006

18                                    By: _____
                                          HONORABLE DONALD ALVAREZ
19                                        Judge of the Superior Court

20

21   **APPROVED AS TO FORM:**

22

23

24   TODD ROBINS
     Attorney for Plaintiffs
25   CITY OF ALHAMBRA, CITY OF LIVINGSTON,
     MONTARA WATER AND SANITARY DISTRICT,
26   AND CITY OF OCEANSIDE

27

28

BE&M
1 MERRITT PLAZA
HARRISON STREET
STEENTH FLOOR
NO CA 94613-3541
WE 510.466.3122

-2-

00201 32426 RHP S30165.01

[PROPOSED] ORDER SUSTAINING DEMURRER

California Water Service Co. v. The Dow Chemical Company, et al.

Case No. 3:08-cv-03267 SI


# EXHIBIT 7


**TO REQUEST FOR JUDICIAL NOTICE
IN SUPPORT OF LEGACY VULCAN CORP.'S MOTION
TO DISMISS PLAINTIFF'S SEVENTH CAUSE OF ACTION
PURSUANT TO FRCP 12(b)(6) AND MOTION TO STRIKE
CERTAIN ALLEGATIONS PURSUANT TO FRCP 12(f)**

&12A

NOTICE:

 To request limited oral argument on any matter on this
calendar, you
must call the Court at (916) 874-5487 (Department 47) by
4:00 p.m. the
day before this hearing and advise opposing counsel.
Local rule 31(h).
If no call is made the tentative ruling becomes the order
of the court.


TENTATIVE RULINGS

Department 47
Superior Court of California
720 9th Street
MICHEAL T. GARCIA, Judge
BANKS/JOHNSON, Clerk
, Bailiff
September 13, 2002, 09:30

ITEM  1  00AS05941 TINA M. RAYA ET AL V. STATE OF CALIFORNIA
         Nature of Proceeding: MOTION TO CONTINUE TRIAL
         Filed By:


Good cause appearing, and no opposition having been filed defendant
State of California's motion to continue trial is GRANTED. This matter
shall be placed upon the October 7th trial setting calendar to be heard
at 10:00 a.m. in Department 47. The court finds good cause for a
continuance based upon the fact that state budget problems made it
difficult to post expenses necessary to prepare for trial.

***

ITEM  2  01AS01439 CARMEN GREENFIELD, ET AL VS. PINA DELLA CASA, ET AL
         Nature of Proceeding: MOT TO SET CASE FOR COURT CALL
         Filed By:


Defendants' motion to set a trial date in this case is DENIED as
premature. By order dated April 11, 2002 Judge McMaster found this
action was stayed as a result of a bankruptcy filing. Defendants must
obtain an order from Judge McMaster vacating or amending that stay
ruling before this court can set a trial date.


Department 47
September 13, 2002
Page  2

\*\*\*

ITEM  3   01AS04145 MARK HICKEY V. IRISH COMMUNCATIONS, JAMES ALLEN DAVIS, ET A
          Nature of Proceeding: MOTION TO CONT TRIAL & SC
          Filed By: DEFENDANT'S IRISH CONSTR

Good cause appearing, and no opposition having been filed, defendants'
motion to continue trial and settlement conference is GRANTED. This
matter shall be placed upon the November 18th trial setting calendar to
be heard at 10:00 a.m. in Department 47. The court finds good cause for
a continuance based upon the unavailability of defendants' expert
witness and the parties agreement to mediate this case in the interim.

\*\*\*

ITEM  4   01AS06700 PHILIP DYNAN V. DAVID HENLEY, ET AL
          Nature of Proceeding: MOT TO TRANSFER & CONSOLIDATE
          Filed By: DEFENDANT HENLEY

Good cause appearing, and no opposition having been filed, defendant
Henley's motion to transfer Placer County Superior Court action Henley
v. Nelson Image Quest, No. SCV 10783 to the Sacramento Superior Court
and consolidate it with Dynan v. Henley, No. 01AS06700 for all purposes
including trial is GRANTED. The court finds that the two actions involve
common questions of fact and law and common parties and merit transfer
and consolidation under CCP 403 and 404.1.

In accordance with C.R.C. 1500(d) the moving party shall provide copies
of this order to all parties, the Presiding Judge of the Placer County
Superior Court and the Judicial Council. Moreover, the moving party
shall take all necessary steps to ensure that the transfer and
consolidation are effectuated. (C.R.C. 1500(e).

The following ruling will be vacated unless moving party can supply the
court within 5 days of proof that the parties in the Placer and
Sacramento cases were served with the moving papers.

\*\*\*

ITEM  5   02AS00535 D. J. NELSON TRUST, ET AL VS. ATLANTIC RICHFIELD CO.
          Nature of Proceeding: MISC MOT/JUDGE MICHAEL G. VIRGA D16
          Filed By:

    The court will hear oral argument on defendants' demurrers and
motions to strike, and on plaintiff's motion for order to reassign
action as complex and exempt on Friday, September 13, 2002, at 10:30
a.m. in Department 16.

    Defendants Ultramar, Inc., Atlantic Richfield, Chevron, Exxon Mobil,
and Tosco's request for judicial notice is granted.  Exxon Mobil's
request for judicial notice is granted.

    Defendant Shell Oil Products Co.'s demurrer to the fifth cause of
action of plaintiff's second amended complaint, declaratory relief, is
sustained, with leave to amend, for failure to state facts sufficient to
constitute a cause of action.  The complaint does not state a proper

subject of declaratory relief. Code Civ. Proc. section 1060.
Plaintiff's attempt to cast its complaint as a dispute over groundwater
rights, and thereby a proper subject for declaratory relief, is
unavailing. The complaint sounds in tort and is an action to recover
damages for defendants' alleged contamination of groundwater. There is
no dispute regarding plaintiff's entitlement to groundwater. The court
declines to construe the complaint as a request for either a preliminary
or permanent injunction. Plaintiff has neither met the procedural
requirements for a preliminary injunction nor sufficiently alleged an
inadequate remedy at law for a permanent injunction.

Defendants Ultramar, Inc., Atlantic Richfield, Chevron, Exxon Mobil,
Tosco, and Shell Oil Products Co.'s demurrer to the sixth cause of
action of plaintiff's second amended complaint is sustained, without
leave to amend, for failure to state facts sufficient to constitute a
cause of action. This cause of action largely duplicates plaintiff's
fifth cause of action, but adds references to Civil Code section 1882.1.
However, the plain language of the statute, as well as the legislative
history of Civil Code sections 1882 et seq., for which defendants have
requested judicial notice, demonstrates that section 1882.1 is intended
to combat only illicit interference with the manner or means by which
public utilities distribute and measure the services they provide.
There is no evidence that the Legislature intended section 1882.1 to
provide public utilities with an additional means to bring a civil
action for injury to the service itself, such as contamination of
groundwater. As leave to amend was granted with respect to plaintiff's
fifth cause of action, leave to amend the sixth cause of action is not
necessary.

Defendants Ultramar, Inc., Atlantic Richfield, Chevron, Exxon Mobil,
and Tosco's motion to strike plaintiff's Civil Code section 1882 claims,
in which defendant Shell Oil Products Co. joins, is granted, without
leave to amend, for the same reasons that the court sustained
defendants' demurrers to plaintiff's sixth cause of action.

Defendant Shell Oil Product Co.'s motion to strike paragraphs 1, 2,
3, 4, 5, 8, and 11 of plaintiff's prayer is granted, with leave to
amend, for the same reasons that the court sustained defendants'
demurrers to plaintiff's fifth and sixth causes of action. Defendant's
motion to strike paragraph 10 of plaintiff's prayer, for an order
requiring disgorgement of profits, is granted without leave to amend.
Plaintiff alleges that it bought gasoline from defendants for use in its
company vehicles. See Kraus v. Trinity Management Services, Inc. (2000)
23 Cal.4th 116. Plaintiff's UCL claim against defendants, however, is
not that defendants' gasoline was sold unlawfully or was worth less than
the value plaintiff paid. See Cortez v. Purolator Air Filtration
Products Co. (2000) 23 Cal.4th 163, 172. Instead, plaintiff claims that
defendants falsely represented that MTBE was environmentally safe.
Those misrepresentations concerned gasoline that allegedly leaked from
underground storage tanks, not the gasoline that plaintiff put to use in
its company vehicles. The nexus between defendants' alleged
misrepresentations and plaintiff's purchase of gasoline is far too
tenuous to support disgorgement of profits under Business and
Professions Code section 17203.

Defendants Ultramar, Inc., Atlantic Richfield, Chevron, Exxon Mobil,
and Tosco's motion to strike plaintiff's claim for disgorgement of
profits is granted, without leave to amend, for the reasons stated
above.

Shell Oil Products Co.'s motion to strike paragraph 4 from the prayer of the first amended cross-complaint of Safdar Naiz, Ghulam Fareed and Speedbird, Inc., is ruled upon as follows: The motion is granted, without leave to amend, as to the prayer for restitution based on the third cause of action, equitable indemnity. Although equitable indemnity is a restitutionary concept, the relief available is indemnification. See, e.g., Fieldstone Co. v. 54 Cal.App.4th (1997) 357, 367. Cross-complainant has prayed for such relief in paragraph 3. The motion is denied as to the prayer for restitution based on the fifth cause of action, unfair competition. Cross-complaints allege that they paid defendants for gasoline that contaminated their property and that defendants made misrepresentations about the gasoline in violation of the UCL. The allegations are sufficient.

Defendants Ultramar, Inc., Atlantic Richfield, Chevron, Exxon Mobil, and Tosco's demurrer to the seventh (sic) cause of action of the first amended cross-complaint of Julius Juhasz and Klara Juhasz is sustained with leave to amend. The court does not rule on the adequacy of cross-complainants' proposed amendment.

Defendants Ultramar, Inc., Atlantic Richfield, Chevron, Exxon Mobil, and Tosco's motion to strike portions of the first amended cross-complaint of Julius Juhasz and Klara Juhasz is ruled upon as follows: The motion is granted, with leave to amend, as to cross-complainants' request for attorney fees pursuant to Code of Civil Procedure section 1021.6. The court does not rule on the adequacy of cross-complainants' proposed amendment. The motion is denied as to cross-complainants' request for restitution in their eighth cause of action. Cross-complaints allege, albeit somewhat indirectly, that they paid defendants for gasoline that contaminated their property, and that defendants made misrepresentations about the gasoline in violation of the UCL. The allegations are sufficient.

Defendant Shell Oil Products Co.'s motion to strike from the first amended cross-complaint of Julius Juhasz and Klara Juhasz paragraph 5 of the prayer for relief, for an order of restitution on the eighth cause of action, is denied for the reasons stated above.

Where leave to amend has been granted, plaintiff may file and serve an amended complaint and cross-complainants may file and serve amended cross-complaints no later than September 30, 2002. Defendants may respond no later than October 10, 2002.

Plaintiff's motion for an order to reassign action as complex and exempt is denied without prejudice. The court notes that a request to appoint one judge for all purposes must be made to the presiding judge.

All discovery matters, including defendant Atlantic Richfield's motion to compel further responses scheduled for hearing on October 4, 2002, are continued until further notice of the court.

This minute order is effective immediately. No formal order pursuant to CRC rule 391 or other notice is required.


Department 47
September 13, 2002
Page  3

\*\*\*

ITEM   6.   02AM04568 MALIK HAMMIM, ET AL VS. LEILANI DAMO
            Nature of Proceeding: Motion To Change Venue
            Filed By:


Good cause appearing, and no opposition having been filed, defendant
Damo's motion to transfer this action to the Orange County Superior
Court, Central Justice Center is GRANTED. Plaintiff shall pay transfer
fees.

\*\*\*

SUPERIOR COURT OF CALIFORNIA
COUNTY OF SACRAMENTO

DATE & TIME  :  09-26-02                  DEPT. NO. :  16
JUDGE        :  MICHAEL G. VIRGA          CLERK     :  S. JACOBS
REPORTER     :  NONE                      BAILIFF   :  NONE

D.J. NELSON TRUST dba FRUITRIDGE VISTA
WATER CO.,

VS.          02AS00535

ATLANTIC RICHFIELD COMPANY, et al.

NATURE OF PROCEEDINGS: RULING ON SUBMITTED MATTER- **ORDER**

The tentative ruling is modified as below and affirmed in all other respects.

Defendants Ultramar, Inc., Atlantic Richfield, Chevron, Exxon Mobil and Tosco's motion to strike cross-complainants Julius Juhasz and Klara Juhasz's request for restitution in their eighth cause of action is granted, without leave to amend.

The plain language of section 17203 states that the court may take such action as necessary "to restore to any person in interest any money or property, real or personal, which may have been acquired by means of such unfair competition." The common meaning of the word restore "suggests that section 17203 operates only to return to a person those measurable amounts which are wrongfully taken by means of an unfair business practice." (*Day v. AT & T Corp.* (1998) 63 Cal.App.4th 325, 339.) Applying the plain meaning of "restore" to the facts of this case demonstrates not only the impossibility of measuring what was wrongfully taken, but that cross-complainants' request for restitution is actually a claim for damages, a recovery not permitted under the UCL.

Cross-complainants do not claim that the gasoline they purchased from cross-defendants, and that they resold to the public, was not fair value for the money they paid. Rather, they claim that some of the gasoline they purchased contaminated their land and will necessitate additional, unforeseen, costs. Given that cross-complainants did receive fair value for what they paid cross-defendants, how is it possible to measure what was wrongfully taken? At oral argument counsel for cross-complainants suggested that the taking could be measured by the cost of removing the contamination. That measure, however, is precisely what cross-complainants seek in damages for their tort claims. The two are indistinguishable. Counsel's argument that fraud damages under Civil Code section 3343 may include a restitutionary element begs the question, because that element is "the return of the excess of what the plaintiff gave the defendant over the value of what the plaintiff received." (*Cortez v. Purolator Air Filtration Products Co.* (2000) 23 Cal.4th 163, 174.) That is precisely what is not known. Finally, as the court in Cortez noted, a damage award in a tort action, exactly where this action sounds, "would not include an element of restitution." (*Id.*)

Cross-defendant Shell Oil Products Co.'s motion to strike the request for restitution based on the fifth cause of action in paragraph 4 of the prayer of the first amended cross-complaint of Safdar Naiz, Ghulam Fareed and Speedbird, Inc. is granted, without leave to amend, for the reasons stated above.

BOOK        :  16
PAGE        :  0926                    SACRAMENTO SUPERIOR COURT
DATE        :  09-26-02
CASE NO.    :  02AS00535
CASE TITLE  :  D.J. NELSON TRUST V. ATLANTIC RICHFIELD
DISTRIB.    :                    BY_____Deputy
FS:kmb

DATE: _____09-26-02_____, 19____ COURT MET AT_____|

TITLE: ___D.J. NELSON TRUST vs ATLANTIC RICHFIELD CO._____|

NATURE OF PROCEEDINGS: ___RULING ON SUBMITTED MATTER - ORDER_____|

CONTINUATION PAGE 2 OF 2 |


     The court notes that this order does not otherwise affect the cross-complainants' causes of action under the UCL, or any other cause of action.

     Where leave to amend has been granted, plaintiff may file and serve an amended complaint and cross-complainants may file and serve amended cross-complaints no later than October 11, 2002. Defendants and cross-defendants may respond no later than October 25, 2002.

     Counsel are reminded to review the court's tentative ruling on the next regularly schedule ACT appearance on October 30, 2002.


DATED: *September 26, 2002*

*Michael G Virga*

MICHAEL G VIRGA            JUDGE


BOOK     : 16
PAGE     : 0926         SACRAMENTO COURTS
DATE     : 09-26-02
CASE NO. : 02AS00535
CASE TITLE : D.J. NELSON TRUST V. ATLANTIC RICHFIELD
DISTRIB.  :          BY_____Deputy
FS:lcmb

California Water Service Co. v. The Dow Chemical Company, et al.

Case No. 3:08-cv-03267 SI

# EXHIBIT 8

**TO REQUEST FOR JUDICIAL NOTICE
IN SUPPORT OF LEGACY VULCAN CORP.'S MOTION
TO DISMISS PLAINTIFF'S SEVENTH CAUSE OF ACTION
PURSUANT TO FRCP 12(b)(6) AND MOTION TO STRIKE
CERTAIN ALLEGATIONS PURSUANT TO FRCP 12(f)**

1    RONALD L. OLSON (State Bar No. 044597)
     STEPHEN M. KRISTOVICH (State Bar No. 082164)
2    CYNTHIA L. BURCH (State Bar No. 086020)
     MICHAEL R. BARSA (State Bar No. 196043)
3    MUNGER, TOLLES & OLSON LLP
     355 South Grand Avenue
4    Thirty-Fifth Floor
     Los Angeles, CA 90071-1560
5    Telephone:    (213) 683-9100
     Facsimile:     (213) 687-3702

6

7    Attorneys for Defendants and Cross-Complainants
     SHELL OIL COMPANY, SHELL OIL PRODUCTS
     COMPANY, SHELL PIPELINE CORPORATION, EQUILON
8    ENTERPRISES LLC AND EQUILON PIPELINE COMPANY
     LLC as to all Cross-Defendants except ATLANTIC RICHFIELD
9    COMPANY and UNION OIL COMPANY OF CALIFORNIA

10               SUPERIOR COURT OF THE STATE OF CALIFORNIA

11                      COUNTY OF ORANGE

12

13

|  |  |
|---|---|
| CITY OF SANTA MONICA,<br><br>         Plaintiff,<br><br>   vs.<br><br>SHELL OIL COMPANY, et. al.,<br><br>         Defendants. | CASE NO. 01CC04331<br><br>(The Honorable Stephen J. Sundvold)<br><br>NOTICE OF RULING ON DEFENDANTS' MOTIONS TO STRIKE ALLEGATIONS UNDER CIVIL CODE § 1882 IN FIRST AMENDED COMPLAINT |
| SHELL OIL COMPANY, et al.,<br><br>         Cross-Complainants,<br><br>   vs.<br><br>CHEVRON U.S.A., INC., et. al.,<br><br>         Cross-Defendants. | Complaint filed: June 19, 2000<br>Discovery cutoff: None<br>Trial date: None |
| AND OTHER CROSS-COMPLAINTS |  |

14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

840245.1

1 | TO ALL PARTIES AND THEIR COUNSEL OF RECORD:

2 |       PLEASE TAKE NOTICE that on July 12, 2002, the motion to strike of Shell Oil

3 | Company, Shell Oil Products Company, Shell Pipeline Corporation, Equilon Enterprises LLC and

4 | Equilon Pipeline Company LLC, and the separate motion to strike of certain other defendants,

5 | came on for hearing and, after oral argument, the Court granted defendants' motions to strike,

6 | without leave to amend, the following allegations in plaintiff's first amended complaint:

7 |       1.    Paragraph 87(a) at page 19, lines 26-28, as follows: "Committing,

8 | authorizing, aiding, and/or abetting the tampering with property owned and/or used by the City as

9 | a public agency to provide water to the City's water customers within the meaning of Civil Code

10 | § 1882 et seq."; and

11 |       2.    Prayer for relief at page 26, line 6-7, as follows: "Pursuant to Civil Code

12 | section 1882.2, three times the amount of actual damages, plus the cost of the suit and reasonable

13 | attorneys' fees."

14 | DATED: July 12, 2002                MUNGER, TOLLES & OLSON LLP

15 |

16 |                          By: _____

17 |                               Stephen M. Kristovich

18 |                Attorneys for Defendants and Cross-Complainants

19 |                Shell Oil Company, Shell Oil Products Company, Shell Pipeline Corporation, Equilon

20 |                Enterprises LLC And Equilon Pipeline Company LLC

21 |

22 |

23 |

24 |

25 |

26 |

27 |

28 |

840245.1                    -1-

NOTICE OF RULING

**California Water Service Co. v. The Dow Chemical Company, et al.**

Case No. 3:08-cv-03267 SI

# EXHIBIT 9

TO REQUEST FOR JUDICIAL NOTICE
IN SUPPORT OF LEGACY VULCAN CORP.'S MOTION
TO DISMISS PLAINTIFF'S SEVENTH CAUSE OF ACTION
PURSUANT TO FRCP 12(b)(6) AND MOTION TO STRIKE
CERTAIN ALLEGATIONS PURSUANT TO FRCP 12(f)

1

2

3

4

5

6

ENDORSED
F I L E D
San Francisco County Superior Court

MAY 2 4 2002

GORDON PARK-LI, Clerk
BY: _____
Deputy Clerk

7                     SUPERIOR COURT OF THE STATE OF CALIFORNIA

8                          CITY AND COUNTY OF SAN FRANCISCO

9

10   CITY OF MODESTO REDEVELOPMENT AGENCY, )
     et al.,                              )
11                  Plaintiffs,           )
                                          )
12        vs.                             )  Case No. 999345
                                          )
13   THE DOW CHEMICAL COMPANY, et al.,    )
                                          )
14                  Defendants.           )
                                          )
15   _____ )

16                                        )
                                          )
17   CITY OF MODESTO, et al.,             )
                                          )
18                  Plaintiffs,           )  Case No. 999643
                                          )
19        vs.                             )
                                          )  ORDER ON DEMURRERS
20   THE DOW CHEMICAL COMPANY, et al.     )
                                          )
21                  Defendants.           )

22        The various demurrers and joinders in demurrers to the Fourth Amended

23   Complaint in Case No. 999345 and the Third Amended Complaint in Case No.

24   999643 came on regularly for hearing before this Court on April 26, 2002.

25   Appearances were stated for the record.  The Court being fully advised and

26   good cause appearing, it is hereby ordered:

                         ORDER ON DEMURRERS - 1

1    1.   Demurrers of Defendants The Dow Chemical Company, PPG Industries,

2   Inc., E.I. du Pont De Nemours & Company, Vulcan Materials Company, and

3   Occidental Chemical Corporation ("Solvent Manufacturer Defendants") and

4   related joinders.

5        A.   Third Cause of Action (negligence per se).

6        The demurrers are overruled.  For the purposes of a demurrer, the

7   behavior alleged in paragraph 60 of the Third Amended Complaint (paragraph 57

8   of the Fourth Amended Complaint), if proven, might constitute a violation of

9   one or more of the referenced statutes and might thereby invoke the per se

10  rule as alleged.  In so ruling, this court is aware that the behavior alleged

11  in those paragraphs that the Solvent Manufacturer Defendants "... negligently

12  ... disposed of chlorinated solvents ..." is broader than the activities

13  alleged in paragraphs 10 and 33 through 40 of the Third Amended Complaint

14  (paragraphs 9 and 30 through 37 of the Fourth Amended Complaint).

15  Nonetheless, for the purposes of the demurrer, this court must simply look at

16  the allegations as set forth and not speculate as to what might be provable.

17       Similarly, this court is also aware that not all of the statutes listed

18  appear to be candidates for the establishment of the per se rule.  For

19  example, Health & Safety Code section 13050(m) simply defines "nuisance" and

20  thus does not seem to be susceptible to being violated.

21       Be that as it may, the bottom line is simply that paragraph 60 of the

22  Third Amended Complaint (paragraph 57 of the Fourth Amended Complaint)

23  alleges, among other things, that the Solvent Manufacturer Defendants

24  negligently disposed of chlorinated solvents and that such action violated a

25  litany of statutes.  Whether or not such can be established in this case is

26

1  for another day.  For now, these allegations are sufficient to overcome a

2  demurrer.

3      B.  Fifth Cause of Action (private nuisance), Sixth Cause of Action

4  (private nuisance per se), Seventh Cause of Action (public nuisance) and

5  Eighth Cause of Action (public nuisance per se).

6      The demurrers are overruled.  As is the case with the Third Cause of

7  Action, the allegations regarding nuisance are sufficiently specific to

8  constitute the respective causes of action.  As with the Third Cause of

9  Action, the activities of the Solvent Manufacturer Defendants that may be

10  established by the evidence may be more in accord with the general

11  allegations in paragraphs 10 and 33 through 40 of the Third Amended Complaint

12  (paragraphs 9 and 30 through 37 of the Fourth Amended Complaint).

13  Nonetheless, the nuisance-related causes of action allege that the Solvent

14  Manufacturer Defendants negligently disposed of chlorinated solvents.  For

15  example, see paragraph 60 of the Third Amended Complaint (paragraph 57 of the

16  Fourth Amended Complaint), which is incorporated by reference into all of the

17  nuisance causes of action.  In addition, see paragraph 64 of the Third

18  Amended Complaint (paragraph 61 of the Fourth Amended Complaint), which is

19  also incorporated by reference into all of the nuisance causes of action, and

20  which alleges that all defendants negligently disposed of the chlorinated

21  solvents so that they caused contamination.  These allegations are sufficient

22  to overcome a demurrer on the nuisance causes of action.

23

24

25

26

ORDER ON DEMURRERS – 3

1        C.   Ninth and Tenth Causes of Action (violation of California Superfund

2   Act).

3        The demurrers are sustained, with leave to amend.[1]  Paragraph 36 of the

4   Third Amended Complaint (paragraph 33 of the Fourth Amended Complaint) now

5   alleges that the Solvent Manufacturer Defendants "instructed [and] directed"

6   the Modesto dry cleaners to dispose of the chlorinated solvents onto the

7   ground and into the sewers.  This allegation is ambiguous.  On one hand,

8   "instructed [and] directed" could mean that these defendants exercised

9   authority or command over the disposition of such solvents.  On the other

10  hand, the language could mean that the activities were in the nature of

11  pointing out methods of disposal without any control over whether such

12  methods were utilized.  If the former interpretation is what is intended by

13  the pleading, then such allegations, if proven, might establish "arranger"

14  involvement under the applicable law.  If the allegation simply means that

15  the Solvent Manufacturer Defendants made it known to the Modesto dry cleaners

16  how such solvents might be disposed, without exercising any authority or

17  control over whether such methods were employed, then no arranger liability

18  could be established.

19       This ambiguity is not obviated by the incorporation of paragraph 60 of

20  the Third Amended Complaint into the Ninth and Tenth Causes of Action (by

21  reference in paragraphs 87 and 93, respectively; similarly, paragraph 57 of

22  the Fourth Amended Complaint is incorporated into the Ninth and Tenth Causes

23  of Action by reference in paragraphs 84 and 90, respectively).  Strictly

24  speaking, of course, the allegation that the Solvent Manufacturer Defendants

25  _____

26  [1] All joinders by Equipment Defendants in these demurrers are overruled,
    however, for the reasons stated below in connection with the separate
    demurrers to these causes of action filed by defendants R.R. Street and Hoyt.

ORDER ON DEMURRERS - 4

1  negligently disposed of chlorinated substances might seem to render the

2  allegations sufficient to state a cause of action that these defendants are

3  "arrangers" under the applicable law.  Unlike the negligence and nuisance

4  causes of action, however, in the Ninth and Tenth causes of action there are

5  no specific allegations, beyond those merely incorporated by reference from

6  elsewhere, which indicate that the Plaintiffs are asserting that the Solvent

7  Manufacturer Defendants themselves disposed of chlorinated solvents.

8  Further, such a position was not taken by the Plaintiffs in the extensive

9  briefing regarding "arranger" liability.  Thus, the ambiguity persists.

10       For the purposes of a demurrer, the allegations of a complaint are to

11  be interpreted liberally with a view to substantial justice between the

12  parties.  (Code Civ. Proc. § 452; *Stevens v. Superior Court (API Insurance*

13  *Services)* (1999) 75 Cal.App.4th 594, 601.)  Such liberal interpretation,

14  however, does not mean that ambiguities as to key aspects of a cause of

15  action are to be interpreted in favor of the party that pled them.  Instead,

16  where key terms are susceptible to alternative determinative interpretations,

17  then it is appropriate to sustain a demurrer with leave to amend to clarify

18  the ambiguity.  (*CrossTalk Productions, Inc. v. Jacobson* (1998) 65 Cal.App.4th

19  631, 639-641.)

20       The allegation that the Solvent Manufacturer Defendants "instructed

21  [and] directed" the disposal of the solvents is such a key ambiguity.  This

22  allegation cannot be read to mean actions with authority or control because

23  there are no other allegations in the complaints to indicate a relationship

24  of authority or control between the Solvent Manufacturer Defendants and the

25  Modesto dry cleaners.  Indeed, the gravamen of the relationship as set forth

ORDER ON DEMURRERS - 5

1  in the complaint seems to be one of manufacturer and direct or indirect

2  customer rather than controlling party and controlled party.

3      Accordingly, even with the rule of liberal construction, it does not

4  appear to be substantially just to interpret the "instructed [and]

5  controlled" language as alleging authority and control.  Nonetheless, given

6  the guideline of *CrossTalk Productions,* leave to amend to clarify this

7  ambiguity should be granted.

8      As a guideline, in order to survive a demurrer, Plaintiffs' counsel

9  must clearly allege sufficient facts which, if proven, would show that the

10  Solvent Manufacturer Defendants exerted authority or control over the

11  disposal of the chlorinated solvents by the Modesto dry cleaners so as to

12  render them potentially "arrangers" under California Superfund Act.

13      D.    Twelfth Cause of Action (utility tampering).

14      The demurrers are sustained, without leave to amend, as to all

15  demurring Solvent Manufacturer Defendants and all defendants joining in their

16  demurrers.  The allegations of this cause of action, if proven, would not

17  constitute a violation of Civil Code sections 1882 et seq. by any Solvent

18  Manufacturer Defendant or by any of the defendants who joined the Solvent

19  Manufacturer Defendants' demurrer.

20      2.   Demurrers of Defendants R.R. Street & Co., Inc. ("R.R. Street"),

21  which is alleged to be one of the "Distributor Defendants," and Hoyt

22  Corporation ("Hoyt"), which is alleged to be one of the "Chlorinated Solvent

23  Equipment Manufacturer Defendants" (referred to in this Order as "Equipment

24  Defendants"), and related joinders, all of which were filed by Distributor

25  Defendants and Equipment Defendants.

26

ORDER ON DEMURRERS - 6

1     A.   Third Cause of Action (negligence per se).

2     The demurrers are overruled, for the reasons set forth above relative

3   to the Solvent Manufacturer Defendants.

4     B.   Fifth Cause of Action (private nuisance), Sixth Cause of Action

5   (private nuisance per se), Seventh Cause of Action (public nuisance) and

6   Eighth Cause of Action (public nuisance per se).

7     The demurrers are overruled.  As is the case with the Third Cause of

8   Action, the allegations regarding nuisance are sufficiently specific to

9   constitute the respective causes of action.  As with the Third Cause of

10  Action, the activities of the Distributor Defendants and the Equipment

11  Defendants that may be established by the evidence may be more in accord with

12  the general allegations in paragraphs 15, 20, and 33 through 40 of the Third

13  Amended Complaint (paragraphs 14, 19, and 30 through 37 of the Fourth Amended

14  Complaint).  Nonetheless, the nuisance-related causes of action allege that

15  such defendants negligently disposed of chlorinated solvents (see, for

16  example, paragraph 60 of the Third Amended Complaint (paragraph 57 of the

17  Fourth Amended Complaint), which is incorporated by reference into all of the

18  nuisance causes of action).  This allegation is sufficient to overcome a

19  demurrer.

20    C.   Ninth and Tenth Causes of Action (violation of California Superfund

21  Act).

22    The demurrers of R.R. Street, and of all Distributor Defendants joining

23  in any demurrer to these causes of action, are sustained, with leave to

24  amend. As is the case with the Solvent Manufacturer Defendants, paragraph 36

25  of the Third Amended Complaint (paragraph 33 of the Fourth Amended Complaint)

5   now ambiguously alleges that the Distributor Defendants "instructed [and]

1  directed" the Modesto dry cleaners to dispose of the chlorinated solvents

2  into the ground and the sewers.  For the reasons set forth above relative to

3  the Solvent Manufacturer Defendants, the demurrer is sustained with leave to

4  amend.

5       The demurrers of Hoyt, and of all Equipment Defendants joining in any

6  demurrer to these causes of action, are overruled.  The issues raised by

7  these demurrers as to the Equipment Defendants were disposed of by Judge

8  Pollak when he overruled the Equipment Defendants' earlier demurrers.

9  Successive demurrers on grounds previously overruled should not be considered

10  by the court in the absence of new facts or circumstances, which are not

11  present here as to these causes of action.  (Code Civ. Proc. § 1008; see

12  *Bennett v. Suncloud* (1997) 56 Cal.App.4th 91, 96-97.)  Moreover, even if the

13  Court were to consider these demurrers on the merits, they would be overruled

14  for the reasons stated by Judge Pollak.

15       D.  Twelfth Cause of Action (utility tampering).

16       The demurrers are sustained, without leave to amend, as to R.R. Street

17  and Hoyt and as to all defendants joining in their demurrers.  The

18  allegations of this cause of action, if proven, would not constitute a

19  violation of Civil Code sections 1882 et seq. by any Distributor Defendant or

20  Equipment Defendant.

21  DATED: May 16, 2002

22

23                    RICHARD A. KRAMER
                      Judge of the Superior Court

24

25

26

ORDER ON DEMURRERS - 8

**Superior Court of California**
City and County of San Francisco

CITY OF MODESTO
REDEVELOPMENT AGENCY,

                            Plaintiff(s)

          vs.

THE DOW CHEMICAL COMPANY,
ET AL,

                            Defendant(s)

Case Number:  999345
Consolidated with 999643

**CERTIFICATE OF MAILING**
(CCP 1013a (4) )

AND RELATED CROSS-ACTIONS

      I, BBSURRATT, a Deputy Clerk of the Superior Court of the City and County of San

Francisco, certify that I am not a party to the within action.

      On MAY 24,2002,, I served the attached  ORDER ON DEMURRERS by placing a copy

thereof in a sealed envelope, addressed as follows:

                    PLEASE SEE THE LIST ATTACHED HERETO

and, I then placed the sealed envelopes in the outgoing mail at 400 McAllister Street, San Francisco,

CA. 94102 on the date indicated above for collection, attachment of required prepaid postage, and

mailing on that date following standard court practices.

Dated: MAY 24, 2002

                    GORDON PARK-LI, Clerk


                    By: _B. B. Surratt_____
                    BBSURRATT, DEPUTY CLERK

## CERTIFICATE OF SERVICE

City of Modesto Redevelopment Agency v The Dow Chemical Company

| | |
|---|---|
| Duane C. Miller<br>Victor M. Sher<br>Miller, Sher & Sawyer<br>100 Howe Avenue, Suite S-120<br>Sacramento, California 95825 | Thomas A. Lacey<br>Leo H. Schuering, Jr.<br>Schuering, Zimmerman & Scully, LLP<br>400 University Avenue<br>Sacramento, California 95825-6502 |
| Gennaro Filice<br>Filice, Brown, Eassa & McLeod, LLP<br>Lake Merritt Plaza, 18th Floor<br>1999 Harrison Street, 18th Floor<br>Oakland, California 94612-3541 | Mary Ellen Hogan<br>McDermott, Will & Emery<br>2049 Century Park East, Suite 3400<br>Los Angeles, California 90067-3208 |
| Frank J. Daily<br>David B. Bartel<br>Quarles & Brady, LLP<br>411 East Wisconsin Avenue<br>Milwaukee, WI 53202 | Andrew Nelson<br>Walsworth, Franklin, Bevins & McCall, LLP<br>550 Montgomery Street, Eighth Floor<br>San Francisco, California 94111-2534 |
| Edward R. Hugo<br>Christine M. North<br>Pond, North & Hugo, P.C.<br>459 Fulton Street, Suite 102<br>San Francisco, California 94102 | Michael L. Zaleski<br>Quarles & Brady<br>Firstar Plaza, Suite 600<br>1 South Pinckney Street<br>Madison, WI 53703 |
| Moris Davidovitz<br>William E. Jemmott<br>Davidovitz & Bennett LLP<br>One Embarcadero Center, Suite 750<br>San Francisco, California 94111-3614 | David L. Evans<br>Hamerick & Evans<br>10 Universal City Plaza<br>Suite 2055<br>Universal City, California 91608 |
| Richard S. Baron<br>Kitch, Drutchas, Wagner, Denardis & Valitutti<br>One Woodward Avenue, Tenth Floor<br>Detroit, Michigan 48226-3499 | Roger Mansukhani<br>Gordon and Rees, LLP<br>101 West Broadway, Suite 1600<br>San Diego, CA 92101 |

## CERTIFICATE OF SERVICE

City of Modesto Redevelopment Agency v The Dow Chemical Company

| | |
|---|---|
| Michael Pietrykowski<br>Gordon and Rees, LLP<br>275 Battery Street, 20th Floor<br>San Francisco, CA 94111 | Stephen C. Lewis<br>R. Morgan Gilhuly<br>Barg, Coffin, Lewis and Trapp<br>One Market<br>Steuart Tower, #2700<br>San Francisco, CA 94105 |
| James H. Colopy<br>Farella, Braun and Martel<br>235 Montgomery St., #300<br>San Francisco, CA 94104 | Benjamin Klatsky<br>Peterson, Wilka, Weyand and Martin<br>49 Stevenson St., 5th Flr.<br>Suite 575<br>San Francisco, CA 94105 |
| Craig Caldwell<br>Porter, Scott, Weiberg, and Delehant<br>350 University Ave., #200<br>P.O. Box 255428<br>Sacramento, CA 95865 | Dan Duncan<br>Karhu and McCulloh<br>P.O. Box 460460<br>San Francisco, CA 94146-0460 |
| Aaron L. Bowers<br>Isola / Bowers<br>701 South Ham Lane<br>Floor 2<br>Lodi, CA 95242 | John B. Thomas<br>Hicks, Thoas and Lilienstern<br>700 Louisiana Street, Suite 1700<br>Houston, CA 77002 |
| Doug Arnold<br>Alston and Bird<br>1201 W. Peachtree Street, N.E.<br>Atlanta, Georgia 30309 | Gene Weisberg<br>Berger, Kahn, Shafton, Moss, Figler, Simon<br>and Gladstone, LLP<br>1682 Novato Blvd., #250<br>Novato, CA 94947 |
| Jube J. Najarian<br>Jacobson, Hansen, Najarian and McQuillan<br>1690 West Shaw Ave., Suite 201<br>Fresno, CA 9371 | George Vanberg-Wolfe<br>Kaufman and Logan, LLP<br>111 Pine Street. #1300<br>San Francisco, CA 94111 |

## CERTIFICATE OF SERVICE

City of Modesto Redevelopment Agency v The Dow Chemical Company

| | |
|---|---|
| Christine Noma<br>Wendel, Rosen, Black and Dean<br>1111 Broadway, Floor 24<br>Oakland, CA 94607 | Roderick J. Regan<br>Matthews and Branscomb, LLP<br>112 E. Pecan, Suite 1100<br>San Antonio, Texas 78205 |
| William D. Brown<br>Daley and Heft, LLP<br>462 Stevens Ave., #201<br>Solano Beach, CA 92075 | Patrick L. Finley<br>Glynn and Finley<br>100 Pringle Ave., #500<br>Walnut Creek, CA 94596 |
| Paul A. Dorris<br>Wilke, Fleury, Hoffelt, Gould and Birney<br>400 Capitol Mall, Floor 22<br>Sacramento, CA 95814 | Frederick Camagnoli<br>Campagnoli, Abelson and Campagnoli<br>120 Montgomery St., #1100<br>San Francisco, CA 94104 |
| William W. Burns<br>15720 Winchester Blvd., #1A<br>Los Gatos, CA 95030 | Paul N. Balestracci<br>Neumiller and Beardslee<br>P.O. Box 20<br>Stockton, CA 95203 |
| Byron A. Gregerson<br>Thayer, Harvey and Gregerson<br>1100 – 14th Street #F<br>P.O. Box 3465<br>Modesto, CA 95354 | |

Page 3 of 3

California Water Service Co. v. The Dow Chemical Company, et al.

Case No. 3:08-cv-03267 SI


# EXHIBIT 10


**TO REQUEST FOR JUDICIAL NOTICE
IN SUPPORT OF LEGACY VULCAN CORP.'S MOTION
TO DISMISS PLAINTIFF'S SEVENTH CAUSE OF ACTION
PURSUANT TO FRCP 12(b)(6) AND MOTION TO STRIKE
CERTAIN ALLEGATIONS PURSUANT TO FRCP 12(f)**

1

2

3

4

5

6

7

**FILED**
SAN LUIS OBISPO
SUPERIOR COURT

APR 1 2 2002

Patricia VanOrden

BY
DEPUTY CLERK

8                    SUPERIOR COURT OF CALIFORNIA

9                      COUNTY OF SAN LUIS OBISPO

10

11   CAMBRIA COMMUNITY SERVICES        )        NO.   CV010889
     DISTRICT,                         )
12                                     )
                          PLAINTIFF,)
13        VS.                          )        RULING ON DEMURRER
                                       )        AND MOTION TO STRIKE
14   CHEVRON CORPORATION, ET AL.,      )
                                       )
15                        DEFENDANT.)
16   ─────────────────────────────────)

17        Defendant Chevron demurs to three (3) of the ten (10) causes

18   of action in Plaintiff District's First Amended Complaint filed

19   January 18, 2002 (specifically, the 6th, 7th and 10th causes of

20   action).   In addition, Defendant is moving to strike the

21   Plaintiff's prayer for treble damages, an allegation made in the

22   unfair competition cause of action that Plaintiff has "gained

23   substantial profits" from its act of groundwater pollution, the

24   corresponding prayer for an order to disgorge those profits, the

25   prayer for an order to post a performance bond, and the prayer

26   for civil penalties.

27        On March 21, 2002 this Court heard oral arguments on the

28   instant demurrer and motion to strike.   The Court, after due

1   consideration of the arguments, all relevant papers and points

2   and authorities on file herein, now rules as follows:

3        The demurrer to the specified three (3) causes of action is

4   granted with 30 days leave to amend.   The motion to strike is

5   granted.

6   Dated: _4-12-02_

7

8                    ROGER T. PICQUET
                       JUDGE OF THE SUPERIOR COURT

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

SUPERIOR COURT OF CALIFORNIA
COUNTY OF SAN LUIS OBISPO
*Unlimited Civil Division*

*CERTIFICATE OF MAILING*

| | |
|---|---|
| CAMBRIA COMMUNITY SERVICES DISTRICT<br><br>VS.<br><br>CHEVRON CORPORATION | CV010889 |

Cotchett, Joseph W
    *Attorney for Plaintiff*
COTCHETT PITRE & SIMON
840 Malcolm Road, Ste. 200
Burlingame              CA 94010

Waggoner, Kenneth L
    *Attorney for Defendant*
BROBECK PHLEGER & HARRISON LLP
550 South Hope Street, Ste 2300
Los Angeles             CA 90071 2604

Payne, Anne M
    *Attorney for Defendant*
CHEVRON PRODUCTS COMPANY LAW DEPT
6001 Bollinger Canyon Road
San Ramon               CA 94583 2398

Under penalty of perjury, I hereby certify that I deposited in the United
States mail, at San Luis Obispo, California, first class postage prepaid, in
a sealed envelope, a copy of the foregoing addressed to each of the above
                                OR
If counsel has a pickup box in the Courthouse that a copy was placed in
said pickup box this date.

WAYNE HALL, Court Executive Officer

by _D. VanEuden_    , Deputy    Dated:  4-15-02