Victor M. Sher, SBN 96197
vsher@sherleff.com
Todd E. Robins, SBN 191853
trobins@sherleff.com
Marnie E. Riddle, SBN 233732
mriddle@sherleff.com
SHER LEFF LLP
450 Mission Street, Suite 400
San Francisco, CA 94105
Telephone: (415) 348-8300
Facsimile: (415) 348-8333

Scott Summy, *Admitted in Texas, SBN 19507500*
ssummy@baronbudd.com
Cary McDougal, *Admitted in Texas, SBN 13569600*
cmcdougal@baronbudd.com
Carla Burke, *Admitted in Texas, SBN 24012490*
cburke@baronbudd.com
Celeste Evangelisti, SBN 225232
cevangel@baronbudd.com
BARON & BUDD, P.C.
3102 Oak Lawn Avenue, Suite 1100
Dallas, TX 75219-4281
Telephone: (214) 523-6267
Facsimile: (214) 520-1181

Attorneys for Plaintiff
CALIFORNIA WATER SERVICE COMPANY

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CALIFORNIA WATER SERVICE COMPANY, <br><br> Plaintiff, <br><br> vs. <br><br> THE DOW CHEMICAL COMPANY; E.I. DUPONT DE NEMOURS AND COMPANY; PPG INDUSTRIES, INC.; VULCAN MATERIALS COMPANY; OCCIDENTAL CHEMICAL CORPORATION; VALERO ENERGY CORPORATION; STAUFFER CHEMICAL COMPANY; BOWE-PERMAC, INC., individually and d/b/a BOWE TEXTILE CLEANING, INC.; HOYT CORPORATION; R.R. STREET & CO., INC.; MCGRAW | **CASE NO. CIV-08-03267 SI** <br><br><br><br> **NOTICE OF SERVICE OF NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. § 1441(b) (ORIGINAL JURISDICTION); ORDER SETTING INITIAL CASE MANAGEMENT CONFERENCE AND ADR DEADLINES; CASE MANAGEMENT CONFERENCE ORDER; CONSENT TO PROCEED BEFORE A UNITED STATES MAGISTRATE JUDGE FORM; and U.S. DISTRICT COURT NORTHERN CALIFORNIA ECF REGISTRATION** |

1 EDISON COMPANY, individually and d/b/a
  AMERICAN LAUNDRY MACHINERY, INC.,
2 AMERICAN LAUNDRY MACHINERY, INC.,
  individually and d/b/a AJAX
3 MANUFACTURING DIVISION AND
  MARTIN EQUIPMENT, WHITE
4 CONSOLIDATED INDUSTRIES, INC.,
  individually and d/b/a WASHEX
5 MACHINERY DIVISION, ELECTROLUX
  CORPORATION, LINDUS S.R.L., individually
6 and d/b/a LINDUS WEST, COLUMBIA
  DRYCLEANING MACHINES, a/k/a
7 COLUMBIA/ILSA MACHINES CORP.,
  REALSTAR, INC., individually and d/b/a
8 REALSTAR USA, UNION DRYCLEANING
  PRODUCTS USA, FIRBIMATIC,
9 BERGPARMA OF AMERICA, LLC, AMA
  UNIVERSAL, FLUORMATIC MIDWEST
10 LTD., FORENTA LP, WESTERN MULTITEX
  CORP., MARVEL MANUFACTURING,
11 RENZACCI OF AMERICA, SAIL STAR USA,
  VIC MANUFACTURING CORPORATION,
12 M.B.L., INC., GOSS-JEWETT CO. OF
  NORTHERN CALIFORNIA, MCGREGOR
13 SUPPLY COMPANY, S.B. SUPPLY INC.,
  WASHEX MACHINERY OF CALIFORNIA,
14 INC., WORKROOM SUPPLY, INC., TAYLOR
  HOUSEMAN, INC., UNITED FABRICARE
15 SUPPLY, INC., ECHCO SALES INC., MW
  EQUIPMENT, ARTHUR KAJIWARA
16 EQUIPMENT CO., INC., KELLEHER
  EQUIPMENT SUPPLY, INC., US
17 MACHINERY & ENGINEERING CO., INC.,
  WYATT-BENNETT, CORBETT
18 EQUIPMENT, FULLER SUPPLY
  COMPANY, SAV-ON MACHINERY
19 COMPANY, INC. and DOES 1 through 750,
  INCLUSIVE,

20          Defendants.

21

INFORMATION HANDOUT;

22

23 **TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

24     PLEASE TAKE NOTICE THAT a notice of removal of this action was filed in the United

25 States District Court for the Northern District of California, San Francisco Division, on July 7, 2008,

26 under Federal Case Number CV-08-3267 SI by Defendant PPG Industries, Inc.  A copy of the said

27

28

-2-

1  Notice of Removal, along with the following documents, are attached to this Notice, and are served

2  herewith to all Parties listed on the attached Service List:

3    1.   NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. § 1441(b) (ORIGINAL

4         JURISDICTION), a copy of which is attached hereto as Exhibit A

5    2.   ORDER SETTING INITIAL CASE MANAGEMENT CONFERENCE AND ADR

6         DEADLINES, a copy of which is attached hereto as Exhibit B.

7    3.   CASE MANAGEMENT CONFERENCE ORDER, a copy of which is attached hereto as

8         Exhibit C.

9    4.   CONSENT TO PROCEED BEFORE A MAGISTRATE JUDGE FORM, a copy of which is

10        attached hereto as Exhibit D.

11   5.   U.S. DISTRICT COURT NORTHERN CALIFORNIA ECF REGISTRATION

12        INFORMATION HANDOUT, a copy of which is attached hereto as Exhibit E.

13

14  DATED: 7/17/08  .                      SHER LEFF LLP

15

16                                          By: _____
                                            Marnie E. Riddle
17

18                                          Attorney for Plaintiff
                                            CALIFORNIA WATER SERVICE CO.
19

20

21

22

23

24

25

26

27

28

# EXHIBIT A

1  Gary J. Smith (SB #141393)
   Ryan R. Tacorda (SB #227070)
2  BEVERIDGE & DIAMOND, P.C.
3  456 Montgomery Street, Suite 1800
   San Francisco, CA 94104-1251
4  Telephone: (415) 262-4000
   Facsimile: (415) 262-4040
5
   Robert Brager
6  BEVERIDGE & DIAMOND, P.C.
7  201 North Charles Street, Suite 2210
   Baltimore, MD 21201-4150
8  Telephone: (410) 230-3850
   Facsimile: (410) 230-3868
9
   Attorneys for Defendant
10 PPG INDUSTRIES, INC.

11        UNITED STATES DISTRICT COURT

12      NORTHERN DISTRICT OF CALIFORNIA

13
   CALIFORNIA WATER SERVICE
14 COMPANY,                              CASE NO. 08

15        Plaintiff,                     NOTICE OF REMOVAL OF ACTION
                                         UNDER 28 U.S.C. § 1441(b) (ORIGINAL
16     vs.                               JURISDICTION)

17 THE DOW CHEMICAL COMPANY; E.I.
   DUPONT DE NEMOURS AND COMPANY;
18 PPG INDUSTRIES, INC.; VULCAN
   MATERIALS COMPANY; OCCIDENTAL
19 CHEMICAL CORPORATION; VALERO
   ENERGY CORPORATION; STAUFFER
20 CHEMICAL COMPANY; BOWE-PERMAC,
   INC., individually and d/b/a BOWE TEXTILE
21 CLEANING, INC.; HOYT CORPORATION;
   R.R. STREET & CO., INC.; MCGRAW
22 EDISON COMPANY, individually and d/b/a
   AMERICAN LAUNDRY MACHINERY, INC.,
23 AMERICAN LAUNDRY MACHINERY, INC.,
   individually and d/b/a AJAX
24 MANUFACTURING DIVISION AND
   MARTIN EQUIPMENT, WHITE
25 CONSOLIDATED INDUSTRIES, INC.,
   individually and d/b/a WASHEX
26 MACHINERY DIVISION, ELECTROLUX
   CORPORATION, LINDUS S.R.L., individually
27 and d/b/a LINDUS WEST, COLUMBIA
   DRYCLEANING MACHINES, a/k/a
28 COLUMBIA/ILSA MACHINES CORP.,
   REALSTAR, INC., individually and d/b/a

ORIGINAL FILED
JUL - 7 2008
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

E-filing

SI

CV 08 3267

NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. § 1441(b) (ORIGINAL JURISDICTION)

1  REALSTAR USA, UNION DRYCLEANING
   PRODUCTS USA, FIRBIMATIC,
2  BERGPARMA OF AMERICA, LLC, AMA
   UNIVERSAL, FLUORMATIC MIDWEST
3  LTD., FORENTA LP, WESTERN MULTITEX
   CORP., MARVEL MANUFACTURING,
4  RENZACCI OF AMERICA, SAIL STAR USA,
   VIC MANUFACTURING CORPORATION,
5  M.B.L., INC., GOSS-JEWETT CO. OF
   NORTHERN CALIFORNIA, MCGREGOR
6  SUPPLY COMPANY, S.B. SUPPLY INC.,
   WASHEX MACHINERY OF CALIFORNIA,
7  INC., WORKROOM SUPPLY, INC., TAYLOR
   HOUSEMAN, INC., UNITED FABRICARE
8  SUPPLY, INC., ECHCO SALES INC., MW
   EQUIPMENT, ARTHUR KAJIWARA
9  EQUIPMENT CO., INC., KELLEHER
   EQUIPMENT SUPPLY, INC., US
10 MACHINERY & ENGINEERING CO., INC.,
   WYATT-BENNETT, CORBETT
11 EQUIPMENT, FULLER SUPPLY
   COMPANY, SAV-ON MACHINERY
12 COMPANY, INC. and DOES 1 through 750,
   INCLUSIVE,
13
                    Defendants.
14

15 ——————————————————————————

16 ///

17 ///

18 ///

19 ///

20 ///

21 ///

22 ///

23 ///

24 ///

25 ///

26 ///

27 ///

28 ///

## TABLE OF CONTENTS

I.     JURISDICTION ...........................................................................................................3

II.    PLAINTIFF'S COMPLAINT ASSERTS AN EXCLUSIVELY FEDERAL CAUSE
       OF ACTION. ..............................................................................................................3

III.   THIS COURT HOLDS EXCLUSIVE ORIGINAL JURISDICTION OVER
       PLAINTIFF'S CLAIM STyled as a claim FOR EQUITABLE INDEMNITY.....................4

       A.     Plaintiff Has Pleaded a Federal Claim In Its Complaint...............................5

       B.     Plaintiff's State-Law Claim for Equitable Indemnity Poses a Challenge to the
              Contribution and Settlement Schemes Underlying CERCLA Cleanups. ......7

IV.    THIS COURT MAY ASSERT SUPPLEMENTAL JURISDICTION OVER THE
       REMAINING STATE LAW CLAIMS. ..........................................................................8

NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. § 1441(b) (ORIGINAL JURISDICTION)

1

## <u>TABLE OF AUTHORITIES</u>

2

3

**Cases**

4    *ARCO Env't Remediation, L.L.C. v. Dep't. Health & Envtl. Quality*
      213 F.3d 1108, 1114-15 (9th Cir. 2000) ................................................................... 7

5    *Bedford Affiliates v. Sills*
      156 F.3d 416, 427 (2d Cir. 1998)........................................................................... 5, 8
6

7    *California Department of Toxic Substance Control v. City of Chico, California, et al.*
      Case No. CIV S-02-0442 LKK DAD (E.D.CA)............................................................ 4

8    *Ethridge v. Harbor House Rest.*
      861 F.2d 1389 (9th Cir. 1988) ................................................................................. 2
9

10   *Fireman's Fund Ins. Co. v. City of Lodi*
      296 F.Supp. 2d 1197 (E.D. Cal. 2003)...................................................................... 7

11   *In re Reading, Co.*
      (3d Cir. 1996) 115 F.3d 1111, 1117, 1119............................................................ 5, 8
12

13   *Inman Constr. Corp. v. S. Pilot Ins. Co.*
      2007 U.S. Dist. LEXIS 41239 (N.D. Miss. June 5, 2007) ........................................... 2

14   *Lehman Bros., Inc. v. City of Lodi*
      333 F. Supp. 2d 895, 906 n.19 (E.D. Cal. 2004)....................................................... 8
15

16   *Lippitt v. Raymond James Fin. Servs., Inc.*
      340 F.3d 1033, 1041 (9th Cir. 2003) ..................................................................... 5, 7

17   *Morton Internat. v. AE Staley Mfg. Co.*
      (3d Cir. 2003) 343 F.3d 669, 685............................................................................ 5
18

19   *New York v. Shore Realty Corp.*
      (2d Cir.1985) 759 F.2d 1032, 1041.......................................................................... 5

20   *Parker v. State of Cal. Dep't of Transp.*
      1999 U.S. Dist. LEXIS 2260 at *4 (N.D. Cal. Mar. 1, 1999)....................................... 2
21

22   *Piccolini v. Simon's Wrecking*
      686 F. Supp. 1063, 1068-69 (M.D. Pa. 1988)........................................................... 8

23   *Rains v. Criterion Sys., Inc.*
      80 F.3d 339, 343-44 (9th Cir. 1996) ....................................................................... 7
24

25   *Raytheon Constructors, Inc. v. Asarco Inc.*
      2000 U.S. Dist. LEXIS 6069 at *85 (D.Colo. Mar. 31, 2000)...................................... 5

26   *Salveson v. W. States Bankcard Ass'n.*
      731 F.2d 1423, 1429 (9th Cir. 1984) ....................................................................... 2

27

28

NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. § 1441(b) (ORIGINAL JURISDICTION)

**Statutes**

28 U.S.C. § 1367(a) .................................................................................. 8

28 U.S.C. § 1441(a) .................................................................................. 4

28 U.S.C. § 1441(b) ............................................................................... 1, 3

28 U.S.C. § 1446(a) .................................................................................. 1

28 U.S.C. § 1446(b) .................................................................................. 1

28 U.S.C. § 1446(d) .................................................................................. 3

42 U.S.C. §§ 9601 *et seq.* ....................................................................... 3

42 U.S.C. § 9613(b) ............................................................................. 3, 4, 5

42 U.S.C. § 9613(f)(1) .............................................................................. 6

42 U.S.C. § 9613(f)(3)(B) ......................................................................... 6

42 U.S.C. §§ 9613(f)(1), (3) ..................................................................... 4

42 U.S.C. § 9607(a) .................................................................................. 6

NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. § 1441(b) (ORIGINAL JURISDICTION)

1  **TO THE CLERK OF THE ABOVE-ENTITLED COURT:**

2  PLEASE TAKE NOTICE that defendant PPG Industries, Inc. ("PPG") and the defendants

3  joining in this Notice (collectively, "Defendants") hereby submit this Notice of Removal ("Notice")

4  to move to this Court the state action described below.

5  1.    On May 22, 2008, Plaintiff California Water Service Company ("Plaintiff")

6  commenced an action in the Superior Court of the State of California in and for the County of San

7  Mateo, entitled *California Water Service Company v. The Dow Chemical Company,* as Case Number

8  CIV 473093 (referred to as the "State Action"). Copies of the Complaint and Summons are attached

9  hereto as Exhibits A and B, respectively. Additionally, PPG has also been served with the Civil

10  Case Cover Sheet which includes a Certificate Re Complex Case Designation, collectively attached

11  as Exhibit C; the Notice of Complex Case Status Conference, attached as Exhibit D; and the Notice

12  of Case Management Conference, attached as Exhibit E.

13  2.    PPG was served with the Complaint on June 6, 2008. This Notice is timely under 28

14  U.S.C. § 1446(b).

15  3.    Pursuant to 28 U.S.C. § 1446(a), this Notice is properly filed in the United States

16  District Court for the Northern District of California, San Francisco Division, which is the district

17  court and division within which the state court action was filed.

18  4.    Defendants identified in the Complaint as American Laundry Machinery, Inc. d/b/a

19  Ajax Manufacturing Division and Martin Equipment; Arthur Kajiwara Equipment Co., Inc.; Bowe-

20  Permac Inc. d/b/a Bowe Textile Cleaning; Columbia Drycleaning Machines, aka Columbia/ILSA

21  Machines Corp.; Corbett Equipment; The Dow Chemical Company; E.I. Dupont De Nemours and

22  Company; Forenta LP; Hoyt Corporation; Kelleher Equipment Supply, Inc.; McGregor Supply

23  Company; M.B.L., Inc.; Mondial Drycleaning Products, Inc. (improperly named Union Drycleaning

24  Products U.S.A.); Occidental Chemical Corporation; Renzacci of America, Inc.; R.R. Street & Co.,

25  Inc.; Sail Star USA; S.B. Supply, Inc.; United Fabricare Supply, Inc.; Valero Energy Corporation;

26  Vic Manufacturing Company; Vulcan Materials Company; Washex Machinery of California, which

27  is a distinct corporate entity from White Consolidated Industries, Inc.; Workroom Supply, Inc.; and

28

NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. § 1441(b) (ORIGINAL JURISDICTION)

1   Wyatt Bennett have joined in this Notice or otherwise have consented to this Notice. *See*

2   Declaration of Gary Smith ("Smith Decl."), ¶ 5.

3        5.     On information and belief, Defendants identified in the Complaint as Echco Sales

4   Inc.; Electrolux Corporation, which has acquired named defendant White Consolidated Industries,

5   Inc.; Firbimatic; Fuller Supply Company; Goss-Jewett Co. of Northern California; Lindus S.R.L.

6   d/b/a Lindus West; McGraw Edison Company d/b/a American Laundry Machinery, Inc. which has

7   been succeeded by Cooper Industries, LLC; RealStar Inc. dba Real Star USA; U.S. Machinery &

8   Engineering; and Western Multitex were not served or were not served properly in the state court

9   action and have no obligation to join this Notice. *Salveson v. W. States Bankcard Ass'n.*, 731 F.2d

10   1423, 1429 (9th Cir. 1984), *overruled on other grounds by Ethridge v. Harbor House Rest.*, 861 F.2d

11   1389 (9th Cir. 1988) (summoned defendants may remove without joining unserved defendants);

12   *Parker v. State of Cal. Dep't of Transp.*, 1999 U.S. Dist. LEXIS 2260 at *4 (N.D. Cal. Mar. 1, 1999).

13   *See* Smith Decl. ¶ 7; Declaration of Sarah F. Peterman ("Peterman Decl."), ¶¶ 4-6; Stephen J. Valen

14   Declaration ("Valen Decl."), ¶ 3; Declaration of Maureen L. King ("King Decl."), ¶¶ 3, 5;

15   Declaration of Ryan Tacorda ("Tacorda Decl."), ¶ 5. Further, defendants Echco Sales Inc.;

16   Electrolux Corporation; Firbimatic; Goss-Jewett Co. of Northern California; and RealStar Inc. dba

17   Real Star USA have advised that they would consent to removal if they were to be served. Smith

18   Decl. ¶¶ 7- 8; Valen Decl. ¶ 3; King Decl. ¶ 3;.

19        6.     On information and belief, Defendants identified in the Complaint as AMA

20   Universal; Bergparma of America, LLC; Fluormatic Midwest, Ltd.; Marvel Manufacturing

21   Company; Stauffer Chemical Company; and Sav-On Machinery are dissolved corporations or

22   otherwise no longer in business and are therefore nominal defendants which do not need to join this

23   Notice. *See Inman Constr. Corp. v. S. Pilot Ins. Co.*, 2007 U.S. Dist. LEXIS 41239 (N.D. Miss. June

24   5, 2007) ("Decisions from numerous jurisdictions...recognize that parties which are in liquidation

25   and have no assets when litigation against them is commenced are nominal parties which need not

26   join in a notice of removal filed by another defendant."). Smith Decl. ¶ 6; Peterman Decl. ¶ 3; King

27   Decl. ¶¶ 4, 6; Tacorda Decl. ¶¶ 3-4.

28

NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. § 1441(b) (ORIGINAL JURISDICTION)

1       7.     Defendant MW Equipment was contacted about joining or consenting to this Notice

2  daily from June 30, 2008 - July 3, 2008, and again on July 7, 2008.  Mr. Wee, who described himself

3  as the owner of the company, declined to provide the name of MW Equipment's attorney upon

4  Defendants' repeated requests.  On July 7, 2008, Mr. Wee informed Defendants that he believed

5  MW Equipment was improperly named in the above-referenced action.  He further stated that he did

6  not want to be involved in the case and that his attorney intended to write to Plaintiff to seek

7  dismissal.  *See* Tacorda Decl. ¶ 6.

8       8.     Pursuant to the requirements of 28 U.S.C. § 1446(d), Defendants will promptly file a

9  copy of this Notice with the Superior Court of the State of California in and for the County of San

10  Mateo.

11       9.     Pursuant to 28 U.S.C. § 1446(d), Defendants will also notify Plaintiff of this Notice in

12  writing.

13  **I.**     **JURISDICTION**

14      This action is a civil action over which this Court has exclusive original jurisdiction under 42

15  U.S.C. § 9613(b), and is one which may be removed to this Court by Defendants pursuant to 28

16  U.S.C. § 1441(b).

17  **II.**    **PLAINTIFF'S COMPLAINT ASSERTS AN EXCLUSIVELY FEDERAL CAUSE OF ACTION.**

18

19      Plaintiff's Complaint asserts as its eighth cause of action a claim for cost recovery or

contribution under CERCLA.[1] Plaintiff labels the eighth cause of action a claim for "equitable

20  indemnity," but the factual allegations plainly set forth a claim under CERCLA even though the

21  statute itself is not cited.  Federal courts have exclusive original jurisdiction over CERCLA claims.

22  42 U.S.C. § 9613(b).

23      In the eighth cause of action, Plaintiff seeks recovery of the costs it has incurred or will incur

24  pursuant to its settlement of a CERCLA lawsuit brought against Plaintiff in the United States District

25  Court for the Eastern District of California by the California Department of Toxic Substance Control

26  ("DTSC") for PCE contamination found in Chico, California, *California Department of Toxic*

27

28  ―――――――――――――――

[1] CERCLA is the Comprehensive Environmental Response, Compensation and Liability Act, 42 U.S.C. §§ 9601 *et seq.*

NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. § 1441(b) (ORIGINAL JURISDICTION)

1  *Substance Control v. City of Chico, California, et al.*, Case No. CIV S-02-0442 LKK DAD

2  (E.D.CA) (referred to as the "DTSC CERCLA Litigation"). Complaint ¶¶ 159-60. Plaintiff alleges

3  that Defendants' actions were the direct and proximate cause of the PCE contamination that was the

4  cause of the damages at issue in the DTSC CERCLA Litigation. *Id.* ¶¶ 161-62. Plaintiff seeks

5  judgment against the Defendants "in an amount proportional to their responsibility for such

6  damages.

7      In its amended complaint in the DTSC CERCLA Litigation (incorporated by reference into

8  the Complaint as though fully set forth at length therein, *Id.* ¶ 159, with copy attached to Smith Decl.

9  as Exhibit A), DTSC sought recovery against Plaintiff pursuant to CERCLA and various California

10  state law and common law theories for costs related to DTSC's response to the release and

11  threatened release of hazardous substances at the Chico Central Plume. As Plaintiff notes in the

12  Complaint, it entered into a settlement with DTSC following extensive litigation and vigorous

13  negotiations. *Id.* ¶ 160. The settlement obliged Plaintiff to incur significant costs in designing and

14  implementing measures to remediate PCE contamination and in undertaking water treatment

15  measures. *Id.* The settlement was approved by Judge Lawrence K. Karlton of the United States

16  District Court for the Eastern District of California on May 23, 2007. A copy of the settlement is

17  attached as Exhibit B to Smith Decl.

18      In seeking to recover under the guise of a state law equitable indemnity claim the costs it has

19  incurred and will incur pursuant to the settlement of the DTSC CERCLA Litigation, Plaintiff is

20  pursuing the right to contribution expressly provided to settling parties in CERCLA

21  Section 113(f)(1), (3), 42 U.S.C. §§ 9613(f)(1), (3). Federal courts have exclusive original

22  jurisdiction over all controversies arising under CERCLA, including a claim seeking contribution for

23  a CERCLA settlement, such as this one. 42 U.S.C. § 9613(b). Accordingly, this action is properly

24  removable.

25  **III.    THIS COURT HOLDS EXCLUSIVE ORIGINAL JURISDICTION OVER
         PLAINTIFF'S CLAIM STYLED AS A CLAIM FOR EQUITABLE INDEMNITY.**

26

27      A defendant may remove to federal court "any civil action brought in a State court of which

      the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a). This Court

28  has exclusive original jurisdiction over this case because it arises under CERCLA. 42 U.S.C. §

-4-

1  9613(b). A claim implicates a federal question when the claim is an "*inherently federal claim*

2  *articulated in state-law terms.*" *Lippitt v. Raymond James Fin. Servs., Inc.*, 340 F.3d 1033, 1041

3  (9th Cir. 2003) (emphasis added).

4      **A.    Plaintiff Has Pleaded a Federal Claim In Its Complaint.**

5      Although the eighth cause of action does not explicitly invoke federal law, it seeks a

6  reallocation of response costs that Plaintiff **can obtain only through CERCLA** and therefore,

7  Plaintiff's eighth cause of action **must** be a CERCLA claim for contribution. Through CERCLA,

8  Congress created a scheme for contribution and settlement to resolve expeditiously environmental

9  claims like the ones asserted by Plaintiff. *See Bedford Affiliates v. Sills*, 156 F.3d 416, 427 (2d Cir.

10  1998). Accordingly, courts have regularly found that CERCLA preempts state restitution and

11  indemnification claims; otherwise they would interfere with CERCLA's settlement scheme. *See,*

12  *e.g., In re Reading, Co.* (3d Cir. 1996) 115 F.3d 1111, 1117 (permitting independent common law

13  remedies would create a path around the statutory settlement scheme aimed at the efficient resolution

14  of environmental disputes, raising an obstacle to the intent of Congress); *see also New York v. Shore*

15  *Realty Corp.* (2d Cir.1985) 759 F.2d 1032, 1041; *Morton Internat. v. AE Staley Mfg. Co.* (3d Cir.

16  2003) 343 F.3d 669, 685; *Bedford Affiliates*, 156 F.3d at 426-27 (common law restitution and

17  indemnification actions in state court "would bypass [CERCLA's] carefully crafted settlement

18  system, creating an actual conflict therefore between CERCLA and state common law causes of

19  action."); *Raytheon Constructors, Inc. v. Asarco Inc.*, 2000 U.S. Dist. LEXIS 6069 at *85 (D.Colo.

20  Mar. 31, 2000) (noting that the consensus is that CERCLA preempts state law claims for

21  contribution).

22      These cases make clear that Plaintiff's exclusive claim to reallocate the settlement costs of its

23  CERCLA litigation is as a CERCLA contribution claim — it cannot proceed under state law.

24      Moreover, Plaintiff's equitable indemnity claim seeks precisely the relief afforded to Plaintiff

25  under CERCLA. As the Complaint alleges, Plaintiff was a defendant in a cost recovery action

26  brought by DTSC pursuant to CERCLA in the Eastern District of California. Complaint ¶ 159. In

27  that litigation, DTSC sought recovery for costs incurred in responding to a release of hazardous

28  substances at the Chico Central Plume. *Id.* Plaintiff entered into a settlement with DTSC which

NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. § 1441(b) (ORIGINAL JURISDICTION)

1  obligated Plaintiff to incur significant costs to remediate the PCE contamination at the site. *Id.* ¶

2  160. Plaintiff alleges that defendants are responsible for the contamination at issue in the CERCLA

3  action. *Id.* ¶ 161. Recovery of the costs it is obligated to incur pursuant to the CERCLA settlement

4  is the entire basis for Plaintiff's present indemnity claim.

5      The settlement Plaintiff reached with DTSC for CERCLA claims, which was judicially

6  approved by the district court for its consistency with CERCLA's objectives, has given Plaintiff both

7  the grounds and the authority to seek relief from Defendants. CERCLA Section 113(f)(1) provides:

> Any person may seek contribution from any other person who is liable
> or potentially liable under section 9607(a) of this title, during or
> following any civil action under section 9606 of this title or under
> section 9607(a) of this title. Such claims shall be brought in
> accordance with this section and the Federal Rules of Civil Procedure,
> and shall be governed by Federal law. In resolving contribution
> claims, the court may allocate response costs among liable parties
> using such equitable factors as the court determines are appropriate.

42 U.S.C. § 9613(f)(1). Further, CERCLA Section 113(f)(3)(B) provides: "A person who has

resolved its liability to the United States or a State for some or all of a response action or for some or

all of the costs of such an action in an administrative or judicially approved settlement may seek

contribution from any person who is not a party to a settlement referred to in paragraph (2)." 42

U.S.C. § 9613(f)(3)(B).

    All of the elements of a CERCLA contribution claim are pled in Plaintiff's Complaint and

the incorporated CERCLA complaint. The action follows an action under CERCLA Section 9607(a)

and Plaintiff is a person who has resolved its liability to the State for the response costs at the Chico

Central Plume in a judicially approved settlement. Complaint ¶¶ 159-60. Defendants are alleged to

have caused the release at issue in the CERCLA litigation and are therefore alleged to be liable or

potentially liable under CERCLA Section 9607(a). *Id.* ¶ 161. Plaintiff alleges it has incurred

response costs and the court is being asked to allocate response costs among alleged liable parties.

*Id.* ¶ 162. Thus, Plaintiff has expressly pled a CERCLA claim for which federal court is the only

proper jurisdiction.

    The CERCLA claim is explicit on the face of the Complaint. Even if it were not, the Court

has the authority to reinterpret the claim as an "artfully pleaded" CERCLA claim for contribution

under the guise of a state-law claim for equitable indemnity. Under the artful pleading doctrine,

-6-

1  Plaintiff may not avoid federal jurisdiction by omitting from the complaint federal law essential to

2  its claim, or by casting in state-law terms a claim that can be made only under federal law.  *See*

3  *Rains v. Criterion Sys., Inc.*, 80 F.3d 339, 343-44 (9th Cir. 1996).  Plaintiff has cast its eighth cause

4  of action for equitable indemnity as a state-law claim, when it is a claim for contribution that can

5  only be made under CERCLA in federal court.

6          Under the artful pleading doctrine, this Court may "delve beyond the face of the state court

7  complaint and find federal question jurisdiction by recharacterizing [Plaintiff's] state-law claim as a

8  federal claim." *Lippitt*, 340 F.3d at 1041 (citations omitted).  The Ninth Circuit has noted that "no

9  specific recipe exists for a court to alchemize a state claim into a federal claim — a court must look

10  at a complex group of facts in any particular case to decide whether a claim actually 'arises' under

11  federal law." *Id.* at 1042-43.  Here, as described above, Plaintiff's claim for equitable indemnity so

12  completely embodies a CERCLA contribution action that it is an inherently federal claim. *See id.* at

13  1042.

14      **B.      Plaintiff's State-Law Claim for Equitable Indemnity Poses a Challenge to the
                  Contribution and Settlement Schemes Underlying CERCLA Cleanups.**

15          If Plaintiff's equitable indemnity claim is not deemed to be an artfully pleaded CERCLA

16  contribution claim, then it is a challenge to CERCLA's contribution and settlement schemes set forth

17  by Congress and is therefore a federal claim subject to this Court's jurisdiction on that basis.  A

18  claim that constitutes a challenge to a federal cleanup is necessarily a federal claim. *ARCO Env't*

19  *Remediation, L.L.C. v. Dep't. Health & Envtl. Quality,* 213 F.3d 1108, 1114-15 (9th Cir. 2000).  An

20  action constitutes a challenge to a CERCLA cleanup "if it is related to the goals of the cleanup." *Id.*

21  (citations omitted).  Plaintiff's equitable indemnity claim challenges the Chico Central Plume

22  cleanup and the goals of CERCLA cleanups generally.

23          One of the primary goals of CERCLA's statutory right to contribution has been to "maximize

24  the participation of responsible parties"[2] in hazardous waste cleanup and to encourage early cleanup

25  to reduce the time and expense of enforcement litigation. *Fireman's Fund Ins. Co. v. City of Lodi*,

26  296 F.Supp. 2d 1197 (E.D. Cal. 2003).  Further, CERCLA's contribution scheme is aimed at

27

28

---

[2]  Defendants dispute that they are responsible parties under CERCLA.

1   expeditiously resolving disputed environmental claims. *Bedford Affiliates*, 156 F.3d at 427.  The

2   *Bedford Affiliates* court has explained:

> To accomplish this objective Congress employed incentives for
> potentially responsible parties to settle and strong disincentives for
> non-settling potentially responsible parties. Thus, potentially
> responsible parties who choose to settle are granted protection from
> contribution actions being asserted against them under..., but retain the
> right to bring contribution actions against other non-settling parties....
> The statute further provides that the amount recoverable from the
> remaining non-settling parties is reduced only by the amount of the
> settlement....  Hence, potentially responsible parties who choose to
> settle gain protection from contribution, enjoy potentially favorable
> settlement terms, and retain the ability to seek contribution from other
> defendants. Those responsible parties who choose not to settle are
> barred from seeking contribution from the settling parties and thereby
> face potentially disproportionate liability....

10  *See id.*  Allowing Plaintiff's state-law claim would not only frustrate Congress's intent to encourage

11  quick settlements of CERCLA actions, *see In re Reading Co.*, 115 F.3d 1111, 1117, 1119 (3rd Cir.

12  1997), it would also deter potentially responsible parties from entering a settlement given the

13  absence of any contribution protections.  Thus, Plaintiff's state-law claim for equitable indemnity

14  seeks "to do an end run around the contribution protection provided by CERCLA." *Id.; see also*

15  *Bedford Affiliates*, 156 F.3d at 427 ("[I]t can easily be seen that instituting common law restitution

16  and indemnification actions in state court would bypass [CERCLA's] carefully crafted settlement

17  system.").

18  **IV.   THIS COURT MAY ASSERT SUPPLEMENTAL JURISDICTION OVER THE
         REMAINING STATE LAW CLAIMS.**

19

20       Because the eighth cause of action arises under federal law, the Court may properly assert

21  supplemental jurisdiction over Plaintiff's remaining state-law claims.  *See* 28 U.S.C. § 1367(a).  Like

22  the eighth cause of action, Plaintiff's remaining claims in the first through seventh causes of action

23  all concern Defendants' alleged conduct in causing PCE contamination of Plaintiff's Wells.

24  Complaint ¶¶ 95-157. Because all the claims are related, they form part of the "same controversy"

25  and are subject to this Court's supplemental jurisdiction. *See Lehman Bros., Inc. v. City of Lodi*, 333

26  F. Supp.2d 895, 906 n.19 (E.D. Cal. 2004) (exercising supplemental jurisdiction over plaintiff's state

27  law claims after finding CERCLA claim was before the court); *Piccolini v. Simon's Wrecking*, 686

28  F.Supp. 1063, 1068-69 (M.D. Pa. 1988) (same).

-8-

1    WHEREFORE, Defendants hereby remove this action from the Superior Court of the State

2  of California in and for the County of San Mateo to the United States District Court for the Northern

3  District of California.

4

5

  Dated: __7-7-08__  .

6

7                                    BEVERIDGE & DIAMOND, P.C.

                                     By: _____
8                                        Gary J. Smith
                                         Ryan R. Tacorda
9
                                     Attorneys for Defendant
10                                   PPG INDUSTRIES, INC.

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. § 1441(b) (ORIGINAL JURISDICTION)

EXHIBIT A

Victor M. Sher, SBN 96197
Todd E. Robins, SBN 191853
Marnie E. Riddle, SBN 233732
SHER LEFF LLP
450 Mission Street, Suite 400
San Francisco, CA 94105
Telephone: (415) 348-8300
Facsimile: (415) 348-8333

Scott Summy, *Admitted in Texas, SBN 19507500*
Cary McDougal, *Admitted in Texas, SBN 13569600*
Carla Burke, *Admitted in Texas, SBN 24012490*
Celeste Evangelisti, SBN 225232
BARON & BUDD, P.C.
3102 Oak Lawn Avenue, Suite 1100
Dallas, TX 75219-4281
Telephone: (214) 523-6267
Facsimile: (214) 520-1181

Attorneys for Plaintiff California Water Service Company

**ENDORSED FILED**
SAN MATEO COUNTY

MAY 2 2 2008

Clerk of the Superior Court
By _____
G. Jackson
DEPUTY CLERK

# IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA

## IN AND FOR THE COUNTY OF SAN MATEO

CALIFORNIA WATER SERVICE COMPANY,

Plaintiff,

vs.

THE DOW CHEMICAL COMPANY; E.I. DUPONT DE NEMOURS AND COMPANY; PPG INDUSTRIES, INC., VULCAN MATERIALS COMPANY, OCCIDENTAL CHEMICAL CORPORATION, VALERO ENERGY CORPORATION, STAUFFER CHEMICAL COMPANY, BOWE-PERMAC, INC., individually and d/b/a BOWE TEXTILE CLEANING, INC., HOYT CORPORATION, R.R. STREET & CO., INC., MCGRAW EDISON COMPANY, individually and d/b/a AMERICAN LAUNDRY MACHINERY, INC., AMERICAN LAUNDRY MACHINERY, INC., individually and d/b/a AJAX MANUFACTURING DIVISION AND MARTIN EQUIPMENT, WHITE CONSOLIDATED INDUSTRIES, INC., individually and d/b/a WASHEX MACHINERY DIVISION, ELECTROLUX CORPORATION, LINDUS S.R.L., individually and d/b/a LINDUS WEST, COLUMBIA DRYCLEANING MACHINES, a/k/a COLUMBIA/ILSA MACHINES CORP., REALSTAR, INC., individually and d/b/a REALSTAR USA, UNION DRYCLEANING PRODUCTS USA, FIRBIMATIC, BERGPARMA OF AMERICA, LLC, AMA UNIVERSAL, FLUORMATIC MIDWEST LTD., FORENTA LP, WESTERN

CASE NO. CIV 4 7 3 0 9 3

Date Filed: May 22, 2008

COMPLAINT FOR DAMAGES AND OTHER RELIEF:
(1) STRICT PROD. LIABILITY (DESIGN DEFECT);
(2) STRICT PROD. LIABILITY (FAILURE TO WARN)
(3) NUISANCE;
(4) TRESPASS;
(5) NEGLIGENCE;
(6) NEGLIGENCE *PER SE*;
(7) CIVIL CODE; and
(8) EQUITABLE INDEMNITY.

**JURY TRIAL DEMANDED**

-1-

MULTITEX CORP., MARVEL MANUFACTURING,   )
RENZACCI OF AMERICA, SAIL STAR USA, VIC   )
MANUFACTURING CORPORATION, M.B.L., INC.,   )
GOSS-JEWETT CO. OF NORTHERN CALIFORNIA,   )
MCGREGOR SUPPLY COMPANY, S.B. SUPPLY   )
INC., WASHEX MACHINERY OF CALIFORNIA,   )
INC., WORKROOM SUPPLY, INC., TAYLOR   )
HOUSEMAN, INC., UNITED FABRICARE SUPPLY,   )
INC., ECHCO SALES INC., MW EQUIPMENT,   )
ARTHUR KAJIWARA EQUIPMENT CO., INC.,   )
KELLEHER EQUIPMENT SUPPLY, INC., US   )
MACHINERY & ENGINEERING CO., INC., WYATT-   )
BENNETT, CORBETT EQUIPMENT, FULLER   )
SUPPLY COMPANY, SAV-ON MACHINERY   )
COMPANY, INC. and DOES 1 through 750,   )
INCLUSIVE,   )

                                        Defendants.   )

Plaintiff California Water Service Company hereby alleges as follows, based on information and belief and investigation of counsel:

## I.   SUMMARY OF THE CASE

1.    Plaintiff CALIFORNIA WATER SERVICE COMPANY ("Plaintiff") owns and/or operates public drinking water systems, and supplies drinking water to hundreds of thousands of residents and businesses, in various locations throughout the State of California. However, the toxic chemical perchloroethylene and its degradation products ("PCE") are contaminating and damaging Plaintiff's drinking water supply wells in dispersed locations throughout California.

2.    Plaintiff seeks to recover by this action the substantial costs necessary to protect the public and restore its damaged drinking water supply wells that have been, and continue to be, contaminated with PCE.

3.    PCE is a highly toxic substance that is an ingredient, component, constituent, contaminant and/or impurity in certain commercial products. PCE degrades in the environment to trichloroethylene ("TCE"), which is also a highly toxic substance. PCE, and/or products containing PCE, were used, released, discharged and/or disposed of in the vicinity of certain drinking water production wells owned and/or operated by Plaintiff ("Plaintiff's Wells"). PCE

-2-

1  has migrated through the subsurface and into the groundwater, and now contaminates the

2  drinking water pumped from Plaintiff's Wells.

3      4.    The defendants in this action are the manufacturers, distributors and retailers of

4  the PCE and/or PCE-containing products that caused the contamination of Plaintiff's Wells, as

5  well as the manufacturers, distributors and retailers of equipment intended for use with PCE

6  and/or PCE-containing products (collectively, "Defendants"). Among other things, the

7  Defendants knowingly and willfully manufactured, promoted, and sold PCE and PCE-containing

8  products, as well as equipment intended for use with PCE and/or PCE-containing products, when

9  they knew or reasonably should have known that PCE would thereby reach groundwater, pollute

10  drinking water supplies, render drinking water unusable and unsafe, and threaten the public

11  health and welfare, as it has done with respect to Plaintiff's Wells.

12      5.    Plaintiff files this lawsuit to recover compensatory and all other damages,

13  including but not limited to all necessary funds to reimburse Plaintiff for the costs of designing,

14  constructing, installing, operating and maintaining the treatment facilities and equipment

15  required to comply with state and federal safe drinking water laws and to remove PCE from the

16  drinking water it supplies to the public and/or for the costs of securing alternative sources of

17  water as a result of the PCE contamination, and to ensure that the responsible parties bear such

18  expense, rather than Plaintiff and its customers and ratepayers.

19  ## II.  THE PARTIES

20      6.    Plaintiff California Water Services Company is a California public utility water

21  corporation incorporated under the laws of the State of California with its principal place of

22  business in San Jose, California. Plaintiff owns and operates public drinking water systems that

23  provide potable drinking water to residents and businesses in various locations throughout

24  California, including but not limited to South San Francisco, Bakersfield, Bakersfield-North

25  Garden, East Los Angeles, Chico, Livermore, Lake Land, Oroville, Salinas, Stockton and

26  Visalia. Each of these systems is subject to the rules and regulations of the California Public

27  Utilities Commission, and with respect to each such system, Plaintiff has a certificate of

28  convenience and necessity pursuant to which Plaintiff has a duty to provide water service. Each

-3-

1   of these water systems includes, among other elements, drinking water production wells that

2   draw from groundwater aquifers and associated pumping, storage, treatment and distribution

3   facilities and equipment, all of which will be referred to collectively in this Complaint as "Cal

4   Water Wells." Among other things, the Cal Water Wells include the right of Plaintiff to

5   appropriate and use groundwater for drinking water supplies from such Wells. Plaintiff has

6   significant property interests in the waters it appropriates and uses from the Cal Water Wells, and

7   also has significant property interests in the groundwaters and aquifers that supply the Cal Water

8   Wells. The past, present and continuing contamination of such waters by PCE constitutes injury

9   to such waters for which Plaintiff is entitled to, and hereby does, seek damages and other

10  appropriate relief.

11       7.      Plaintiff also provides non-regulated contract utility services to other entities in

12  California. Pursuant to Domestic Water Operations Agreements ("Operations Agreements")

13  between Plaintiff and such other entities, Plaintiff operates wells belonging to those entities and

14  provides certain other utility services to such entities and their water users. Under the Operations

15  Agreements, Plaintiff bears responsibility for incurring certain costs associated with the PCE

16  contamination in wells owned by other entities. The past, present and continuing contamination

17  of these wells by PCE constitutes injury to Plaintiff for which Plaintiff is entitled to, and hereby

18  does, seek damages and other appropriate relief.

19       8.      The Cal Water Wells and wells operated but not owned by Plaintiff, as described

20  in paragraphs 6 and 7 above, are referred to collectively herein as "Plaintiff's Wells."

21       9.      The following defendants designed, manufactured, formulated, marketed,

22  promoted, distributed, and/or sold (directly or indirectly) the PCE and/or products containing

23  PCE that contaminates Plaintiff's Wells and water supply, and/or caused PCE to be applied,

24  discharged, disposed of and/or released so as to contaminate Plaintiff's Wells and water supply.

25       10.     Defendant THE DOW CHEMICAL COMPANY ("Dow") is a Delaware

26  corporation with its principal place of business in Midland, Michigan, which at all times relevant

27  to this action was doing business in California.

28       11.     Defendant E.I. DUPONT DE NEMOURS AND COMPANY ("Dupont") is a

- 4 -

1   corporation with its principal place of business in Wilmington, Delaware, which at all times

2   relevant to this action was doing business in California.

3       12.   Defendant PPG INDUSTRIES, INC. ("PPG") is a Pennsylvania corporation with

4   its principal place of business in Pittsburgh, Pennsylvania, which at all times relevant to this

5   action was doing business in California.

6       13.   Defendant VULCAN MATERIALS COMPANY ("Vulcan") is a New Jersey

7   corporation with its principal place of business in Homewood, Alabama, which at all times

8   relevant to this action was doing business in California.

9       14.   Defendant OCCIDENTAL CHEMICAL CORPORATION ("Occidental") is a

10  New York corporation with its principal place of business in Dallas, Texas, which at all times

11  relevant to this action was doing business in California.

12      15.   Defendant VALERO ENERGY CORPORATION ("Valero") is a corporation

13  with its principal place of business in San Antonio, Texas, which at all times relevant to this

14  action was doing business in California.

15      16.   Defendant STAUFFER CHEMICAL COMPANY ("Stauffer") is a corporation

16  with its principal place of business in Westport, Connecticut, which at all times relevant to this

17  action was doing business in California.

18      17.   Plaintiff is ignorant of the true names and/or capacities of the defendants sued

19  under the fictitious names of DOES 1 through 250, inclusive.

20      18.   Defendants Dow, Dupont, PPG, Vulcan, Occidental, Valero and Stauffer, and

21  DOES 1 through 250, and each of them: (1) manufactured, distributed, transported, packaged,

22  sold and/or disposed of PCE and products containing PCE, and/or were involved in the

23  manufacture of equipment sold in the State of California specifically designed to store, use,

24  process, and dispose of PCE; (2) engaged in service visits and inspections on the premises of

25  California dry cleaners for the purposes of promoting their dry cleaning solvents and dry

26  cleaning equipment products and testing and inspecting dry cleaner equipment, including

27  witnessing dry cleaner's disposal of PCE products; (3) were legally responsible for and

28  committed each of the tortious and wrongful acts alleged in this complaint; and (4) in doing the

-5-

1  tortious and wrongful acts alleged in the complaint, acted in the capacity of co-conspirator, aider,

2  abettor, joint venturer, partner, agent, alter ego, principal, successor-in-interest, surviving

3  corporation, fraudulent transferee, fraudulent transferor, controller, alter ego, licensee, licensor,

4  patent holder and/or indemnitor of each of the remaining DOE and named defendants.

5      19.    Each of the defendants named in paragraphs 10 through 16 above, and DOE

6  defendants 1 through 250, will be collectively referred to as the "PCE Manufacturer

7  Defendants."

8      20.    Defendant BOWE-PERMAC, INC., individually and d/b/a BOWE TEXTILE

9  CLEANING, GmbH ("Bowe-Permac") is a corporation with its principal place of business in

10  Augsburg, Germany, which at all times relevant to this action was doing business in California.

11      21.    Defendant HOYT CORPORATION ("Hoyt") is a corporation with its principal

12  place of business in Westport, Massachusetts, which at all times relevant to this action was doing

13  business in California.

14      22.    Defendant R.R. STREET & CO., INC. ("Street") is a corporation with its

15  principal place of business in Naperville, Illinois, which at all times relevant to this action was

16  doing business in California.

17      23.    Defendant MCGRAW EDISON COMPANY, individually and d/b/a

18  AMERICAN LAUNDRY MACHINERY, INC. ("McGraw Edison"), is a Delaware corporation

19  with its principal place of business in Houston, Texas, which at all times relevant to this action

20  was doing business in California.

21      24.    Defendant AMERICAN LAUNDRY MACHINERY, INC., individually and d/b/a

22  AJAX MANUFACTURING DIVISION AND MARTIN EQUIPMENT ("ALMI"), is a

23  corporation with its principal place of business in Norwood, Ohio, which at all times relevant to

24  this action was doing business in California.

25      25.    Defendant WHITE CONSOLIDATED INDUSTRIES, INC., individually and

26  d/b/a WASHEX MACHINERY DIVISION ("White") is a corporation with its principal place of

27  business in Cleveland, Ohio, which at all times relevant to this action was doing business in

28  California.

-6-

26. Defendant ELECTROLUX CORPORATION ("Electrolux") is a corporation with its principal place of business in Stockholm, Sweden, which at all times relevant to this action was doing business in California.

27. Defendant LINDUS S.R.L., individually and d/b/a LINDUS WEST ("Lindus"), is a corporation with its principal place of business in Parma, Italy, which at all times relevant to this action was doing business in California.

28. Defendant COLUMBIA DRYCLEANING MACHINES, a/k/a COLUMBIA/ILSA MACHINES CORP. ("Columbia"), is a corporation with its principal place of business in West Babylon, NY, which at all times relevant to this action was doing business in California.

29. Defendant REALSTAR, INC., individually and d/b/a REALSTAR USA ("Realstar") is a corporation with its principal place of business in Bologna, Italy, which at all times relevant to this action was doing business in California.

30. Defendant UNION DRYCLEANING PRODUCTS USA ("Union") is a corporation with its principal place of business in Atlanta, Georgia, which at all times relevant to this action was doing business in California.

31. Defendant FIRBIMATIC ("Firbimatic") is a corporation with its principal place of business in Bologna, Italy, which at all times relevant to this action was doing business in California.

32. Defendant BERGPARMA OF AMERICA, LLC ("Bergparma") is a corporation with its principal place of business in Hammonton, New Jersey, which at all times relevant to this action was doing business in California.

33. Defendant AMA UNIVERSAL ("AMA") is a corporation with its principal place of business in Bologna, Italy, which at all times relevant to this action was doing business in California.

34. Defendant FLUORMATIC MIDWEST LTD. ("Fluormatic") is a corporation with its principal place of business in Villa Park, Illinois, which at all times relevant to this action was doing business in California.

-7-

35.     Defendant FORENTA LP ("Forenta") is a corporation with its principal place of business in Morristown, Tennessee, which at all times relevant to this action was doing business in California.

36.     Defendant WESTERN MULTITEX CORP. ("Multitex") is a corporation with its principal place of business in Anaheim, California.

37.     Defendant MARVEL MANUFACTURING COMPANY ("Marvel") is a corporation with its principal place of business in San Antonio, Texas, which at all times relevant to this action was doing business in California.

38.     Defendant RENZACCI OF AMERICA, INC. ("Renzacci") is a corporation with its principal place of business in Long Beach, California.

39.     Defendant SAIL STAR USA ("Sail Star") is a corporation with its principal place of business in Charlotte, North Carolina, which at all times relevant to this action was doing business in California.

40.     Defendant VIC MANUFACTURING COMPANY ("Vic") is a corporation with its principal place of business in Minneapolis, Minnesota, which at all times relevant to this action was doing business in California.

41.     Plaintiff is ignorant of the true names and/or capacities of the defendants sued herein under the fictitious names of DOES 251 through 500, inclusive.

42.     Bowe-Permac, Hoyt, Street, McGraw Edison, ALMI, White, Electrolux, Lindus, Columbia, Realstar, Union, Firbimatic, Bergparma, AMA, Fluormatic, Forenta, Multitex, Marvel, Renzacci, Sail Star, Vic, and DOES 251 through 500 ("Equipment Manufacturer Defendants"), and each of them: (1) manufactured, distributed, designed, assembled, maintained, supervised, controlled, sold, operated and/or repaired equipment, parts, and appurtenances, including, but not limited to, dry cleaning equipment, in the State of California, specifically designed for the storage, application, and disposal of chlorinated solvents including PCE ("PCE equipment"); (2) engaged in service visits and inspections on the premises of California dry cleaners for the purposes of promoting their dry cleaning solvents and dry cleaning equipment products and testing and inspecting dry cleaner equipment, including witnessing dry cleaner's

COMPLAINT FOR DAMAGES AND OTHER RELIEF -- Case No.

1  disposal of PCE products; (3) were legally responsible for and committed each of the tortious

2  and wrongful acts alleged in this Complaint; and (4) in doing the tortious and wrongful acts

3  alleged in the Complaint, acted in the capacity of co-conspirator, aider, abettor, joint venturer,

4  partner agent, principal, successor-in-interest, surviving corporation, fraudulent transferee,

5  fraudulent transferor, controller, alter ego, licensee, licensor, patent holder and/or indemnitor of

6  each of the remaining DOE and named defendants.

7      43.    In addition to engaging in the distributor activities more fully described in

8  paragraph 45 above, DOES 400 through 500 also engaged in the manufacturing acts and

9  activities fully described in paragraph 18 above, which is incorporated in full herein.

10     44.    Defendant M.B.L., INC. ("MBL") is a California corporation with its principal

11  place of business in Santa Clara, California.

12     45.    Defendant GOSS-JEWETT CO. OF NORTHERN CALIFORNIA ("Goss-

13  Jewett") is a California corporation with its principal place of business in San Mateo, California.

14     46.    Defendant MCGREGOR SUPPLY COMPANY ("McGregor") is an association

15  with its principal place of business in South Gate, California.

16     47.    Defendant S.B. SUPPLY INC. ("SB Supply") is a California corporation with its

17  principal place of business in San Leandro, California.

18     48.    Defendant WASHEX MACHINERY OF CALIFORNIA, INC. ("Washex") is a

19  California corporation with its principal place of business in Burbank, California.

20     49.    Defendant WORKROOM SUPPLY, INC. ("Workroom") is a California

21  corporation with its principal place of business in Sacramento, California.

22     50.    Defendant TAYLOR HOUSEMAN, INC. ("Taylor") is a California corporation

23  with its principal place of business in Pittsburg, California.

24     51.    Defendant UNITED FABRICARE SUPPLY, INC. ("United") is a California

25  corporation with its principal place of business in Compton, California.

26     52.    Defendant ECHCO SALES INC. ("Echco") is a California corporation with its

27  principal place of business in Castro Valley, California.

28     53.    Defendant MW EQUIPMENT ("MW") is a California corporation with its

-9-

COMPLAINT FOR DAMAGES AND OTHER RELIEF – Case No.

1   principal place of business in Glendale, California.

2       54.     Defendant ARTHUR KAJIWARA EQUIPMENT CO., INC. ("Kajiwara") is a

3   California corporation with its principal place of business in South El Monte, California.

4       55.     Defendant KELLEHER EQUIPMENT SUPPLY, INC. ("Kelleher") is a

5   California corporation with its principal place of business in Long Beach, California.

6       56.     Defendant US MACHINERY & ENGINEERING CO., INC. ("US Machinery") is

7   a California corporation with its principal place of business in Anaheim, California.

8       57.     Defendant WYATT-BENNETT ("Wyatt-Bennett") is a California corporation

9   with its principal place of business in Van Nuys, California.

10      58.     Defendant CORBETT EQUIPMENT ("Corbett") is a corporation with its

11  principal place of business in Huntington Beach, California.

12      59.     Defendant FULLER SUPPLY COMPANY ("Fuller") is a corporation with its

13  principal place of business in Concord, North Carolina, which at all times relevant to this action

14  was doing business in California.

15      60.     Defendant SAV-ON MACHINERY COMPANY, INC. ("Sav-On") is a

16  corporation with its principal place of business in San Francisco, California

17      61.     Plaintiff is ignorant of the true names and/or capacities of the defendants sued

18  herein under the fictitious names of DOES 501 through 750, inclusive.

19      62.     Defendants MBL, Goss-Jewett, McGregor, SB Supply, Washex, Workroom,

20  Taylor, United, Echco, MW, Kajiwara, Kelleher, US Machinery, Wyatt-Bennett, Corbett, Fuller,

21  Sav-On, and DOES 501 through 750, and each of them ("Distributor Defendants"):  (1)

22  purchased PCE from one or more of the PCE Manufacturer Defendants, and then resold PCE in

23  the State of California to California dry cleaners and dry cleaning supply retailers; (2)

24  distributed, manufactured, designed, assembled, maintained, controlled, operated and/or repaired

25  equipment parts, replacement parts, and appurtenances, including, but not limited to, dry

26  cleaning equipment in the State of California specifically designed for the use, application, and

27  disposal of PCE products by California dry cleaners; (3) engaged in service visits and inspections

28  on the premises of California dry cleaners for the purposes of promoting their dry cleaning

1  solvents and dry cleaning equipment products and testing and inspecting dry cleaner equipment,

2  including witnessing dry cleaner's disposal of PCE products; (4) were legally responsible for and

3  committed each of the tortious and wrongful acts alleged in this Complaint; and (5) in doing the

4  tortious and wrongful acts alleged in the Complaint, acted in the capacity of co-conspirator,

5  aider, abettor, joint venturer, partner, agent, principal, successor-in-interest, surviving

6  corporation, fraudulent transferee, fraudulent transferor, controller, alter ego, licensee, licensor,

7  patent holder and/or indemnitor of each of the remaining DOE and named defendants.

8       63.   In addition to the activities alleged in paragraph 62 above, DOE defendants 650

9  through 750 also engaged in the PCE manufacturing acts and activities alleged in paragraphs 18

10  and 42 above, which are incorporated herein by reference.

11       64.   The defendants named in paragraphs 10 through 61 above and defendant DOES 1

12  through 750, inclusive, are referred to collectively herein as "Defendants."

13       65.   When reference is made in this Complaint to any act or omission of any of the

14  Defendants, it shall be deemed that the officers, directors, agents, employees or representatives

15  of the Defendants committed or authorized such act or omission, or failed to adequately

16  supervise or properly control or direct their employees while engaged in the management,

17  direction, operation or control of the affairs of Defendants, and did so while acting within the

18  scope of their duties, employment or agency.

19       **III.   JURISDICTION AND VENUE**

20       66.   The California Superior Court has jurisdiction over this action pursuant to

21  California Constitution Article VI, Section 10, which grants the Superior Court "original

22  jurisdiction in all cases except those given by statute to other trial courts." The statutes under

23  which this action is brought do not grant jurisdiction to any other trial court.

24       67.   This Court has jurisdiction over Defendants because, based on information and

25  belief, each is a corporation or other business that has sufficient minimum contacts in California,

26  is a citizen of California, or otherwise intentionally avails itself of the California market either

27  through the distribution or sale of products containing PCE or intended for use with PCE

28  products in the State of California or by having a manufacturing, distribution or other facility

COMPLAINT FOR DAMAGES AND OTHER RELIEF – Case No.

1  located in California so as to render the exercise of jurisdiction over it by the California courts

2  consistent with traditional notions of fair play and substantial justice.

3      68.    Venue is proper in the San Mateo Superior Court because real property that is the

4  subject of this action, or some part thereof, is situated in the County of San Mateo.

5  **IV.  ALLEGATIONS APPLICABLE TO ALL CAUSES OF ACTION**

6  **A.   The Contaminant: PCE**

7      69.    Perchloroethylene ("PCE") is a toxic organic compound. PCE and

8  trichloroethylene ("TCE") have been used as cleaning solvents. Dry cleaning machines were

9  designed and developed to use PCE and TCE. PCE has been, historically, the most widely used

10  dry cleaning chemical in the United States. PCE is also referred to as PERC, tetrachloroethene,

11  and tetrachloroethylene. In soil, PCE can be transformed by biological degradation and by

12  reductive dehalogenation into TCE, vinyl chloride, trichloroethane, and trichloroacetic acid.

13      70.    In or about the 1940s, the defendants knew, or should have known, that PCE

14  could be absorbed in the lungs, skin, and gastrointestinal tract, potentially causing severe damage

15  to the liver, kidneys, central nervous system and other toxic effects, and that PCE is a known

16  carcinogen that causes genetic damage. The defendants also knew, or should have known, that

17  PCE and its degradation products and ingredients create a substantial risk of harm to

18  groundwater and soil.

19      71.    Notwithstanding their knowledge of the health and environmental hazards posed

20  by the use of PCE, Defendants designed, manufactured, marketed, and/or supplied PCE and/or

21  PCE dry-cleaning equipment and/or replacement parts to retail dry cleaners. The equipment was

22  specifically designed to store, use, process, and dispose of PCE and other chlorinated solvents.

23  Defendants were aware of the typical use, waste, and disposal practices resulting from the

24  intended use of their equipment, including the customary practice of dumping PCE wastewater

25  and muck into the public sewer systems, and the habitual problem with multiple leaks of PCE

26  into the environment during the foreseeable and expected use of PCE equipment.

27      72.    Notwithstanding the fact that Defendants knew, or should have known, of the

28  serious health hazards caused by the use and disposal of PCE and that PCE frequently passes

-12-

1  through sewer pipes and concrete floors, thereby contaminating soil and migrating into

2  groundwater, Defendants negligently and carelessly: (1) issued instructions that PCE and PCE

3  products could be discharged into the sewers, permitting PCE to contaminate the sewer system

4  and surrounding property; (2) designed and operated dry cleaning machines, appurtenances, and

5  other types of machinery designed to be used with PCE products to facilitate and promote the

6  disposal of PCE into the sewer system and/or which failed to adequately prevent and/or

7  minimize the loss of PCE into the environment; (3) failed to recall and/or warn the users of the

8  negligently designed PCE equipment or of the dangers of groundwater contamination as a result

9  of PCE disposal in the sewer system; and (4) further failed and refused to issue the appropriate

10  warnings and/or recalls to the users of PCE regarding the proper means of use and disposal of

11  this toxic chemical, notwithstanding the fact that the respective defendant knew the identity of

12  the purchaser of the PCE equipment and/or PCE.

13      73.     In addition, Defendants, and each of them: (a) knew, or should have known, that

14  dry cleaners were foreseeable users of PCE and were using PCE, PCE products, and PCE

15  equipment in a foreseeable manner; (b) knew, or should have known, that PCE is dangerous to

16  the environment and human health if deposited directly on the ground, drained or flushed into the

17  sewer system, or permitted to permeate unprotected concrete floors under dry cleaning

18  equipment; (c) knew, or should have known, that dry cleaners in California foreseeably lacked

19  knowledge of these dangers; (d) failed to warn dry cleaners of these dangers and/or affirmatively

20  instructed them to engage in such dangerous conduct; and (e) as a result, the dry cleaners failed

21  to guard against the alleged contamination which resulted in harm to the plaintiff.

22      74.     In addition, notwithstanding Defendants' knowledge of the severe environmental

23  and health dangers and hazards posed by the use and disposal of PCE on the ground and in

24  sewers, Defendants: (1) instructed, recommended, and directed dry cleaners to dispose of PCE

25  products onto the ground and into the sewers; (2) instructed, recommended, and directed dry

26  cleaners and PCE equipment manufacturers to maintain, operate, design, and construct the dry

27  cleaning equipment so as to drain PCE into the sewer systems and/or operate and maintain the

28  dry cleaning equipment by means of physically disposing PCE waste as part of the operation of

-13-

1  the dry cleaning equipment into the sewers or soil which caused substantial and serious harm to

2  the property of others, including Plaintiff.

3      75.    PCE and PCE products are fungible.  In order to compete for larger shares of the

4  PCE market, Defendants, and each of them, would routinely and frequently advise, instruct,

5  assist, recommend and/or participate in the operation, maintenance, inspection and/or testing of

6  dry cleaners in order to promote the purchase of their own brands of PCE products and in order

7  to create brand loyalty.  These activities included personal visits by manufacturer and distributor

8  representatives to dry cleaners and written directions, instructions, and brochures on dry cleaning

9  equipment maintenance and operations.  Each of the Defendants routinely engaged in these same

10  and similar practices.  As part of these activities and practices, Defendants, and each of them,

11  instructed, recommended and/or directed dry cleaners to dispose of PCE on the ground or in the

12  drain, including using the sewer system and dumping PCE on the ground as a method of

13  disposal.

14      76.    Each of the Defendants routinely and frequently sent personal representatives to

15  the premises of dry cleaners and, among other things: (1) regularly observed the dry cleaning

16  operations and practices, including disposal methods, of dry cleaners; (2) issued brochures,

17  newsletters and written and/or verbal directions and/or instructions for the operation,

18  maintenance, and use of dry cleaning equipment and/or dry cleaning solvents including PCE; (3)

19  tested PCE products at the dry cleaners; (4) unloaded and stored PCE at the dry cleaners'

20  premises; and (5) entered into exclusive distribution agreements between the manufacturer and

21  distributor defendants which required the distributors to act as representatives of the respective

22  manufacturers in doing these alleged acts.

23      77.    In addition, (a) Defendants provided direct technical advice and service to dry

24  cleaners relating to waste disposal in which the Defendants advised dry cleaning retailers to

25  dispose of PCE products containing waste and separator water into the sewer or on the ground;

26  (b) California dry cleaners relied upon the advice of the Defendants with regard to the operation

27  of their facilities and with regard to the disposal advice and service; (c) employees and agents of

28  the Defendants had access to the facilities of California dry cleaners; and (d) employees and

- 14 -

COMPLAINT FOR DAMAGES AND OTHER RELIEF – Case No.

1  agents of the Defendants performed tests on wastes containing PCE, and that process resulted in

2  the release of PCE into the sewer and the environment causing the damage alleged herein.

3  Likewise, the PCE Manufacturer Defendants established, staffed, and directly controlled various

4  trade associations and Distributor Defendants to promote the study, distribution, marketing, and

5  sale of PCE. Through these trade associations and the Distributor Defendants, the PCE

6  Manufacturer Defendants exercised complete and direct control over the study, distribution,

7  marketing and sale of PCE, and these trade associations and Distributor Defendants acted as

8  agents of the PCE Manufacturer Defendants in studying, distributing, marketing, and selling

9  PCE. Through these trade associations and Distributor Defendants, the PCE Manufacturer

10  Defendants knew of the toxicity and health and safety hazards associated with PCE and gave

11  instructions and advice regarding the disposal of PCE that caused the release of PCE into the

12  environment. The PCE Manufacturer Defendants organized and created these trade association

13  and Distributor Defendants with the intent of shielding themselves from liability associated with

14  their knowledge and control over PCE products and the associated releases of PCE.

15       78.  Defendants also (1) encouraged dry cleaners to use PCE without adequate

16  warnings, (2) agreed through trade associations to attack what they perceived as threatening

17  regulation of PCE, and (3) promoted the unsafe and improper disposal of PCE in order to reduce

18  the costs of its use and to increase the market share of PCE over other competing dry cleaning

19  substances.

20       79.  As a direct result of the Defendants' acts alleged in this Complaint, Plaintiff's

21  Wells have been contaminated, and will continue to be contaminated, with PCE, creating a

22  public health hazard unless such contamination is abated. As a direct and proximate result

23  thereof, Plaintiff must assess, evaluate, investigate, monitor, remove, clean up, correct, and abate

24  PCE contamination in its Wells at significant expense, loss and damage. Costs incurred within

25  the three years prior to the filing of this Complaint, or that will be incurred in the future as a

26  result of Defendants' actions, include, but are not limited to: loss of use of property; property

27  damage; restoration costs already incurred or incurred in the future; delay damages; and property

28  devaluation.

COMPLAINT FOR DAMAGES AND OTHER RELIEF – Case No.

80.    PCE, which does not occur naturally in the environment, has unique characteristics that cause extensive environmental contamination and a corresponding threat to the public health and welfare. PCE readily percolates from the ground surface down to the water table, where it dissolves into groundwater and forms a contaminated plume of groundwater. The plume migrates in the direction of groundwater flow at approximately the same speed as water. When exposed to air, PCE can also volatilize into the atmosphere. At sufficient concentrations in water (approximately 200 parts per million ("ppm") or more), PCE may exist as a separate dense non-aqueous phase liquid ("DNAPL") which tends to move vertically downward and collect in low spots or along impermeable barriers. PCE in DNAPL form is difficult to detect in the environment and can act as a continuing source of dissolved PCE in groundwater even after all sources of PCE on the ground surface have been removed or remediated. Breakdown products of PCE, including TCE, are more soluble and mobile in water. PCE resists natural degradation in oxygenated soil and groundwater.

81.    PCE presents a significant threat to public health and welfare. PCE has been shown to cause cancer in animals, and is known to the State of California to cause cancer for purposes of the Safe Drinking Water and Toxic Enforcement Act of 1986.

**B.    Regulatory Standards Applicable To PCE.**

82.    No federal or state agency has approved PCE as an additive to drinking water. No federal or state agency has approved releasing or discharging PCE to groundwater.

83.    The California Department of Public Health ("DPH") is the state agency responsible for regulating the quality of water served by public water suppliers, including Plaintiff. DPH has established a Maximum Contaminant Level ("MCL") for PCE of 0.005 milligrams per liter ("mg/L") or 5 parts per billion ("ppb"). DPH does not permit water containing PCE in excess of the MCL to be supplied to the public. As the owner and operator of public drinking water systems in California, Plaintiff is subject to the MCL requirements established by DPH.

84.    The United States Environmental Protection Agency ("EPA") has established an MCL for PCE of 0.005 mg/L, or 5 ppb, and a Maximum Contaminant Level Goal ("MCLG")

- 16 -

1    of zero PCE.   EPA sets an MCLG of zero for chemicals that may cause cancer, and to indicate

2    that there is no dose below which a given chemical is considered safe.   EPA sets an enforceable

3    MCL as close to the MCLG for a given chemical as feasible, defined under the Safe Drinking

4    Water Act as the level that may be achieved with the use of the best available technology,

5    treatment techniques, or other means, taking cost into consideration.

6    C.       The PCE Manufacturer Defendants' Knowledge of PCE's Hazards.

7            85.      The PCE Manufacturer Defendants and Equipment Manufacturer Defendants,

8    each of whom has promoted the use of PCE and/or products containing PCE and/or equipment

9    designed and intended for use with PCE, knew or should have known of the grave harm and

10   threat to public health and welfare and the environment represented by the proliferating use of

11   this compound, including (among other things): widespread pollution of groundwater with PCE,

12   contamination of public and private drinking water supplies by this harmful compound, drinking

13   water supplies rendered unfit and unusable for consumption and increased costs to public water

14   suppliers and their customers.

15           86.      The PCE Manufacturer Defendants and Equipment Manufacturer Defendants

16   had a duty and breached their duty to evaluate and test such products adequately and thoroughly

17   to determine their environmental fate and transport characteristics and potential human health

18   and environmental impacts before they produced and sold such products.   They also had a duty

19   and breached their duty to minimize the environmental harm caused by PCE.   The PCE

20   Manufacturer Defendants and Equipment Manufacturer Defendants, and each of them, failed to

21   adequately evaluate and test their PCE products and equipment, or otherwise ensure that PCE

22   would not contaminate drinking water.   As a direct, indirect and proximate result of these

23   failures, PCE contaminated, and continues to contaminate, Plaintiff's Wells.

24           87.      At all times relevant to this action, the PCE Manufacturer Defendants and

25   Equipment Manufacturer Defendants knew, or reasonably should have known, among other

26   things, that: (a) PCE is toxic; and (b) when applied, discharged, disposed of or otherwise released

27   into or onto land, PCE readily migrates through the subsurface, mixes easily with groundwater,

28

-17-

1    resists natural degradation, renders drinking water unsafe and/or non-potable, and can be

2    removed from public drinking water supplies only at substantial expense.

3        88.    Despite knowing or having reason to know that long-term groundwater

4    contamination, pollution of water supplies, and threats to public health and safety were inevitable

5    consequences of the foreseeable and intended uses of their PCE products and equipment without

6    proper precautionary measures, including but not limited to adequate warnings, the PCE

7    Manufacturer Defendants and Equipment Manufacturer Defendants nonetheless promoted,

8    marketed and/or sold PCE products and equipment in California and elsewhere.

9        89.    At all times relevant herein, the PCE Manufacturer Defendants and Equipment

10    Manufacturer Defendants, and each of them, knew or should have known that feasible measures

11    could have been implemented to reduce the amount of PCE reaching groundwater supplies

12    without appreciably affecting the ability of these PCE products or equipment to serve

13    drycleaning functions, but they failed to implement such measures.

14        90.    At all times relevant herein, the PCE Manufacturer Defendants and Equipment

15    Manufacturer Defendants, and each of them, knew or should have known that PCE is hazardous

16    and should be disposed of safely and separately from non-hazardous substances.  Nonetheless,

17    the PCE Manufacturer Defendants and Equipment Manufacturer Defendants allowed PCE to be

18    disposed of improperly, and instructed users to use and dispose of PCE in a manner that these

19    defendants knew or should have known would cause PCE to contaminate groundwater.

20        91.    Adequate warnings regarding the known and foreseeable risks of PCE, and

21    adequate instructions regarding safe PCE use and disposal, could have prevented or mitigated the

22    contamination and resulting damages alleged herein.  Despite knowing or having reason to know

23    of the risks to public drinking water resources posed by the discharge, disposal or release into or

24    onto land of PCE products, the PCE Manufacturer Defendants and Equipment Manufacturer

25    Defendants unreasonably failed to provide any adequate warnings regarding the known and

26    foreseeable risks of PCE to customers, end-users, regulators, public officials and/or the public,

27    including Plaintiff.

28        92.    In addition to the negligent and/or reckless conduct alleged herein, the PCE

-18-

1  Manufacturer Defendants and Equipment Manufacturer Defendants, by agreement and/or tacit

2  understanding among them, each knowingly pursued or took an active part in a common plan,

3  design and/or conspiracy to market and/or promote products they knew to be dangerous to the

4  environment. In particular, these Defendants engaged in joint activity for the specific purpose of

5  suppressing, concealing, and/or minimizing information regarding the environmental risks of

6  PCE and/or misleading regulators and the public about those risks. These Defendants' common

7  plan, design and/or conspiracy, and the acts taken in furtherance of such common plan, design

8  and/or conspiracy, are a direct and proximate cause of the PCE contamination in Plaintiff's

9  Wells.

10  **D.    The Impact of PCE on Plaintiff's Wells**

11         93.     PCE has been detected in varying amounts at varying times in water extracted

12  from certain of Plaintiff's Wells. PCE has been detected and/or is present in certain of Plaintiff's

13  Wells at levels above the state and federal MCL for PCE. The detection and/or presence of PCE,

14  and the threat of further detection and/or presence of PCE, in Plaintiff's Wells in varying

15  amounts and at varying times has resulted, and will continue to result, in significant injuries and

16  damages to Plaintiff.

17         94.     The injuries to Plaintiff caused by Defendants' conduct as alleged herein

18  constitute an unreasonable interference with, and damage to, the limited subterranean supplies of

19  fresh drinking water on which Plaintiff's Wells depend. Plaintiff's interests in protecting the

20  quality of their limited drinking water supplies constitutes a reason personal for seeking damages

21  sufficient to restore such drinking water supplies to their pre-contamination condition.

22                          **FIRST CAUSE OF ACTION**

23                 **(Strict Products Liability Based On Defective Design)**

24         95.     Plaintiff realleges each of the preceding paragraphs, and by this reference

25  incorporates each such paragraph as though set forth in full.

26         96.     Defendants, and each of them, designed, manufactured, formulated, packaged,

27  distributed, promoted, marketed and/or sold products containing PCE and/or equipment

28  specifically designed to store, use, process, and dispose of PCE.

COMPLAINT FOR DAMAGES AND OTHER RELIEF – Case No.

97.     Defendants, and each of them, represented, asserted, claimed and warranted that PCE products and/or equipment could be used in conformity with accompanying instructions and labels in a manner that would not cause injury or damage.

98.     Defendants, and each of them, knew, or should have known, that the PCE products and/or equipment would be used without inspection for defects, and if any inspection were performed, that the defects would not be discovered with the exercise of reasonable diligence.

99.     The PCE products purchased and used in the vicinity of Plaintiff's Wells were used in a reasonably foreseeable manner and without substantial change in the condition of such products.

100.     Defendants knew, or should have known, that, use of PCE products and equipment in their intended manner would result in the spillage, discharge, disposal or release of PCE into or onto land.

101.     The PCE products used in the vicinity of Plaintiff's Wells were defective in design and unreasonably dangerous products because, among other things:  (a) PCE causes extensive groundwater contamination, even when used in its foreseeable and intended manner; (b) even at extremely low levels, PCE renders drinking water unfit for purveying to consumers and creates a public health hazard whenever normal and necessary maintenance is performed on the sewer system, or otherwise adversely impacts normal use of the sewer and water system; (c) PCE poses a significant threat to public health; (d) defendants failed to provide adequate warnings of the known and foreseeable risks of using PCE; and (e) defendants failed to conduct adequate scientific studies to evaluate the environmental fate and potential human health effects of PCE.

102.     At all times relevant to this action:

(a)     Defendants were aware of the use of PCE in the dry cleaning process or as cleaning solvents;

(b)     Equipment Manufacturer Defendants were aware of the typical waste and disposal practices resulting from the intended use of their equipment.  Despite such knowledge,

1    these defendants designed their equipment in such a manner that would result in spills, leaks,

2    and/or discharge of PCE during normal operations;

3            (c)    Equipment Manufacturer Defendants improperly designed their PCE

4    equipment by failing to provide appropriate mechanisms to prevent and/or catch releases or spills

     of PCE and its by-products for such equipment;

5            (d)    Equipment Manufacturer Defendants failed to design proper mechanisms

6    which would eliminate, prevent and/or treat contamination arising from the dry cleaning process

7    such as contamination from separator wastewater, spent filter cartridges, muck, and still bottoms;

8            (e)    Equipment Manufacturer Defendants knew, or should have known, of

9    appropriate equipment redesigns, retrofits, and/or modifications to protect against environmental

     contamination associated with the use of such equipment, and negligently and/or consciously

10   disregarded this knowledge and failed to redesign, modify and/or retrofit the subject equipment.

11   Safer alternative designs and cleaning processes were scientifically feasible and economical;

12           (f)    Defendants represented to the public and regulatory authorities that the

13   products they sold would degrade into harmless substances and would not cause contamination.

14   At the time said representations were made, Defendants knew, or should have known, these

15   representations were false, misleading, and/or that there was no reasonable basis to believe that

16   they were true; and

             (g)    when PCE was used and disposed of pursuant to the Defendants'

17   recommended application and disposal procedures set forth in product brochures, trade group

18   publication funded by defendants, seminars, meetings, advertisements, oral statements and by

19   other means, PCE contaminated the sewer systems because of Defendants' failure to recommend

20   adequate and proper safeguards to avoid or prevent contamination of the sewer system.

21       103.    PCE equipment is a defective product because, among other things: (1) PCE

22   equipment causes extensive contamination, even when used in a foreseeable and intended

23   manner; (2) at extremely low levels, PCE contaminates sewer and water systems; (3) the use of

24   PCE equipment poses a significant threat to public health; (4) defendants failed to provide

25   adequate warnings of the known and foreseeable risk of the use of PCE equipment; and (5)

26   defendants failed to conduct adequate scientific studies to evaluate the environmental fate and

27   potential human health effects of the use of PCE equipment.

28

104.     The above-described defects in PCE products and equipment existed when the PCE products and equipment left the Defendants' possession.

105.     At all times relevant to this action, PCE products and equipment were dangerous to an extent beyond that which would be contemplated by the ordinary consumer, and/or the risk of harm to public health and welfare and the environment posed by PCE outweighed the cost to Defendants of reducing or eliminating such risk.

106.     As a direct and proximate result of the defects alleged herein, certain of Plaintiff's Wells and the groundwaters that supply them have been, and continue to be, and in the future will be, contaminated with PCE, causing Plaintiff significant injury and damage in an amount within the jurisdiction of this court.

107.     As a direct and proximate result of Defendants' acts and omissions as alleged herein, Plaintiff has incurred, is incurring, and will continue to incur, investigation, treatment, remediation and monitoring costs and expenses related to the PCE contamination of its Wells in an amount to be proved at trial.

108.     Plaintiff is informed and believes and thereon alleges that as a further direct and proximate result of the acts and omissions of the Defendants alleged herein, Plaintiff will sustain substantially increased expenses and loss of the use of plaintiff's property, causing Plaintiff significant injury and damage in an amount within the jurisdiction of this court. Plaintiff is also entitled to costs and prejudgment interest to the full extent permitted by law.

109.     Defendants are strictly, jointly and severally liable for all such damages, and Plaintiff is entitled to recover all such damages in this action.

110.     Defendants knew that it was substantially certain that their alleged acts and omissions described above would cause injury and damage, including PCE contamination of drinking water supplies. Defendants committed each of the above-described acts and omissions knowingly, willfully, and with oppression, fraud, and/or malice. Such conduct is reprehensible, despicable, and was performed with the intent to induce reliance by a class of persons including their customers, the public, regulatory agencies and plaintiff on false representations, and to promote sales of PCE products and equipment in conscious disregard of the known risks of

COMPLAINT FOR DAMAGES AND OTHER RELIEF -- Case No.

1   injury to health, property and the environment. Therefore, Plaintiff requests an award of

2   exemplary damages in an amount that is sufficient to punish these Defendants and that fairly

3   reflects the aggravating circumstances alleged herein. After the completion of additional

4   investigation and discovery, Plaintiff may seek leave of court to amend this Complaint to allege a

5   claim for exemplary damages against additional defendants if warranted by the facts.

6        WHEREFORE, Plaintiff prays judgment against Defendants as set forth hereafter.

## SECOND CAUSE OF ACTION

### (Strict Products Liability Based On Failure To Warn)

9        111.    Plaintiff realleges each of the preceding paragraphs, and by this reference

10   incorporates each such paragraph as though set forth in full.

11        112.    Defendants, and each of them, designed, manufactured, formulated, promoted,

12   marketed, distributed, and/or sold PCE products and/or equipment.

13        113.    Defendants, and each of them, knew that such PCE products and/or equipment

14   were to be purchased and used without inspection for defects.

15        114.    PCE products and/or equipment purchased or otherwise acquired (directly or

16   indirectly) from Defendants, and each of them, were used, discharged and/or disposed of in or

17   otherwise released into or onto lands in the vicinity of Plaintiff's Wells.

18        115.    The PCE products and/or equipment were used in a reasonably foreseeable

19   manner and without substantial change in the condition of such products.

20        116.    Defendants designed PCE products and equipment to discharge PCE into

21   underground municipal sewer systems.

22        117.    The PCE products and equipment used in the vicinity of Plaintiff's Wells were

23   defective in design and unreasonably dangerous products for the reasons set forth above.

24        118.    Despite the known and/or foreseeable environmental and human health hazards

25   associated with the use or disposal of PCE products in the vicinity of subterranean drinking

26   water supplies, including contamination of public drinking water supplies with PCE, Defendants,

27   and each of them, failed to provide adequate warnings of, or take any other precautionary

28   measures to mitigate, those hazards.

-23-

119.   In particular, Defendants failed to describe such hazards or provide any precautionary statements regarding such hazards in the labeling of their PCE products or otherwise.

120.   As a direct and proximate result of Defendants' failure to warn of the hazards posed by application or release of PCE products in the vicinity of subterranean drinking water supplies that were, or should have been, known to them, certain of Plaintiff's Wells and the groundwaters that supply them have been, and continue to be, contaminated with PCE, causing Plaintiff significant injury and damage.

121.   As a direct and proximate result of Defendants' acts and omissions as alleged herein, Plaintiff has incurred, is incurring, and will continue to incur, investigation, treatment, remediation and monitoring costs and expenses related to the PCE contamination of its Wells in an amount to be proved at trial.

122.   Defendants are strictly, jointly and severally liable for all such damages, and Plaintiff is entitled to recover all such damages in this action.

123.   For the reasons set forth and specifically alleged above in paragraph 76, Plaintiff is entitled to an award of exemplary damages against Defendants that is sufficient to punish these Defendants and that fairly reflects the aggravating circumstances alleged herein. After the completion of additional investigation and discovery, Plaintiff may seek leave of court to amend this Complaint to allege a claim for exemplary damages against additional defendants if warranted by the facts.

WHEREFORE, Plaintiff prays judgment against Defendants as set forth hereafter.

## THIRD CAUSE OF ACTION

### (Continuing Nuisance Against All Defendants)

124.   Plaintiff realleges each of the preceding paragraphs, and by this reference incorporates each such paragraph as though set forth in full.

125.   Plaintiff is the owner of land, easements and water rights which permit it to extract groundwater for use in its Wells.

126.   The negligent, reckless, intentional and/or ultrahazardous activity of

-24-

1  Defendants, and each of them, as alleged herein has resulted in the continuing contamination of

2  Plaintiff's Wells and the groundwaters that supply them by PCE, giving rise to conditions that

3  constitute a nuisance. Each such Defendant has caused, maintained, assisted and/or participated

4  in such nuisance, and is a substantial contributor to such nuisance.

5      127.    The nuisance conditions caused, contributed to, maintained, assisted and/or

6  participated in by Defendants, and each of them, have caused substantial injury to Plaintiff's

7  Wells and the groundwaters that supply them, in which Plaintiff has a significant property

8  interest.

9      128.    The nuisance conditions caused, contributed to, maintained, assisted and/or

10  participated in by Defendants, and each of them, have and continue to substantially and

11  unreasonably interfere with, obstruct and/or disturb Plaintiff's rights to appropriate, use and

12  enjoy groundwater from its Wells. Plaintiff is specially and adversely affected by the nuisance

13  conditions alleged herein.

14      129.    Defendants, each of whom supplied, distributed, delivered, sold and/or

15  otherwise entrusted (directly or indirectly) PCE products and equipment that were used, applied,

16  discharged, disposed of or otherwise released into or onto land in the vicinity of Plaintiff's

17  Wells, engaged in affirmative conduct that caused, contributed to, maintained and/or assisted in

18  the creation of the nuisance alleged herein, including, but not limited to, the following conduct:

19      (a)    Defendants participated in the use and disposal of PCE by intentionally,

20  recklessly, and/or negligently controlling the use and disposal (and providing instructions for the

21  disposal) of PCE by dry cleaning stores; intentionally, recklessly, and/or negligently instructing

22  dry cleaners about the purportedly proper disposal methods for PCE; and/or intentionally,

23  recklessly, and/or negligently calibrating, designing and manufacturing customers' PCE

24  equipment in such a manner that PCE and PCE products were routinely disposed of into the

25  ground on an ordinary basis. As a result of this activity, PCE contaminated Plaintiff's Wells;

26      (b)    Defendants intentionally, recklessly, and/or negligently instructed end-

27  users, including retail dry cleaners, about the disposal of PCE through informational brochures,

28  instructional seminars, trade organization brochures funded, published, and distributed by

- 25 -

1  defendants, product labels and other literature. Defendants recommended that PCE be dumped

2  into the sewer system and/or dumped on the ground, notwithstanding that said defendants knew,

3  or should have known, that PCE would contaminate the water and soil and pose a risk to health.

4  As a result, when PCE and PCE products were disposed of pursuant to the techniques

5  recommended by said defendants, PCE contaminated Plaintiff's Wells. In addition, the PCE

6  equipment manufacturers designed their equipment to directly discharge PCE waste into the

7  sewer and/or instructed machine users to dispose of PCE waste into the sewer;

8        (c)    During this time, Defendants (1) knew and/or reasonably should have

9  known that chlorinated solvents such as and including PCE had caused environmental

10  contamination, and (2) had not conducted adequate testing to determine the environmental fate

11  and potential human health effects of chlorinated solvents such as and including PCE. Even

12  though said defendants had sufficient information to determine that PCE posed a threat to the

13  environment, they did not modify their PCE disposal instructions or provide the appropriate

14  advice, instruction or information to their customers regarding proper disposal and use needed to

15  avoid environmental contamination;

16        (d)    Defendants knew, or should have known, that chlorinated solvents such as

17  and including PCE were persistent, and could contaminate soil and groundwater.

18      130.    Defendants were each a substantial factor in bringing about the contamination

19  of Plaintiff's Wells, and each of the Defendants aided and abetted the continuing trespasses and

20  are jointly responsible for the injuries and damage caused to Plaintiff as alleged in this complaint

21  and based on the following alleged affirmative conduct:

22        a)    The Equipment Manufacturer and Distributor Defendants manufactured,

23  designed, distributed, prepared and/or installed dry cleaning equipment and/or parts which

24  defendants knew, or should have known, would directly discharge and leak toxic PCE into the

25  sewer system and ground, and intrude upon, contaminate, and damage Plaintiff's possessory

26  interests;

      b)    Defendants intentionally caused dry cleaning retailers to dispose of the

27  PCE waste by instructing, requesting and/or inducing these retailers to dump PCE waste onto the

28  ground, or discharge PCE waste directly into the sewer system, or pour PCE waste down the

- 26 -

drain, which caused the PCE waste to intrude upon Plaintiff's possessory interests and cause the alleged harm and damage; and

c)    At the time Defendants intentionally instructed, requested and/or induced the conduct described above, Defendants knew, or should have known, of the conditions under which these acts were to be done, the toxicity of the PCE waste, and the consequences of the acts. Defendants instructed, requested and/or induced these acts and were a substantial factor in causing the resulting contamination of Plaintiff's possessory interests, and further aided and abetted this conduct, and are liable for the injuries and damage sustained by Plaintiff.

131.    The contamination of Plaintiff's Wells alleged herein has varied over time and has not yet ceased. PCE continues to migrate into and enter Plaintiff's Wells. The contamination alleged herein is reasonably abatable.

132.    As a direct and proximate result of Defendants' acts and omissions as alleged herein, Plaintiff's Wells and the groundwaters that supply them have been, and continue to be, contaminated with PCE, causing Plaintiff significant injury and damage. As a direct and proximate result of these Defendants' acts and omissions as alleged herein, Plaintiff has incurred, is incurring, and will continue to incur, investigation, treatment, remediation and monitoring costs and expenses related to the PCE contamination of its Wells in an amount to be proved at trial.

133.    For the reasons set forth and specifically alleged above in paragraph 76, Plaintiff is entitled to an award of exemplary damages Defendants that is sufficient to punish these Defendants and that fairly reflects the aggravating circumstances alleged herein. After the completion of additional investigation and discovery, Plaintiff may seek leave of court to amend this Complaint to allege a claim for exemplary damages against additional defendants if warranted by the facts.

WHEREFORE, Plaintiff prays judgment against Defendants as set forth hereafter.

### FOURTH CAUSE OF ACTION

### (Continuing Trespass Against All Defendants)

134.    Plaintiff realleges each of the preceding paragraphs, and by this reference

- 27 -

1    incorporates each such paragraph as though set forth in full.

2        135.    Plaintiff is the owner and actual possessor of Plaintiff's Wells.

3        136.    Plaintiff owns, possesses and actively exercises its rights to appropriate and use

4    groundwater drawn from its Wells described in the preceding paragraph, including those of

5    Plaintiff's Wells that are contaminated with PCE.

6        137.    Defendants, and each of them, negligently, recklessly and/or intentionally failed

7    to properly control, apply, use and/or dispose of PCE Products, such that they proximately

8    caused PCE to enter, invade, intrude upon and injure Plaintiff's possession of property.

9    Defendants engaged in affirmative conduct that caused, contributed to, maintained and/or

10   assisted in the creation of the trespass alleged herein, as follows:

11           (a)    Defendants participated in the use and disposal of PCE by intentionally,

12   recklessly, and/or negligently controlling the use and disposal (and providing instructions for the

13   disposal) of PCE by dry cleaning stores; intentionally, recklessly, and/or negligently instructing

14   dry cleaners about the purportedly proper disposal methods for PCE; and intentionally,

15   recklessly, and/or negligently calibrating, designing and manufacturing customers' PCE

16   equipment in such a manner that PCE and PCE products were routinely disposed of into the

17   ground on an ordinary basis.   As a result of this activity, PCE contaminated Plaintiff's Wells;

18           (b)    Defendants intentionally, recklessly, and/or negligently instructed end-

19   users, including retail dry cleaners, about the disposal of PCE through informational brochures,

20   instructional seminars, trade organization brochures funded, published, and distributed by

21   defendants, product labels and other literature.  Defendants recommended that PCE be dumped

22   into the sewer system and/or dumped on the ground, notwithstanding that said defendants knew,

23   or should have known, that PCE would contaminate the water and soil and pose a risk to health.

24   As a result, when PCE and PCE products were disposed of pursuant to the techniques

25   recommended by said defendants, PCE contaminated Plaintiff's Wells.  In addition, the PCE

26   equipment manufacturers designed their equipment to directly discharge PCE waste into the

27   sewer and/or instructed machine users to dispose of PCE waste into the sewer;

28           (c)    During this time, Defendants (1) knew and/or reasonably should have

- 28 -

1  known that chlorinated solvents such as and including PCE had caused environmental

2  contamination, and (2) had not conducted adequate testing to determine the environmental fate

3  and potential human health effects of chlorinated solvents such as and including PCE. Even

4  though said defendants had sufficient information to determine that PCE posed a threat to the

5  environment, they did not modify their PCE disposal instructions or provide the appropriate

6  advice, instruction or information to their customers regarding proper disposal and use needed to

7  avoid environmental contamination;

8          (d)    Defendants knew, or should have known, that chlorinated solvents such as

9  and including PCE were persistent, and could contaminate soil and groundwater.

10    138.    Defendants were each a substantial factor in bringing about the contamination

11  of Plaintiff's Wells, and each of the Defendants aided and abetted the continuing trespasses and

12  are jointly responsible for the injuries and damage caused to Plaintiff as alleged in this complaint

13  and based on the following alleged affirmative conduct:

14          a)    The Equipment Manufacturer and Distributor Defendants manufactured,

15  designed, distributed, prepared and/or installed dry cleaning equipment and/or parts which

16  defendants knew, or should have known, would directly discharge and leak toxic PCE into the

    sewer system and ground, and intrude upon, contaminate, and damage Plaintiff's possessory

17  interests;

18          b)    Defendants intentionally caused dry cleaning retailers to dispose of the

19  PCE waste by instructing, requesting and/or inducing these retailers to dump PCE waste onto the

20  ground, or discharge PCE waste directly into the sewer system, or pour PCE waste down the

21  drain, which caused the PCE waste to intrude upon Plaintiff's possessory interests and cause the

22  alleged harm and damage; and

23          c)    At the time Defendants intentionally instructed, requested and/or induced

24  the conduct described above, Defendants knew, or should have known, of the conditions under

25  which these acts were to be done, the toxicity of the PCE waste, and the consequences of the

    acts. Defendants instructed, requested and/or induced these acts and were a substantial factor in

26  causing the resulting contamination of Plaintiff's possessory interests, and further aided and

27  abetted this conduct, and are liable for the injuries and damage sustained by Plaintiff.

28

- 29 -

1    139.    The contamination of Plaintiff's Wells alleged herein has varied over time and

2    has not yet ceased.  PCE continues to migrate into and enter Plaintiff's Wells.  The

3    contamination alleged herein is reasonably abatable.

4    140.    Plaintiff has not consented to, and does not consent to, the contamination

5    alleged herein.  Defendants, and each of them, knew or reasonably should have known that

6    Plaintiff would not consent to this trespass.

7    141.    As a direct and proximate result of Defendants' acts and omissions as alleged

8    herein, Plaintiff's Wells and the groundwaters that supply them have been, and continue to be,

9    contaminated with PCE, causing Plaintiff significant injury and damage.  As a direct and

10   proximate result of these Defendants' acts and omissions as alleged herein, Plaintiff has incurred,

11   is incurring, and will continue to incur, investigation, treatment, remediation and monitoring

12   costs and expenses related to the PCE contamination of its Wells in an amount to be proved at

13   trial.

14   142.    For the reasons set forth and specifically alleged above, Plaintiff is entitled to an

15   award of exemplary damages against Defendants that is sufficient to punish these Defendants

16   and that fairly reflects the aggravating circumstances alleged herein.  After the completion of

17   additional investigation and discovery, Plaintiff may seek leave of court to amend this Complaint

18   to allege a claim for exemplary damages against additional defendants if warranted by the facts.

19   WHEREFORE, Plaintiff prays judgment against Defendants as set forth hereafter.

20   ## FIFTH CAUSE OF ACTION

21   ### (Negligence Against All Defendants)

22   143.    Plaintiff realleges each of the preceding paragraphs, and by this reference

23   incorporates each such paragraph as though set forth in full.

24   144.    Defendants had a duty to use due care in the design, manufacture, formulation,

25   handling, control, disposal, sale and labeling, use, instructions for use and disposal of PCE

26   products and/or equipment to prevent, and to the extent feasible, to eliminate contamination of

27   Plaintiff's Wells and groundwaters supplying those Wells with PCE in concentrations which may

28   pose adverse health effects.

- 30 -

COMPLAINT FOR DAMAGES AND OTHER RELIEF – Case No.

145.     Defendants so negligently, carelessly, and recklessly designed, manufactured, formulated, handled, labeled, instructed, controlled, marketed, promoted and/or sold PCE products and/or equipment, and so negligently, carelessly and recklessly applied PCE, disposed of PCE products, containers, and waste and/or negligently recommended application and disposal techniques for PCE products that they directly and proximately caused PCE contamination of Plaintiff's Wells and groundwaters supplying those Wells.

146.     As a direct and proximate result of Defendants' acts and omissions as alleged herein, Plaintiff's Wells and the groundwaters that supply them have been, and continue to be, contaminated with PCE, causing Plaintiff significant injury and damage. As a direct and proximate result of Defendants' acts and omissions as alleged herein, Plaintiff has incurred, is incurring, and will continue to incur, investigation, treatment, remediation and monitoring costs and expenses related to the PCE contamination of its Wells in an amount to be proved at trial.

147.     For the reasons set forth and specifically alleged above, Plaintiff is entitled to an award of exemplary damages against Defendants that is sufficient to punish these Defendants and that fairly reflects the aggravating circumstances alleged herein. After the completion of additional investigation and discovery, Plaintiff may seek leave of court to amend this Complaint to allege a claim for exemplary damages against additional defendants if warranted by the facts.

WHEREFORE, Plaintiff prays judgment against Defendants as set forth hereafter.

## SIXTH CAUSE OF ACTION

### (Negligence *Per Se* Against All Defendants)

148.     Plaintiff realleges each of the preceding paragraphs, and by this reference incorporates each such paragraph as though set forth in full.

149.     Plaintiff alleges that Defendants negligently, carelessly and recklessly designed, manufactured, formulated, handled, labeled, instructed, controlled and/or sold PCE products and/or equipment, and/or so negligently, carelessly and recklessly applied PCE, disposed of PCE products, containers, and waste and/or negligently recommended application and disposal techniques for PCE that they directly and proximately caused contamination of Plaintiff's Wells, and the groundwaters supplying such Wells, in violation of California Water Code sections

1   13050(m), 13350, and 13387, California Health and Safety Code sections 5411, 5411.5, and

2   117555, and California Fish and Game Code section 5650, the purposes of which are to set a

3   standard of care or conduct to protect Plaintiff and all persons or property within its jurisdiction,

4   as well as the environment, from the type of improper activities engaged in by Defendants, and

5   each of them.  Therefore, such improper activities and violations constitute negligence *per se*.

6   Plaintiff's investigation and discovery are not complete.  Therefore, Plaintiff will seek leave of

7   court to amend the complaint to allege additional violations or, in the alternative, give notice to

8   the Defendants of any additional statutory violations when determined.

9       150.    Defendants, and each of them, have failed to comply with state law as detailed

10  above.  As a direct and proximate result of the negligence *per se* of Defendants, and each of

11  them, Plaintiff has suffered damages, as alleged in this Complaint, including consequential,

12  incidental and general damages to be proven at trial.

**SEVENTH CAUSE OF ACTION**

**(Liability Under Civil Code § 1882 et seq.)**

15      151.    Plaintiff realleges each of the preceding paragraphs, and by this reference

16  incorporates each such paragraph as though set forth in full.

17      152.    Plaintiff is a water corporation that owns and/or operates a water system.

18      153.    The water that is pumped from Plaintiff's Wells is property owned or used by

19  Plaintiff to provide utility services.

20      154.    The groundwater that supplies Plaintiff's Wells is property owned or used by

21  Plaintiff to provide utility services.

22      155.    By causing the introduction of PCE into Plaintiff's Wells and the groundwaters

23  that supply them as alleged in this Complaint, the Defendants, and each of them, injured, altered,

24  interfered with, and/or otherwise prevented from performing its normal or customary function

25  property owned or used by Plaintiff to provide utility services.

26      156.    As a direct and proximate result of the Defendants' acts and omissions as

27  alleged herein, Plaintiff has incurred, is incurring, and will continue to incur, investigation,

28  treatment and monitoring costs and expenses related to the PCE contamination of Plaintiff's

- 32 -

1  Wells, in an amount to be proved at trial, for which the Defendants are liable pursuant to Civil

2  Code §1882.1.

3       157.    Pursuant to Civil Code §1882.2, Defendants are liable for three times the

4  amount of Plaintiff's actual damages, plus the costs of this suit and reasonable attorney's fees.

5       WHEREFORE, Plaintiff prays judgment against Defendants as set forth hereafter.

6  **EIGHTH CAUSE OF ACTION**

7  **(Equitable Indemnity Against All Defendants)**

8       158.    Plaintiff realleges each of the preceding paragraphs, and by this reference

9  incorporates each such paragraph as though set forth in full.

10       159.    The California Department of Toxic Substance Control ("DTSC") has pursued

11  an enforcement action against Plaintiff arising from PCE contamination in Chico, California.

12  damages arising as a result of the PCE contamination of Plaintiff's Wells. DTSC's complaint

13  against Plaintiff, for purposes of its allegations only, is incorporated by reference herein as

14  though fully set forth at length herein.

15       160.    A settlement between DTSC and Plaintiff ("Settlement") was approved by a

16  court of this State on May 23, 2007, obliging Plaintiff to, among other things, incur significant

17  costs designing and implementing measures to remediate PCE contamination and undertaking

18  water treatment activities.

19       161.    Plaintiff alleges that it is in no way legally responsible for the events giving rise

20  to the Settlement, nor legally responsible in any manner for the damages allegedly sustained by

21  DTSC. Plaintiff's liability for any part of the claim for damages asserted against it is, on

22  Plaintiff's information and belief, solely due to Defendants' negligent, tortious and malicious

23  conduct as set forth above. Plaintiff is informed and believes that the acts of Defendants, and

24  each of them, set forth and alleged herein, were the direct and proximate cause of the PCE

25  contamination that was the subject of DTSC's complaint and action against Plaintiff.

26       162.    Defendants are responsible and liable for any such damages in direct proportion

27  to the extent of their conduct in causing such damages. Plaintiff is entitled to judgment against

28

- 33 -

COMPLAINT FOR DAMAGES AND OTHER RELIEF – Case No.

1    Defendants, and each of them, in an amount proportional to their responsibility for such

2    damages.

3      WHEREFORE, Plaintiff prays judgment against Defendants as set forth hereafter.

4    **PRAYER FOR RELIEF**

5      WHEREFORE, Plaintiff respectfully requests a trial of this Action before a jury, and that,

6    upon a favorable verdict, this Court enter judgment in favor of Plaintiff and against Defendants,

7    jointly and severally, as follows:

8      a. An award of compensatory damages according to proof;

9      b. An award of treble damages, pursuant to Civil Code §1882.2;

10     c. An award of exemplary damages in an amount sufficient to punish Defendants,

11      and to deter Defendants from ever committing the same or similar acts;

12     d. An order awarding Plaintiff its costs in prosecuting this action, including its

13      reasonable attorneys' fees, together with prejudgment interest, pursuant to Civil

14      Code §1882.2 and to the full extent permitted by law;

15     e. Such other further relief as the Court may deem just and proper.

16

17   DATED:   May 22, 2008   SHER LEFF LLP

18

19        By:

20           VICTOR M. SHER

         TODD E. ROBINS

21           MARNIE E. RIDDLE

22           BARON & BUDD, PC

23           Attorneys for Plaintiff, CALIFORNIA WATER
        SERVICE COMPANY

24

25

26

27

28

- 34 -

EXHIBIT B

SUM-100

# SUMMONS
## (CITACION JUDICIAL)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
Additional Parties Attachment Form is Attached

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
California Water Service Company

*FOR COURT USE ONLY*
*(SOLO PARA USO DE LA CORTE)*

# FILED
## SAN MATEO COUNTY

MAY 2 2 2008

Clerk of the Superior Court

By
DEPUTY CLERK

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association.

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.courtinfo.ca.gov/selfhelp/espanol/), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.courtinfo.ca.gov/selfhelp/espanol/) o poniéndose en contacto con la corte o el colegio de abogados locales.*

| | |
|---|---|
| The name and address of the court is:<br>*(El nombre y dirección de la corte es):*<br>San Mateo County Superior Court<br>400 County Center, Redwood City, California 94063 | CASE NUMBER:<br>*(Número de Caso):*<br>CIV 4 7 3 0 9 3 |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Victor M. Sher, SBN 96197  Sher Leff, LLP  450 Mission Street, Ste. 400, San Francisco, California 94105
(415) 348-8300

| | | | |
|---|---|---|---|
| DATE: MAY 2 2 2008<br>*(Fecha)* | JOHN C. FITTON | Clerk, by<br>*(Secretario)* | , Deputy<br>*(Adjunto)* |

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citation use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

[SEAL]

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☐ on behalf of *(specify):*

   under: ☐ CCP 416.10 (corporation)       ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation)    ☐ CCP 416.70 (conservatee)
   ☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)
   ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

| | |
|---|---|
| Form Adopted for Mandatory Use<br>Judicial Council of California<br>SUM-100 [Rev. January 1, 2004] | Code of Civil Procedure §§ 412.20, 465<br>American LegalNet, Inc.  www.USCourtForms.com |

**SUMMONS**

SUM-200(A)

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| California Water Service Company v. The Dow Chemical Co., et al. | |

## INSTRUCTIONS FOR USE

→ This form may be used as an attachment to any summons if space does not permit the listing of all parties on the summons.
→ If this attachment is used, insert the following statement in the plaintiff or defendant box on the summons: "Additional Parties Attachment form is attached."

List additional parties (Check only one box. Use a separate page for each type of party.):

[ ] Plaintiff   [✓] Defendant   [ ] Cross-Complainant   [ ] Cross-Defendant

THE DOW CHEMICAL COMPANY; E.I. DUPONT DE NEMOURS AND COMPANY; PPG INDUSTRIES, INC., VULCAN MATERIALS COMPANY, OCCIDENTAL CHEMICAL CORPORATION, VALERO ENERGY CORPORATION, STAUFFER CHEMICAL COMPANY, BOWE-PERMAC, INC., individually and d/b/a BOWE TEXTILE CLEANING, INC., HOYT CORPORATION, R.R. STREET & CO., INC., MCGRAW EDISON COMPANY, individually and d/b/a AMERICAN LAUNDRY MACHINERY, INC., AMERICAN LAUNDRY MACHINERY, INC., individually and d/b/a AJAX MANUFACTURING DIVISION AND MARTIN EQUIPMENT, WHITE CONSOLIDATED INDUSTRIES, INC., individually and d/b/a WASHEX MACHINERY DIVISION, ELECTROLUX CORPORATION, LINDUS S.R.L., individually and d/b/a LINDUS WEST, COLUMBIA DRYCLEANING MACHINES, a/k/a COLUMBIA/ILSA MACHINES CORP., REALSTAR, INC., individually and d/b/a REALSTAR USA, UNION DRYCLEANING PRODUCTS USA, FIRBIMATIC, BERGPARMA OF AMERICA, LLC, AMA UNIVERSAL, FLUORMATIC MIDWEST LTD., FORENTA LP, WESTERN MULTITEX CORP., MARVEL MANUFACTURING, RENZACCI OF AMERICA, SAIL STAR USA, VIC MANUFACTURING CORPORATION, M.B.L., INC., GOSS-JEWETT CO. OF NORTHERN CALIFORNIA, MCGREGOR SUPPLY COMPANY, S.B. SUPPLY INC., WASHEX MACHINERY OF CALIFORNIA, INC., WORKROOM SUPPLY, INC., TAYLOR HOUSEMAN, INC., UNITED FABRICARE SUPPLY, INC., ECHCO SALES INC., MW EQUIPMENT, ARTHUR KAJIWARA EQUIPMENT CO., INC., KELLEHER EQUIPMENT SUPPLY, INC., US MACHINERY & ENGINEERING CO., INC., WYATT-BENNETT, CORBETT EQUIPMENT, FULLER SUPPLY COMPANY, SAV-ON MACHINERY COMPANY, INC. and DOES 1 through 750, INCLUSIVE

Page 1 of 1

Page 1 of 1

**ADDITIONAL PARTIES ATTACHMENT**
**Attachment to Summons**

American LegalNet, Inc.
www.FormsWorkflow.com

EXHIBIT C

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|

ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address):
Victor M. Sher, SBN 96197
Todd E. Robins, SBN 191853
Marnie E. Riddle, SBN 233732
Sher Leff, LLP  450 Mission Street, Ste. 400 San Francisco, CA 94105
TELEPHONE NO.: (415) 348-8333   FAX NO.: (415) 348-8333
ATTORNEY FOR (Name): California Water Service Company

SUPERIOR COURT OF CALIFORNIA, COUNTY OF  San Mateo
STREET ADDRESS: 400 County Center
MAILING ADDRESS: 400 County Center, Room A
CITY AND ZIP CODE: Redwood City, California 94063
BRANCH NAME: Southern Branch

**RECEIVED**

MAY 22 2008

CLERK OF THE SUPERIOR COURT
SAN MATEO COUNTY

CASE NAME:
California Water Service Company v. The Dow Chemical Co., et al.

| CIVIL CASE COVER SHEET | | Complex Case Designation | | CASE NUMBER: |
|---|---|---|---|---|
| ☑ Unlimited (Amount demanded exceeds $25,000) | ☐ Limited (Amount demanded is $25,000 or less) | ☐ Counter  ☐ Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | | CIV 473003 |
| | | | | JUDGE: |
| | | | | DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

**Auto Tort**
☐ Auto (22)
☐ Uninsured motorist (46)
**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
☐ Asbestos (04)
☐ Product liability (24)
☐ Medical malpractice (45)
☐ Other PI/PD/WD (23)
**Non-PI/PD/WD (Other) Tort**
☐ Business tort/unfair business practice (07)
☐ Civil rights (08)
☐ Defamation (13)
☐ Fraud (16)
☐ Intellectual property (19)
☐ Professional negligence (25)
☐ Other non-PI/PD/WD tort (35)
**Employment**
☐ Wrongful termination (36)
☐ Other employment (15)

**Contract**
☐ Breach of contract/warranty (06)
☐ Rule 3.740 collections (09)
☐ Other collections (09)
☐ Insurance coverage (18)
☐ Other contract (37)
**Real Property**
☐ Eminent domain/inverse condemnation (14)
☐ Wrongful eviction (33)
☐ Other real property (26)
**Unlawful Detainer**
☐ Commercial (31)
☐ Residential (32)
☐ Drugs (38)
**Judicial Review**
☐ Asset forfeiture (05)
☐ Petition re: arbitration award (11)
☐ Writ of mandate (02)
☐ Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
☐ Antitrust/Trade regulation (03)
☐ Construction defect (10)
☐ Mass tort (40)
☐ Securities litigation (28)
☑ Environmental/Toxic tort (30)
☐ Insurance coverage claims arising from the above listed provisionally complex case types (41)
**Enforcement of Judgment**
☐ Enforcement of judgment (20)
**Miscellaneous Civil Complaint**
☐ RICO (27)
☐ Other complaint (not specified above) (42)
**Miscellaneous Civil Petition**
☐ Partnership and corporate governance (21)
☐ Other petition (not specified above) (43)

2. This case ☑ is  ☐ is not  complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. ☑ Large number of separately represented parties
   b. ☑ Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. ☑ Substantial amount of documentary evidence
   d. ☑ Large number of witnesses
   e. ☑ Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. ☐ Substantial postjudgment judicial supervision

3. Remedies sought (check all that apply): a. ☑ monetary  b. ☑ nonmonetary; declaratory or injunctive relief  c. ☑ punitive
4. Number of causes of action (specify): Eight
5. This case ☐ is  ☑ is not  a class action suit.
6. If there are any known related cases, file and serve a notice of related case. (You may use form CM-015.)

Date: May 22, 2008
Victor M. Sher
(TYPE OR PRINT NAME)                              (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

CIVIL CASE COVER SHEET

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courtinfo.ca.gov

American LegalNet, Inc.
www.FormsWorkflow.com

| | FOR COURT USE ONLY |
|---|---|
| Attorney or Party without Attorney (Name/Address)<br>   Victor M. Sher,<br>   SHER LEFF LLP<br>   450 Mission St., Ste 400 San Francisco, CA 94105<br>Telephone: (415) 348-8300<br>State Bar No.: 96197<br>Attorney for: Plaintiff | **ENDORSED FILED**<br>SAN MATEO COUNTY<br><br>MAY 2 2 2008<br><br>Clerk of the Superior Court<br>By _____ G. Jackson _____<br>DEPUTY CLERK |
| SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF SAN MATEO<br>400 COUNTY CENTER<br>REDWOOD CITY, CA 94063 | |
| Plaintiff<br>   California Water Service Company | |
| Defendant<br>   The Dow Chemical Company, et al. | |
| **Certificate Re Complex Case Designation** | Case Number<br>CIV 4 7 3 0 9 3 |

**This certificate must be completed and filed with your Civil Case Cover Sheet if you have checked a Complex Case designation or Counter-Designation**

    1.    In the attached Civil Case Cover Sheet, this case is being designated or counter-designated as a complex case [or as not a complex case] because at least one or more of the following boxes has been checked:

            ☑ Box 1 – Case type that is best described as being [or not being] provisionally complex civil litigation (i.e., antitrust trade regulation claims or investment losses involving many parties, environmental or toxic tort claims involving many parties, claims involving mass torts, or insurance coverage claims arising out of any of the foregoing claims).

            ☑ Box 2 – Complex [or not complex] due to factors requiring exceptional judicial management

            o Box 5 – Is [or is not] a class action suit

    2.    This case is being so designated based upon the following supporting information [including, without limitation, a brief description of the following factors as they pertain to this particular case: (1) management of a large number of separately represented parties; (2) complexity of anticipated factual and/or legal issues; (3) numerous pretrial motions that will be time-consuming to resolve; (4) management of a large number of witnesses or a substantial amount of documentary evidence; (5) coordination with related actions pending in one or more courts in other counties, states or countries or in a federal court; (6)

CV-59 [Rev. 1/06]                                         www.sanmateocourt.org

whether or not certification of a putative class action will in fact be pursued; and
(7) substantial post-judgment judicial supervision):

See Attached

_____

_____

_____

_____

_____

*(attach additional pages if necessary)*

3.    Based on the above-stated supporting information, there is a reasonable basis for
the complex case designation or counter-designation [or noncomplex case
counter-designation] being made in the attached Civil Case Cover Sheet

*****

I, the undersigned counsel or self-represented party, hereby certify that the above is true and
correct and that I make this certification subject to the applicable provisions of California Code
of Civil Procedure, Section 128.7 and/or California Rules of Professional Conduct, Rule 5-200
(B) and San Mateo County Superior Court Local Rules, Local Rule 2.30.

Dated:    May 22, 2008

Victor M. Sher
[Type or Print Name]                         [Signature of Party or Attorney for Party]

CV-59 [Rev. 1/06]                                        www.sanmateocourt.org

## Attachment to Certificate re Complex Case Designation[1]

This case involves claims for environmental damage arising from contamination of California Water Service Company's ("Plaintiff") groundwater supplies with the toxic chemical perchloroethylene ("PCE") and its degradation products.

Plaintiff CALIFORNIA WATER SERVICE COMPANY ("Cal Water") owns and/or operates public drinking water systems, and supplies drinking water to hundreds of thousands of residents and businesses, in various locations throughout the State of California. PCE is contaminating and damaging Cal Water's drinking water supply wells in dispersed locations throughout California.

Plaintiffs bring this action to recover the substantial costs necessary to comply with state and federal safe drinking water laws, protect the public, and restore its damaged drinking water supply.

Defendants include the manufacturers, distributors and retailers of the PCE, PCE-using equipment, and/or PCE-containing products.

This action is a provisionally complex case because it involves environmental or toxic tort claims against many parties. In addition, this action includes several factors requiring exceptional judicial management. The complaint names in excess of 40 known defendants at this time, which includes groups of related entities separately represented by counsel. Moreover, as demonstrated by other environmental contamination cases pending in other courts around the country, cases like this one typically involve numerous pretrial motions and the interplay of tort principles and complex regulatory regimes. These cases typically involve complicated scientific and factual issues as well as numerous experts, a large number of depositions and extensive document discovery. For the foregoing reasons, this case should be designated complex.

---

[1] This Certificate re Complex Case Designation is being submitted for filing pursuant to Local Rule 2.30(C).

{1039-001 / 00075564.DOC;1}

EXHIBIT D

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN MATEO**

| ☑ Southern Division | ☐ Central Division | ☐ Northern Division | Reserved for Clerk's Office Stamp |
|---|---|---|---|
| 400 County Center | 800 No. Humboldt | 1050 Mission Road | |
| Redwood City, CA 94063 | San Mateo, CA 94401 | So. San Francisco, CA 94080 | |

*California water service company*

            vs.           **Plaintiff,**

*The Dow Chemical company Et al*

                       **Defendant**

**ENDORSED FILED**
**SAN MATEO COUNTY**

MAY 2 2 2008

Clerk of the Superior Court
By    G. Jackson
DEPUTY CLERK

**NOTICE OF COMPLEX CASE STATUS CONFERENCE**

Case Number: CIV
**CIV 4 7 3 0 9 3**

Date of Hearing: 7-22-08       Time: 9:00 AM

Department No.:

You are hereby given notice of your Complex Case Status Conference. The date, time and department are written above. At this conference, the Presiding Judge will decide whether this action is a complex case within the meaning of California Rules of Court ("CRC"), Rule 3.400 subdivision (a) and whether it should be assigned to a single judge for all purposes.

1. In accordance with applicable San Mateo County Local Rule 2.30, you are hereby ordered to:
   a. Serve copies of this notice, your Civil Case Cover Sheet, and your Certificate Re: Complex Case Designation on all named parties in this action no later than service of your first appearance pleadings.
   b. Give reasonable notice of the Complex Case Status Conference to all named parties in this action, even if they have not yet made a first appearance or been formally served with the documents listed in subdivision (a). Such notice shall be given in the same manner as required for an ex parte application pursuant to CRC 3.1200-3.1207.

2. **If you fail to follow the orders above, you are ordered to show cause why you should not be sanctioned. The Order To Show Cause hearing will be at the same time as the Complex Case Status Conference. Sanctions may include monetary, evidentiary or issue sanctions as well as striking pleadings and/or dismissal.**

3. An action is provisionally a complex case if it involves one or more of the following types of claims: (1) antitrust or trade regulation claims; (2) construction defect claims involving many parties or structures; (3) securities claims or investment losses involving many parties; (4) environmental or toxic tort claims involving many parties; (5) claims involving massive torts; (6) claims involving class actions; or (7) insurance coverage claims arising out of any of the claims listed in subdivisions (1) through (6). The Court shall treat a provisionally complex action as a complex case until the Presiding Judge has the opportunity to decide whether the action meets the definition in CRC 3.400(a).

4. Any party who files either a "Civil Case Cover Sheet" (pursuant to CRC 3.401) or a "Counter or Joinder Civil Case Cover Sheet" (pursuant to CRC 3.402, subdivision (b) or (c)), designating an action as a complex case in Items 1, 2 and/or 5, must also file an accompanying Certificate Re: Complex Case Designation in the form prescribed by the Court. The certificate must include supporting information showing a reasonable basis for the complex case designation being sought. Such supporting information may include, without limitation, a brief description of the following factors as they pertain to the particular action: (1) management of a large number of separately represented parties; (2) complexity of anticipated factual and/or legal issues; (3) numerous pretrial motions that will be time-consuming to resolve; (4) management of a large number of witnesses or a substantial amount of documentary evidence; (5) coordination with related actions pending in one or more courts in other counties, states or countries or in a federal court; (6) whether or not certification of a putative class action will in fact be pursued; and (7) substantial post-judgment judicial supervision.

For further information regarding case management policies and procedures, see the court website at www.sanmateocourt.org

* Telephonic appearances at a Complex Case Status Conference are available by contacting CourtCall, LLC, an independent vendor, at least 5 business days prior to the scheduled conference (see attached CourtCall information).

**NOTICE OF COMPLEX CASE STATUS CONFERENCE**

Form adopted for Mandatory Use
Local Court Form CV-65 [Rev. August 2007]

CRC 3.400, et seq., Local Rules 2.30

EXHIBIT E

# NOTICE OF CASE MANAGEMENT CONFERENCE

*California anody*                  **ENDORSED FILED**        Case No. _____ CIV 473003

                                    **SAN MATEO COUNTY**
                                                           Date: _____
              vs.                   MAY 2 2 2008
                                                           Time: 9:00 a.m.
                                    Clerk of the Superior Court
*The Dow Chemical Company*          By    G. Jackson       Dept. 3 – on Tuesday & Thursday
                                          DEPUTY CLERK      Dept. 28 – on Wednesday & Friday

You are hereby given notice of your Case Management Conference. The date, time and department have been written above.

1. In accordance with applicable California Rules of Court and Local Rules 2.3(d)1-4 and 2.3(m), you are hereby ordered to:

    a. Serve all named defendants and file proofs of service on those defendants with the court within 60 days of filing the complaint (CRC 201.7).

    b. Serve a copy of this notice, Case Management Statement and ADR Information Sheet on all named parties in this action.

    c. File and serve a completed Case Management Statement at least 15 days before the Case Management Conference [CRC 212(g)]. Failure to do so may result in monetary sanctions.

    d. Meet and confer, in person or by telephone, to consider each of the issues identified in CRC 212(f) no later than 30 days before the date set for the Case Management Conference.

2. If you fail to follow the orders above, you are ordered to show cause why you should not be sanctioned. The Order To Show Cause hearing will be at the same time as the Case Management Conference hearing. Sanctions may include monetary, evidentiary or issue sanctions as well as striking pleadings and/or dismissal.

3. Continuances of case management conferences are highly disfavored unless good cause is shown.

4. Parties may proceed to an appropriate dispute resolution process ("ADR") by filing a Stipulation To ADR and Proposed Order (see attached form). If plaintiff files a Stipulation To ADR and Proposed Order electing to proceed to judicial arbitration, the Case Management Conference will be taken off the court calendar and the case will be referred to the Arbitration Administrator. If plaintiffs and defendants file a completed stipulation to another ADR process (e.g., mediation) 10 days prior to the first scheduled case management conference, the case management conference will be continued for 90 days to allow parties time to complete their ADR session. The court will notify parties of their new case management conference date.

5. If you have filed a default or a judgment has been entered, your case is not automatically taken off the Case Management Conference Calendar. If "Does", "Roes", etc. are named in your complaint, they must be dismissed in order to close the case. If any party is in bankruptcy, the case is stayed only as to that named party.

6. You are further ordered to appear in person* (or through your attorney of record) at the Case Management Conference noticed above. You must be thoroughly familiar with the case and fully authorized to proceed.

7. The Case Management judge will issue orders at the conclusion of the conference that may include:

    a. Referring parties to voluntary ADR and setting an ADR completion date;

    b. Dismissing or severing claims or parties;

    c. Setting a trial date.

8. The Case Management judge may be the trial judge in this case.

For further information regarding case management policies and procedures, see the court website at www.sanmateocourt.org.

\* Telephonic appearances at case management conferences are available by contacting CourtCall, LLC, an independent vendor, at least 5 business days prior to the scheduled conference (see attached CourtCall information).

# EXHIBIT B

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

ORIGINAL FILED

JUL - 7 2008

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

CALIFORNIA WATER SERVICE CO.,

Plaintiff (s),

v.

THE DOW CHEMICAL COMPANY,
Defendant(s).

No. C 08-03267 SI

**ORDER SETTING INITIAL CASE
MANAGEMENT CONFERENCE
AND ADR DEADLINES**

IT IS HEREBY ORDERED that this action is assigned to the Honorable Susan Illston. When serving the complaint or notice of removal, the plaintiff or removing defendant must serve on all other parties a copy of this order   and all other documents specified in Civil Local Rule 4-2. Counsel must comply with the case schedule listed below unless the Court otherwise orders.

IT IS FURTHER ORDERED that this action is assigned to the Alternative Dispute Resolution (ADR) Multi-Option Program governed by ADR Local Rule 3. Counsel and clients shall familiarize themselves with that rule and with the material entitled "Dispute Resolution Procedures in the Northern District of California" on the Court ADR Internet site at www.adr.cand.uscourts.gov. A limited number of printed copies are available from the Clerk's Office for parties in cases not subject to the court's Electronic Case Filing program (ECF).

IT IS FURTHER ORDERED that plaintiff or removing defendant serve upon all parties the brochure entitled "Consenting To A Magistrate Judge's Jurisdiction In The Northern District Of California," additional copies of which can be downloaded from the following Internet site: http://www.cand.uscourts.gov.

## CASE SCHEDULE -ADR MULTI-OPTION PROGRAM

| Date | Event | Governing Rule |
|---|---|---|
| 7/7/2008 | Notice of removal filed | |
| 10/3/2008 | Last day to: | |
| | • meet and confer re: initial disclosures, early settlement, ADR process selection, and discovery plan | FRCivP  26(f) & ADR L.R.3-5 |
| | • file ADR Certification signed by Parties and Counsel (form available at http://www.cand.uscourts.gov) | Civil  L.R. 16-8 (b) & ADR L.R. 3-5(b) |
| | • file either Stipulation to ADR Process or Notice of Need for ADR Phone Conference (form available at http://www.cand.uscourts.gov) | Civil  L.R. 16-8 (c) & ADR L.R. 3-5(b) & (c) |
| 10/17/2008 | Last day to file Rule 26(f) Report, complete initial disclosures or state objection in Rule 26(f) Report and file Case Management Statement per attached Standing Order re Contents of Joint Case Management Statement (also available at  http://www.cand.uscourts.gov) | FRCivP 26(a) (1) Civil  L.R . 16-9 |

10/24/2008    INITIAL CASE MANAGEMENT CONFERENCE    Civil  L.R.  16-10
              (CMC)  in Ctrm. 10, 19th Floor at 2:00 PM

# EXHIBIT C

1

2

3

4

5       IN THE UNITED STATES DISTRICT COURT

6       FOR THE NORTHERN DISTRICT OF CALIFORNIA

7

8                                      )
                                       )
        Plaintiff(s),                  )       NO.  C-                    SI
9                                      )
                                       )
        vs.                            )
10                                     )       CASE MANAGEMENT
                                       )       CONFERENCE ORDER
11                                     )
        Defendant(s).                  )
12      _____)

13          IT IS HEREBY ORDERED that, pursuant to Rule 16(b), Federal Rules of
14   Civil Procedure, and Civil L.R. 16-10, a Case Management Conference will be
     held in this case before the Honorable Susan Illston on _____
15   at 2:00 p.m. in Courtroom No. 10, 19th floor Federal Building.

16          Plaintiff(s) shall serve copies of this Order at once on all parties to this
     action, and on any parties subsequently joined, in accordance with the provisions
17   of Fed.R.Civ.P. 4 and 5.   Following service, plaintiff(s) shall file certificate of
     service with the Clerk of this Court.
18
            Counsel are directed to confer in advance of the Case Management
19   Conference with respect to all of the agenda items listed below.  Not less than
     seven days before the conference, counsel shall file a joint case management
20   statement addressing each agenda item.  Failure to file a joint statement shall be
     accompanied by a signed declaration setting forth the grounds for such failure.
21   Failure to show good cause for such failure may subject the parties to sanctions.

22          Each party shall be represented at the Case Management Conference by
     counsel prepared to address all of the matters referred to in this Order, and with
23   authority to enter stipulations and make admissions pursuant to this Order.  The
     parties are encouraged to attend.
24
            Any request to reschedule the above dates should be made in writing, and
25   by stipulation, if possible, not less than ten days before the conference date.
     Good cause must be shown.

26

27

28

1    The parties shall file a joint case management conference statement in
accordance with the Standing Order for all Judges in the Northern District of

2    California.  At the case management conference the parties should be prepared
to address and resolve the following: setting the date and the estimated length of

3    the trial; setting the date for discovery cutoff; setting the date to designate
experts and other witnesses; and setting the date for the pretrial conference.

4

5        CIVIL LAW AND MOTION MATTERS WILL BE HEARD ON
FRIDAYS AT 9:00 A.M.  COUNSEL SHALL COMPLY WITH CIVIL L.R. 7

6    WITH RESPECT TO MOTION PROCEDURES.

7    Discovery disputes: Counsel seeking the Court's intervention in a discovery
dispute shall, after full compliance with Civil L.R. 37-1, file and serve a letter

8    brief, 5 pages or less, explaining the dispute and the relief sought.  Opposing
counsel shall respond by letter brief, 5 pages or less, within one week.  The Court

9    will deem the matter submitted unless the Court determines that the issue
requires oral argument, in which case a conference will be arranged.  For good

10   cause shown, based on legal or factual complexity, discovery disputes may be
brought by formal noticed motion heard on a regular law and motion calendar.

11   However, leave of Court to do so must be sought and obtained by ex-parte
application in accordance with Civil L.R. 7-1(a)(3).

12

13       Failure to comply with this Order or the Local Rules of this Court may
result in sanctions.  See Fed.R.Civ.P. 16(f), Civil L.R. 1-4.

14   Standing Orders: All parties shall comply with the Standing Order for All
Judges of the Northern District of California concerning the contents of the joint

15   case management conference statement and JudgeIllston's Standing Order
which are attached to this case management conference order.

16

17       IT IS SO ORDERED.

18

19

20                                          _Susan Illston_

21                                          _____
                                            SUSAN ILLSTON

22                                          United States District Judge

23

24

25

26

27

28                                2

# STANDING ORDER FOR ALL JUDGES OF THE NORTHERN DISTRICT OF CALIFORNIA

## CONTENTS OF JOINT CASE MANAGEMENT STATEMENT

Commencing March 1, 2007, all judges of the Northern District of California will require the identical information in Joint Case Management Statements filed pursuant to Civil Local Rule 16-9. The parties must include the following information in their statement which, except in unusually complex cases, should not exceed ten pages:

1.  Jurisdiction and Service: The basis for the court's subject matter jurisdiction over plaintiff's claims and defendant's counterclaims, whether any issues exist regarding personal jurisdiction or venue, whether any parties remain to be served, and, if any parties remain to be served, a proposed deadline for service.

2.  Facts: A brief chronology of the facts and a statement of the principal factual issues in dispute.

3.  Legal Issues: A brief statement, without extended legal argument, of the disputed points of law, including reference to specific statutes and decisions.

4.  Motions: All prior and pending motions, their current status, and any anticipated motions.

5.  Amendment of Pleadings: The extent to which parties, claims, or defenses are expected to be added or dismissed and a proposed deadline for amending the pleadings.

6.  Evidence Preservation: Steps taken to preserve evidence relevant to the issues reasonably evident in this action, including interdiction of any document-destruction program and any ongoing erasures of e-mails, voice mails, and electronically-recorded material.

7.  Disclosures: Whether there has been full and timely compliance with the initial disclosure requirements of Fed. R. Civ. P. 26 and a description of the disclosures made.

8.  Discovery: Discovery taken to date, if any, the scope of anticipated discovery, any proposed limitations or modifications of the discovery rules, and proposed discovery plan pursuant to Fed. R. Civ. P. 26(f).

9.  Class Actions: If a class action, a proposal for how and when the class will be certified.

10. Related Cases: Any related cases or proceedings pending before another judge of this court, or before another court or administrative body.

11. Relief: All relief sought through complaint or counterclaim, including the amount of any damages sought and a description of the bases on which damages are calculated. In addition, any party from whom damages are sought must describe the bases on which it contends damages should be calculated if liability is established.

12.  Settlement and ADR: Prospects for settlement, ADR efforts to date, and a specific ADR plan for the case, including compliance with ADR L.R. 3-5 and a description of key discovery or motions necessary to position the parties to negotiate a resolution.

13.  Consent to Magistrate Judge For All Purposes: Whether all parties will consent to have a magistrate judge conduct all further proceedings including trial and entry of judgment.

14.  Other References: Whether the case is suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

15.  Narrowing of Issues: Issues that can be narrowed by agreement or by motion, suggestions to expedite the presentation of evidence at trial (e.g., through summaries or stipulated facts), and any request to bifurcate issues, claims, or defenses.

16.  Expedited Schedule: Whether this is the type of case that can be handled on an expedited basis with streamlined procedures.

17.  Scheduling: Proposed dates for designation of experts, discovery cutoff, hearing of dispositive motions, pretrial conference and trial.

18.  Trial: Whether the case will be tried to a jury or to the court and the expected l length of the trial.

19.  Disclosure of Non-party Interested Entities or Persons: Whether each party has filed the "Certification of Interested Entities or Persons" required by Civil Local Rule 3-16. **In addition**, each party must restate in the case management statement the contents of its certification by identifying any persons, firms, partnerships, corporations (including parent corporations) or other entities known by the party to have either: (i) a financial interest in the subject matter in controversy or in a party to the proceeding; or (ii) any other kind of interest that could be substantially affected by the outcome of the proceeding. 20.Such other matters as may facilitate the just, speedy and inexpensive disposition of this matter.

20.  Such other matters as may facilitate the just, speedy and inexpensive disposition of this matter.

4

(4/5/07)

## JUDGE ILLSTON'S STANDING ORDER

1. Scheduling Days:

    Civil Law and Motion Calendar is conducted on Fridays at 9:00 a.m.

    Criminal Law and Motion Calendar is conducted on Fridays at 11:00 a.m.

    Civil Case Management Conferences are generally conducted on Fridays at 2:00 p.m. with the order of call determined by the Court.

    Pretrial Conferences are generally conducted on Tuesday afternoons at 3:30 p.m.

Counsel need not reserve motion hearing dates, but may call the clerk to obtain the next available law and motion calendar. Motions may be reset as the Court's calendar requires.

All parties are directed to comply with the Civil Local Rules except as identified in this order.

2. Discovery Disputes:

Counsel seeking the court's intervention in a discovery dispute shall, after full compliance with Civil L.R. 37-1, file and serve a letter brief, 5 pages or less, explaining the dispute and relief sought. Opposing counsel shall respond by letter brief, 5 pages or less, within one week. The Court will deem the matter submitted unless the Court determines that the issue requires oral argument, in which case a conference will be arranged.

3. Sealed Documents (Civil L.R. 79-5):

This Court does not require the filing of Administrative Motions to seal (Civil L.R. 7-11). The Court will accept stipulations (Civ. L.R. 7-12) or an ex-parte application (Civ. L.R. 7-10) with proposed orders in lieu of the administrative motion. In the event an agreement and stipulation for leave to file under seal is not possible, an ex-parte application shall be filed instead. Oppositions to ex-parte applications and proposed order must be submitted to the Court immediately.

Counsel must submit the documents intended to be filed under seal in the following manner:

    1. The entire original document, contained in an 8 1/2 - inch by 11-inch sealed envelope or other suitable sealed container, with a cover sheet affixed to the envelope or container, setting out the information required by Civil L.R. 3-4(a) and (b) and prominently displaying the notation: "DOCUMENT SUBMITTED UNDER SEAL." The sealable portions of the document must be identified by notations or highlighting within the text;

    2. A second copy (chambers copy) completely assembled, including both sealed and unsealed material must be submitted in a single envelope.

Chambers must not be served with any "redacted/public" versions of sealed documents.

4. Courtesy Copies:

All courtesy copies must be three-hole punched at the left margin.

5. Summary Judgment Motions:

Parties are limited to filing one motion for summary judgment. Any party wishing to exceed this limit must request leave of Court.

# EXHIBIT D

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

CALIFORNIA WATER SERVICE COMPANY

        Plaintiff(s),

   v.

DOW CHEMICAL COMPANY

        Defendant(s).

No. C 08-03267 SI

**CONSENT TO PROCEED BEFORE A
UNITED STATES MAGISTRATE JUDGE**

CONSENT TO PROCEED BEFORE A UNITED STATES MAGISTRATE JUDGE

In accordance with the provisions of Title 28, U.S.C. Section 636(c), the undersigned party hereby voluntarily consents to have a United States Magistrate Judge conduct any and all further proceedings in the case, including trial, and order the entry of a final judgment. Appeal from the judgment shall be taken directly to the United States Court of Appeals for the Ninth Circuit.

Dated: _____

Signature _____

Counsel for _____
(Plaintiff, Defendant or indicate "pro se")

# EXHIBIT E

E-filing

CV 08    3267    SI

# U.S. District Court Northern California

## ECF Registration Information Handout

The case you are participating in has been designated for this court's Electronic Case Filing (ECF) Program, pursuant to Civil Local Rule 5-4 and General Order 45. This means that you **must** (check off the boxes ☒ when done):

☐ **1) Serve** this ECF Registration Information Handout on **all** parties in the case along with the complaint, or for removals, the removal notice. DO NOT serve the efiler application form, just this handout.

Each attorney representing a party must also:

☐ **2) Register** to become an efiler by filling out the efiler application form. Follow ALL the instructions on the form carefully. If you are already registered in this district, do not register again, your registration is valid for life on all ECF cases in this district.

☐ **3) Email** (do not efile) the complaint and, for removals, the removal notice and all attachments, in PDF format within ten business days, following the instructions below. You do not need to wait for your registration to be completed to email the court.

☐ **4)** Access dockets and documents using **PACER** (Public Access to Court Electronic Records). If your firm already has a PACER account, please use that – it is not necessary to have an individual account. PACER registration is free. If you need to establish or check on an account, visit: **http://pacer.psc.uscourts.gov** or call **(800) 676-6856.**

BY SIGNING AND SUBMITTING TO THE COURT A REQUEST FOR AN ECF USER ID AND PASSWORD, YOU CONSENT TO ENTRY OF YOUR E-MAIL ADDRESS INTO THE COURT'S ELECTRONIC SERVICE REGISTRY FOR ELECTRONIC SERVICE ON YOU OF ALL E-FILED PAPERS, PURSUANT TO RULES 77 and 5(b)(2)(D) (eff. 12.1.01) OF THE FEDERAL RULES OF CIVIL PROCEDURE.

**All subsequent papers submitted by attorneys in this case shall be filed electronically. Unrepresented litigants must file and serve in paper form, unless prior leave to file electronically is obtained from the assigned judge.**

ECF registration forms, interactive tutorials and complete instructions for efiling may be found on the ECF website: **http://ecf.cand.uscourts.gov**

**Submitting Initiating Documents**
PDF versions of all the initiating documents originally submitted to the court (Complaint or Notice of Removal, exhibits, etc.) must be **emailed (not efiled)** to the **PDF email box for the presiding judge** (not the referring judge, if there is one) **within 10 (ten) business days** of the opening of your case.  For a complete list of the email addresses, please go to: **http://ecf.cand.uscourts.gov** and click on **[Judges]**.

You must include the case number and judge's initials in the subject line of all relevant emails to the court.  You do not need to wait for your registration to email these documents.

These documents must be emailed instead of e-filed to prevent duplicate entries in the ECF system.  All other documents must be e-filed from then on. You do not need to efile or email the Civil Cover Sheet, Summons, or any documents issued by the court at case opening; note that you do need to efile the Summons Returned.

**Converting Documents to PDF**
Conversion of a word processing document to a PDF file is required before any documents may be submitted to the Court's electronic filing system. Instructions for creating PDF files can be found at the ECF web site: **http://ecf.cand.uscourts.gov**, and click on **[FAQ]**.

**Email Guidelines:** When sending an email to the court, the subject line of the email **must** contain the **case number, judge's initials** and the **type of document(s)** you are sending, and/or the topic of the email.

**Examples:** The examples below assume your case number is 03-09999 before the Honorable Charles R. Breyer:

| Type of Document | Email Subject Line Text |
|---|---|
| Complaint Only | 03-09999 CRB Complaint |
| Complaint and Notice of Related Case | 03-09999 CRB Complaint, Related Case |
| Complaint and Motion for Temporary Restraining Order | 03-09999 CRB Complaint, TRO |

Version 5/14/2007

**Questions**
Almost all questions can be answered in our **FAQs** at
**http://ecf.cand.uscourts.gov**, please check them first.

You may also email the ECF Help Desk at ECFhelpdesk@cand.uscourts.gov or
call the toll-free ECF Help Desk number at: (866) 638-7829.

The ECF Help Desk is staffed Mondays through Fridays from
9:00am to 4:00pm Pacific time, excluding court holidays.

Version 5/14/2007

**CERTIFICATE OF SERVICE**

UNITED STATES DISTRICT COURT                )
                                            )    ss
NORTHERN DISTRICT OF CALIFORNIA             )

*California Water Service Co. v. The Dow Chemical Co., et al.*
.Case No. CIV-08-3267 SI

    I am employed in the County of San Francisco, State of California. I am over the age of 18 and not a party to this action. My business address is 450 Mission Street, Suite 400, San Francisco, CA 94105.

    On **July 17, 2008**, I served the following document described as:

**NOTICE OF SERVICE OF NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. § 1441(b) (ORIGINAL JURISDICTION)**

[ X ]   **(BY E-MAIL OR ELECTRONIC TRANSMISSION)** I caused the documents to be sent to the persons at the e-mail addressed listed bellow via ECF E-Filing for the U.S. District Court, Northern District of California. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

| | |
|---|---|
| Robert Brager, Esq.<br>BEVERIDGE & DIAMOND, P.C.<br>201 North Charles Street, Suite 2210<br>Baltimore, MD 21201-4150<br>Tel: (410) 230-3850<br>Fax: (410) 230-3868<br>Email: rbrager@bdlaw.com<br><br>Gary J. Smith, Esq.<br>Ryan R. Tacorda, Esq.<br>BEVERIDGE & DIAMOND, P.C.<br>456 Montgomery Street, Suite 1800<br>San Francisco, CA 94104-1251<br>Tel: (415) 262-4000<br>Fax: (415) 262-4040<br>Email: gsmith@bdlaw.com<br>    rtacorda@bdlaw.com | Attorneys for Defendant:<br>PPG INDUSTRIES, INC. |
| James H. Colopy, Esq.<br>Sarah F. Petermann, Esq.<br>Ruth Ann Castro, Esq.<br>FARELLA, BRAUN & MARTEL LLP<br>235 Montgomery Street, 17th Floor<br>San Francisco, CA 94104<br>Tel: (415) 954-4400<br>Fax: (415) 954-4480<br>Email: jcolopy@fbm.com | Attorneys for Defendant:<br>LEGACY VULCAN CORP, formerly known as VULCAN MATERIALS COMPANY |

| | |
|---|---|
| speterman@fbm.com<br>rcastro@fbm.com | |
| Jan A. Greben, Esq.<br>Jenna L. Motola, Esq.<br>GREBEN & ASSOCIATES<br>1332 Anacapa Street, Suite 110<br>Santa Barbara, CA 93101<br>Tel: (805) 963-9090<br>Fax: (805) 963-9098<br>Email: jan@grebenlaw.com<br>    jenna@grebenlaw.com | Attorneys for Defendant:<br>MCGREGOR SUPPLY COMPANY |

On **July 18, 2008**, I served the following document described as:

## NOTICE OF SERVICE OF NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. § 1441(b) (ORIGINAL JURISDICTION)

[ X ]   by placing true copies thereof in sealed envelope(s) addressed as follows:

### SEE ATTACHED SERVICE LIST

[ X ]   (**BY MAIL**)  I caused to such envelope to be deposited in the mail at San Francisco, California with postage thereon fully prepaid. I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. It is deposited with the U.S. Postal Service on that same day in the ordinary course of business. I am aware that on motion of party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after day of deposit for mailing in affidavit. Executed on July 18, 2008 at San Francisco, California.

[ X ]   **STATE**  I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Kristin Meyers

NOTICE OF SERVICE ON DEFENDANTS – Case No. CIV 08-3267 SI

**SERVICE LIST**

| Gennaro Filice, Esq.<br>Stephen J. Valen, Esq.<br>Nicholas Kayhan, Esq.<br>Daniel J. Nichols, Esq.<br>FILICE, BROWN, ESSA & MCLEOD, LLP<br>Lake Merritt Plaza, 18th Floor<br>1999 Harrison Street<br>Oakland, CA 94612-3408<br>Tel: (510) 444-3131<br>Fax: (510) 839-7940<br>Email: Gus.Filice@filicebrown.com<br>svalen@filicebrown.com<br>dnichols@filicebrown.com | Attorneys for Defendant:<br>THE DOW CHEMICAL COMPANY |
|---|---|
| Andrew T. Mortl, Esq.<br>GLYNN & FINLEY, LLP<br>One Walnut Creek Center<br>100 Pringle Avenue, Suite 500<br>Walnut Creek, CA 94596<br>Tel: (925) 210-2800<br>Email: amortl@glynnfinley.com | Attorneys for Defendant:<br>E.I. DUPONT DE NEMOURS AND<br>COMPANY |
| Stephen C. Lewis, Esq.<br>R. Morgan Gilhuly, Esq.<br>Donald E. Sobelman, Esq.<br>Maureen L. King, Esq.<br>BARG, COFFIN, LEWIS & TRAPP, LLP<br>350 California Street, 22nd Floor<br>San Francisco, CA 94104-1435<br>Tel: (415) 228-5400<br>Fax: (415) 228-5400<br>Email: scl@bcltlaw.com<br>rmg@bcltlaw.com<br>des@bcltlaw.com<br>mlk@bcltlaw.com | Attorneys for Defendant:<br>OCCIDENTAL CHEMICAL<br>CORPORATION |
| Steven H. Gurnee, Esq.<br>John A. Mason, Esq.<br>GURNEE & DANIELS LLP<br>2240 Douglas Blvd., Suite 150<br>Roseville, CA 95661-3805<br>Tel: (916) 797-3100<br>Fax: (916) 797-3131<br>Email: john@gurnee-law.com | Attorneys for Defendant:<br>VALERO ENERGY CORPORATION |
| Alexander M. Weyand, Esq.<br>PETERSON, WEYAND, MARTIN LLP<br>49 Stevenson Street, 10th Floor | Attorneys for Defendants:<br>BOWE-PERMAC, INC., individually and<br>d/b/a BOWE TEXTILE CLEANING, INC.; |

| | |
|---|---|
| San Francisco, CA 94105<br>Tel: (415) 399-2900<br>Email: aweyand@pwmlaw.com | SAIL STAR USA; VIC<br>MANUFACTURING CORPORATION |
| Richard S. Baron, Esq.<br>Brian H. Phinney, Esq.<br>FOLEY, BARON & METZGER, PLLC<br>33533 W. 12 Mile Road, Suite 350<br>Farmington Hills, MI 48331<br>Tel: (248) 488-1525<br>Email: rbaron@fbmlaw.com<br>       bphinney@fbmlaw.com | Attorneys for Defendant:<br>HOYT CORPORATION |
| Mandy L. Jeffcoach, Esq.<br>MCCORMICK BARSTOW LLP<br>5 River Park Place East<br>P.O. Box 28912<br>Fresno, CA 93720<br>Tel: (559) 433-1300<br>Fax: (559) 433-2300<br>Email:<br>mandy.jeffcoach@mccormickbarstow.com | |
| John B. Thomas, Esq.<br>John Deis, Esq.<br>Wade Whilden, Esq.<br>HICKS, THOMAS & LILIENSTERN, LLP<br>700 Louisiana, Suite 2000<br>Houston, TX 77002<br>Tel: (713) 547-9100<br>Fax: (713) 547-9150<br>Email: jdeis@hicks-thomas.com | Attorneys for Defendant:<br>R.R. STREET & CO., INC. |
| Kristin N. Reyna, Esq.<br>GORDON & REES, LLP<br>101 W. Broadway, Suite 2000<br>San Diego, CA 92101<br>Tel: (619) 696-6700<br>Email: kreyna@gordonrees.com | Attorneys for Defendant:<br>MCGRAW EDISON COMPANY,<br>individually and d/b/a AMERICAN<br>LAUNDRY MACHINERY, INC. |
| Christopher M. Bechhold, Esq.<br>THOMPSON HINE<br>312 Walnut Street, 14th Floor<br>Cincinnati, OH 45202-4089<br>Tel: (513) 352-6700<br>Email:<br>Chris.Bechhold@ThompsonHine.com | Attorneys for Defendant:<br>AMERICAN LAUNDRY MACHINERY,<br>INC., individually and d/b/a AJAX<br>MANUFACTURING DIVISION AND<br>MARTIN EQUIPMENT |
| Orlyn O. Lockard, III, Esq.<br>ALSTON & BIRD, LLP<br>1201 West Peachtree Street, SW<br>Atlanta, GA 30309-3424<br>Tel: (404) 881-7126 | Attorneys for Defendants:<br>WHITE CONSOLIDATED INDUSTRIES,<br>INC.; ELECTROLUX CORPORATION |

| | |
|---|---|
| Email: skip.lockard@alston.com | |
| Anthony S. Cannatella, Esq.<br>LAW OFFICES OF ANTHONY S. CANNATELLA<br>53 Orchard Street<br>New York, NY 10002-5414<br>Tel: (516) 472-7300<br>Email: acannatella@acannatella.com | Attorneys for Defendant:<br>COLUMBIA DRYCLEANING<br>MACHINES, a/k/a COLUMBIA/ ILSA<br>MACHINES CORP. |
| John B. Thomas<br>Brian A. Abramson, Esq.<br>HICKS, THOMAS & LILIENSTERN, LLP<br>700 Louisiana, Suite 2000<br>Houston, TX 77002<br>Tel: (713) 547-9100<br>Fax: (713) 547-9150<br>Email: babramson@hicks-thomas.com | Attorneys for Defendants:<br>REALSTAR, INC., individually and d/b/a<br>REALSTAR USA; FIRBIMATIC |
| Richard T. Petrillo, Esq.<br>PINO & ASSOCIATES, LLP<br>Westchester Financial Center<br>50 Main Street<br>White Plains, NY 10606<br>Tel: (914) 946-0600<br>Fax: (914) 946-0650<br>Email: rpetrillo@pinolaw.com<br><br>John B. Thomas<br>Brian A. Abramson, Esq.<br>HICKS, THOMAS & LILIENSTERN, LLP<br>700 Louisiana, Suite 2000<br>Houston, TX 77002<br>Tel: (713) 547-9100<br>Fax: (713) 547-9150<br>Email: babramson@hicks-thomas.com | Attorneys for Defendant:<br>MONDIAL DRYCLEANING PRODUCTS,<br>INC. (improperly named UNION<br>DRYCLEANING PRODUCTS USA) |
| Leonard Alterman<br>9116 Cypress Green Dr.<br>Jacksonville, FL 32256 | Defendant:<br>AMA UNIVERSAL |
| Thomas H. Clarke, Jr., Esq.<br>ROPERS, MAJESKI, KOHN, BENTLEY<br>201 Spear Street, Suite 1000<br>San Francisco, CA 94105<br>Tel: (415) 543-4800<br>Email: tclarke@ropers.com | Attorneys for Defendant:<br>FORENTA LP |
| Nicole Kim<br>1261 N. Patt Street<br>Anaheim, CA 92801<br>Tel: (714) 871-8990<br>Email: nicollkim@hotmail.com | Defendant:<br>WESTERN MULTITEX CORP. |

NOTICE OF SERVICE ON DEFENDANTS -- Case No. CIV 08-3267 SI

| | |
|---|---|
| R.L. Wilkinson<br>9606 Huebner Road<br>San Antonio, TX 78240-1511 | Defendant:<br>MARVEL MANUFACTURING<br>COMPANY |
| Stephen A. Spataro, Esq.<br>SPATARO & ASSOCIATES<br>100 Wilshire Blvd., Suite 200<br>Santa Monica, CA 90401-1111<br>Tel: (310) 917-4557<br>Email: steve@spataro.com | Attorneys for Defendants:<br>RENZACCI OF AMERICA, INC.;<br>KELLEHER EQUIPMENT SUPPLY, INC. |
| A. Raymond Hamrick, III, Esq.<br>HAMRICK & EVANS, LLP<br>10 Universal City Plaza, Suite 2200<br>Universal City, CA 91608-1009<br>Tel: (818) 763-5292<br>Email: aray@hamricklaw.com | Attorneys for Defendant:<br>M.B.L., INC. |
| Roland E. The, Esq.<br>BRYDON, HUGO & PARKER LLP<br>135 Main Street, 20th Floor<br>San Francisco, CA 94105-1812<br>Tel: (415) 399-2900<br>Email: rthe@bhplaw.com | Attorneys for Defendant:<br>GOSS-JEWETT CO. OF NORTHERN<br>CALIFORNIA |
| Sang Cho<br>14029 Catalina Street<br>San Leandro, CA 94557<br>Tel: (510) 667-9614 | Defendant:<br>S.B. SUPPLY INC. |
| Gail Sanders<br>P.O. Box 310<br>Burbank, CA 91503<br>Tel: (818) 840-8900<br>Email: sanderswashex@aol.com | Defendant:<br>WASHEX MACHINERY OF<br>CALIFORNIA, INC. |
| David A. Melton, Esq.<br>PORTER SCOTT<br>350 University Ave., Suite 200<br>Sacramento, CA 95825<br>Tel: (916) 929-1481 ext. 308<br>Email: dmelton@porterscott.com | Attorneys for Defendant:<br>WORKROOM SUPPLY, INC. |
| William H. Kochenderfer<br>TELLES, WALKER & KOCHENDERFER, LLP<br>Auburn, CA 95603<br>Tel: (530) 887-1456<br>Fax: (530) 887-9417<br>Email: wkochenderfer@cs.com | Defendant:<br>TAYLOR HOUSEMAN, INC. |

NOTICE OF SERVICE ON DEFENDANTS – Case No. CIV 08-3267 SI

| | |
|---|---|
| 1 | Patrick M. Maloney, Esq.<br>BAUTE & TIDUS LLP<br>777 Figueroa St. #4900<br>Los Angeles, CA 900017<br>Tel: (213) 630-5000<br>Email: PMaloney@bautelaw.com | Attorneys for Defendant:<br>UNITED FABRICARE SUPPLY, INC. |
| 2 | | |
| 3 | | |
| 4 | | |
| 5 | Probal G. Young, Esq.<br>ARCHER NORRIS<br>2033 N. Main Street, Suite 800<br>Walnut Creek, CA 94596<br>Tel: (925) 930-6600<br>Fax: (925) 930-6620<br>Email: pyoung@archernorris.com | Attorneys for Defendant:<br>ECHCO SALES INC. |
| 6 | | |
| 7 | | |
| 8 | | |
| 9 | Michael Wee<br>M.W. Equipment, Inc.<br>1130 N. Pacific Avenue<br>Glendale, CA 91202<br>Tel: (818) 768-0207<br>Fax: (818) 768-3191 | Defendant:<br>MW EQUIPMENT |
| 10 | | |
| 11 | | |
| 12 | | |
| 13 | Arthur Kajiwara<br>Arthur Kajiwara Equipment Company<br>2129 Troy Avenue<br>South El Monte, CA 91733-2535 | Defendant:<br>ARTHUR KAJIWARA EQUIPMENT CO.,<br>INC. |
| 14 | | |
| 15 | | |
| 16 | Kenneth Park<br>3061 E. La Jolla Street, Suite A<br>Anaheim, CA 92806<br>Tel: (714) 666-2777<br>Email: usmachin@sbcglobal.net | Defendant:<br>US MACHINERY & ENGINEERING CO.,<br>INC. |
| 17 | | |
| 18 | | |
| 19 | Mark B. Gilmartin, Esq.<br>LAW OFFICES OF MARK B. GILMARTIN<br>1534 17th Street, Suite 1703<br>Santa Monica, CA 90404-3452<br>Tel: (310) 310-2644<br>Email: mbgilmartin@earthlink.net | Attorneys for Defendant:<br>WYATT-BENNETT |
| 20 | | |
| 21 | | |
| 22 | | |
| 23 | Thomas W. Hood, Esq<br>HOOD & REED<br>18141 Beach Blvd., Suite 390<br>Huntington Beach, CA 92648<br>Tel: (714) 842-6837<br>Email: hoodlaw@aol.com | Attorneys for Defendant:<br>CORBETT EQUIPMENT |
| 24 | | |
| 25 | | |
| 26 | | |
| 27 | Daniel C. Damon<br>715 Army Street<br>San Francisco, CA 94124 | Defendant:<br>FULLER SUPPLY COMPANY |
| 28 | | |

NOTICE OF SERVICE ON DEFENDANTS – Case No. CIV 08-3267 SI