Victor M. Sher, SBN 96197
vsher@sherleff.com
Todd E. Robins, SBN 191853
trobins@sherleff.com
Marnie E. Riddle, SBN 233732
mriddle@sherleff.com
SHER LEFF LLP
450 Mission Street, Suite 400
San Francisco, CA 94105
Telephone: (415) 348-8300
Facsimile: (415) 348-8333

Scott Summy, *Admitted in Texas, SBN 19507500*
ssummy@baronbudd.com
Cary McDougal, *Admitted in Texas, SBN 13569600*
cmcdougal@baronbudd.com
Carla Burke, *Admitted in Texas, SBN 24012490*
cburke@baronbudd.com
Celeste Evangelisti, SBN 225232
cevangel@baronbudd.com
BARON & BUDD, P.C.
3102 Oak Lawn Avenue, Suite 1100
Dallas, TX 75219-4281
Telephone: (214) 523-6267
Facsimile: (214) 520-1181

Attorneys for Plaintiff
CALIFORNIA WATER SERVICE COMPANY

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CALIFORNIA WATER SERVICE COMPANY,<br><br>                    Plaintiff,<br><br>          vs.<br><br>THE DOW CHEMICAL COMPANY; E.I. DUPONT DE NEMOURS AND COMPANY; PPG INDUSTRIES, INC.; VULCAN MATERIALS COMPANY; OCCIDENTAL CHEMICAL CORPORATION; VALERO ENERGY CORPORATION; STAUFFER CHEMICAL COMPANY; BOWE-PERMAC, INC., individually and d/b/a BOWE TEXTILE CLEANING, INC.; HOYT CORPORATION; | **CASE NO. CIV-08-03267 SI**<br><br>**PLAINTIFF CALIFORNIA WATER SERVICE COMPANY 'S NOTICE OF MOTION AND MOTION FOR REMAND**<br><br>**Hearing Date: October 31, 2008**<br>**Time: 9:00 a.m.**<br>**Department: 10**<br><br>**Hon. Susan Y. Illston** |

1  R.R. STREET & CO., INC.; MCGRAW
   EDISON COMPANY, individually and d/b/a
2  AMERICAN LAUNDRY MACHINERY, INC.,
   AMERICAN LAUNDRY MACHINERY, INC.,
3  individually and d/b/a AJAX
   MANUFACTURING DIVISION AND
4  MARTIN EQUIPMENT, WHITE
   CONSOLIDATED INDUSTRIES, INC.,
5  individually and d/b/a WASHEX
   MACHINERY DIVISION, ELECTROLUX
6  CORPORATION, LINDUS S.R.L., individually
   and d/b/a LINDUS WEST, COLUMBIA
7  DRYCLEANING MACHINES, a/k/a
   COLUMBIA/ILSA MACHINES CORP.,
8  REALSTAR, INC., individually and d/b/a
   REALSTAR USA, UNION DRYCLEANING
9  PRODUCTS USA, FIRBIMATIC,
   BERGPARMA OF AMERICA, LLC, AMA
10 UNIVERSAL, FLUORMATIC MIDWEST
   LTD., FORENTA LP, WESTERN MULTITEX
11 CORP., MARVEL MANUFACTURING,
   RENZACCI OF AMERICA, SAIL STAR USA,
12 VIC MANUFACTURING CORPORATION,
   M.B.L., INC., GOSS-JEWETT CO. OF
13 NORTHERN CALIFORNIA, MCGREGOR
   SUPPLY COMPANY, S.B. SUPPLY INC.,
14 WASHEX MACHINERY OF CALIFORNIA,
   INC., WORKROOM SUPPLY, INC., TAYLOR
15 HOUSEMAN, INC., UNITED FABRICARE
   SUPPLY, INC., ECHCO SALES INC., MW
16 EQUIPMENT, ARTHUR KAJIWARA
   EQUIPMENT CO., INC., KELLEHER
17 EQUIPMENT SUPPLY, INC., US
   MACHINERY & ENGINEERING CO., INC.,
18 WYATT-BENNETT, CORBETT
   EQUIPMENT, FULLER SUPPLY
19 COMPANY, SAV-ON MACHINERY
   COMPANY, INC. and DOES 1 through 750,
20 INCLUSIVE,

21          Defendants.

22

23

24

25

26

27

28

1

## TABLE OF CONTENTS

2

I.    INTRODUCTION ................................................................................................ 2

II.    BACKGROUND ................................................................................................. 4

III.    STANDARD OF REVIEW ................................................................................ 5

IV.    ARGUMENT ...................................................................................................... 5

    A.    This Court Lacks Jurisdiction Because Removal Was Procedurally Defective .......... 5

    B.    This Court Lacks Subject Matter Jurisdiction Over This Case ...................................... 8

        1.    CERCLA Does Not Completely Preempt Plaintiff's Eighth Cause of Action ............................................................................................. 11

        2.    This Case Does Not Implicate a "Substantial Federal Question." ................. 15

        3.    Nothing In Plaintiff's Suit "Challenges" CERCLA's Remediation or Contribution Schemes ................................................................. 18

    C.    This Court Should Remand All Causes of Action in this Case. ................................ 19

    D.    Plaintiff Requests An Award of Attorneys' Fees and Costs ....................................... 20

V.    CONCLUSION .................................................................................................. 21

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

2

**TABLE OF AUTHORITIES**

3

## FEDERAL CASES

4

*Agrico Chemical Co. v. The Williams Companies, Inc.*,

5
      2005 WL 2044942 (N.D.Fla.) ........................................................................ 17

6

*Anne Arundel County v. United Pac. Ins. Co.*,

7
      905 F.Supp. 277 (D.Md.1995) .......................................................................... 7

8

*ARCO Environmental Remediation, L.L.C. v. Montana*,

9
      213 F.3d 1108 (9th Cir.2000) ................................................................... *passim*

10

*Avco v. Aero Lodge No. 735*,

11
      390 U.S. 557 (1968) ........................................................................................ 11

12

*Bedford Affiliates v. Sills*,

13
      156 F.3d 416 (2d Cir. 1998) ............................................................................ 13

14

*Bellone v. Roxbury Homes, Inc.*,

15
      748 F.Supp. 434 (W.D.Va.1990) ...................................................................... 7

16

*Beneficial Nat'l Bank v. Anderson*,

17
      539 U.S. 1 (2003) ........................................................................................... 11

18

*Braco v. MCI Worldcom Communications, Inc.*,

19
      138 F.Supp.2d 1260 (C.D.Cal.2001) ............................................................. 11

20

*Brennan v. Southwest Airlines Co.*,

21
      134 F.3d 1405 (9th Cir. 1998). ....................................................................... 15

22

*Caldwell Trucking PRP Group v. Caldwell Trucking Co., Inc.*,

23
      154 F.Supp.2d 870 (D.N.J. 2001) ................................................................... 12

24

*Castle v. Laurel Creek Co.*,

25
      848 F.Supp. 62 (S.D.W.Va.1994) .................................................................... 7

26

*Caterpillar Inc. v. Williams*,

27
      482 U.S. 386 (1987) .................................................................................... 9, 16

28

*Chicago, Rock Island & Pac. R.R. Co. v. Martin*,

      178 U.S. 245 (1900) ......................................................................................... 8

*Duncan v. Stuetzle,*

 76 F.3d 1480 (9th Cir.1996) ................................................................................................ 16

*Easton v. Crossland Mortgage Corp.,*

 114 F.3d 979 (9th Cir.1997) .................................................................................................. 9

*Empire Healthchoice Assurance, Inc. v. McVeigh,*

 547 U.S. 677 (2006)................................................................................................................ 11

*Emrich v. Touche Ross & Co,*

 846 F.2d 1190 (9th Cir. 1988) ................................................................................................ 6

*Fort Ord Toxics Project, Inc. v. California Envtl., Protection Agency,*

 189 F.3d 828 (9th Cir.1999) ................................................................................................. 19

*Franchise Tax Bd. of California v. Construction Laborers Vacation Trust for S. California,*

 463 U.S. 1 (1983)................................................................................................................... 13

*Gully v. First National Bank*, 299 U.S. 109 (1936); *Karambelas v. Hughes Aircraft Co.,*

 992 F.2d 971, 975 (9th Cir.1993) ........................................................................................... 9

*Hall v. North American Van Lines, Inc.,*

 476 F.3d 683 (9th Cir. 2007) ................................................................................................ 11

*Harrell v. 20th Century Ins. Co.,*

 934 F.2d 203 (9th Cir.1991) ............................................................................................ 19, 20

*Henry v. Independent American Sav. Ass'n,*

 857 F.2d 995 (5th Cir. 1988) .................................................................................................. 7

*Hewitt v. City of Stanton*,

 798 F.2d 1230 (9th Cir. 1986) ................................................................................................ 6

*Holmes Group, Inc. v. Vornado Air Circulation Systems, Inc.,*

 535 U.S. 826 (2002)................................................................................................................. 3

*Hudson Ins. Co. v. American Elec. Corp.,*

 957 F.2d 826 (11th Cir.1992) ............................................................................................... 12

*In re California Retail Natural Gas and Electricity Antitrust Litigation,*

 170 F.Supp.2d 1052 (D. Nev. 2001) ..................................................................................... 11

*In re Methyl Tertiary Butyl Ether ("MTBE") Products Liability Litigation*,
  488 F.3d 112 (2d Cir. 2007)..........................................................................7

*In re Reading Co.*,
  115 F.3d 1111 (3d Cir.1997)........................................................................14

*Lippitt v. Raymond James Financial Services, Inc.*,
  340 F.3d 1033 (9th Cir. 2003) .............................................................10, 17

*Louisville & Nashville R.R. v. Mottley*,
  211 U.S. 149 (1908)......................................................................................5

*Manor Care, Inc. v. Yaskin*,
  950 F.2d 122 (3d Cir.1991)..........................................................................12

*Marcus v. AT & T Corp.*,
  138 F.3d 46 (2d Cir.1998)............................................................................12

*Marriage of Nasca v. PeopleSoft*,
  87 F.Supp.2d 967 (N.D. Cal. 1999) .............................................................14

*Metropolitan Life Ins. Co v. Taylor*,
  481 U.S. 58 (1987)................................................................................*passim*

*Moore v. Permanente Medical Group, Inc.*,
  981 F.2d 443 (9th Cir.1992) .........................................................................21

*Morris v. Princess Cruises, Inc.*,
  236 F.3d 1061 (9th Cir. 2001) .......................................................................7

*Morton Intern., Inc. v. A.E. Staley Mfg Co.*,
  343 F.3d 669 ................................................................................................14

*MSOF v. Exxon Corp.*,
  295 F.3d 485 (5th Cir. 2002) .......................................................................12

*New Jersey Dept. of Environmental Protection v. Minnesota Min. & Mfg. Co.*,
  2007 WL 2027916 (D.N.J. 2007) ................................................................12

*New Mexico v. General Elec. Co.*,
  467 F.3d 1223 (10th Cir. 2006) ...................................................................12

*New York v. Shore Realty Corp.,*

    759 F.2d 1032 (2d Cir.1985) ............................................................... 13

*Prize Frize, Inc. v. Matrix (U.S.) Inc.,*

    167 F.3d 1261 (9th Cir. 1999), ....................................................... 6, 8

*Production Stamping v. Maryland Casualty Co.,*

    829 F.Supp. 1074 (E.D.Wis.1993) .......................................................... 8

*Railway Labor Executives Ass'n v. Pittsburgh & Lake Erie R.R. Co.,*

    858 F.2d 936 (3d Cir.1988) .................................................................. 14

*Rains v. Criterion Sys., Inc.,*

    80 F.3d 339 (9th Cir.1996) ........................................................... *passim*

*Raytheon Constructors, Inc. v. Asarco Inc.,*

    2000 U.S. Dist LEXIS 6069 at *85 (D.Colo. Mar. 31, 2000) ................... 14

*Rivet v. Regions Bank of Louisiana,*

    522 U.S. 470 (1998) ............................................................................. 14

*Roskind v. Morgan Stanley Dean Witter & Co.,*

    165 F.Supp.2d 1059 (N.D.Cal.2001) ..................................................... 18

*Salveson v. Western States Bankcard Ass'n ,*

    731 F.2d 1423 (9th Cir. 1984) ......................................................... 7, 10

*Scheall v. Ingram,*

    930 F.Supp. 1448 (D.Colo.1996) ............................................................ 7

*United Computer Sys., Inc. v. AT & T Corp.,*

    298 F.3d 756 (9th Cir.2002) ................................................................... 6

*Valles v. Ivy Hill Corp.,*

    410 F.3d 1071 (9th Cir. 2005) .............................................................. 11

*Valley Mines, Inc. v. Hartford Acc. & Indem. Co.,*

    644 F.2d 1310 (9th Cir. 1981) .............................................................. 7

## STATE CASES

*American Motorcycle Assn. v. Superior Court,*

    20 Cal.3d 578 (1978) ..................................................................... *passim*

Plaintiff's Notice of Motion and Motion for Remand – Case No. CIV-08-03267 SI

*City of Modesto Redevelopment Agency v. Superior Court,*

    119 Cal.App.4th 28 (2004) ........................................................................ 4

*Evangelatos v. Superior Court,*

    44 Cal.3d 1188 (1988) ........................................................................ 10

*Miller v. Ellis,*

    103 Cal.App.4th 373 (2002) ........................................................................ 9

*Phoenix Ins. Co. v. United States Fire Ins. Co.,*

    189 Cal.App.3d 1511 (1987) ........................................................................ 15

*Seamen's Bank v. Superior Court,*

    190 Cal.App.3d 1485 (1987) ........................................................................ 15

*Selma Pressure Treating Co. v. Osmose Wood Preserving Co.,*

    221 Cal.App.3d 1601 (1990) ........................................................................ 10, 15

*Western Steamship Lines, Inc. v. San Pedro Peninsula Hospital,*

    8 Cal.4th 100 (1994) ........................................................................ 10

## **FEDERAL STATUTES**

28 U.S.C. § 1331 ........................................................................................... 9

28 U.S.C. § 1446(a) ...................................................................................... 6

28 USC § 1446(b) ......................................................................................... 8

28 U.S.C. § 1447(c) ............................................................................ *passim*

42 U.S.C. § 9614(a) ...................................................................................... 12

42 U.S.C. § 9672 ........................................................................................... 12

42 U.S.C. §§ 9601 *et seq.* .................................................................. *passim*

1

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

2

3      Please take notice that on October 31, at 9:00 a.m. or as soon thereafter as the matter may be

4  heard, in the U.S. District Court for the Northern District of California, San Francisco Division, 450

5  Golden Gate Avenue, San Francisco, California, Courtroom 10, Plaintiff California Water Service

6  Company ("Plaintiff") will, and hereby does, move this Court for an order remanding the above-

7  entitled action to the California Superior Court, on the grounds that the notice of removal is

8  procedurally defective because the removing defendant has failed to obtain consent or explain why

9  consent is not required from each other defendant, and that this Court lacks jurisdiction over the

10 action because Plaintiff has not asserted a federal claim.

11     By this Motion, Plaintiff respectfully requests that the Court enter: (1) an Order remanding

12 this case to the Superior Court of California, San Mateo County; (2) an Order awarding Plaintiff its

13 costs, including reasonable attorney's fees, incurred in connection with the removal of this action to

14 federal court pursuant to 28 U.S.C. § 1447(c); and (3) for all other relief that this Court deems just

15 and proper.  This motion is based on the accompanying memorandum of points and authorities in

16 support thereof, the accompanying Declaration of Marnie E. Riddle, all pleadings on file in this case,

17 and such other evidence as this Court deems proper.

18

19 Dated:      August 6, 2008                    Respectfully submitted,

20                                               SHER LEFF LLP

21

22

23                                   By:     ___/s/ Marnie E. Riddle_____

24                                           VICTOR M. SHER
                                             TODD E. ROBINS
25                                           MARNIE E. RIDDLE
                                             450 Mission Street, Suite 400
26                                           San Francisco, CA 94105
                                             Phone:  (415) 348-8300
27                                           Fax:     (415) 348-8333
                                             On behalf of plaintiff
28                                           California Water Service Company

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
PLAINTIFF'S MOTION FOR REMAND**

## I.  INTRODUCTION

The Court should remand this action to the Superior Court of San Mateo County, California, where Plaintiff California Water Service Company ("Plaintiff") originally filed it, because the notice of removal is defective on its face and because no basis for federal subject matter jurisdiction exists. Plaintiff is a publicly regulated water utility whose drinking water wells are contaminated with the toxic chemical perchloroethylene ("PCE").  Plaintiff asserts eight purely state-law causes of action against the chemical and equipment manufacturers and distributors responsible for the contamination, including a claim for common law equitable indemnity arising out of a consent decree entered into by Plaintiff and the California Department of Toxic Substances Control ("DTSC") following a CERCLA[1] enforcement action brought by DTSC.  Defendant PPG Industries, Inc. ("PPG") removed this case to federal court on the meritless grounds that Plaintiff's equitable indemnity claim was an artfully pleaded, exclusively federal cause of action.

PPG's removal fails for at least the following reasons:

1.  *The removal is procedurally defective because it lacks consent of all defendants*.  The right of removal is shared among all defendants, and all defendants must join in or consent to removal (with few exceptions that do not apply here).  *Hewitt v. City of Stanton*, 798 F.2d 1230, 1232 (9th Cir. 1986).  Because PPG did not obtain the required consent or joinder from defendant MW Equipment, the removal fails.

2.  *Plaintiff's choice to proceed under a state claim for equitable indemnity does not support federal jurisdiction because CERCLA does not completely preempt such state claims.*  PPG's assertion that Plaintiff's equitable indemnity claim is really a CERCLA contribution claim (PPG

---

[1] CERCLA is the Comprehensive Environmental Response, Compensation and Liability Act, 42 U.S.C. §§ 9601 *et seq.*

Notice of Removal ("Ntc.Rem.") at 5) – over which the federal courts would have exclusive original

jurisdiction – misses the mark.  Even if Plaintiff's equitable indemnity claim met all of the

requirements of a CERCLA contribution claim, Plaintiff is "the master of the complaint" and may

choose to plead an exclusively state-law-based cause of action unless a federal statute completely

preempts that state law claim.  *Holmes Group, Inc. v. Vornado Air Circulation Systems, Inc.*, 535

U.S. 826, 831 (2002); *ARCO Environmental Remediation, L.L.C. v. Montana,* 213 F.3d 1108, 1114

(9th Cir.2000) ("*ARCO*") (no complete CERCLA preemption of state law).  It is well-established,

however, that CERCLA does not completely preempt state law indemnity claims, and to the extent

such claims may conflict with CERCLA, Defendants may only raise conflict preemption as a

defense – an invalid basis for removal.  *ARCO,* 213 F.3d at 1114.

   3. *Plaintiff's equitable indemnity claim does not pose a "substantial federal question" so as*
*to fall under this Court's jurisdiction.*  A claim cannot be removed as a "substantial federal question"

claim if the claim can rest independently on state-law authority.  *Rains v. Criterion Sys., Inc.,* 80

F.3d 339, 344 (9th Cir.1996) (no federal jurisdiction where plaintiff brought a state law claim and

cited a federal statute as an *alternative* basis for an element of the claim).  Here, Plaintiff's equitable

indemnity claim rests independently on California law and a court need not invoke CERCLA in

order to ascertain Defendants' liability.  Under state law, to state an equitable indemnity claim,

Plaintiff need only show that Defendant *caused* the harm for which Plaintiff paid damages – a fact-

based determination – not that Defendant violated CERCLA in so doing.  *American Motorcycle*

*Assn. v. Superior Court* (1978) 20 Cal.3d 578, 608 (equitable indemnity doctrine apportions liability

among tortfeasors who in fact caused harm).

   4. *Plaintiff's equitable indemnity claim does not pose an impermissible "challenge" to any*
*CERCLA cleanup, or to the schemes underlying CERCLA cleanups.*  Plaintiff does not seek to alter

any CERCLA-established remediation measures or environmental standards.  *ARCO, supra*, 213 F.3d at 1114-15.  Thus, no basis for removal exists.  *Id.*

In short, the removal notice contains a fatal procedural defect and the Court lacks subject matter jurisdiction.  Accordingly, the Court should remand the case back to California state courts. *See* 28 U.S.C. § 1447(c).

## II.  BACKGROUND

Cal Water commenced this action in San Mateo County Superior Court on May 22, 2008. Defendant PPG was served on June 6, 2008.  (Notice of Removal of Action Under 28 U.S.C. § 1441(b) (Original Jurisdiction), filed July 7, 2008 ("Ntc.Rem.") at ¶ 2.)  On July 7, 2008, PPG filed a Notice of Removal of Action Under 28 U.S.C. § 1441(b) (Original Jurisdiction).  On July 8, 2008, Plaintiff's counsel received a Notice of Removal to Federal Court.  Plaintiff timely filed this motion to remand based on both procedural defect and lack of jurisdiction under 28 U.S.C. § 1447(c).

Plaintiff's Complaint raises eight state-law causes of action:  (1) strict products liability (design defect), (2) strict products liability (failure to warn), (3) nuisance, (4) trespass, (5) negligence, (6) negligence *per se*, (7) Civil Code violations, and (8) equitable indemnity.  The eighth cause of action, based on common-law principles of equitable indemnity, relates to an enforcement action pursued against Plaintiff by DTSC that arose out of PCE contamination of Plaintiff's wells in Chico, California.  Complaint at ¶ 159.  Plaintiff's liability for damages pursuant to a settlement with DTSC, however, is due entirely to Defendants' negligent, tortious, and malicious conduct as set forth elsewhere in the Complaint (on Plaintiff's information and belief).  *Id.* at ¶¶ 160, 161.  The conduct giving rise to Plaintiff's right of indemnification focuses on the Defendants' roles in manufacturing, distributing, promoting and marketing PCE and equipment designed for use with PCE.  *Id.* at ¶¶ 18, 42, 62.  *Cf. City of Modesto Redevelopment Agency v. Superior Court* (2004), 119 Cal.App.4th 28

(chemical and equipment manufacturers' liability under state law for nuisance and related claims arising out of PCE contamination).

PPG's Notice of Removal states that removal was proper because Plaintiff's eighth cause of action, though labeled as a claim for equitable indemnity, in fact set forth a claim for contribution under CERCLA, over which federal courts have exclusive original jurisdiction.  (Ntc.Rem. at 4-5.)  This is incorrect and, as explained below, none of PPG's arguments in support of removal has merit.

### III.  STANDARD OF REVIEW

The party invoking removal bears the burden of establishing federal jurisdiction. *Harris v. Provident Life and Acc. Ins. Co.,* 26 F.3d 930, 932 (9th Cir.1994).  Courts apply "a strong presumption against removal jurisdiction." *Emrich v. Touche Ross & Co.,* 846 F.2d 1190, 1195 (9th Cir.1988) (federal jurisdiction must be rejected if there is any doubt as to the right of removal); *Libhart v. Santa Monica Dairy Co.,* 592 F.2d 1062, 1064 (9th Cir.1979); *see also Acuna v. Brown & Root,* 200 F.3d 335, 339 (5th Cir. 2000) ("doubts regarding whether removal jurisdiction is proper should be resolved against federal jurisdiction"); *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1095 (11th Cir. 1994) ("where plaintiff and defendant clash about jurisdiction, uncertainties are resolved in favor of remand").

The existence of federal jurisdiction on removal must be determined on the face of the plaintiff's complaint.  *See Louisville & Nashville R.R. v. Mottley,* 211 U.S. 149 (1908).  A "cause of action arises under federal law only when the plaintiff's well pleaded complaint raises issues of federal law." *Metropolitan Life Ins. Co v. Taylor,* 481 U.S. 58, 63 (1987).  Defendants not only removed this action with a procedurally deficient Notice, but have also failed to meet their burden of demonstrating that federal jurisdiction exists.

### IV.  ARGUMENT

**A.    This Court Lacks Jurisdiction Because Removal Was Procedurally Defective**

PPG filed its Notice of Removal without obtaining the consent or joinder of Defendant MW Equipment.[2]  Plaintiff served MW Equipment on June 11, 2008, well before PPG removed the case.  *See* Proof of Service Summons (Jun. 17, 2008), attached as Exhibit 1 to the Declaration of Marnie E. Riddle filed concurrently herewith.  Instead of either alleging that MW Equipment had not been served or explaining why another exception should apply, PPG simply stated that MW Equipment had been "contacted" about joining in or consenting to this Notice, but failed to allege that MW Equipment ever in fact joined or consented.  (Ntc.Rem. at 3.)

PPG's failure to obtain MW Equipment's consent is fatal to the removal.  Where there are several defendants in an action, the right to remove belongs to them jointly, and all defendants who may properly join in the removal notice *must* join.  If any defendant does not join or consent to removal, the action cannot be removed.  *United Computer Sys., Inc. v. AT & T Corp.,* 298 F.3d 756, 762 (9th Cir.2002) ("the usual rule is that all defendants in an action in a state court must join in a petition for removal"); *Hewitt v. City of Stanton*, 798 F.2d 1230, 1232 (9th Cir. 1986) ("All defendants must join in a removal petition with the exception of nominal parties"); 28 U.S.C. § 1446(a).  Therefore, "[w]here fewer than all the defendants have joined in a removal action, the removing party has the burden under section 1446(a) to explain affirmatively the absence of any co-defendants in the notice for removal."  *Prize Frize, Inc. v. Matrix (U.S.) Inc.,*167 F.3d 1261, 1266 (9th Cir. 1999), *superseded by statute on other grounds as stated in Abrego Abrego v. The Dow Chemical Co.,* 443 F.3d 676, 681 (9th Cir. 2006)).

The rule is clear that only limited circumstances may excuse the failure to join all co-defendants in the notice.  *See, e.g., Emrich v. Touche Ross & Co,* 846 F.2d 1190, 1193 (9th Cir. 1988) ("all defendants in a state action must join in the petition for removal, except for nominal, unknown or fraudulently joined parties").  In particular, removal requires unanimity unless:

---

[2] The Complaint names MW Equipment in ¶¶ 53, 62.

(a) the non-joined defendant had not been served by the removal date (*Salveson v. Western States Bankcard Ass'n* , 731 F.2d 1423, 1429 (9th Cir. 1984));

(b) the non-joined defendant is merely a nominal party or sham defendant (*Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1067 (9th Cir. 2001));[3]

(c) the non-joined defendant is not a defendant to the removed claim, and the removed claim is separate and independent of nonremovable claims against that non-joined defendant (*Henry v. Independent American Sav. Ass'n*, 857 F.2d 995, 999 (5th Cir. 1988)); or

(d) the removal is by the United States, a federal agency, or a federal officer sued for acts under color of office (*Ely Valley Mines, Inc. v. Hartford Acc. & Indem. Co.,* 644 F.2d 1310, 1314 (9th Cir. 1981)).

None of these circumstances exists in this case.  In their absence, federal courts uniformly remand actions to state courts.  *See, e.g., Scheall v. Ingram,* 930 F.Supp. 1448, 1449 (D.Colo.1996) (remanding case because removal petition failed to explain absence of co-defendants' consent; *Anne Arundel County v. United Pac. Ins. Co.,* 905 F.Supp. 277, 278-79 (D.Md.1995) (movant's failure to explain why co-defendant had not joined the notice of removal required a remand); *Castle v. Laurel Creek Co.,* 848 F.Supp. 62, 66 (S.D.W.Va.1994) (removing party failed to include allegation of fraudulent joinder to defeat diversity in notice of removal; case remanded because failure to include this allegation in notice of removal was a substantial and material defect ); *Bellone v. Roxbury Homes, Inc.,* 748 F.Supp. 434, 437 n. 1 (W.D.Va.1990) (court refused attempt to amend notice of removal that failed to indicate consent of a co-defendant or explain its absence; amendment not "minor" amendment contemplated by the removal statute).  The unanimous-joinder rule applies even where, as here, the notice of removal rests on an argument that federal law preempts plaintiff's cause of action or raises a substantial federal question.  *In re Methyl Tertiary Butyl Ether ("MTBE") Products Liability Litigation*, 488 F.3d 112, 134 (2d Cir. 2007) ("removal on the basis of preemption or a substantial federal question – unlike removal under the federal officer or bankruptcy removal statutes – requires the consent of all defendants") (citing 14C Charles Alan Wright, Arthur R. Miller,

---

[3] PPG does not claim – and cannot claim – that MW Equipment is a nominal defendant.

Plaintiff's Notice of Motion and Motion for Remand – Case No. CIV-08-03267 SI

1    & Edward H. Cooper, *Federal Practice and Procedure* § 3731, at 258 (3d ed.1998); *Chicago, Rock*

2    *Island & Pac. R.R. Co. v. Martin,* 178 U.S. 245, 247-48 (1900)).

3          The removing party bears the burden to explain the absence of a properly served

4    codefendant.  *Prize Frize, supra*, 167 F.3d at 1266.  PPG has not met this burden here.  Instead, PPG

5    merely states that "Defendant MW Equipment was contacted about joining or consenting to this

6    Notice," but instead of agreeing to join or consent, "Mr. Wee, who described himself as the owner of

7    the company, declined to provide the name of MW Equipment's attorney . . . informed Defendants

8    that he believed MW Equipment was improperly named . . . [and] stated that he did not want to be

9    involved in the case" instead of consenting.  (Ntc.Rem. at 3.)   Indeed, even if MW Equipment were

10   to consent eventually, the cure would be untimely because such consent would come more than 30

11   days after the removing defendants allege that this case became removable.  See *Prize Frize, supra,*

12   167 F3d at 1266 (cure must be within 30-day statutory period under the removal statute, 28 USC §

13   1446(b)).

14         In short, PPG fails to allege any facts that would support a permissible exception to the

15   unanimous joinder requirement.  MW Equipment's failure to join or consent to removal renders

16   PPG's Notice of Removal procedurally defective, and the Court should remand this case to state

17   court for this reason alone.[4]  28 U.S.C. § 1447(c).

18         **B.  This Court Lacks Subject Matter Jurisdiction Over This Case.**

19         Even if PPG's failure to obtain joinder from all defendants did not render its Notice fatally

20   defective, the substantive jurisdictional arguments for removal set forth in the Notice lack merit.

21   PPG rests its Notice of Removal on the erroneous argument that Plaintiff's eighth cause of action, on

_____

[4] PPG's failure to adhere to the unanimity rule is not merely a technicality, but is fatal to removal.
As the district court in *Production Stamping v. Maryland Casualty Co.,* 829 F.Supp. 1074
(E.D.Wis.1993) held, "the view that technical flaws in a removal petition can be swept away like so
much dust seriously misunderstands the conditions under which the formidable power of the federal
judiciary can--and should--be invoked.  These considerations are certainly more substantive than the

1  its face an equitable indemnity claim under state law, in fact sets forth an "artfully pleaded" federal-

2  law claim under CERCLA.  (Ntc.Rem. at 3.)  But because Plaintiff's claims do not "arise under" any

3  federal law, this case does not fall within the federal courts' federal question jurisdiction.  Nor does

4  CERCLA completely pre-empt Plaintiff's eighth cause of action; nor does the eighth cause of action

5  pose a "challenge" to CERCLA's remediation and contribution scheme.  As explained below,

6  defendants have failed to establish any valid substantive ground for removal jurisdiction.

7          "The presence or absence of federal-question jurisdiction is governed by the 'well-pleaded

8  complaint rule,' which provides that federal jurisdiction exists only when a federal question is

9  presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar Inc. v. Williams,* 482

10  U.S. 386, 392 (1987); *see also Gully v. First National Bank*, 299 U.S. 109 (1936); *Karambelas v.*

11  *Hughes Aircraft Co.,* 992 F.2d 971, 975 (9th Cir.1993) (the "mere simulacrum of a possible

12  unasserted ERISA claim was insufficient to form a basis for federal jurisdiction").  A "federal

13  question" case is one "arising under the Constitution, laws, or treaties of the United States."  28

14  U.S.C. § 1331.  A plaintiff's choice not to plead independent federal claims otherwise available to

15  them defeats removal jurisdiction.  *ARCO, supra,* 213 F.3d at 1113-14 (remand required where

16  Montana law created the cause of action under which plaintiff sought relief and CERCLA did not

17  preempt state-law claims).  Here, as PPG acknowledged by invoking the "artful pleading" doctrine,

18  Plaintiff's complaint, on its face, does not state a claim that "arises under" federal law.  Instead,

19  California law creates the cause of action for indemnification under which Plaintiff has chosen to

20  seek relief.[5]  *Miller v. Ellis* (2002) 103 Cal.App.4th 373, 379-80 ("[t]he doctrine of equitable

---

simplistic notion that procedural flaws should be overlooked merely because they are procedural."
*Production Stamping*, 829 F.Supp. at 1077-78.
[5] Nor does Plaintiff's incorporation of DTSC's original complaint (resulting in the Consent Decree)
by reference in its equitable indemnity claim does not render the eighth cause of action a CERCLA
claim.  *See Easton v. Crossland Mortgage Corp.,* 114 F.3d 979, 982 (9th Cir.1997) (complaint that
alleged state law claims and sought remedies exclusively under state law did not state claim arising
under federal law for purposes of federal question jurisdiction, even though complaint included
incidental references to federal law and the Federal Constitution); *Rains v. Criterion Systems, Inc.,*

9

indemnification allows liability to be apportioned between wrongdoers based on their relative culpability") (citing *Western Steamship Lines, Inc. v. San Pedro Peninsula Hospital* (1994) 8 Cal.4th 100, 114 (shifting liability to a negligent third party tortfeasor under doctrine of equitable indemnity)); *see also Evangelatos v. Superior Court* (1988) 44 Cal.3d 1188, 1197-98 ("under the principles articulated in *American Motorcycle* [*Assn. v. Superior Court* (1978)] 20 Cal.3d 578 [], a defendant may pursue a comparative equitable indemnity claim against other tortfeasors . . . by filing a separate indemnity action after paying more than its proportionate share of the damages through the satisfaction of a judgment or through a payment in settlement"); *Selma Pressure Treating Co. v. Osmose Wood Preserving Co.* (1990) 221 Cal.App.3d 1601, 1624 (chemical manufacturers could bear liability supporting an equitable indemnity claim).

Defendants may invoke the artful pleading doctrine "only in limited circumstances as it raises difficult issues of state and federal relationships and often yields unsatisfactory results." *Lippitt v. Raymond James Financial Services, Inc.*, 340 F.3d 1033, 1041 (9th Cir. 2003) (quoting *Salveson v. Western States Bankcard*, 731 F.2d 1423, 1427 (9th Cir.1984) (reversing denial of plaintiff's motion to remand where artful pleading doctrine could not be properly invoked). None of these limited circumstances applies here. As the Ninth Circuit stated in *ARCO Environmental, supra,* 213 F.3d at 1114, "[a] state-created cause of action can be deemed to arise under federal law (1) where federal law completely preempts state law[;] (2) where the claim is necessarily federal in character[; or] (3) where the right to relief depends on the resolution of a substantial, disputed federal question[.]" *Id.*(internal citations omitted).[6] None of the potential bases for federal

---

80 F.3d 339, 343 (9th Cir. 1996) (claim filed as wrongful termination claim, not Title VII claim, did not turn on construction of substantial, disputed federal question, and would not be recharacterized as a federal claim).

[6] The Ninth Circuit in *Lippitt* subsequently lumped the last two categories together, calling them "substantial federal question cases," citing *Franchise Tax Bd.*, 463 U.S. at 27-28. *Lippitt, supra*, 340 F.3d at 1041 ("Subsumed within [substantial federal question cases] are those cases where the claim is necessarily federal in character, or where the right to relief depends on the resolution of a substantial, disputed federal question.") (internal citations omitted); *see also In re California Retail*

Plaintiff's Notice of Motion and Motion for Remand – Case No. CIV-08-03267 SI

1    jurisdiction applies in this case.

2        **1.  CERCLA Does Not Completely Preempt Plaintiff's Eighth Cause of Action.**

3        Federal pre-emption is ordinarily a federal defense to a plaintiff's state-law suit and does not

4    authorize removal to federal court.  *Hall v. North American Van Lines, Inc.*, 476 F.3d 683, 687 (9th

5    Cir. 2007) (federal preemption defense insufficient to support federal jurisdiction); *Valles v. Ivy Hill*

6    *Corp.*, 410 F.3d 1071, 1075 (9th Cir. 2005) ("federal law defense to a state law claim does not

7    confer jurisdiction on a federal court, even if the defense is that of federal preemption and is

8    anticipated in the plaintiff's complaint").  However, "Congress may so completely pre-empt a

9    particular area that any civil complaint raising this select group of claims is necessarily federal in

10   character." *Metropolitan Life,* 481 U.S. at 63-64.  More recently, the Supreme Court in *Beneficial*

11   *Nat'l Bank v. Anderson,* 539 U.S. 1, 9 (2003) articulated the "complete preemption" test by stating

12   that "the proper inquiry focuses on whether Congress intended the federal cause of action to be

13   exclusive rather than on whether Congress intended that the cause of action be removable."  Thus,

14   under *Anderson,* a state-law-based claim can only be removed either "when Congress expressly so

15   provides, ... or when a federal statute wholly displaces the state-law cause of action through

16   complete pre-emption." *Anderson,* 539 U.S. at 8.

17       It is well established that CERCLA does *not* completely preempt state-law claims.[7]  As the

---

*Natural Gas and Electricity Antitrust Litigation*, 170 F.Supp.2d 1052 (D. Nev. 2001) ("the latter two exceptions [to the well-pleaded complaint rule as described in *ARCO*] blend together in the case law.").

[7] Complete preemption is rare.  *See Braco v. MCI Worldcom Communications, Inc.,* 138 F.Supp.2d 1260, 1265 (C.D.Cal.2001) (noting that at the time, only two areas of law had been imbued with complete preemptive force).  In total, the Supreme Court has found only three types of claims to be completely preempted by federal statutes: (1) claims brought under § 301 of the Labor Management Relations Act (*Avco v. Aero Lodge No. 735*, 390 U.S. 557 (1968)); (2) claims brought under ERISA's civil enforcement provision (*Metropolitan Life, supra*, 481 U.S. 58); and (3) usury claims against national banks under the National Bank Act (*Beneficial Nat'l Bank v. Anderson*, 539 U.S. 1 (2003)). "If Congress intends a preemption instruction completely to displace ordinarily applicable state law, and to confer federal jurisdiction thereby, it may be expected to make that atypical intention clear." *Empire Healthchoice Assurance, Inc. v. McVeigh,* 547 U.S. 677, 680 (2006)

---

11

Ninth Circuit expressly recognized in *ARCO* when it held that plaintiff's state law claims did not

engender federal jurisdiction or arise under CERCLA,

> CERCLA does not completely occupy the field of environmental regulation. Congress
> expressly declared that it had no intent to do so. *See* 42 U.S.C. § 9614(a) ("Nothing in this
> chapter shall be construed or interpreted as preempting any State from imposing any
> additional liability or requirements with respect to the release of hazardous substances ...");
> 42 U.S.C. § 9672 ("Nothing in this subchapter shall be construed to affect either the tort law
> or the law governing the interpretation of insurance contracts of any State.").

*ARCO, supra*, 213 F.3d at 1114. Other Circuits have unanimously held that CERCLA does *not*

completely preempt state law claims: *See, e.g., New Mexico v. General Elec. Co.*, 467 F.3d 1223,

1244 (10th Cir. 2006) ("[g]iven [CERCLA's] saving clauses, as well as the spirit of cooperative

federalism running throughout CERCLA and its regulations, we may safely say Congress did not

intend CERCLA to completely preempt state laws related to hazardous waste contamination");

*MSOF v. Exxon Corp.*, 295 F.3d 485, 491 (5th Cir. 2002) ("CERCLA does not completely preempt

the plaintiffs' claims under Louisiana state law"); *Hudson Ins. Co. v. American Elec. Corp.*, 957 F.2d

826 (11th Cir.1992) (CERCLA does not completely preempt state insurance law); *Manor Care, Inc.

v. Yaskin*, 950 F.2d 122, 125-27 (3d Cir.1991) (no conflict between CERCLA and cost recovery

provisions of New Jersey Spill Compensation and Control Act). *See also New Jersey Dept. of

Environmental Protection v. Minnesota Min. & Mfg. Co.*, 2007 WL 2027916 (D.N.J. 2007)

(CERCLA does not completely preempt state law claims so as to provide federal question

jurisdiction; § 113(b) does not independently grant such jurisdiction); *Caldwell Trucking PRP Group

v. Caldwell Trucking Co., Inc.*, 154 F.Supp.2d 870 (D.N.J. 2001) (CERCLA does not completely

preempt plaintiffs' state law claims; no artful pleading found).

None of the cases cited by PPG for their proposition "that CERCLA preempts state

---

(finding federal jurisdiction lacking where insurance reimbursement claim was triggered by
settlement of state-court personal-injury action); *see also Marcus v. AT & T Corp.*, 138 F.3d 46, 55
(2d Cir.1998) ("After *Metropolitan Life,* there is no complete preemption without a statement to that
effect from Congress.")

restitution and indemnification claims; otherwise they would interfere with CERCLA's settlement

scheme" (Ntc.Rem. at 5), in fact so holds.  In addition to being distinguishable on their facts,[8] these

cases only identify potential *conflict* preemption of certain common-law claims by CERCLA – a

potential defense, but not a ground for removal.  At most, they stand for the proposition that double-

recovery is barred.  Since Plaintiff has chosen a state-law path to recovery and *not* a CERCLA-based

path, instead of both at once, the double-recovery bar indicated by these cases cannot apply.

In *Bedford Affiliates v. Sills,* 156 F.3d 416 (2d Cir. 1998), the court held only that plaintiff

was not entitled to a double recovery under both CERCLA *and* state law; plaintiff could not utilize

the "remedies of restitution and indemnification" *where plaintiff already had obtained a remedy*

under CERCLA.  *Id.* at 426.  In so holding, the Second Circuit pointed out that CERCLA "does *not*

expressly preempt state law, but simply prohibits states from 'recovering compensation for the same

removal costs or damages or claims under *both* CERCLA and state or other federal laws'." *Id.* at

426, quoting *New York v. Shore Realty Corp.,* 759 F.2d 1032, 1041 (2d Cir.1985) (emphasis added).

The *conflict* preemption between state law remedies and CERCLA described by some of

these cases does not support removal.  As the Ninth Circuit explained in *ARCO Environmental,*

*supra,* 213 F.3d at 1114, unlike complete preemption, "preemption that stems from a conflict

between federal and state law is a defense to a state law cause of action and, therefore, does not

confer federal jurisdiction over the case".  *Accord, e.g., Metropolitan Life, supra,* 481 U.S. at 65.

"[A] case may not be removed to federal court on the basis of a federal defense, . . . even if the

defense is anticipated in the plaintiff's complaint, and even if both parties admit that the defense is

the only question truly at issue in the case." *Franchise Tax Bd. of California v. Construction*

*Laborers Vacation Trust for S. California,* 463 U.S. 1, 14 (1983); *accord, e.g., Rivet v. Regions Bank*

---

[8] In each of them, the plaintiff had filed suit initially in federal court, expressly relying on the provisions of CERCLA, so that the federal court's subject matter jurisdiction was never in doubt.

*of Louisiana,* 522 U.S. 470, 478 (1998).   To the extent that CERCLA *conflict preemption* might

serve as a defense – and Plaintiff does not admit that it does[9] – "that issue must be left for

determination by the state court on remand."  *Railway Labor Executives Ass'n v. Pittsburgh & Lake*

*Erie R.R. Co.,* 858 F.2d 936, 939 (3d Cir.1988).

        In another case cited by PPG to support its preemption argument, *In re Reading Co.,* 115

F.3d 1111, 1116 (3d Cir.1997), the Third Circuit "held that, in enacting CERCLA, Congress did not

explicitly preempt all state law, nor did it create a comprehensive scheme of regulation leaving no

room for supplementation . . .We must therefore consider the third basis for preemption, actual

conflict."  On that case's facts, as well as the facts in *Morton Intern., Inc. v. A.E. Staley Mfg Co.,* 343

F.3d 669, 685 (in which plaintiffs stated claims under both CERCLA *and* state law), the Third

Circuit held that only *conflict* preemption existed.  This holding on conflict preemption is the only

"consensus" identified in *Raytheon Constructors, Inc. v. Asarco Inc.*, 2000 U.S. Dist LEXIS 6069 at

*85 (D.Colo. Mar. 31, 2000) (the only other case cited by PPG on this point).

        This Court lacks jurisdiction over the question of whether conflict preemption exists here.

"When the doctrine of complete preemption does not apply, but the plaintiff's state claim is arguably

preempted . . . the district court, being without removal jurisdiction, cannot resolve the dispute

regarding preemption.  It lacks power to do anything other than remand the issue to state court where

the preemption issue can be addressed and resolved."  *Marriage of Nasca v. PeopleSoft*, 87

F.Supp.2d 967 (N.D. Cal. 1999), quoting *Dukes v. U.S. Healthcare, Inc.,* 57 F.3d 350, 354 (3d

Cir.1995).

        Because CERCLA does not completely preempt Plaintiff's state law claims so as to provide a

basis for removal to federal court, PPG's removal was improper, and this case should be remanded.

--------

[9] Indeed, given that the scope of potential liability provided by state tort law is much broader than
CERCLA's arranger liability provisions, and Defendants do not concede that they fall under the

**2.  This Case Does Not Implicate a "Substantial Federal Question."**

PPG's further assertion that federal question jurisdiction exists in this case also lacks merit, because Plaintiff's state law equitable indemnity claim raises no federal question.  A state law claim raises a "substantial federal question" only when: (1) "a substantial, disputed question of federal law is a *necessary* element of ... the well-pleaded state claim," *Rains,* 80 F.3d at 345 (internal citation omitted) (emphasis in original) or the claim is an "inherently federal claim" articulated in state-law terms, *Brennan v. Southwest Airlines Co.*, 134 F.3d 1405, 1409 (9th Cir. 1998); or (2) "the right to relief depends on the resolution of a substantial, disputed federal question," *ARCO,* 213 F.3d at 1114 (internal citation omitted).

Federal law is not a necessary element of Plaintiff's equitable indemnity claim.  Under California law, equitable indemnity "applies in cases in which one party pays a debt for which another is primarily liable and which in equity and good conscience should have been paid by the latter party."  *Phoenix Ins. Co. v. United States Fire Ins. Co.* (1987) 189 Cal.App.3d 1511, 1526.  To state a claim for equitable indemnity under California law, a defendant must allege that the harm for which he has been held liable is properly attributable – at least in part – to the cross-defendant. *American Motorcycle, supra,* 20 Cal.3d at 608 (equitable indemnity doctrine apportions liability among tortfeasors who in fact caused harm).  Tortfeasors need not be parties to the original action imposing liability (just as here, Defendants were not party to the Consent Decree between Plaintiff and DTSC).  *See Seamen's Bank v. Superior Court* (1987) 190 Cal.App.3d 1485, 1492-1493 ("It is not necessary a person be a party to the action in order for the court to assess that person's proportion of fault").  In fact, in an analogous case – *Selma Pressure Treating Co., supra* – the original defendants to an environmental-contamination enforcement action brought by the State of California brought an equitable indemnity claim against the chemical manufacturers ultimately responsible for

definition of "responsible parties" set forth in CERCLA (Ntc.Rem at 7, fn. 2), Plaintiff may lack any

the harm.  221 Cal.App.3d at 1624.  Most importantly, Plaintiff need not allege a violation of

CERCLA, nor even a violation of the Consent Decree, in order to bring an equitable indemnity claim

in California state court – all that is required is an allegation of causation.  *American Motorcycle,*

*supra*, 20 Cal.3d at 608.   Plaintiff need merely allege that Defendants were in truth responsible for

the damages paid by Plaintiff, even though they were not sued directly by DTSC.  This allegation

and causation determination does not implicate CERCLA.  In fact, Defendants' liability for causing

the harm described in the eighth cause of action is coextensive with the liability Plaintiff seeks to

establish in the previous seven exclusively state-law-based claims.

    In *Caterpillar, Inc. v. Williams*, 482 U.S. 386 (1987), the Supreme Court concluded that a

complaint should not be recharacterized to implicate a federal question merely because it *could* be;

instead, recharacterization was improper so long as a state theory could also be pleaded.  *Id.* at 396-

97.  The Ninth Circuit applied this rule in *Duncan v. Stuetzle,* 76 F.3d 1480 (9th Cir.1996), in which

the court held that in order to show that the plaintiff's claims required resolution of a substantial

federal question, the defendant "must show that resolution of a federal trademark law question is

essential to *each* of the alternative theories in support of *any one* of the three causes of action in the

complaint. Stated another way, if a single state-law based theory of relief can be offered for each of

the three causes of action in the complaint, then the exercise of removal jurisdiction was improper."

*Id.* at 1485 (emphasis in original). The Court concluded that removal of plaintiff's claims was

improper because an alternative, fully independent state law theory of recovery existed for each

claim.  *Id.* at 1490-91.

    Even if a claim *could* be based on a federal law, but an alternative state law authority exists

(which the plaintiff has in fact pled, under the well-pleaded complaint rule), the claim cannot be

removed.  As the Ninth Circuit held in *Rains v. Criterion Sys., Inc.,* 80 F.3d 339, 344 (9th Cir.1996):

viable CERCLA claim at all – rendering the conflict question moot.

1

2

  [Plaintiff] brought a state law claim and cited a federal statute as an alternate basis for establishing one element of his claim.  The claim was authorized by state law and no essential federal law was omitted. The artful pleading doctrine does not permit defendants to achieve what they are trying to accomplish here: to rewrite a plaintiff's properly pleaded claim in order to remove it to federal court."

3

4

5

6

7

8

9

10

11

12

13

14

    The rule is clear that even where "issues involving CERCLA" or another federal law may arise in the course of resolving the state-law based claims, such involvement does not render the facially state-law-based claims federal.  *Lippitt, supra,* 340 F.3d at 1043-44 (where plaintiff did not have to rely on a violation of federal law to state a claim, and did not seek to enforce a federal statute or regulation, state claim did not "arise" under federal law); s*ee also Agrico Chemical Co. v. The Williams Companies, Inc.*, 2005 WL 2044942 (N.D.Fla.) ("no federal question derives from [plaintiff's] efforts to be indemnified" for costs arising from property claims which "necessarily bear a factual connection to [defendant's] obligations under the CERCLA clean-up and remediation plan").

15

16

17

18

19

20

21

22

23

24

25

26

27

28

    In short, Plaintiff's eighth cause of action would raise a substantial question of federal law only if its validity turned on the interpretation or application of federal law.  But, as even a cursory review of the Complaint demonstrates, Plaintiff has grounded Defendants' liability entirely on violations of state law, not on violations of CERCLA.  *See* ¶ 161 ("Plaintiff's liability or any part of the claim for damages asserted against it is, on Plaintiff's information and belief, solely due to Defendants' negligent, tortious and malicious conduct as set forth above;" and "the acts of Defendants . . . were the direct and proximate cause of the PCE contamination that was the subject of DTSC's complaint and action against Plaintiff").  Plaintiff can so allege without resorting to CERCLA, and thus there is no basis for removal jurisdiction on this ground – even assuming *arguendo* that Plaintiff could also have alleged a claim for contribution under CERCLA § 113(f). *See Rains,* 80 F.3d at 346 (if plaintiff can support claim with "alternative and independent theories – one of which is a state law theory and one of which is a federal law theory – federal question

jurisdiction does not attach"); *see also Roskind v. Morgan Stanley Dean Witter & Co.,* 165

F.Supp.2d 1059, 1067 (N.D.Cal.2001) (because the unlawful prong of plaintiff's Cal. Bus. & Prof.

Code § 17200 claim could be satisfied by either state or federal law, remand was proper).

This case, as in those cited, requires remand.

### 3.    Nothing In Plaintiff's Suit "Challenges" CERCLA's Remediation or Contribution Schemes

Defendants improperly invoke CERCLA Section 113(b)'s grant of "exclusive original

jurisdiction" by calling Plaintiff's suit a "challenge" to CERCLA's contribution and remediation

schemes. This is baseless. *ARCO, supra.* In *ARCO*, plaintiff brought an action in state court that

contained claims based on state laws, including the Montana Constitution and Montana's open

meeting and public access to records laws. 213 F.3d at 1113. Defendant removed the case to federal

court, arguing that plaintiff's claims arose under CERCLA and that ARCO had artfully pleaded a

federal claim as a state claim. *Id.* In reversing the district court's denial of plaintiff's motion to

remand, the Court of Appeals held that a state law claim constitutes a "challenge to a CERCLA

cleanup" only "if it is related to the goals of the cleanup." *Id.* at 1115 ("We have found actions to

challenge CERCLA cleanups where the plaintiff seeks to dictate specific remedial actions[;] to

postpone the cleanup[;] to impose additional reporting requirements on the cleanup[;] or to terminate

the RI/FS and alter the method and order of cleanup"). A suit that does none of these things – as in

*ARCO,* and as here – does not "challenge" CERCLA's goals, nor does it arise under CERCLA §

113(b). *Id.* The Ninth Circuit emphasized that "an action does not become a challenge to a

CERCLA cleanup simply because the action has an incidental effect on the progress of a CERCLA

cleanup;" instead, there must be a *direct* effect for state claims to constitute a CERCLA "challenge."

1    *Id.*[10]

2         PPG improperly conflates conflict preemption and "challenge" to a CERCLA cleanup,

3    stating that "Plaintiff's equitable indemnity claim challenges the Chico Central Plume cleanup and

4    the goals of CERCLA cleanups generally." (Ntc. Rem at 7.) PPG identifies *no* "direct effect" on

5    any CERCLA cleanup that would support its "challenge" argument under *ARCO Environmental* –

6    nor could it. As for challenging "the goals of CERCLA cleanups generally," PPG has propounded

7    an argument that is identical in character to its prior "conflict preemption" argument and cites the

8    same cases. As discussed above, even if Plaintiff's equitable indemnity claim conflicted with the

9    goals of CERCLA – and Plaintiff believes it does not, in any event – PPG's preemption defense

10   would be a matter over which the state court, not this Court, properly has jurisdiction.

11   **C.    This Court Should Remand All Causes of Action in this Case.**

12        PPG has asserted that all claims in this action are removable because this Court has

13   supplemental jurisdiction over state-law claims that are related to a federal claim. Since this Court

14   lacks jurisdiction over Plaintiff's eighth cause of action, as explained above, the other seven causes

15   of action must be remanded as well. *Harris v. Provident Life & Acc. Ins. Co.* (9th Cir. 1994) 26 F.3d

16   930, 934 ("district court has no discretion to retain state law claims when the sole federal claim is

17   dismissed for lack of jurisdiction").

18        In the alternative, if the Court determines that it has jurisdiction over the eighth cause of

19   action, the Court should exercise its discretion to sever and remand the remaining state-law based

20   causes of action in this case. "It is generally within a district court's discretion [following final

21   disposition of all federal claims] either to retain jurisdiction to adjudicate the pendent state claims or

22   to remand them to state court." *Harrell v. 20th Century Ins. Co.,* 934 F.2d 203, 205 (9th Cir.1991);

---

[10] Jurisdiction under § 113(b) is "more expansive than . . . those claims created by CERCLA," and "cover[s] any 'challenge' to a CERCLA cleanup." *Fort Ord Toxics Project, Inc. v. California Envtl., Protection Agency,* 189 F.3d 828, 832 (9th Cir.1999).

*see also* 28 U.S.C. §§ 1367(c), 1447(c).  It is well established that federal courts have discretion to decline jurisdiction over state law claims if, for instance, the state claims substantially predominate, the state claims involve novel or complex issues of state law, trial of the state and federal claims together is likely to result in jury confusion, or retention of the state claims requires the expenditure of substantial additional judicial time and effort. *United Mine Workers v. Gibbs,* 383 U.S. 715, 726-27 (1966); *see also Carnegie-Mellon Univ. v. Cohill,* 484 U.S. 343, 343 (1988) ("a federal district court has discretion under the doctrine of pendent jurisdiction to remand to state court a removed case upon a proper determination that retaining jurisdiction over the case would be inappropriate"); 28 U.S.C. § 1367(c).  Here, the state claims substantially predominate in any sense of the term; CERCLA has only tangential application, if any at all (and Plaintiff asserts that it has none) to the eighth cause of action only.  Determining Defendants' liability for Plaintiff's equitable indemnity claim will require the same factual determinations as the exclusively state-law-based causes of action, determinations that may require novel or complex applications of state law.

Put another way, in determining whether to remand or retain jurisdiction, a court may consider "what will best accommodate the values of economy, convenience, fairness, and comity." *Harrell,* 934 F.2d at 205 (internal quotation marks omitted).  In this case, given that the remaining claims are pure state law claims with no connection to federal law, comity dictates their remand, as does economy, since state courts are better equipped to efficiently handle state law claims.  Neither party will be unduly inconvenienced by remand and fairness is not implicated.  Plaintiff initially filed its Complaint in state court and remand will restore its choice of forum.  Therefore, this Court should not exercise supplemental jurisdiction over Plaintiff's state-law-based causes of action.

**D.     Plaintiff Requests An Award of Attorneys' Fees and Costs**

Plaintiff respectfully requests an award of attorneys' fees and costs incurred in responding to PPG's meritless removal.  *See* 28 U.S.C. § 1447(c) (stating that "[a]n order remanding the case may

require payment of just costs and any actual expenses, included attorney fees, incurred as a result of the removal."). Since section 1447(c) is not punitive and simply reimburses plaintiffs for unnecessary litigation costs, there is a more liberal standard for judging the award of expenses under section 1447(c) than for sanctions under Rule 11. See *Moore v. Permanente Medical Group, Inc.,* 981 F.2d 443, 447 (9th Cir.1992).  Bad faith need not be demonstrated.  *Id.* at 448.  An award of costs is proper when the removal motion is disingenuous.  *See* 14C Charles Alan and Arthur R. Miller, *Federal Practice and Procedure,* § 3739 ("The district court will be inclined to order the payment of costs under Section 1447(c) when the non-removability of the action should have been obvious.").

PPG's decision to attempt removal was not an objectively reasonable one, because it should have been plain to PPG at the outset that removal of a well-pleaded, non-federal complaint is improper unless one of the narrow exceptions supporting application of the artful pleading doctrine applies, and none does here.  In fact, the chief argument supporting PPG's removal – that the district court had "exclusive original jurisdiction over all controversies arising under [CERCLA]" – was *expressly* rejected outright several years ago by the Ninth Circuit.  *ARCO, supra,* 167 F.3d at 1115. PPG has no cause to raise it again here.  Therefore, Plaintiff should receive an award of attorneys' fees and costs.

//

//

1

## V.  CONCLUSION

No federal question appears on the face of Plaintiff's complaint, and CERCLA does not completely preempt the applicable field.  For these and the foregoing reasons, this Court does not have jurisdiction over this action and/or should abstain from hearing it.  Furthermore, the Notice of Removal that removed this case to federal court was procedurally defective and improper.  Accordingly, Plaintiff respectfully requests that this Court grant this Motion, and issue an order remanding this case in its entirety to the San Mateo County Superior Court.

Dated:      August 6, 2008                         Respectfully submitted,

SHER LEFF LLP

By:    __/s/ Marnie E. Riddle_____

VICTOR M. SHER
TODD E. ROBINS
MARNIE E. RIDDLE
450 Mission Street, Suite 400
San Francisco, CA 94105
Phone:  (415) 348-8300
Fax:      (415) 348-8333
On behalf of plaintiff
California Water Service Company

Plaintiff's Notice of Motion and Motion for Remand – Case No. CIV-08-03267 SI