1  Victor M. Sher, SBN 96197
   vsher@sherleff.com
2  Todd E. Robins, SBN 191853
3  trobins@sherleff.com
   Marnie E. Riddle, SBN 233732
4  mriddle@sherleff.com
   SHER LEFF LLP
5  450 Mission Street, Suite 400
   San Francisco, CA 94105
6  Telephone: (415) 348-8300
7  Facsimile: (415) 348-8333

8  Scott Summy, *Admitted in Texas, SBN 19507500*
   ssummy@baronbudd.com
9  Cary McDougal, *Admitted in Texas, SBN 13569600*
   cmcdougal@baronbudd.com
10 Carla Burke, *Admitted in Texas, SBN 24012490*
   cburke@baronbudd.com
11 Celeste Evangelisti, SBN 225232
12 cevangel@baronbudd.com
   BARON & BUDD, P.C.
13 3102 Oak Lawn Avenue, Suite 1100
   Dallas, TX 75219-4281
14 Telephone: (214) 523-6267
   Facsimile: (214) 520-1181
15

16 Attorneys for Plaintiff
   CALIFORNIA WATER SERVICE COMPANY

17                     **UNITED STATES DISTRICT COURT**

18                     **NORTHERN DISTRICT OF CALIFORNIA**

19                          **SAN FRANCISCO DIVISION**

20

| CALIFORNIA WATER SERVICE COMPANY, | **CASE NO. CIV-08-03267 SI** |
|---|---|
| Plaintiff, | **PLAINTIFF CALIFORNIA WATER SERVICE COMPANY'S MOTION TO ENLARGE TIME FOR RESPONDING TO AND HEARING MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12(B)(6) (CIV. L.R. 6-3)** |
| vs. | |
| THE DOW CHEMICAL COMPANY, et al., | |
| Defendants. | FILED WITH: [PROPOSED] ORDER, DECLARATION OF MARNIE E. RIDDLE |
| | **Hon. Susan Y. Illston** |

Plaintiff's Motion to Enlarge Time for Responding to and Hearing Motion to Dismiss – Case No. CIV-08-03267 SI

## I.  MOTION AND INTRODUCTION

Pursuant to Civil Local Rule 6-3, Plaintiff California Water Service Company ("Plaintiff") respectfully requests an order enlarging the time for responding to and hearing the Motion to Dismiss Plaintiff's Seventh Cause of Action Pursuant to FRCP 12(b)(6) and Motion to Strike Certain Allegations Pursuant to FRCP 12(f) ("Motion to Dismiss") filed by Defendant Legacy Vulcan Corp. ("Vulcan") on July 11, 2008 and currently set for hearing on October 3, 2008, at 9:00 a.m. Plaintiff's opposition to this motion is currently due on September 12, 2008.  Plaintiff moves for an order rescheduling both the hearing and briefing on the Motion to Dismiss until after the Court hears and resolves Plaintiff's pending motion to remand this matter to state court, filed August 6, 2008 and currently set for hearing on October 31, 2008.

This Motion to Enlarge Time rests on the following grounds:

1.  Plaintiff contends that this action was improperly removed to federal court on the basis of a procedurally defective notice of removal, and that this Court lacks subject matter jurisdiction over the action.  Accordingly, Plaintiff has filed a motion to remand the action to state court in accordance with 28 U.S.C. § 1447(c).  "The requirement that jurisdiction be established as a threshold matter . . . is inflexible and without exception." *Steel Co. v. Citizens for a Better Environment*, 523 U.S. 83, 94-102 (1998).  Therefore, Plaintiff's motion to remand should be heard before the merits of Vulcan's Motion to Dismiss are considered;

2.  The enlarged time sought herein will promote judicial economy and efficiency and avoid unnecessary waste of judicial resources as well as the parties';

3.  The requested enlargement of time will not cause prejudice to any party, but rather will avoid prejudice to all parties, who would otherwise be required to brief and argue a matter not properly within the jurisdiction of this Court.

This motion is made pursuant to Federal Rule of Civil Procedure 6(b) and is based upon the

points and authorities stated herein, the supporting Declaration of Marnie E. Riddle filed concurrently herewith, the Court's files and records in this matter, and such other argument and evidence as this Court may consider.

## II. BACKGROUND

Plaintiff filed a complaint against numerous defendants including Vulcan on May 22 in San Mateo County Superior Court, alleging contamination of public drinking water supplies with the chemical perchloroethylene ("PCE"). On July 7, Defendant PPG Industries, Inc. ("PPG"), joined by some but not all other defendants, removed the case to this Court. On July 11, 2008, Vulcan filed a Motion to Dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, and set the matter for hearing on October 3, 2008 at 9:00 a.m. To the best of Plaintiff's knowledge, that Motion to Dismiss has been joined by no other defendant. Plaintiff's opposition to the Motion to Dismiss is due on September 12, 2008. On August 6, 2008, Plaintiff filed a motion to remand this matter to state court on both procedural and substantive grounds. That motion to remand is set for hearing on October 31, 2008.

Plaintiff asked Vulcan to stipulate to a continuance of the briefing and hearing on the Motion to Dismiss in order to allow the Court to hear Plaintiff's motion to remand first and to thereby allow the Court to determine the critical threshold jurisdictional issue. Declaration of Marnie E. Riddle in Support of Motion to Enlarge Time ("Riddle Decl."), ¶ 3. Counsel for Vulcan indicated their unwillingness to either postpone the hearing or extend the deadline for Plaintiff's opposition to the Motion to Dismiss. *Id.* As a result, Plaintiff seeks relief from this Court.

## III. ARGUMENT

This Court may, pursuant to Rule 6(b) of the Federal Rules of Civil Procedure and Civil Local Rule 6-3(b), enlarge the time for Plaintiff to respond to Vulcan's Motion to Dismiss and postpone the hearing on that Motion. Rule 6(b) authorizes the enlargement of time "for good cause."

Good cause exists for the requested enlargement of time.

First, it is well established that a federal court must determine whether removal jurisdiction exists before deciding any issue on the merits, including Vulcan's Motion to Dismiss for failure to state a claim. *Steel Co. v. Citizens for a Better Environment*, *supra*, 523 U.S. at 94-102; *Valdez v. Allstate Ins. Co.* (9th Cir. 2004) 372 F.3d 1115, 1116 (case remanded to district court for a jurisdictional determination before considering the merits) (quoting *Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1091 (9th Cir. 2003) (per curiam order)); *Toumajian v. Frailey*, 135 F.3d 648, 657-58 (9th Cir. 1998) ("the district court [is] obligated to consider [a] motion to remand, and the threshold question of subject-matter jurisdiction, when the issue [is] first brought to its attention"); *Cook v. Peter Kiewit Sons Co.,* 775 F.2d 1030, 1035 (9th Cir. 1985) (*cert. den.*, 476 U.S. 1183 (1986)) ("dismissal based on failure to state a claim requires a judgment on the merits and cannot be decided before the court assumes jurisdiction"); *see also University of South Alabama v. American Tobacco Co.* (11th Cir 1999) 168 F.3d 405, 410-411 (error to rule on right to dismiss removed case before determining existence of removal jurisdiction); *In re Bear River Drainage Dist.,* 267 F.2d 849, 851 (10th Cir.1959) (when confronted with both a motion to remand and a motion to dismiss, "better practice [is] to rule first on the motion to remand and if granted to . . . sen[d] the motion to dismiss back to the state court"); *accord,* 14C Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, *Federal Practice and Procedure* § 3739 at 423 (3rd ed.1998). In accordance with this principle, the district court must determine that it retains federal subject matter jurisdiction before entertaining a motion to dismiss under Rule 12(b)(6).

If this Court hears and rules on Vulcan's Motion to Dismiss and subsequently *grants* Plaintiff's Motion to Remand for lack of subject matter jurisdiction, the fate of Plaintiff's challenged claims would be in doubt. If this Court lacks subject matter jurisdiction over this case (as Plaintiff contends), it also lacks the power to adjudicate Vulcan's Motion to Dismiss. *Cook v. Peter Kiewit*

*Sons Co.*, 77 F.2d 1030, 1035 (9th Cir. 1985) (court dismissing matter for lack of subject matter jurisdiction "retained no power to make judgments relating to the merits of the case"). Even if the case is remanded and Vulcan raises very similar arguments concerning Plaintiff's seventh cause of action and other allegations in state court, the applicable legal standards and foundational underpinnings of Plaintiff's opposition will differ from those applicable in this Court, and the state court will have to address the issues *de novo*. Enlarging the time for briefing and hearing the Motion to Dismiss, as Plaintiff requests, will therefore promote judicial economy by eliminating the potential waste of time and resources that may otherwise occur if the parties brief and argue Vulcan's Motion to Dismiss in a court that has no power to decide it.

Finally, the continuance requested will cause little delay and certainly not one that is prejudicial. Plaintiff's motion to remand is set for hearing on October 31, 2008, only a few weeks later than the Motion to Dismiss would otherwise be heard. This case has not yet been scheduled, so Defendants cannot identify any concrete delay that will result from postponing the determination of the Motion.

In sum, the enlargement of time proposed here will save all parties time and money without disadvantaging any of them. Accordingly, the Court should grant Plaintiff's request to enlarge the time for responding to and hearing Vulcan's Motion to Dismiss until after Plaintiff's motion to remand has been resolved.

## IV.  CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court enlarge the time for Plaintiff to respond to Vulcan's Motion to Dismiss and reschedule the October 3, 2008 hearing on that Motion to Dismiss for a date after this Court has ruled on Plaintiff's motion to remand.

//

//

                                             Respectfully submitted,

Dated: August 6, 2008                SHER LEFF LLP

                           By:    __/s/ Marnie E. Riddle_____

                                      VICTOR M. SHER
                                      TODD E. ROBINS
                                      MARNIE E. RIDDLE

                                      BARON & BUDD, P.C.

                                      Attorneys for Plaintiff
                                      CALIFORNIA WATER SERVICE COMPANY