Douglas R. Young (State Bar No. 073248)
    dyoung@fbm.com
James H. Colopy (State Bar No. 172806)
    jcolopy@fbm.com
Ruth Ann Castro (State Bar No. 209448)
    rcastro@fbm.com
Farella Braun + Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA  94104
Telephone:  (415) 954-4400
Facsimile:  (415) 954-4480

Attorneys for Defendant
LEGACY VULCAN CORP., formerly known as
VULCAN MATERIALS COMPANY

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| CALIFORNIA WATER SERVICE COMPANY,<br><br>        Plaintiff,<br><br>vs.<br><br>THE DOW CHEMICAL COMPANY; E.I. DUPONT DE NEMOURS AND COMPANY; PPG INDUSTRIES, INC.; VULCAN MATERIALS COMPANY; OCCIDENTAL CHEMICAL CORPORATION; VALERO ENERGY CORPORATION; STAUFFER CHEMICAL COMPANY; BOWE-PERMAC, INC., individually and d/b/a BOWE TEXTILE CLEANING, INC.; HOYT CORPORATION; R.R. STREET & CO., INC.; MCGRAW EDISON COMPANY, individually and d/b/a AMERICAN LAUNDRY MACHINERY, INC., AMERICAN LAUNDRY MACHINERY, INC., individually and d/b/a AJAX MANUFACTURING DIVISION AND MARTIN EQUIPMENT, WHITE CONSOLIDATED INDUSTRIES, INC., individually and d/b/a WASHEX MACHINERY DIVISION, ELECTROLUX CORPORATION, | Case No. 3:08-cv-03267 SI<br><br>**DEFENDANT LEGACY VULCAN CORP.'S OPPOSITION TO PLAINTIFF'S MOTION TO ENLARGE TIME FOR RESPONDING TO AND HEARING ON MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12(B)(6)**<br>**(CIVIL L.R. 3-16 AND F.R.C.P. 7.1)** |

Farella Braun & Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA  94104
(415) 954-4400

VULCAN'S OPP. TO PLAINTIFF'S MOTION TO
ENLARGE TIME - Case No. 3:08-cv-03267 SI

23397\1672819.4

| | |
|---|---|
| 1 | LINDUS S.R.L., individually and d/b/a LINDUS WEST, COLUMBIA DRYCLEANING MACHINES, a/k/a COLUMBIA/ILSA MACHINES CORP., REALSTAR, INC., individually and d/b/a REALSTAR USA, UNION DRYCLEANING PRODUCTS USA, FIRBIMATIC, BERGPARMA OF AMERICA, LLC, AMA UNIVERSAL, FLUORMATIC MIDWEST LTD., FORENTA LP, WESTERN MULTITEX CORP., MARVEL MANUFACTURING, RENZACCI OF AMERICA, SAIL STAR USA, VIC MANUFACTURING CORPORATION, M.B.L., INC., GOSS-JEWETT CO. OF NORTHERN CALIFORNIA, MCGREGOR SUPPLY COMPANY, S.B. SUPPLY INC., WASHEX MACHINERY OF CALIFORNIA, INC., WORKROOM SUPPLY, INC., TAYLOR HOUSEMAN, INC., UNITED FABRICARE SUPPLY, INC., ECHCO SALES INC., MW EQUIPMENT, ARTHUR KAJIWARA EQUIPMENT CO., INC., KELLEHER EQUIPMENT SUPPLY, INC., US MACHINERY & ENGINEERING CO., INC., WYATT-BENNETT, CORBETT EQUIPMENT, FULLER SUPPLY COMPANY, SAV-ON MACHINERY COMPANY, INC. and DOES 1 through 750, INCLUSIVE,<br><br>         Defendants. |

Farella Braun & Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA 94104
(415) 954-4400

VULCAN'S CERTIFICATION OF INTERESTED ENTITIES OR PERSONS - Case No. CV 08 3267

23397\1672819.4

## I.
## INTRODUCTION

By its Motion, Plaintiff California Water Service Company effectively seeks to stay all matters related to Defendant Legacy Vulcan Corp.'s ("Vulcan") Motion to Dismiss Plaintiff's Seventh Cause of Action Pursuant to FRCP 12(b)(6) and Motion to Strike Certain Allegations Pursuant to FRCP 12(f) ("Motion to Dismiss"). More specifically, Plaintiff's Motion seeks to (1) stay the hearing on Vulcan's Motion to Dismiss until after Plaintiff's Motion for Remand is heard and ruled upon, and (2) enlarge the briefing schedule so that Plaintiff's Opposition (and Vulcan's Reply) papers are not due until after the ruling on the Motion for Remand.

As to the former request, Vulcan respectfully acknowledges the legal authority provided by Plaintiff for the first time in its Motion. But as to the latter request, which that legal authority does not address, judicial economy counsels in favor of completing the briefing according to the current schedule so that Vulcan's Motion to Dismiss can be expeditiously heard and ruled upon once the question of federal jurisdiction is resolved. In addition, maintaining the current briefing schedule will not cause prejudice to any party. Plaintiff's counsel will have had ample time – almost ten weeks – to prepare its Opposition on an issue that is familiar to it having opposed similar motions to dismiss in the past. On the other hand, if the briefing schedule is postponed such that the Motion to Dismiss is not ready to be adjudicated immediately following resolution of the remand motion, numerous defendants who have not yet responded to the Complaint may be required to address a cause of action that may not be part of the case.

Accordingly, Vulcan respectfully requests that the Court deny Plaintiff's request to enlarge the time for the filing of Plaintiff's Opposition and Vulcan's Reply brief.

## II.
## BACKGROUND REGARDING UNDERLYING MOTION

Plaintiff's Complaint fails to state a claim for utility tampering under California Civil Code Section 1882 *et seq*. The statute's plain language, its legislative history, and the decisions of several federal and state courts collectively establish that this statute does not apply to the alleged contamination of water, contrary to claims set forth in Plaintiff's Seventh Cause of Action.

Following removal to this Court, Vulcan therefore filed the Motion to Dismiss that Plaintiff now seeks to stay.

## III.
## ARGUMENT

Vulcan respectfully acknowledges the legal authority Plaintiff first provided in Plaintiff's Motion to Enlarge Time for Responding to and Hearing Motion to Dismiss, and recognizes that this Court may be required to rule upon Plaintiff's jurisdictional challenge before ruling upon Vulcan's Motion to Dismiss. The authority cited by Plaintiff, however, is silent on whether good cause exists here to stay or to extend the briefing on Vulcan's Motion to Dismiss. Vulcan respectfully submits that, under these facts, maintaining the current briefing schedule will further judicial economy and will not cause prejudice to any party.

### A. Notwithstanding The Court's Need To Rule On Plaintiff's Motion To Remand, The Current Briefing Schedule for Vulcan's Motion to Dismiss Should Remain in Place.

While the legal authority provided in Plaintiff's Motion may support postponement of the hearing on Vulcan's Motion to Dismiss,[1] such authority does not support Plaintiff's request to stay the deadline for filing its Opposition to the Motion to Dismiss. On the contrary, though Rule 6(b) of the Federal Rules of Civil Procedure allows for the extension of a deadline for "good cause," good cause does not exist here to enlarge Plaintiff's time for filing its Opposition to Vulcan's Motion to Dismiss.

The ideals of economy, efficiency, and fairness dictate that the current briefing schedule should remain in place. First, regardless of the outcome of the Motion for Remand, Vulcan's challenge to Plaintiff's utility tampering claim will be at issue – either in this Court or in state court. Neither the parties' legal arguments, nor a court's judgment, will be significantly affected by the outcome of the Motion for Remand.

Second, requiring the parties to complete the briefing on Vulcan's Motion to Dismiss will allow immediate resolution after the jurisdictional challenge is resolved, which, in turn, might

---

[1] To the extent that the Court determines that it should decide Plaintiff's Motion to Remand before ruling on Vulcan's Motion to Dismiss, in furtherance of judicial economy, Vulcan respectfully requests that the Court set the hearing on both the Motion to Dismiss and Motion to Remand for the same day.

1  alleviate all defendants' burden of responding to a claim that may not be part of this case.
2  Maintaining the existing schedule would also preserve the parties' resources since briefing would
3  continue while the research and issues are fresh in the parties' minds.

4      Furthermore, if the case were remanded, contrary to Plaintiff's suggestion, the "applicable
5  legal standards" between state and federal court are not so different that the state court would be
6  required to review the issues *de novo*. *Compare* Cal. Code of Civ. Proc. § 430.10(e) (demurrer is
7  appropriate where complaint "does not state facts sufficient to constitute a cause of action") *with*
8  Fed. R. Civ. Proc. 12(b)(6) (authorizing dismissal for "failure to state a claim upon which relief
9  can be granted"); *Greene v. Zank*, 158 Cal.App.3d 497, 504 n.5 (1984) ("The motion to dismiss
10 for failure to state a claim is the federal equivalent of the general demurrer"). Any briefing that
11 occurs in the federal courts would be given effect in state court. *See Laguna Village Inc. v.*
12 *Laborers' Intern. Union of North Am., Local No. 652, AFL-CIO*, 35 Cal.3d 174, 180-81 (1983)
13 (noting that the policy concerns of judicial economy, lack of prejudice suffered by the plaintiff
14 and resolving doubts in favor of litigation on the merits support "the determination to adopt or
15 give effect to federal motions or pleadings in state court"). Indeed, California state courts and
16 federal courts alike have dismissed utility tampering claims in virtually identical lawsuits as the
17 one brought by Plaintiff here. *See* Vulcan's Motion to Dismiss, at 10:1-12:3.

18     Plaintiff's failure to demonstrate any possible prejudice that could result from allowing
19 the briefing schedule to proceed as noticed also supports denial of its motion. The current
20 briefing schedule will provide Plaintiff almost ten weeks to prepare its response, well more than
21 the minimum time required by law to respond to Vulcan's Motion to Dismiss. Vulcan filed its
22 Motion on July 11, 2008, and the hearing is scheduled for October 3. Thus, Plaintiff's Opposition
23 is not due until September 12, which is still one full month away. Ten weeks is ample time for
24 Plaintiff's counsel to prepare its response, especially given the fact that they have previously
25 prepared oppositions to motions to dismiss a utility tampering claim such as the one brought by
26 Vulcan. *See* Vulcan's Motion to Dismiss, at 10, n.8.

27     In summary, all parties here will benefit from swift adjudication of Vulcan's Motion to
28 Dismiss following the ruling on the Motion for Remand. In addition, Plaintiff has already had

Farella Braun & Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA 94104
(415) 954-4400

VULCAN'S OPP. TO PLAINTIFF'S MOTION TO
ENLARGE TIME - 3:08-cv-03267 SI
- 3 -
23397\1672819.4

ample time to respond, has already briefed the issues, and will not be prejudiced if the extension is not granted. Accordingly, the existing briefing schedule should remain in place and the Court should deny Plaintiff's motion to enlarge its time for opposing Vulcan's Motion to Dismiss.

## IV.
## CONCLUSION

For the foregoing reasons, Vulcan respectfully requests that the Court deny Plaintiff's motion to enlarge its time to respond to Vulcan's Motion to Dismiss.

Dated: August 11, 2008                    FARELLA BRAUN + MARTEL LLP


                                          By:      /s/ Ruth Ann Castro
                                              Ruth Ann Castro

                                          Attorneys for Defendant
                                          LEGACY VULCAN CORP., formerly known
                                          as VULCAN MATERIALS COMPANY