1  Victor M. Sher, SBN 96197
   vsher@sherleff.com
2  Todd E. Robins, SBN 191853
3  trobins@sherleff.com
   Marnie E. Riddle, SBN 233732
4  mriddle@sherleff.com
   SHER LEFF LLP
5  450 Mission Street, Suite 400
   San Francisco, CA 94105
6  Telephone: (415) 348-8300
7  Facsimile: (415) 348-8333

8  Scott Summy, *Admitted in Texas, SBN 19507500*
   ssummy@baronbudd.com
9  Cary McDougal, *Admitted in Texas, SBN 13569600*
   cmcdougal@baronbudd.com
10 Carla Burke, *Admitted in Texas, SBN 24012490*
11 cburke@baronbudd.com
   Celeste Evangelisti, SBN 225232
12 cevangel@baronbudd.com
   BARON & BUDD, P.C.
13 3102 Oak Lawn Avenue, Suite 1100
   Dallas, TX 75219-4281
14 Telephone: (214) 523-6267
15 Facsimile: (214) 520-1181

16 Attorneys for Plaintiff
   CALIFORNIA WATER SERVICE COMPANY

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| CALIFORNIA WATER SERVICE COMPANY,<br><br>    Plaintiff,<br><br>vs.<br><br>THE DOW CHEMICAL COMPANY, et al.,<br><br>    Defendants. | **CASE NO. CIV-08-03267 SI**<br><br>**PLAINTIFF CALIFORNIA WATER SERVICE COMPANY 'S OBJECTIONS TO EVIDENCE SUBMITTED BY DEFENDANT LEGACY VULCAN CORP. IN OPPOSITION TO PLAINTIFF'S MOTION TO ENLARGE TIME FOR RESPONDING TO AND HEARING MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12(B)(6)**<br><br>**Hon. Susan Y. Illston** |

Plaintiff California Water Service Company ("Plaintiff") hereby objects to the following evidence submitted by Defendant Legacy Vulcan Corp. ("Vulcan") in support of its Opposition to Plaintiff's Motion to Enlarge Time.

### I.  **Paragraph 3 of the Declaration of Ruth Ann Castro and Exhibit A**

Plaintiff objects to Paragraph 3 of the Declaration of Ruth Ann Castro ("Castro Declaration") and Exhibit A thereto on the ground that they are irrelevant, Fed. R. Evid. 401-402, and on the ground that their probative value, if any, is substantially outweighed by the danger of prejudice or confusion of the issues, Fed. R. Evid. 403.

As Vulcan acknowledged in its Opposition thereto, Plaintiff's Motion to Enlarge Time "seeks to (1) stay the hearing on Vulcan's Motion to Dismiss until after Plaintiff's Motion for Remand is heard and ruled upon, and (2) enlarge the briefing schedule so that Plaintiff's Opposition (and Vulcan's Reply) papers are not due until after the ruling on the Motion for Remand." Docket No. 48 at p. 1. Paragraph 3 and Exhibit A have no bearing on these two issues and no probative value to speak of. Exhibit A, a stipulation filed in an entirely separate state-court case between a different set of plaintiffs and defendants, binds no one in *this* case.[1] Pleadings submitted to another court in an unrelated proceeding involving different parties are irrelevant because they do not tend to make the existence of any fact of consequence more or less probable. *See* Fed. R. Evid. 401; *Interface Group-Massachusetts, LLC v. Rosen*, 256 F.Supp.2d 103, 105 n.2 (D.Mass. 2003) (holding that other court's findings that a corporation was subject to personal jurisdiction were "not relevant" to the "separate and distinct determination of personal jurisdiction over" an affiliated officer); *Manning v. Washington*, 463 F.Supp.2d 1229, 1239 (W.D. Wash. 2006) (holding that "a motion

---

[1] The following statement in Paragraph 3 calls for particular clarification: "[Ms. Castro] also questioned the need for Plaintiff's Opposition to Vulcan's Motion given Plaintiff's counsel's recent stipulation to dismiss Section 1882 claims brought by *its client* in another case involving similar claims of groundwater contamination." Docket No. 49, ¶ 3, emphasis added. Plaintiff respectfully

2

Plaintiff's Objections to Evidence Submitted By Defendant Legacy Vulcan Corp. In Opposition To Plaintiff's Motion to Enlarge Time For Responding to and Hearing Motion to Dismiss – Case No. CIV-08-03267 SI

submitted to another court in a different matter" was irrelevant and striking it from a declaration). Exhibit A and Paragraph 3 (introducing the exhibit) have no relevance to this Court's determination of whether the hearing on Vulcan's Motion to Dismiss should be continued or whether the briefing schedule should be adjusted accordingly, are not admissible evidence, and should be disregarded by the Court. *See* Fed. R. Evid. 402 ("Evidence which is not relevant is not admissible.").

Furthermore, Exhibit A and Paragraph 3 should be excluded because the danger of prejudice or confusion of the issues substantially outweighs any probative value they might possess. *See* Fed. R. Evid. 403. Exhibit A has no probative value as explained above, and its introduction here serves only to confuse the issues at hand: Exhibit A, and its presentation in Paragraph 3, improperly invite the conclusion that the behavior and decisions of a different plaintiff in a different case – to which Plaintiff was not a party – should affect the course and order of briefing in this case. Accordingly, their probative value is substantially outweighed by the risk of prejudice and confusion of the issues and they should be excluded. *Id.*

**II.     Paragraph 5 of the Declaration of Ruth Ann Castro**

Plaintiff objects to Paragraph 5 of the Castro Declaration on the ground that it does not contain specific facts but instead contains impermissible conclusions and argument. Civil Local Rule 7-5 (b) provides, in pertinent part: "declarations may contain only facts ... and must avoid conclusions and argument." *Id.* In Paragraph 5, Ms. Castro attempts to recast the points argued in Vulcan's Opposition as if they were "Vulcan's opinion" or something that "Vulcan believes." The paragraph adds no new factual information. *See* Docket No. 49 at ¶ 5. This end run around Rule 7-5(b) should be stricken in its entirety.

//

---

requests the Court take note that, as Exhibit A shows, the "client" referred to here is not California Water Service Company, but Lamont Public Utility District.

3

Plaintiff's Objections to Evidence Submitted By Defendant Legacy Vulcan Corp. In Opposition To Plaintiff's Motion to Enlarge Time For Responding to and Hearing Motion to Dismiss – Case No. CIV-08-03267 SI

In conclusion, Civil Local Rule 7-5(b) requires that declarations "conform as much as possible to the requirements of FRCivP 56(e)." *Id.* To meet the requirements of Federal Rule of Civil Procedure 56(e), a declaration must "set out facts that would be admissible into evidence." Because Paragraphs 3 and 5 of the Castro Declaration and Exhibit A are inadmissible for the reasons stated above, they do not meet the requirements of Rule 56(e) and should be stricken in their entirety. *See* Civ. L. R. 7-5(b) ("An affidavit or declaration not in compliance with this rule may be stricken in whole or in part."). Plaintiff therefore respectfully requests that the Court disregard or strike the offending paragraphs and Exhibit A to the Castro Declaration.

                                        Respectfully submitted,

Dated: August 13, 2008                SHER LEFF LLP


                              By:    /s/ Marnie E. Riddle

                                      VICTOR M. SHER
                                      TODD E. ROBINS
                                      MARNIE E. RIDDLE

                                      BARON & BUDD, P.C.

                                      Attorneys for Plaintiff
                                      CALIFORNIA WATER SERVICE COMPANY

Plaintiff's Objections to Evidence Submitted By Defendant Legacy Vulcan Corp. In Opposition To Plaintiff's Motion to Enlarge Time For Responding to and Hearing Motion to Dismiss – Case No. CIV-08-03267 SI