1  Gary J. Smith (SB #141393)
   gsmith@bdlaw.com
2  Ryan R. Tacorda (SB #227070)
   rtacorda@bdlaw.com
3  BEVERIDGE & DIAMOND, P.C.
   456 Montgomery Street, Suite 1800
4  San Francisco, CA 94104-1251
   Telephone: (415) 262-4000
5  Facsimile: (415) 262-4040

6

7  Robert Brager
   rbrager@bdlaw.com
8  BEVERIDGE & DIAMOND, P.C.
   201 North Charles Street, Suite 2210
9  Baltimore, MD 21201-4150
   Telephone: (410) 230-3850
10 Facsimile: (410) 230-3868

11 Attorneys for Defendant
   PPG INDUSTRIES, INC.
12

13              UNITED STATES DISTRICT COURT

14            NORTHERN DISTRICT OF CALIFORNIA

15 CALIFORNIA WATER SERVICE          CASE NO. CIV-08-03267 SI
   COMPANY,
16                                   DEFENDANT PPG INDUSTRIES, INC.'S
                                     NOTICE OF MOTION AND MOTION FOR
17          Plaintiff,               LEAVE TO AMEND NOTICE OF
                                     REMOVAL
18     vs.

19 THE DOW CHEMICAL COMPANY; E.I.
   DUPONT DE NEMOURS AND COMPANY;    Hearing:    October 31, 2008
20 PPG INDUSTRIES, INC.; VULCAN      Time:       9:00 a.m.
   MATERIALS COMPANY; OCCIDENTAL     Court:      Courtroom 10
21 CHEMICAL CORPORATION; VALERO      Judge:      Hon. Susan Illston
   ENERGY CORPORATION; STAUFFER
22 CHEMICAL COMPANY; BOWE-PERMAC,
   INC., individually and d/b/a BOWE TEXTILE
23 CLEANING, INC.; HOYT CORPORATION;
   R.R. STREET & CO., INC.; MCGRAW
24 EDISON COMPANY, individually and d/b/a
   AMERICAN LAUNDRY MACHINERY, INC.,
25 AMERICAN LAUNDRY MACHINERY, INC.,
   individually and d/b/a AJAX
26 MANUFACTURING DIVISION AND
   MARTIN EQUIPMENT, WHITE
27 CONSOLIDATED INDUSTRIES, INC.,
   individually and d/b/a WASHEX
28 MACHINERY DIVISION, ELECTROLUX

───────────────────────────────────────────

Defendant PPG Industries, Inc.'s Notice of Motion and Motion for Leave to Amend Notice of Removal;
Case No. CIV-08-03267 SI

1  CORPORATION, LINDUS S.R.L., individually
   and d/b/a LINDUS WEST, COLUMBIA
2  DRYCLEANING MACHINES, a/k/a
   COLUMBIA/ILSA MACHINES CORP.,
3  REALSTAR, INC., individually and d/b/a
   REALSTAR USA, UNION DRYCLEANING
4  PRODUCTS USA, FIRBIMATIC,
   BERGPARMA OF AMERICA, LLC, AMA
5  UNIVERSAL, FLUORMATIC MIDWEST
   LTD., FORENTA LP, WESTERN MULTITEX
6  CORP., MARVEL MANUFACTURING,
   RENZACCI OF AMERICA, SAIL STAR USA,
7  VIC MANUFACTURING CORPORATION,
   M.B.L., INC., GOSS-JEWETT CO. OF
8  NORTHERN CALIFORNIA, MCGREGOR
   SUPPLY COMPANY, S.B. SUPPLY INC.,
9  WASHEX MACHINERY OF CALIFORNIA,
   INC., WORKROOM SUPPLY, INC., TAYLOR
10 HOUSEMAN, INC., UNITED FABRICARE
   SUPPLY, INC., ECHCO SALES INC., MW
11 EQUIPMENT, ARTHUR KAJIWARA
   EQUIPMENT CO., INC., KELLEHER
12 EQUIPMENT SUPPLY, INC., US
   MACHINERY & ENGINEERING CO., INC.,
13 WYATT-BENNETT, CORBETT
   EQUIPMENT, FULLER SUPPLY
14 COMPANY, SAV-ON MACHINERY
   COMPANY, INC. and DOES 1 through 750,
15 INCLUSIVE,

16          Defendants.

17

18

19

20

21

22

23

24

25

26

27

28

-2-

## <u>NOTICE OF MOTION AND MOTION</u>

NOTICE IS HEREBY GIVEN that on October 31, 2008, at 9:00 a.m. or as soon thereafter as counsel may be heard by the above-entitled Court, located at 450 Golden Gate Avenue, San Francisco, California 94012, in Courtroom 10, 19th Floor, Defendant PPG Industries, Inc. ("PPG") will, and hereby does, move this Court:

1.    Pursuant to common law and 28 U.S.C. § 1653, for an order granting PPG and the consenting and joining codefendants leave to amend the Notice of Removal filed on July 7, 2008, with the Amended Notice of Removal, attached as Exhibit A.  The Amended Notice of Removal joins co-defendant MW Equipment, Inc. in the removal petition.

PPG's motion relies upon this Notice of Motion and Motion, the following Memorandum of Points and Authorities, the Declaration of Kenneth D. Kan, the Notice of Removal filed in this action on July 7, 2008, and upon any other argument presented by counsel to the Court.

Dated:  __8/27/2008__

BEVERIDGE & DIAMOND, P.C.


By:  _____
Gary J. Smith
Ryan R. Tacorda

Attorneys for Defendant
PPG Industries, Inc.

---

Defendant PPG Industries, Inc.'s Notice of Motion and Motion for Leave to Amend Notice of Removal;
Case No. CIV-08-03267 SI

1

## MEMORANDUM OF POINTS AND AUTHORITIES

2    PPG Industries, Inc. ("PPG") and the joining and consenting co-defendants (collectively,

3 "Defendants") seek leave from this Court to amend the Notice of Removal ("Notice" or "Removal

4 Notice") filed on July 7, 2008.  The Amended Notice of Removal ("Amended Notice"), attached as

5 Exhibit A, joins co-defendant MW Equipment, Inc. ("MW Equipment") in the petition.

6 ## I.    INTRODUCTION

7    PPG seeks leave to amend the Notice of Removal filed on July 7, 2008.  Defendants based

8 the removal petition on this Court's original jurisdiction over the CERCLA[1] contribution claim that

9 Plaintiff California Water Services Company ("Plaintiff") asserts in Count 8 of the Complaint.  The

10 proposed amendment does not relate to the asserted basis for this Court's jurisdiction (federal

11 question), but instead relates to a procedural requirement for removal -- the joinder of one defendant,

12 MW Equipment, to the Removal Notice to effect the unanimous consent of all necessary defendants.

13    The filed Notice of Removal did not include MW Equipment's joinder or consent.  Mike

14 Wee, the owner of MW Equipment, did not have counsel at the time the case was removed, believed

15 his company had been improperly named in the action, and intended to seek dismissal.  Since then,

16 however, MW Equipment has retained counsel and now seeks to join the Removal Notice.  For that

17 reason, PPG moves to amend it.

18    Because the absence of MW Equipment's consent was due to its lack of counsel and was, at

19 most, a defect in form or procedure, leave to amend is proper.  In the Ninth Circuit, a form or

20 procedural defect in a removal notice is curable at any time, even after the initial thirty-day removal

21 period has passed.  There is significant authority, both under the common law and under 28 U.S.C. §

22 1653 ("Section 1653"), that supports amending removal notices to include the tardy consent of a

23 missing defendant such as MW Equipment.

24 ## II.    BACKGROUND

25    On May 22, 2008, Plaintiff California Water Service Company ("Plaintiff") commenced an

26 action in the Superior Court of the State of California in and for the County of San Mateo, entitled

27

28

---

[1] CERCLA is the Comprehensive Environmental Response, Compensation and Liability Act, 42 U.S.C. §§ 9601 *et seq.*

1    *California Water Service Company v. Dow Chemical Company*, as Case Number CIV 473093.

2    Plaintiff named forty-five defendants in the Complaint. On July 7, 2008, Defendants removed the

3    action to this Court because Plaintiff's eighth cause of action necessarily set forth a claim for

4    contribution under CERCLA over which federal courts hold exclusive original jurisdiction. Notice

5    pp. 3:13-8:18.

6        The Removal Notice described the positions of all Defendants identified in Plaintiff's

7    Complaint. The Notice identified defendants that had joined or had otherwise consented to the

8    Notice, and it identified those parties whose joinder or consent was excused because they had not

9    been served, were not served properly, or were nominal parties due to dissolution. Notice ¶¶ 4-6.

10   As to defendant MW Equipment, the Notice stated that MW Equipment had been contacted about

11   joining the petition and that Mr. Mike Wee, the owner of the company, had declined to provide the

12   name of MW Equipment's attorney upon Defendants' requests. *Id.* ¶ 7. Further, the Notice

13   described Mr. Wee's belief that MW Equipment had been improperly named and that he did not

14   want to be involved in the case. *Id.*

15       As a small business that had never been sued previously, MW Equipment did not have an

16   attorney on retainer. At the time Mr. Wee received Defendants' requests to join or consent to the

17   Removal Notice, Mr. Wee had yet to retain an attorney to represent MW Equipment in this matter.

18   Declaration of Kenneth D. Kan ("Kan Decl.") ¶ 3.

19       On August 6, 2008, Plaintiff filed a motion to remand ("Remand Motion"), which is set for

20   hearing before this Court on October 31, 2008. In this motion, Plaintiff contends that Defendants'

21   Notice was procedurally defective for having failed to obtain MW Equipment's consent. Remand

22   Motion pp. 5:28-8:20.

23       In late July 2008, MW Equipment retained counsel. Kan Decl. ¶ 4. On August 14, 2008,

24   after reviewing the docket in this action and apprising himself of the posture of the case, MW

25   Equipment's counsel contacted counsel for PPG and expressed MW Equipment's desire to join the

26   Notice. *Id.* ¶ 5. Further, had MW Equipment's counsel been retained prior to the filing of the

27

28

-2-

Defendant PPG Industries, Inc.'s Notice of Motion and Motion for Leave to Amend Notice of Removal;
Case No. CIV-08-03267 SI

1    Notice of Removal, he would have advised his client to join the Notice, and MW Equipment would

2    have done so. *Id.* ¶ 6.

3         Accordingly, in light of these circumstances and in advance of the hearing on Plaintiff's

4    Remand Motion, Defendants move to amend the Notice of Removal to include MW Equipment as a

5    joining defendant.

6    **III.    ARGUMENT**

7         **A.    Procedure for Removal**

8         A civil action brought in state court may be removed to federal court by a defendant when

9    federal courts have original jurisdiction over the matter. 28 U.S.C. § 1441. The notice of removal

10   must be filed within thirty days of receiving the state court complaint. *Id.* § 1446(b). Additionally,

11   courts have imposed a requirement not found in the statute that all defendants join in or consent to

12   the notice of removal. *See, e.g., Simpson v. Union Pacific R.R. Co.*, 282 F. Supp. 2d 1151, 1153

13   (N.D. Cal. 2003). Courts have carved out several exceptions to this unanimity requirement,

14   including for nominal and unserved defendants. *See Hewitt v. City of Stanton*, 798 F. 2d 1230, 1232

15   (9th Cir. 1986); *Salveson v. W. States Bankcard Ass'n.*, 731 F.2d 1423, 1429 (9th Cir. 1984),

16   *overruled on other grounds by Ethridge v. Harbor House Restaurant*, 861 F.2d 1389 (9th Cir. 1989).

17       **B.    Leave to Amend a Removal Notice To Add the Consent of a Missing Defendant
18            Has Been Freely Given After the Initial 30-Day Removal Period Has Expired.**

19       The case law of the Ninth Circuit and district courts within the Circuit sets forth liberal

20   amendment standards that allow PPG to amend the Removal Notice to add MW Equipment's

21   consent even after the thirty-day removal period has ended. *Kacludis v. GTE Sprint*

22   *Communications Corp.*, 806 F. Supp. 866, 869 (N.D. Cal. 1992) ("In [the Ninth Circuit], as in every

23   circuit court that has dealt with the question elsewhere, defects in form of a removal petition are

24   amendable at any time, not just within the original 30-day period for removal."). The Ninth Circuit

25   has held that "a procedural defect existing at the time of removal but cured prior to entry of

26   judgment does not warrant reversal and remand of the matter to state court." *Parrino v. FHP, Inc.*,

27   146 F. 3d 699, 703 (9th Cir. 1998), *superseded on other grounds by Abrego v. Dow Chemical Co.*,

28

-3-

1  443 F. 3d 676 (9th Cir. 2006).

2      Indeed, the Ninth Circuit and district courts within the Ninth Circuit have expressly allowed

3  amendment to notices of removal to add a late joining defendant.[2] *Cucci v. Edwards*, 510 F. Supp.

4  2d 479, 484 (C.D. Cal. 2007) ("[E]ven if a served defendant does not properly join in the notice of

5  removal, such a defect can be remedied if the defendant later consents to the removal."). For

6  instance, in *Emrich v. Touche Ross & Co.*, 846 F. 2d 1190 (9th Cir. 1987), the Ninth Circuit

7  requested that the district court, upon remand (for a motion to dismiss), determine which defendants

8  had been properly served and "permit amendment of the removal petition to name all proper

9  defendants." *Id.* at 1193, n.1. Such a flexible approach to amendment was also demonstrated in

10  *Seagate Tech., LLC v. Dalian China Express Int'l Corp.*, 169 F. Supp. 2d 1146 (N.D. Cal. 2001),

11  where the court allowed counsel to verbally join removal at an April 2, 2001 hearing for a case that

12  had been removed on November 12, 1999. *Id.* at 1151, 1153. More recently, in *Sampson v.*

13  *Petaluma Police Dep't.*, 2007 U.S. Dist. LEXIS 43731 (N.D. Cal. June 4, 2007), the court ordered

14  defendants on June 4, 2007, to submit a pleading to the court explaining the absence of the other

15  defendants from the removal notice, despite the fact the case had been removed on March 28, 2007.

16  *Id.* at *13 (suggesting that case might not be remanded "if the absence of the other defendants could

17  be adequately explained"); *see also Gallagher v. Donald*, 803 F. Supp. 899, 901 (S.D.N.Y. 1992)

18  ("Where all defendants have opted for removal, tardiness by one in joining the chorus does not

19  invalidate the removal if confusion has caused the delay and if no prejudice was caused."). As these

20

21  [2] Plaintiff's cite to *Prize Frize, Inc. v. Matrix, Inc.*, 167 F. 3d 1261 (9th Cir. 1999), *superseded by statute on other grounds as stated in Abrego v. The Dow Chemical Co.*, 443 F.3d 676, 681 (9th Cir.

22  2006), in its motion for remand for the proposition that a tardy consent from MW Equipment would be untimely; however, Plaintiff misunderstands the case. Remand Motion p. 8:10-15. The *Prize*

23  *Frize* court did not hold that a tardy consent can never be cured; rather, the court simply observed that the defects in the removal notice had not been cured by defendants within the initial thirty-

24  day removal period. *Id.* at 1266. Ultimately, the *Prize Frize* Court held that the failure of an *appearing* defendant to join the removal notice was the "dispositive" factor for improper removal.

25  *Id.* at 1266, n.5. In contrast to that defendant, MW Equipment now seeks to join the removal -- prior to the remand hearing -- to cure any defect to the notice. Further, unlike the removing defendants in

26  *Prize Frize* who vaguely explained "on information and belief" that "many" of the defendants had not been served properly, *id.* at 1266, Defendants here have diligently located over forty co-

27  defendants and have explained precisely the positions of each of them without the ambiguity of the removing defendants in *Prize Frize*. Notice ¶¶ 4-7.

-4-

28

1   cases make apparent, leave to amend removal notices has routinely been granted in order to account

2   for the positions of all defendants.

3        In comparable situations where a party has not acted because it had yet to retain counsel, the

4   Ninth Circuit has excused such parties for such failures or omissions.  For instance, in *TCI Group*

5   *Life Insurance Plan v. Knoebber,* 244 F.3d 691 (9th Cir. 2001), the Ninth Circuit vacated a default

6   judgment against a defendant who failed to answer a cross-claim on time.  *Id.* at 694.  The defendant

7   had not retained counsel at the time she received the cross-claim and only found counsel the day

8   before the hearing on the default judgment.  *Id.* at 695.  The Ninth Circuit noted its tendency "to

9   consider the defaulting party's general familiarity with legal processes or consultation with lawyers

10  at the time of the default as pertinent to the determination whether the party's conduct in failing to

11  respond to legal process was deliberate, willful or in bad faith."  *Id.* at 699, n.6.  It found the

12  defendant's conduct excusable, in part, because of her lack of familiarity with legal matters and the

13  legal system.  *Id.; see also Smith v. City of Chester*, 152 F.R.D. 492, 493-94 (E.D. Pa. 1994) (setting

14  aside default judgment where no attorney was retained because of dispute with insurance carrier over

15  coverage and defendant answered complaint soon after retaining attorney).  MW Equipment, a small

16  business which had never been sued previously, had no attorney on retainer.  Kan Dec. ¶ 3.  Thus,

17  more than two weeks was necessary for it to understand Plaintiff's Complaint, consider Defendants'

18  requests to join the Removal Notice, and retain counsel.  (MW Equipment's substitute service

19  became effective on June 23, 2008, and the deadline to remove the action from state court was July

20  7, 2008, leaving MW Equipment a short two-week window to locate counsel and join the Removal

21  Notice.)  Once MW Equipment retained counsel, it contacted the removing defendant to join the

22  Notice.  Kan Decl. ¶ 4-5.

23       The Court also has a statutory basis for allowing amendment of the Notice of Removal here

24  to include MW Equipment.  Section 1653, which states that "[d]efective allegations of jurisdiction

25  may be amended, upon terms, in the trial or appellate courts," has been held to apply to removed

26  actions.  28 U.S.C. § 1653; *Arco Envtl. Remediation, L.L.C. v. Department. of Health and Envtl.*

27  *Quality*, 213 F.3d 1108, 1117 (9th Cir. 2000).  In *Barrow Development Co. v. Fulton Ins. Co.*, 418 F.

28

-5-

1   2d 316, 318 (9th Cir. 1969), the Ninth Circuit held that under Section 1653, allegations in a removal

2   notice that are defective in form, but not lacking in substance, may be amended. *Id.* at 318. It

3   described such practice as the correct view that is "uniformly followed" by appellate courts and

4   specifically rejected the rigid formality suggested by Plaintiff here to strictly construe the removal

5   statute to prevent supplementation or amendment. *Id.; see, e.g., Piazza v. EMPI, Inc.*, 2008 U.S.

6   Dist. LEXIS 28136 *29-30 (E.D. Cal. Feb. 28, 2008) (removal notice amendable when not lacking

7   in substance). This flexible approach to amendment has been reinforced by courts that have found

8   amendment appropriate "to set out more specifically the grounds for removal that already have been

9   stated, albeit imperfectly, in the original notice." *Navarro v. Servisair, L.L.C.*, 2008 U.S. Dist.

10  LEXIS 62513, *17 (N.D. Cal. Aug. 14, 2008). Accordingly, amendment has been allowed "when

11  there are enough facts alleged in the petition and accompanying pleadings to enable the court to

12  determine without more that the basis for removal is present." *Bradford v. Mitchell Bros. Truck*

13  *Lines*, 217 F. Supp. 525, 528 (N.D. Cal. 1963).

14          Thus, where amendments have related to the form of the notice and not to the issue of

15  whether the jurisdictional basis is sufficiently asserted, the Ninth Circuit has routinely allowed leave

16  to amend under Section 1653. In *Soliman v. Philip Morris Inc.*, 311 F. 3d 966 (9th Cir. 2002), for

17  instance, the Ninth Circuit neither questioned or challenged a district court's decision to allow

18  amendment of under Section 1653 to cure a defect resulting from the failure to secure the signatures

19  of all defendants in the action. *Id.* at 970. Ultimately, the *Soliman* Court found the case had been

20  properly removed. *Id.* at 976; *see also GH, L.L.C. v. Curtin*, 422 F. Supp. 2d 994, 999 (N.D. Ind.

21  2006) (allowing amendment of removal notice to indicate consent of defendants since amendment

22  did not go to the heart of jurisdiction and was filed before the Court had an opportunity to deal fully

23  with jurisdictional issues).

24          Under both the standard set forth by common law and statute, amendment of the Notice of

25  Removal to include MW Equipment's consent is proper. First, including MW Equipment's joinder

26  has no bearing on the jurisdictional basis for removal, which is set forth in the Removal Notice and

27  which PPG does not seek to amend. That is, MW Equipment's joinder does not implicate the

28

-6-

1    Court's determination of federal question jurisdiction, which will be based on the Notice's assertion

2    that Plaintiff's eighth cause of action sets forth a claim for contribution under CERCLA over which

3    federal courts hold exclusive jurisdiction.

4         Second, the omission of MW Equipment was, at most, a defect in form that can and should

5    be cured now that MW Equipment has the benefit of counsel's advice.  When MW Equipment, a

6    small business that had never been sued previously, received Defendants' request to join the

7    Removal Notice, it had no attorney.  Kan Decl. ¶ 3.  Further, it believed that it had been improperly

8    named and did not want to be involved in the case.  Notice ¶ 7.  As soon as MW Equipment retained

9    an attorney for this matter, its counsel sought to join the Removal Notice.  Kan Decl. ¶¶ 4-5.  And

10   had MW Equipment's counsel been retained prior to removal, MW Equipment would have joined

11   the Notice then.  Id. ¶ 6.  Under the Ninth Circuit's liberal amendment standards and in light of MW

12   Equipment's circumstances, leave to amend is proper to clarify MW Equipment's position to reflect

13   its recent desire to join the Removal Notice.

14   **IV.    CONCLUSION**

15        Accordingly, PPG respectfully requests leave to file the attached Amended Notice of

16   Removal to join MW Equipment in the petition.  The amendments to the Notice would be limited to

17   the following: (1) the addition of MW Equipment to the list of joining and consenting co-defendants

18   supported by the Declaration of Kenneth D. Kan.  *See* Amended Notice ¶ 4 (pp 1:24; 2:1-2); and (2)

19   an explanation of the circumstances and time frame in which MW Equipment retained counsel and

20   communicated to Defendants its desire to join the Removal Notice.  *Id.* ¶ 7 (p. 3:7-9).  Under the

21   authority described above, leave to incorporate these amendments to the Removal Notice is proper.

22   Dated: ___8/27/2008___

23                                       BEVERIDGE & DIAMOND, P.C.

24                                   By: _____

25                                       Gary J. Smith
                                         Ryan R. Tacorda

26                                       Attorneys for Defendant

27                                       PPG Industries, Inc.

28

-7-

# EXHIBIT A



1  Gary J. Smith (SB #141393)
   gsmith@bdlaw.com
2  Ryan R. Tacorda (SB #227070)
   rtacorda@bdlaw.com
3  BEVERIDGE & DIAMOND, P.C.
   456 Montgomery Street, Suite 1800
4  San Francisco, CA 94104-1251
   Telephone: (415) 262-4000
5  Facsimile: (415) 262-4040
6
7  Robert Brager
   rbrader@bdlaw.com
8  BEVERIDGE & DIAMOND, P.C.
   201 North Charles Street, Suite 2210
9  Baltimore, MD 21201-4150
   Telephone: (410) 230-3850
10 Facsimile: (410) 230-3868
11
   Attorneys for Defendant
12 PPG INDUSTRIES, INC.

13              **UNITED STATES DISTRICT COURT**

14            **NORTHERN DISTRICT OF CALIFORNIA**

15 CALIFORNIA WATER SERVICE              **CASE NO. CIV-08-03267 SI**
   COMPANY,
16
17          Plaintiff,                  **AMENDED NOTICE OF REMOVAL OF
                                        ACTION UNDER 28 U.S.C. § 1441(b)**
18     vs.                              **(ORIGINAL JURISDICTION)**

19 THE DOW CHEMICAL COMPANY; E.I.
   DUPONT DE NEMOURS AND COMPANY;
20 PPG INDUSTRIES, INC.; VULCAN
   MATERIALS COMPANY; OCCIDENTAL
21 CHEMICAL CORPORATION; VALERO
   ENERGY CORPORATION; STAUFFER
22 CHEMICAL COMPANY; BOWE-PERMAC,
   INC., individually and d/b/a BOWE TEXTILE
23 CLEANING, INC.; HOYT CORPORATION;
   R.R. STREET & CO., INC.; MCGRAW
24 EDISON COMPANY, individually and d/b/a
   AMERICAN LAUNDRY MACHINERY, INC.,
25 AMERICAN LAUNDRY MACHINERY, INC.,
   individually and d/b/a AJAX
26 MANUFACTURING DIVISION AND
   MARTIN EQUIPMENT, WHITE
27 CONSOLIDATED INDUSTRIES, INC.,
   individually and d/b/a WASHEX
28 MACHINERY DIVISION, ELECTROLUX
   CORPORATION, LINDUS S.R.L., individually

1    and d/b/a LINDUS WEST, COLUMBIA
     DRYCLEANING MACHINES, a/k/a
2    COLUMBIA/ILSA MACHINES CORP.,
     REALSTAR, INC., individually and d/b/a
3    REALSTAR USA, UNION DRYCLEANING
     PRODUCTS USA, FIRBIMATIC,
4    BERGPARMA OF AMERICA, LLC, AMA
     UNIVERSAL, FLUORMATIC MIDWEST
5    LTD., FORENTA LP, WESTERN MULTITEX
     CORP., MARVEL MANUFACTURING,
6    RENZACCI OF AMERICA, SAIL STAR USA,
     VIC MANUFACTURING CORPORATION,
7    M.B.L., INC., GOSS-JEWETT CO. OF
     NORTHERN CALIFORNIA, MCGREGOR
8    SUPPLY COMPANY, S.B. SUPPLY INC.,
     WASHEX MACHINERY OF CALIFORNIA,
9    INC., WORKROOM SUPPLY, INC., TAYLOR
     HOUSEMAN, INC., UNITED FABRICARE
10   SUPPLY, INC., ECHCO SALES INC., MW
     EQUIPMENT, ARTHUR KAJIWARA
11   EQUIPMENT CO., INC., KELLEHER
     EQUIPMENT SUPPLY, INC., US
12   MACHINERY & ENGINEERING CO., INC.,
     WYATT-BENNETT, CORBETT
13   EQUIPMENT, FULLER SUPPLY
     COMPANY, SAV-ON MACHINERY
14   COMPANY, INC. and DOES 1 through 750,
     INCLUSIVE,
15
                Defendants.
16

17   ──────────────────────────────

18   / / /

19   / / /

20   / / /

21   / / /

22   / / /

23   / / /

24   / / /

25   / / /

26   / / /

27   / / /

28   / / /

AMENDED NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. § 1441(b) (ORIGINAL JURISDICTION)

# TABLE OF CONTENTS

I.     JURISDICTION ...................................................................................................3

II.    PLAINTIFF'S COMPLAINT ASSERTS AN EXCLUSIVELY FEDERAL CAUSE
       OF ACTION. ........................................................................................................3

III.   THIS COURT HOLDS EXCLUSIVE ORIGINAL JURISDICTION OVER
       PLAINTIFF'S CLAIM STyled as a claim FOR EQUITABLE INDEMNITY........................5

       A.     Plaintiff Has Pleaded a Federal Claim In Its Complaint................................5

       B.     Plaintiff's State-Law Claim for Equitable Indemnity Poses a Challenge to the
              Contribution and Settlement Schemes Underlying CERCLA Cleanups. ......................7

IV.    THIS COURT MAY ASSERT SUPPLEMENTAL JURISDICTION OVER THE
       REMAINING STATE LAW CLAIMS. ...................................................................8

AMENDED NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. § 1441(b) (ORIGINAL JURISDICTION)

# TABLE OF AUTHORITIES

**Cases**

*ARCO Env't Remediation, L.L.C. v. Dep't. Health & Envtl. Quality*
    213 F.3d 1108 (9th Cir. 2000) ................................................................. 7

*Bedford Affiliates v. Sills*
    156 F.3d 416 (2d Cir. 1998)................................................................. 5, 8

*California Department of Toxic Substance Control v. City of Chico, California, et al.*
    Case No. CIV S-02-0442 LKK DAD (E.D.CA)................................... 4

*Ethridge v. Harbor House Rest.*
    861 F.2d 1389 (9th Cir. 1988) .............................................................. 2

*Fireman's Fund Ins. Co. v. City of Lodi*
    296 F.Supp. 2d 1197 (E.D. Cal. 2003)................................................. 7

*In re Reading, Co.*
    (3d Cir. 1996) 115 F.3d 1111................................................................ 5, 8

*Inman Constr. Corp. v. S. Pilot Ins. Co.*
    2007 U.S. Dist. LEXIS 41239 (N.D. Miss. June 5, 2007)................... 2

*Lehman Bros., Inc. v. City of Lodi*
    333 F. Supp. 2d 895 (E.D. Cal. 2004)................................................. 8

*Lippitt v. Raymond James Fin. Servs., Inc.*
    340 F.3d 1033 (9th Cir. 2003) ............................................................. 5, 7

*Morton Internat. v. AE Staley Mfg. Co.*
    (3d Cir. 2003) 343 F.3d 669 ................................................................ 5

*New York v. Shore Realty Corp.*
    (2d Cir.1985) 759 F.2d 1032................................................................ 5

*Parker v. State of Cal. Dep't of Transp.*
    1999 U.S. Dist. LEXIS 2260 (N.D. Cal. Mar. 1, 1999)...................... 2

*Piccolini v. Simon's Wrecking*
    686 F. Supp. 1063 (M.D. Pa. 1988) .................................................... 8

*Rains v. Criterion Sys., Inc.*
    80 F.3d 339 (9th Cir. 1996) ................................................................. 7

*Raytheon Constructors, Inc. v. Asarco Inc.*
    2000 U.S. Dist. LEXIS 6069 (D.Colo. Mar. 31, 2000) ...................... 5

*Salveson v. W. States Bankcard Ass'n.*
    731 F.2d 1423 (9th Cir. 1984) ............................................................. 2

NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. § 1441(b) (ORIGINAL JURISDICTION)

**Statutes**

28 U.S.C. § 1367(a) ................................................................................................ 8

28 U.S.C. § 1441(a) ................................................................................................ 4

28 U.S.C. § 1441(b) ............................................................................................. 1, 3

28 U.S.C. § 1446(a) ................................................................................................ 1

28 U.S.C. § 1446(b) ................................................................................................ 1

28 U.S.C. § 1446(d) ................................................................................................ 3

42 U.S.C. §§ 9601 *et seq.* ...................................................................................... 3

42 U.S.C. § 9607(a) ................................................................................................ 6

42 U.S.C. § 9613(b) ........................................................................................... 3, 4, 5

42 U.S.C. § 9613(f)(1) ........................................................................................... 4, 6

AMENDED NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. § 1441(b) (ORIGINAL JURISDICTION)

1  **TO THE CLERK OF THE ABOVE-ENTITLED COURT:**

2      PLEASE TAKE NOTICE that defendant PPG Industries, Inc. ("PPG") and the defendants

3  joining in this Notice (collectively, "Defendants") hereby submit this Notice of Removal ("Notice")

4  to move to this Court the state action described below.

5      1.      On May 22, 2008, Plaintiff California Water Service Company ("Plaintiff")

6  commenced an action in the Superior Court of the State of California in and for the County of San

7  Mateo, entitled *California Water Service Company v. The Dow Chemical Company,* as Case Number

8  CIV 473093 (referred to as the "State Action").  Copies of the Complaint and Summons are attached

9  hereto as Exhibits A and B, respectively.  Additionally, PPG has also been served with the Civil

10  Case Cover Sheet which includes a Certificate Re Complex Case Designation, collectively attached

11  as Exhibit C; the Notice of Complex Case Status Conference, attached as Exhibit D; and the Notice

12  of Case Management Conference, attached as Exhibit E.

13      2.      PPG was served with the Complaint on June 6, 2008.  This Notice is timely under 28

14  U.S.C. § 1446(b).

15      3.      Pursuant to 28 U.S.C. § 1446(a), this Notice is properly filed in the United States

16  District Court for the Northern District of California, San Francisco Division, which is the district

17  court and division within which the state court action was filed.

18      4.      Defendants identified in the Complaint as American Laundry Machinery, Inc. d/b/a

19  Ajax Manufacturing Division and Martin Equipment; Arthur Kajiwara Equipment Co., Inc.; Bowe-

20  Permac Inc. d/b/a Bowe Textile Cleaning; Columbia Drycleaning Machines, aka Columbia/ILSA

21  Machines Corp.; Corbett Equipment; The Dow Chemical Company; E.I. Dupont De Nemours and

22  Company; Forenta LP; Hoyt Corporation; Kelleher Equipment Supply, Inc.; McGregor Supply

23  Company; M.B.L., Inc.; Mondial Drycleaning Products, Inc. (improperly named Union Drycleaning

24  Products U.S.A.); MW Equipment, Inc.; Occidental Chemical Corporation; Renzacci of America,

25  Inc.; R.R. Street & Co., Inc.; Sail Star USA; S.B. Supply, Inc.; United Fabricare Supply, Inc.; Valero

26  Energy Corporation; Vic Manufacturing Company; Vulcan Materials Company; Washex Machinery

27  of California, which is a distinct corporate entity from White Consolidated Industries, Inc.;

28  Workroom Supply, Inc.; and Wyatt Bennett have joined in this Notice or otherwise have consented

-1-

AMENDED NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. § 1441(b) (ORIGINAL JURISDICTION)

1    to this Notice. *See* Joinder in Notice of Removal; Consents to Removal; Declaration of Kenneth D.

2    Kan ("Kan Decl."), ¶ 5; Declaration of Gary Smith ("Smith Decl."), ¶ 5.

3           5.      On information and belief, Defendants identified in the Complaint as Echco Sales

4    Inc.; Electrolux Corporation, which has acquired named defendant White Consolidated Industries,

5    Inc.; Firbimatic; Fuller Supply Company; Goss-Jewett Co. of Northern California; Lindus S.R.L.

6    d/b/a Lindus West; McGraw Edison Company d/b/a American Laundry Machinery, Inc. which has

7    been succeeded by Cooper Industries, LLC; RealStar Inc. dba Real Star USA; U.S. Machinery &

8    Engineering; and Western Multitex were not served or were not served properly in the state court

9    action and have no obligation to join this Notice. *Salveson v. W. States Bankcard Ass'n.*, 731 F.2d

10   1423, 1429 (9th Cir. 1984), *overruled on other grounds by Ethridge v. Harbor House Rest.*, 861 F.2d

11   1389 (9th Cir. 1988)  (summoned defendants may remove without joining unserved defendants);

12   *Parker v. State of Cal. Dep't of Transp.*, 1999 U.S. Dist. LEXIS 2260 at *4 (N.D. Cal. Mar. 1, 1999).

13   *See* Smith Decl. ¶ 7; Declaration of Sarah F. Peterman ("Peterman Decl."), ¶¶ 4-6; Stephen J. Valen

14   Declaration ("Valen Decl."), ¶ 3; Declaration of Maureen L. King ("King Decl."), ¶¶ 3, 5;

15   Declaration of Ryan Tacorda ("Tacorda Decl."), ¶ 5.  Further, defendants Echco Sales Inc.;

16   Electrolux Corporation; Firbimatic; Goss-Jewett Co. of Northern California; and RealStar Inc. dba

17   Real Star USA have advised that they would consent to removal if they were to be served.  Smith

18   Decl. ¶¶ 7- 8; Valen Decl. ¶ 3; King Decl. ¶ 3.

19          6.      On information and belief, Defendants identified in the Complaint as AMA

20   Universal; Bergparma of America, LLC; Fluormatic Midwest, Ltd.; Marvel Manufacturing

21   Company; Stauffer Chemical Company; and Sav-On Machinery are dissolved corporations or

22   otherwise no longer in business and are therefore nominal defendants which do not need to join this

23   Notice. *See Inman Constr. Corp. v. S. Pilot Ins. Co.*, 2007 U.S. Dist. LEXIS 41239 (N.D. Miss. June

24   5, 2007) ("Decisions from numerous jurisdictions...recognize that parties which are in liquidation

25   and have no assets when litigation against them is commenced are nominal parties which need not

26   join in a notice of removal filed by another defendant.").  Smith Decl. ¶ 6; Peterman Decl. ¶ 3; King

27   Decl. ¶¶ 4, 6; Tacorda Decl. ¶¶ 3-4.

28

7. Defendant MW Equipment was contacted about joining or consenting to this Notice daily from June 30, 2008 - July 3, 2008, and again on July 7, 2008. Mr. Wee, who described himself as the owner of the company, declined to provide the name of MW Equipment's attorney upon Defendants' repeated requests. On July 7, 2008, Mr. Wee informed Defendants that he believed MW Equipment was improperly named in the above-referenced action. He further stated that he did not want to be involved in the case and that his attorney intended to write to Plaintiff to seek dismissal. *See* Tacorda Decl. ¶ 6. In late July 2008, MW Equipment retained counsel. On August 14, 2008, counsel for MW Equipment contacted counsel for removing defendant, PPG, and expressed its desire to join this Notice. Kan Decl. ¶ 4-5.

8. Pursuant to the requirements of 28 U.S.C. § 1446(d), Defendants will promptly file a copy of this Notice with the Superior Court of the State of California in and for the County of San Mateo.

9. Pursuant to 28 U.S.C. § 1446(d), Defendants will also notify Plaintiff of this Notice in writing.

## I.    JURISDICTION

This action is a civil action over which this Court has exclusive original jurisdiction under 42 U.S.C. § 9613(b), and is one which may be removed to this Court by Defendants pursuant to 28 U.S.C. § 1441(b).

## II.   PLAINTIFF'S COMPLAINT ASSERTS AN EXCLUSIVELY FEDERAL CAUSE OF ACTION.

Plaintiff's Complaint asserts as its eighth cause of action a claim for cost recovery or contribution under CERCLA.[1] Plaintiff labels the eighth cause of action a claim for "equitable indemnity," but the factual allegations plainly set forth a claim under CERCLA even though the statute itself is not cited. Federal courts have exclusive original jurisdiction over CERCLA claims. 42 U.S.C. § 9613(b).

In the eighth cause of action, Plaintiff seeks recovery of the costs it has incurred or will incur pursuant to its settlement of a CERCLA lawsuit brought against Plaintiff in the United States District

---

[1] CERCLA is the Comprehensive Environmental Response, Compensation and Liability Act, 42 U.S.C. §§ 9601 *et seq.*

AMENDED NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. § 1441(b) (ORIGINAL JURISDICTION)

1    Court for the Eastern District of California by the California Department of Toxic Substance Control

2    ("DTSC") for PCE contamination found in Chico, California, *California Department of Toxic*

3    *Substance Control v. City of Chico, California, et al.*, Case No. CIV S-02-0442 LKK DAD

4    (E.D.CA) (referred to as the "DTSC CERCLA Litigation"). Complaint ¶¶ 159-60. Plaintiff alleges

5    that Defendants' actions were the direct and proximate cause of the PCE contamination that was the

6    cause of the damages at issue in the DTSC CERCLA Litigation. *Id.* ¶¶ 161-62. Plaintiff seeks

7    judgment against the Defendants "in an amount proportional to their responsibility for such

8    damages." *Id.* ¶ 162.

9         In its amended complaint in the DTSC CERCLA Litigation (incorporated by reference into

10    the Complaint as though fully set forth at length therein, *Id.* ¶ 159, with copy attached to Smith Decl.

11    as Exhibit A), DTSC sought recovery against Plaintiff pursuant to CERCLA and various California

12    state law and common law theories for costs related to DTSC's response to the release and

13    threatened release of hazardous substances at the Chico Central Plume. As Plaintiff notes in the

14    Complaint, it entered into a settlement with DTSC following extensive litigation and vigorous

15    negotiations. *Id.* ¶ 160. The settlement obliged Plaintiff to incur significant costs in designing and

16    implementing measures to remediate PCE contamination and in undertaking water treatment

17    measures. *Id.* The settlement was approved by Judge Lawrence K. Karlton of the United States

18    District Court for the Eastern District of California on May 23, 2007. A copy of the settlement is

19    attached as Exhibit B to the Smith Declaration. *See* Smith Decl. ¶ 4, Ex. B.

20         In seeking to recover under the guise of a state law equitable indemnity claim the costs it has

21    incurred and will incur pursuant to the settlement of the DTSC CERCLA Litigation, Plaintiff is

22    pursuing the right to contribution expressly provided to settling parties in CERCLA

23    Section 113(f)(1), (3), 42 U.S.C. §§ 9613(f)(1), (3). Federal courts have exclusive original

24    jurisdiction over all controversies arising under CERCLA, including a claim seeking contribution for

25    a CERCLA settlement, such as this one. 42 U.S.C. § 9613(b). Accordingly, this action is properly

26    removable.

27

28

AMENDED NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. § 1441(b) (ORIGINAL JURISDICTION)

1

**III.    THIS COURT HOLDS EXCLUSIVE ORIGINAL JURISDICTION OVER PLAINTIFF'S CLAIM STYLED AS A CLAIM FOR EQUITABLE INDEMNITY.**

2

3

A defendant may remove to federal court "any civil action brought in a State court of which

4

the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a). This Court

has exclusive original jurisdiction over this case because it arises under CERCLA. 42 U.S.C. §

5

9613(b). A claim implicates a federal question when the claim is an "*inherently federal claim*

6

*articulated in state-law terms*." *Lippitt v. Raymond James Fin. Servs., Inc.*, 340 F.3d 1033, 1041

7

(9th Cir. 2003) (emphasis added).

8

**A.    Plaintiff Has Pleaded a Federal Claim In Its Complaint.**

9

Although the eighth cause of action does not explicitly invoke federal law, it seeks a

10

reallocation of response costs that Plaintiff **can obtain only through CERCLA** and therefore,

11

Plaintiff's eighth cause of action **must** be a CERCLA claim for contribution. Through CERCLA,

12

Congress created a scheme for contribution and settlement to resolve expeditiously environmental

13

claims like the ones asserted by Plaintiff. *See Bedford Affiliates v. Sills*, 156 F.3d 416, 427 (2d Cir.

14

1998). Accordingly, courts have regularly found that CERCLA preempts state restitution and

15

indemnification claims; otherwise they would interfere with CERCLA's settlement scheme. *See,*

16

*e.g., In re Reading, Co.* (3d Cir. 1996) 115 F.3d 1111, 1117 (permitting independent common law

17

remedies would create a path around the statutory settlement scheme aimed at the efficient resolution

18

of environmental disputes, raising an obstacle to the intent of Congress); *see also New York v. Shore*

19

*Realty Corp.* (2d Cir.1985) 759 F.2d 1032, 1041; *Morton Internat. v. AE Staley Mfg. Co.* (3d Cir.

20

2003) 343 F.3d 669, 685; *Bedford Affiliates*, 156 F.3d at 426-27 (common law restitution and

21

indemnification actions in state court "would bypass [CERCLA's] carefully crafted settlement

22

system, creating an actual conflict therefore between CERCLA and state common law causes of

23

action."); *Raytheon Constructors, Inc. v. Asarco Inc.*, 2000 U.S. Dist. LEXIS 6069 at *85 (D.Colo.

24

Mar. 31, 2000) (noting that the consensus is that CERCLA preempts state law claims for

25

contribution).

26

These cases make clear that Plaintiff's exclusive claim to reallocate the settlement costs of its

27

CERCLA litigation is as a CERCLA contribution claim — it cannot proceed under state law.

28

AMENDED NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. § 1441(b) (ORIGINAL JURISDICTION)

1    Moreover, Plaintiff's equitable indemnity claim seeks precisely the relief afforded to Plaintiff

2    under CERCLA. As the Complaint alleges, Plaintiff was a defendant in a cost recovery action

3    brought by DTSC pursuant to CERCLA in the Eastern District of California. Complaint ¶ 159.  In

4    that litigation, DTSC sought recovery for costs incurred in responding to a release of hazardous

5    substances at the Chico Central Plume. *Id.* Plaintiff entered into a settlement with DTSC which

6    obligated Plaintiff to incur significant costs to remediate the PCE contamination at the site. *Id.* ¶

7    160. Plaintiff alleges that defendants are responsible for the contamination at issue in the CERCLA

8    action. *Id.* ¶ 161. Recovery of the costs it is obligated to incur pursuant to the CERCLA settlement

9    is the entire basis for Plaintiff's present indemnity claim.

10    The settlement Plaintiff reached with DTSC for CERCLA claims, which was judicially

11    approved by the district court for its consistency with CERCLA's objectives, has given Plaintiff both

12    the grounds and the authority to seek relief from Defendants. CERCLA Section 113(f)(1) provides:

> Any person may seek contribution from any other person who is liable
> or potentially liable under section 9607(a) of this title, during or
> following any civil action under section 9606 of this title or under
> section 9607(a) of this title. Such claims shall be brought in
> accordance with this section and the Federal Rules of Civil Procedure,
> and shall be governed by Federal law. In resolving contribution
> claims, the court may allocate response costs among liable parties
> using such equitable factors as the court determines are appropriate.

17    42 U.S.C. § 9613(f)(1). Further, CERCLA Section 113(f)(3)(B) provides: "A person who has

18    resolved its liability to the United States or a State for some or all of a response action or for some or

19    all of the costs of such an action in an administrative or judicially approved settlement may seek

20    contribution from any person who is not a party to a settlement referred to in paragraph (2)."   42

21    U.S.C. § 9613(f)(3)(B).

22    All of the elements of a CERCLA contribution claim are pled in Plaintiff's Complaint and

23    the incorporated CERCLA complaint. The action follows an action under CERCLA Section 9607(a)

24    and Plaintiff is a person who has resolved its liability to the State for the response costs at the Chico

25    Central Plume in a judicially approved settlement. Complaint ¶¶ 159-60. Defendants are alleged to

26    have caused the release at issue in the CERCLA litigation and are therefore alleged to be liable or

27    potentially liable under CERCLA Section 9607(a). *Id.* ¶ 161. Plaintiff alleges it has incurred

28    response costs and the court is being asked to allocate response costs among alleged liable parties.

-6-

1    *Id.* ¶ 162. Thus, Plaintiff has expressly pled a CERCLA claim for which federal court is the only

2    proper jurisdiction.

3    The CERCLA claim is explicit on the face of the Complaint. Even if it were not, the Court

4    has the authority to reinterpret the claim as an "artfully pleaded" CERCLA claim for contribution

5    under the guise of a state-law claim for equitable indemnity. Under the artful pleading doctrine,

6    Plaintiff may not avoid federal jurisdiction by omitting from the complaint federal law essential to

7    its claim, or by casting in state-law terms a claim that can be made only under federal law. *See*

8    *Rains v. Criterion Sys., Inc.*, 80 F.3d 339, 343-44 (9th Cir. 1996). Plaintiff has cast its eighth cause

9    of action for equitable indemnity as a state-law claim, when it is a claim for contribution that can

10    only be made under CERCLA in federal court.

11    Under the artful pleading doctrine, this Court may "delve beyond the face of the state court

12    complaint and find federal question jurisdiction by recharacterizing [Plaintiff's] state-law claim as a

13    federal claim." *Lippitt*, 340 F.3d at 1041 (citations omitted). The Ninth Circuit has noted that "no

14    specific recipe exists for a court to alchemize a state claim into a federal claim — a court must look

15    at a complex group of facts in any particular case to decide whether a claim actually 'arises' under

16    federal law." *Id.* at 1042-43. Here, as described above, Plaintiff's claim for equitable indemnity so

17    completely embodies a CERCLA contribution action that it is an inherently federal claim. *See id.* at

18    1042.

**B.      Plaintiff's State-Law Claim for Equitable Indemnity Poses a Challenge to the Contribution and Settlement Schemes Underlying CERCLA Cleanups.**

19

20    If Plaintiff's equitable indemnity claim is not deemed to be an artfully pleaded CERCLA

21    contribution claim, then it is a challenge to CERCLA's contribution and settlement schemes set forth

22    by Congress and is therefore a federal claim subject to this Court's jurisdiction on that basis. A

23    claim that constitutes a challenge to a federal cleanup is necessarily a federal claim. *ARCO Env't*

24    *Remediation, L.L.C. v. Dep't. Health & Envtl. Quality*, 213 F.3d 1108, 1114-15 (9th Cir. 2000). An

25    action constitutes a challenge to a CERCLA cleanup "if it is related to the goals of the cleanup." *Id.*

26    (citations omitted). Plaintiff's equitable indemnity claim challenges the Chico Central Plume

27    cleanup and the goals of CERCLA cleanups generally.

28

One of the primary goals of CERCLA's statutory right to contribution has been to "maximize the participation of responsible parties"[2] in hazardous waste cleanup and to encourage early cleanup to reduce the time and expense of enforcement litigation. *Fireman's Fund Ins. Co. v. City of Lodi*, 296 F.Supp. 2d 1197 (E.D. Cal. 2003). Further, CERCLA's contribution scheme is aimed at expeditiously resolving disputed environmental claims. *Bedford Affiliates*, 156 F.3d at 427. The *Bedford Affiliates* court has explained:

> To accomplish this objective Congress employed incentives for potentially responsible parties to settle and strong disincentives for non-settling potentially responsible parties. Thus, potentially responsible parties who choose to settle are granted protection from contribution actions being asserted against them under..., but retain the right to bring contribution actions against other non-settling parties.... The statute further provides that the amount recoverable from the remaining non-settling parties is reduced only by the amount of the settlement.... Hence, potentially responsible parties who choose to settle gain protection from contribution, enjoy potentially favorable settlement terms, and retain the ability to seek contribution from other defendants. Those responsible parties who choose not to settle are barred from seeking contribution from the settling parties and thereby face potentially disproportionate liability. . . .`

*See id.* Allowing Plaintiff's state-law claim would not only frustrate Congress's intent to encourage quick settlements of CERCLA actions, *see In re Reading Co.*, 115 F.3d 1111, 1117, 1119 (3rd Cir. 1997), it would also deter potentially responsible parties from entering a settlement given the absence of any contribution protections. Thus, Plaintiff's state-law claim for equitable indemnity seeks "to do an end run around the contribution protection provided by CERCLA." *Id.; see also Bedford Affiliates,* 156 F.3d at 427 ("[I]t can easily be seen that instituting common law restitution and indemnification actions in state court would bypass [CERCLA's] carefully crafted settlement system.").

## IV.    THIS COURT MAY ASSERT SUPPLEMENTAL JURISDICTION OVER THE REMAINING STATE LAW CLAIMS.

Because the eighth cause of action arises under federal law, the Court may properly assert supplemental jurisdiction over Plaintiff's remaining state-law claims. *See* 28 U.S.C. § 1367(a). Like the eighth cause of action, Plaintiff's remaining claims in the first through seventh causes of action all concern Defendants' alleged conduct in causing PCE contamination of Plaintiff's Wells.

---

[2]  Defendants dispute that they are responsible parties under CERCLA.

AMENDED NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. § 1441(b) (ORIGINAL JURISDICTION)

1   Complaint ¶¶ 95-157.  Because all the claims are related, they form part of the "same controversy"

2   and are subject to this Court's supplemental jurisdiction.  *See Lehman Bros., Inc. v. City of Lodi*, 333

3   F. Supp.2d 895, 906 n.19 (E.D. Cal. 2004) (exercising supplemental jurisdiction over plaintiff's state

4   law claims after finding CERCLA claim was before the court); *Piccolini v. Simon's Wrecking*, 686

5   F.Supp. 1063, 1068-69 (M.D. Pa. 1988) (same).

6        WHEREFORE, Defendants hereby remove this action from the Superior Court of the State

7   of California in and for the County of San Mateo to the United States District Court for the Northern

8   District of California.

9

10  Dated:  8 / 27 / 2008 .

11

12                                              BEVERIDGE & DIAMOND, P.C.

13                                              By: _____
                                                    Gary J. Smith
                                                    Ryan R. Tacorda

14                                              Attorneys for Defendant
                                                PPG INDUSTRIES, INC.

15

16

17

18

19

20

21

22

23

24

25

26

27

28

AMENDED NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. § 1441(b) (ORIGINAL JURISDICTION)

| | |
|---|---|
| 1 | Gary J. Smith (SB #141393) |
| | gsmith@bdlaw.com |
| 2 | Ryan R. Tacorda (SB #227070) |
| 3 | rtacorda@bdlaw.com |
| | BEVERIDGE & DIAMOND, P.C. |
| 4 | 456 Montgomery Street, Suite 1800 |
| | San Francisco, CA 94104-1251 |
| 5 | Telephone: (415) 262-4000 |
| | Facsimile: (415) 262-4040 |
| 6 | |
| 7 | Robert Brager |
| | rbrager@bdlaw.com |
| 8 | BEVERIDGE & DIAMOND, P.C. |
| | 201 North Charles Street, Suite 2210 |
| 9 | Baltimore, MD 21201-4150 |
| | Telephone: (410) 230-3850 |
| 10 | Facsimile: (410) 230-3868 |
| 11 | Attorneys for Defendant |
| 12 | PPG INDUSTRIES, INC. |

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| CALIFORNIA WATER SERVICE COMPANY, | **CASE NO. CIV-08-03267 SI** |
| Plaintiff, | **[PROPOSED] ORDER GRANTING PPG INDUSTRIES, INC.'S MOTION FOR LEAVE TO AMEND NOTICE OF REMOVAL** |
| vs. | |
| THE DOW CHEMICAL COMPANY; E.I. DUPONT DE NEMOURS AND COMPANY; PPG INDUSTRIES, INC.; VULCAN MATERIALS COMPANY; OCCIDENTAL CHEMICAL CORPORATION; VALERO ENERGY CORPORATION; STAUFFER CHEMICAL COMPANY; BOWE-PERMAC, INC., individually and d/b/a BOWE TEXTILE CLEANING, INC.; HOYT CORPORATION; R.R. STREET & CO., INC.; MCGRAW EDISON COMPANY, individually and d/b/a AMERICAN LAUNDRY MACHINERY, INC., AMERICAN LAUNDRY MACHINERY, INC., individually and d/b/a AJAX MANUFACTURING DIVISION AND MARTIN EQUIPMENT, WHITE CONSOLIDATED INDUSTRIES, INC., individually and d/b/a WASHEX MACHINERY DIVISION, ELECTROLUX | **Hearing:** October 31, 2008<br>**Time:** 9:00 a.m.<br>**Court:** Courtroom 10<br>**Judge:** Hon. Susan Illston |

1  CORPORATION, LINDUS S.R.L., individually
   and d/b/a LINDUS WEST, COLUMBIA
2  DRYCLEANING MACHINES, a/k/a
   COLUMBIA/ILSA MACHINES CORP.,
3  REALSTAR, INC., individually and d/b/a
   REALSTAR USA, UNION DRYCLEANING
4  PRODUCTS USA, FIRBIMATIC,
   BERGPARMA OF AMERICA, LLC, AMA
5  UNIVERSAL, FLUORMATIC MIDWEST
   LTD., FORENTA LP, WESTERN MULTITEX
6  CORP., MARVEL MANUFACTURING,
   RENZACCI OF AMERICA, SAIL STAR USA,
7  VIC MANUFACTURING CORPORATION,
   M.B.L., INC., GOSS-JEWETT CO. OF
8  NORTHERN CALIFORNIA, MCGREGOR
   SUPPLY COMPANY, S.B. SUPPLY INC.,
9  WASHEX MACHINERY OF CALIFORNIA,
   INC., WORKROOM SUPPLY, INC., TAYLOR
10 HOUSEMAN, INC., UNITED FABRICARE
   SUPPLY, INC., ECHCO SALES INC., MW
11 EQUIPMENT, ARTHUR KAJIWARA
   EQUIPMENT CO., INC., KELLEHER
12 EQUIPMENT SUPPLY, INC., US
   MACHINERY & ENGINEERING CO., INC.,
13 WYATT-BENNETT, CORBETT
   EQUIPMENT, FULLER SUPPLY
14 COMPANY, SAV-ON MACHINERY
   COMPANY, INC. and DOES 1 through 750,
15 INCLUSIVE,

16       Defendants.

[Proposed] Order Granting PPG Industries, Inc.'s Motion for Leave to Amend Notice of Removal;
Case No. CIV-08-03267 SI

1

## [PROPOSED] ORDER

2    The Motion for Leave to Amend the Notice of Removal by PPG Industries, Inc. ("PPG"),

3    came for hearing on October 31, 2008.  All parties were represented by counsel.  Having read and

4    considered the papers submitted, and hearing the arguments of counsel, and good cause appearing

5    therefore,

6    IT IS HEREBY ORDERED THAT, PPG and the consenting and joining co-defendants

7    (collectively, "Defendants") are granted leave to amend the Notice of Removal filed July 7, 2008, in

8    order to join co-defendant MW Equipment, Inc. in the petition.

9    Defendants shall file the Amended Notice of Removal in compliance with this Order within

10   _____ days.

11

12   IT IS SO ORDERED.

13

14   Dated: _____          _____

                                           United States District Court Judge

15

16

17

18

19

20

21

22

23

24

25

26

27

28

-3-