**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| CALIFORNIA WATER SERVICE COMPANY,<br><br>Plaintiff,<br><br>vs.<br><br>THE DOW CHEMICAL COMPANY; E.I. DUPONT DE NEMOURS AND COMPANY; PPG INDUSTRIES, INC.; VULCAN MATERIALS COMPANY; OCCIDENTAL CHEMICAL CORPORATION; VALERO ENERGY CORPORATION; STAUFFER CHEMICAL COMPANY; BOWE-PERMAC, INC., individually and d/b/a BOWE TEXTILE CLEANING, INC.; HOYT CORPORATION; R.R. STREET & CO., INC.; MCGRAW EDISON COMPANY, individually and d/b/a AMERICAN LAUNDRY MACHINERY, INC., AMERICAN LAUNDRY MACHINERY, INC., individually and d/b/a AJAX MANUFACTURING DIVISION AND MARTIN EQUIPMENT, WHITE CONSOLIDATED INDUSTRIES, INC., individually and d/b/a WASHEX MACHINERY DIVISION, ELECTROLUX CORPORATION, LINDUS S.R.L., individually and d/b/a LINDUS WEST, COLUMBIA DRYCLEANING MACHINES, a/k/a | **CASE NO. CIV-08-03267 SI**<br><br><br><br>**STIPULATED PROTECTIVE ORDER REGARDING THE PROTECTION OF CONFIDENTIAL INFORMATION** |

| | |
|---|---|
| 1 | COLUMBIA/ILSA MACHINES CORP., REALSTAR, INC., individually and d/b/a |
| 2 | REALSTAR USA, UNION DRYCLEANING PRODUCTS USA, FIRBIMATIC, |
| 3 | BERGPARMA OF AMERICA, LLC, AMA UNIVERSAL, FLUORMATIC MIDWEST |
| 4 | LTD., FORENTA LP, WESTERN MULTITEX CORP., MARVEL MANUFACTURING, |
| 5 | RENZACCI OF AMERICA, SAIL STAR USA, VIC MANUFACTURING CORPORATION, |
| 6 | M.B.L., INC., GOSS-JEWETT CO. OF NORTHERN CALIFORNIA, MCGREGOR |
| 7 | SUPPLY COMPANY, S.B. SUPPLY INC., WASHEX MACHINERY OF CALIFORNIA, |
| 8 | INC., WORKROOM SUPPLY, INC., TAYLOR HOUSEMAN, INC., UNITED FABRICARE |
| 9 | SUPPLY, INC., ECHCO SALES INC., MW EQUIPMENT, ARTHUR KAJIWARA |
| 10 | EQUIPMENT CO., INC., KELLEHER EQUIPMENT SUPPLY, INC., US |
| 11 | MACHINERY & ENGINEERING CO., INC., WYATT-BENNETT, CORBETT |
| 12 | EQUIPMENT, FULLER SUPPLY COMPANY, SAV-ON MACHINERY |
| 13 | COMPANY, INC. and DOES 1 through 750, INCLUSIVE, |
| 14 | |
| 15 | Defendants. |

The parties which have executed this Stipulation hereby stipulate as follows:

**1.    Recitals**

    1.1    The parties possess information which may be deemed confidential that they wish to maintain as confidential (hereinafter "CONFIDENTIAL INFORMATION") and that may be requested in formal or informal discovery in this action.

    1.2    The parties desire to stipulate to a protective order sanctioned by the Court to protect such CONFIDENTIAL INFORMATION from unnecessary disclosure among the parties and/or to third-parties as specifically provided below.

    1.3    By executing this stipulated protective order, the signatory parties do not waive any rights, motions, or defenses regarding challenges to the Court's jurisdiction.

-1-
STIPULATED PROTECTIVE ORDER RE: CONFIDENTIAL INFORMATION; Case No. CIV-08-03267 SI

**2. Designation of Confidential Information**

2.1 For purposes of this order, "CONFIDENTIAL INFORMATION" is information designated as such in accordance with the provisions herein and:

a. Disclosure of which would violate a personal or financial interest; a trade secret; confidential research, development or commercial information; or other interest protected by law; or

b. Is produced or disclosed by Plaintiff California Water Services Company, or a federal, state or local government agency, and which discloses or constitutes:

 i. the physical address or geographic location of public drinking water wells, storage facilities, pumping stations and water treatment facilities;

 ii. water system schematics and facility maps;

 iii. pipeline maps;

 iv. facility plans and specifications;

 v. water system vulnerabilities which have not been publicly disclosed;

 vi. water system hydraulics or operational practices;

 vii. emergency operations and response plans;

 viii. water system security plans, practices and/or precautions, including planned security enhancements; or

 ix. personal information about employees, such as home phone numbers or addresses.

2.2 CONFIDENTIAL INFORMATION protected by this Order shall not include information which is:

a. Lawfully received by a party from a source other than through discovery in this action from the party asserting the claim of confidentiality; or

b. Public knowledge or information, or information which becomes such after disclosure other than through an act or omission of a person or entity

          receiving or maintaining the information designated confidential pursuant to the procedures in this Order.

    c.    Information described in section 2.1 that has been designated CONFIDENTIAL INFORMATION, but, upon objection pursuant to the procedure in section 3, is not demonstrated by the designating party to constitute information that should be protected as confidential.

2.3    Information may only be designated "CONFIDENTIAL INFORMATION" if it has been reviewed by an attorney and if that attorney entertains a good faith belief that the information is entitled to confidentiality as defined in section 2.1.

2.4    <u>Produced Documents</u>. A party or third-party producing documents in formal or informal discovery that it, in good faith, believes constitute or contain CONFIDENTIAL INFORMATION shall produce a copy of such document(s) with a label that states "CONFIDENTIAL INFORMATION" on the face of each page of the document(s).

As used herein, the term "documents" includes all writings, other media on which information is recorded and other tangible things subject to production under Rule 34 of the Federal Rules of Civil Procedure and/or California Code of Civil Procedure § 2031.010 *et seq*. Any party receiving a document labeled as CONFIDENTIAL INFORMATION is responsible for maintaining the document as CONFIDENTIAL INFORMATION pursuant to this Order.

2.5    <u>Interrogatory Answers</u>. If a party answering an interrogatory believes that its answer contains CONFIDENTIAL INFORMATION, it shall set forth its answer in a separate document that is produced and designated as CONFIDENTIAL INFORMATION in the same manner as a produced document under subparagraph 2.4. The non-designated answers to interrogatories should make reference to the separately produced document containing the answer with CONFIDENTIAL INFORMATION, but such document should not be attached to the answers to interrogatories.

2.6    <u>Designation of Documents as Confidential</u>. In the event a party requesting the production of documents elects to first inspect the documents prior to making a decision as to

-3-
STIPULATED PROTECTIVE ORDER RE: CONFIDENTIAL INFORMATION; Case No. CIV-08-03267 SI

whether to request reproduction of copies, the producing party shall make the designation of CONFIDENTIAL INFORMATION, if deemed necessary by the producing party, for those documents in advance of their reproduction.

2.7	Deposition Transcripts.  Unless otherwise agreed to by the parties or ordered by the Court, within 14 calendar days after the receipt of a deposition transcript (or if the transcript is received within 30 calendar days of the date set for the beginning of trial, within half of the number of days remaining before the date set for the beginning of trial), a party may inform the other parties to the action of the portions of the transcript that it wishes to designate as CONFIDENTIAL INFORMATION.  Until such time has elapsed, deposition transcripts in their entirety are to be considered as CONFIDENTIAL INFORMATION.  All parties in possession of a copy of a designated deposition transcript shall appropriately mark the transcript cover and the designated pages as containing CONFIDENTIAL INFORMATION.

2.8	Information Designated "Confidential" In Other Litigation.  A party responding to discovery shall not withhold or object to the production of information in its possession, custody or control on the grounds that such information is or may be subject to a confidentiality or protective order entered in another proceeding, unless the information in question (a) was designated "confidential" in such other proceeding by an entity other than the responding party and (b) remains subject to the confidentiality or protective order in the other proceeding, in which case the responding party may withhold the information, but shall provide the requesting party with the identity of the entity that designated the information "confidential," along with a description of the information sufficiently detailed to enable the requesting party to obtain such information directly from the designating entity.

2.9	Designations by Third-Parties.  A person or entity that is not a party to this action, but has been subpoenaed by a party in this action, or is otherwise producing documents or information for purposes of this action, may designate information or documents as CONFIDENTIAL INFORMATION pursuant to the terms and requirements hereto.  By making this designation, the third-party agrees to be bound by the terms and requirements of this Stipulated

Protective Order and agrees to submit to the jurisdiction of this Court for purposes of any issues relating to those designations, including objections.

**3. Objections to Designations**

3.1 <u>Objections Generally</u>. Except as provided for in subparagraph 3.2 below and unless otherwise agreed to by the parties or ordered by the Court, any party objecting to an initial designation of CONFIDENTIAL INFORMATION shall notify the designating party in writing. The objecting and the designating parties shall promptly confer in an attempt to resolve their differences. If the designating and objecting parties are unable to resolve their differences, the designating party shall have twenty one (21) calendar days from the receipt of the written objection to file with the court a motion for protective order in accordance with the rules and procedures of the Court. The designating party shall have the burden of proof on any such motion for protective order to justify the CONFIDENTIAL INFORMATION designation. All documents initially designated as CONFIDENTIAL INFORMATION shall continue to be subject to this order unless and until the Court rules otherwise or the parties so agree in writing. If a designating party elects not to make a motion for a protective order with respect to documents to which an objection has been made, it shall be deemed to have withdrawn its designation and shall send a copy of the previously designated documents without the CONFIDENTIAL INFORMATION designation to each party to whom the previously designated documents were originally produced.

3.2 <u>Objections Near Trial</u>. In the case of designations received within forty five (45) calendar days of the date set for the beginning of trial, the objecting party shall have half of the remaining time before trial in which to raise an objection to the designation. If an objection is received within twenty one (21) calendar days of the date set for the beginning of trial, the designating party must file its motion for protective order on an ex parte basis with a request for an order shortening time on the hearing in order to attempt to have the matter heard before the beginning of trial. If the matter has not been heard before trial, the issue may be heard by the trial judge in pretrial proceedings.

**4. Handling Confidential Information Prior to Trial**

    4.1    <u>Authorized Disclosures</u>.  Unless otherwise agreed by the parties or ordered by the Court, CONFIDENTIAL INFORMATION shall be disclosed by the receiving party only to the following persons:

    a.    Attorneys of record in this proceeding, including their necessary associates, paralegals, clerks, and secretarial and clerical personnel;

    b.    In-house counsel (and their staff) of a party, management (and their staff) of a party directly involved in the prosecution or defense of this action, and/or employees of a party designated by in-house counsel or by management to assist with the prosecution or defense of this action;

    c.    Qualified persons taking testimony involving such information, and necessary stenographic, videotape and clerical personnel;

    d.    Trial experts, expert consultants and their staffs who are retained by counsel for a receiving party for this action;

    e.    Witnesses who already know the CONFIDENTIAL INFORMATION being disclosed (as confirmed through counsel in advance of any disclosure to the witness and/or as demonstrated by the witness being clearly shown as an author or prior recipient of the CONFIDENTIAL INFORMATION on the face of the document to be disclosed);

    f.    Deponents (and deponent's counsel) in this action to whom disclosure is reasonably necessary during the course of a deposition or in preparation for a deposition or trial;

    g.    Insurer that issued policies to a party that may provide insurance coverage for this action;

    h.    Discovery masters or settlement judges appointed by the Court or agreed to between the parties, who are engaged in proceedings connected with this action, and personnel regularly employed by them;

    i.  The Court, Court staff and other personnel before which this action is pending.

   A receiving party may provide CONFIDENTIAL INFORMATION to authorized persons designated in subparagraphs 4.1(d), (e), (f) and (g) above only if such persons acknowledge in writing that they have read this Stipulated Protective Order and agree to be bound by its terms. (A form of such acknowledgment is attached hereto as Exhibit A.) Such written acknowledgment shall not be discoverable in this action. Each party takes responsibility for ensuring that all authorized recipients of CONFIDENTIAL INFORMATION are informed of and agree to this Stipulation and Protective Order. Any disclosures under this paragraph are authorized only to the extent necessary to prosecute or defend this litigation.

   4.2 <u>Unauthorized Disclosures</u>. If CONFIDENTIAL INFORMATION is disclosed to any person other than in the manner authorized by this Stipulated Protective Order, the party or person responsible for the disclosure, and any other party or person who is subject to this Order and learns of such disclosure (including without limitation all employees, officers, directors, agents and attorneys of each party to this lawsuit), shall immediately bring such disclosure to the attention of the designating party. Without prejudice to other rights and remedies of the designating party, the responsible party or person shall make every reasonable effort to obtain the return of the CONFIDENTIAL INFORMATION and to prevent further disclosure on its own part or on the part of the person who was the unauthorized recipient of such information.

   4.3 <u>Court Filings</u>. All motions, transcripts of depositions, exhibits, answers to interrogatories, discovery responses and/or other documents and/or pleadings filed with this Court that contain CONFIDENTIAL INFORMATION shall be marked "CONFIDENTIAL" and shall be filed and served pursuant to the procedures and requirements of Civil Local Rule 79-5 for the U.S. District Court of the Northern District of California (or, should any other court preside over this action, the rules of that court for filing confidential information under seal).

-7-
STIPULATED PROTECTIVE ORDER RE: CONFIDENTIAL INFORMATION; Case No. CIV-08-03267 SI

**5.     Handling Confidential Information During Trial**

CONFIDENTIAL INFORMATION which is subject to this Order, and deemed admissible as trial evidence by the court, may be marked and used as trial exhibits by a party according to the terms imposed by the trial court at time of trial.  All parties reserve the right to address the trial court before and during trial regarding the marking, handling and use at trial of designated CONFIDENTIAL INFORMATION, including objections to designations.

**6.     Handling After Final Disposition**

6.1     <u>Non Work Product Materials</u>.  Within ninety (90) calendar days of the final disposition of this lawsuit as to a receiving party, the designating party may request in writing of a receiving party that any or all CONFIDENTIAL INFORMATION either be returned to the designating party or destroyed by the receiving party, at the option of the designating party.  If the documents are requested to be returned, the designating party shall pay reasonable shipping costs associated with returning such documents, but shall not pay for the time of personnel of the receiving party to accomplish the return.  The request shall specifically identify the documents or things to be returned or destroyed if return or destruction of less than all CONFIDENTIAL INFORMATION is requested.  The attorney for the receiving party shall collect, assemble and either return or destroy (at the option of the designating party) within nine (9) months all such CONFIDENTIAL INFORMATION, including all copies, extracts and summaries thereof in the possession of the receiving party, its counsel or other authorized recipients, but not including extracts or summaries that contain or constitute attorney's or expert's work product or pleadings filed with the Court, except that the receiving party may, at its own option, destroy, rather than return, any such CONFIDENTIAL INFORMATION if it is marked or written upon by any attorney or expert herein.  Receipt of returned CONFIDENTIAL INFORMATION shall be acknowledged in writing if such an acknowledgment is requested.  Counsel for the designating party agree to retain for five (5) years from the day of receipt the CONFIDENTIAL INFORMATION returned by the receiving party.

   6.2  <u>Work Product Materials</u>.  Attorneys', consultants' and experts' work product referring to or reflecting CONFIDENTIAL INFORMATION may be retained after receipt of a request as described in Paragraph 6.1 hereof, but all such work product shall be subject to the terms of this Order unless and until such work product is permanently destroyed.

  **7.**  **Third Party Subpoena**

  Should a receiving party receive from any individual or entity that is not a party hereto a subpoena, discovery request, court order, or other authoritative demand or request for any CONFIDENTIAL INFORMATION designated as such by another party hereto, the party receiving such request will immediately notify the party that designated the information as CONFIDENTIAL INFORMATION and provide that party with an opportunity to object to, challenge, or otherwise contest the demand or request for its CONFIDENTIAL INFORMATION before any such CONFIDENTIAL INFORMATION is disclosed.  It shall be the obligation of the designating party to promptly take whatever steps are required to protect its CONFIDENTIAL INFORMATION before a response from the subpoenaed party is required; however, the subpoenaed party will not produce CONFIDENTIAL INFORMATION of the designating party, unless the subpoenaed party receives the consent of the designating party or an order from any court that requires production in response to the designating party's attempt to protect its CONFIDENTIAL INFORMATION.

  **8.**  **No Implied Waivers**

  The entry of this Order shall not be interpreted as a waiver of the right to object, pursuant to any applicable law or rule, to the furnishing of information in response to discovery requests or to object to a requested inspection of documents or facilities.  Except as specifically provided herein, neither the agreement to, nor the taking of, any action in accordance with the provisions of this Order, nor the failure to object thereto, shall be interpreted as a waiver of any claim or position or defense in this action, or any other actions.

  **9.**  **Inadvertent Disclosure or Production**

  The inadvertent production of any privileged or otherwise protected or exempted information, as well as the inadvertent production of information without an appropriate designation

of confidentiality, shall not be deemed a waiver or impairment of any claim of privilege, protection or confidentiality, including but not limited to the attorney-client privilege, the protection afforded to work-product materials or the subject matter thereof, or the confidential nature of any such information, provided that the producing party shall immediately notify receiving party in writing when inadvertent production is discovered. Upon receiving written notice from the producing party that privileged information, work-product material or CONFIDENTIAL INFORMATION has been inadvertently produced, all such information, and all copies thereto shall be kept by counsel for the receiving party and counsel shall not use such information for any purpose until further Order of the Court, or until the producing and receiving parties have agreed upon a satisfactory resolution of the inadvertently produced information. The producing party may then, if necessary, move the court for an Order compelling return of the material. Any analyses, memoranda or notes which were internally generated based upon such inadvertently produced information shall immediately be treated in conformance with the protected nature of the information.

### 10. Authority to Execute

Each counsel signing this Stipulated Protective Order on behalf of his or her client(s) represents that a copy of this Stipulation and Protective Order has been provided to at least one authorized employee of each client company who has authorized the signatory to bind the client to the terms of this Stipulation and Protective Order, including those provisions herein waiving the access of the client or its employees, officers or directors (including any subsidiary or affiliate thereof) to designated CONFIDENTIAL INFORMATION.

### 11. Execution in Counterparts

This Order may be executed by facsimile signature and in counterparts and each executed counterpart may be combined to create one original document.

### 12. Non-Signatory Defendants

Some of the named defendants in the Complaint to this action have not executed this Stipulated Protective Order because they are dissolved, they have not been served, they are challenging service, they are challenging the jurisdiction of the court and/or they are not represented

by counsel. Also, additional entities or persons may be added as parties to this action in the future. To receive CONFIDENTIAL INFORMATION, any non-signatory defendant or any subsequently-added party shall file and serve a pleading stating that it has received and reviewed this Stipulated Protective Order, and that it agrees to be bound by its terms and requirements as if it had signed the initial Stipulated Protective Order.

PURSUANT TO STIPULATION, IT IS SO ORDERED.

Dated: _____  _____
                                                      Hon. Susan Illston
                                                      United States District Judge

IT IS SO STIPULATED.

Dated: September 19, 2008      LEGACY VULCAN CORP., f/k/a VULCAN MATERIALS COMPANY

                                           By: /s/ James H. Colopy, Esq.
                                              Douglas R. Young, Esq.
                                              James H. Colopy, Esq.
                                              Ruth Ann Castro, Esq.
                                              FARELLA BRAUN + MARTEL LLP
                                              Russ Building
                                              235 Montgomery Street, 17th Floor
                                              San Francisco, CA 94104

Counsel for defendant Legacy Vulcan Corp. certifies that concurrence has been obtained from counsel for each party below to execute and file this pleading on behalf of that party, and this pleading is therefore being filed in compliance with General Order No. 45, Section X.B.

Dated: _____      CALIFORNIA WATER SERVICE COMPANY

                                           By: /s/
                                              Victor M. Sher, Esq.
                                              Marnie E. Riddle, Esq.
                                              Nicholas G. Campins, Esq.
                                              SHER LEFF LLP
                                              450 Mission St., Suite 400
                                              San Francisco, CA 94105

| | |
|---|---|
| Dated:_____ | THE DOW CHEMICAL COMPANY<br><br>By: _____/s/_____<br>Gennaro A. Filice, Esq.<br>Stephen J. Valen, Esq.<br>Daniel J. Nichols, Esq.<br>FILICE, BROWN, EASSA & MCLEOD LLP<br>Lake Merritt Plaza<br>1999 Harrison St., 18th Floor<br>Oakland, CA 94612-3408 |
| Dated:_____ | E.I. DUPONT DE NEMOURS AND COMPANY<br><br>By: _____/s/_____<br>Andrew T. Mortl, Esq.<br>GLYNN & FINLEY, LLP<br>One Walnut Creek Center<br>100 Pringle Avenue, Suite 500<br>Walnut Creek, CA 94596 |
| Dated:_____ | PPG INDUSTRIES, INC.<br><br>By: _____/s/_____<br>Gary J. Smith, Esq.<br>Ryan R. Tacorda, Esq.<br>BEVERIDGE & DIAMOND, P.C.<br>456 Montgomery Street, Suite 1800<br>San Francisco, CA 94104-1251 |
| Dated:_____ | OCCIDENTAL CHEMICAL CORPORATION<br><br>By: _____/s/_____<br>Stephen C. Lewis, Esq.<br>Maureen L. King, Esq.<br>BARG, COFFIN, LEWIS & TRAPP, LLP<br>350 California Street, 22nd Floor<br>San Francisco, CA 94104-1435 |

-12-
STIPULATED PROTECTIVE ORDER RE: CONFIDENTIAL INFORMATION; Case No. CIV-08-03267 SI

| | | |
|---|---|---|
| 1 | | |
| 2 | Dated:_____ | VALERO ENERGY CORPORATION |
| 3 | | By: _____/s/_____ |
| 4 | | Steven H. Gurnee, Esq.<br>John A. Mason, Esq. |
| 5 | | GURNEE & DANIELS LLP<br>2240 Douglas Blvd., Suite 150 |
| 6 | | Roseville, CA 95661-3805 |
| 7 | | |
| 8 | Dated:_____ | HOYT CORPORATION |
| 9 | | By: _____/s/_____<br>Mandy Jeffcoach, Esq. |
| 10 | | MCCORMICK BARSTOW, LLP<br>5 River Park Place East |
| 11 | | Fresno, CA 93720 |
| 12 | | AMERICAN LAUNDRY MACHINERY, INC., |
| 13 | Dated:_____ | individually and d/b/a AJAX MANUFACTURING<br>DIVISION AND MARTIN EQUIPMENT |
| 14 | | By: _____/s/_____ |
| 15 | | Christopher M. Bechhold, Esq.<br>THOMPSON HINE |
| 16 | | 312 Walnut Street, 14th Floor<br>Cincinnati, OH 45202-4089 |
| 17 | Dated:_____ | R.R. STREET & CO., INC. |
| 18 | | |
| 19 | | By: _____/s/_____<br>Eric Grant, Esq. |
| 20 | | HICKS THOMAS LLP<br>8001 Folsom Boulevard, Suite 100 |
| 21 | | Sacramento, CA 95826 |
| 22 | | John B. Thomas, Esq.<br>Brian A. Abramson, Esq. |
| 23 | | HICKS THOMAS LLP<br>700 Louisiana, Suite 2000 |
| 24 | | Houston, TX 77002 |
| 25 | | |
| 26 | | |
| 27 | | |
| 28 | | |

-13-

STIPULATED PROTECTIVE ORDER RE: CONFIDENTIAL INFORMATION; Case No. CIV-08-03267 SI

| | |
|---|---|
| Dated:_____ | MONDIAL DRYCLEANING PRODUCTS, INC. (improperly sued as Union Drycleaning Products U.S.A. and Realstar, Inc., individually and d/b/a Realstar USA) |
| | By:_____/s/_____<br>Eric Grant, Esq.<br>HICKS THOMAS LLP<br>8001 Folsom Boulevard, Suite 100<br>Sacramento, CA 95826 |
| | John B. Thomas, Esq.<br>Brian A. Abramson, Esq.<br>HICKS THOMAS LLP<br>700 Louisiana, Suite 2000<br>Houston, TX 77002 |
| Dated:_____ | FORENTA LP |
| | By:_____/s/_____<br>Susan L. Caldwell, Esq.<br>Ryan Deam, Esq.<br>KOLETSKY, MANCINI, FELDMAN & MORROW<br>3460 Wilshire Boulevard, Eighth Floor<br>Los Angeles, CA 90010-2228 |
| Dated:_____ | KELLEHER EQUIPMENT SUPPLY, INC. |
| | By:_____/s/_____<br>Stephen A. Spataro, Esq.<br>SPATARO & ASSOCIATES<br>951 Jays Way<br>Ringgold, GA 30736-8982 |
| Dated:_____ | RENZACCI OF AMERICA, INC. |
| | By:_____/s/_____<br>Stephen A. Spataro, Esq.<br>SPATARO & ASSOCIATES<br>951 Jays Way<br>Ringgold, GA 30736-8982 |
| Dated:_____ | M.B.L., INC. |
| | By:_____/s/_____<br>A. Raymond Hamrick, III, Esq.<br>Douglas K. Lackey, Esq.<br>HAMRICK & EVANS, LLP<br>10 Universal City Plaza, Suite 2200<br>Universal City, CA 91608-1009 |

| | |
|---|---|
| Dated:_____ | MCGREGOR SUPPLY COMPANY. |
| | By: _____/s/_____ |
| | Jan A. Greben, Esq. |
| | GREBEN & ASSOCIATES |
| | 1332 Anacapa Street, Suite 110 |
| | Santa Barbara, CA 93101 |
| Dated:_____ | WORKROOM SUPPLY, INC. |
| | By: _____/s/_____ |
| | David A. Melton, Esq. |
| | PORTER SCOTT |
| | 350 University Ave., Suite 200 |
| | Sacramento, CA 95825 |
| | TAYLOR HOUSEMAN, INC. |
| Dated:_____ | By: _____/s/_____ |
| | William H. Kochenderfer, Esq. |
| | TELLES, WALKER & KOCHENDERFER, LLP |
| | 12210 Herdal Drive, Suite 11 |
| | Auburn, CA 95603 |
| Dated:_____ | UNITED FABRICARE SUPPLY, INC. |
| | By: _____/s/_____ |
| | Patrick M. Maloney, Esq. |
| | BAUTE & TIDUS LLP |
| | 777 Figueroa St. #4900 |
| | Los Angeles, CA 90017 |
| Dated:_____ | MW EQUIPMENT |
| | By: _____/s/_____ |
| | Evan A. Berman, Esq. |
| | Kenneth D. Kan, Esq. |
| | BERMAN BERMAN & BERMAN LLP |
| | 11900 West Olympic Blvd., Sixth Floor |
| | Los Angeles, CA 90064 |
| Dated:_____ | WYATT-BENNETT |
| | By: _____/s/_____ |
| | Mark B. Gilmartin, Esq. |
| | LAW OFFICES OF MARK B. GILMARTIN |
| | 1534 17th Street, Suite 103 |
| | Santa Monica, CA 90404-3452 |

| | | |
|---|---|---|
| 1 | Dated:_____ | CORBETT EQUIPMENT |
| 2 | | |
| 3 | | By: _____/s/_____<br>Thomas W. Hood, Esq |
| 4 | | HOOD & REED<br>18141 Beach Blvd., Suite 390 |
| 5 | | Huntington Beach, CA 92648 |
| 6 | Dated:_____ | ELECTROLUX HOME PRODUCTS, INC. f/k/a<br>White Consolidated Industries, Inc. (erroneously |
| 7 | | sued as Electrolux Corporation) |
| 8 | | By: _____/s/_____<br>Michele A. Powers, Esq. |
| 9 | | ALSTON & BIRD LLP<br>333 South Hope Street, Sixteenth Floor |
| 10 | | Los Angeles, CA 90071 |

-16-
STIPULATED PROTECTIVE ORDER RE: CONFIDENTIAL INFORMATION; Case No. CIV-08-03267 SI

EXHIBIT A

ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order Regarding the Protection of Confidential Information ("Stipulated Protective Order") that was issued by the United States District Court for the Northern District of California in the case of *California Water Service Co. v. The Dow Chemical Co. et al., LLC*, Case No. CIV-08-03267 SI.

I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Northern District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

Date: _____

Printed name: _____

Signature: _____