IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CALIFORNIA WATER SERVICE CO., | No. C 08-3267 SI |
| Plaintiff, | **ORDER GRANTING PLAINTIFF'S MOTION FOR REMAND; DENYING ALL OTHER PENDING MOTIONS AS MOOT** |
| v. | |
| THE DOW CHEMICAL COMPANY, *et al.*, | |
| Defendants. | |

The parties have filed several motions that are scheduled for a hearing on October 31, 2008. Pursuant to Civil Local Rule 7-1(b), the Court determines that the matters are appropriate for resolution without oral argument, and VACATES the hearing. For the reasons set forth below, the Court GRANTS plaintiff's motion for remand and DENIES all other pending motions as moot. The Court also VACATES the case management conference scheduled for October 31, 2008.

**BACKGROUND**

Plaintiff California Water Service Company is a public utility water corporation that owns and operates public drinking water systems, and supplies drinking water to residents and businesses throughout California. Complaint ¶¶ 1, 6. The complaint alleges that the toxic chemical perchloroethylene and its degradation products ("PCE") are contaminating and damaging plaintiff's drinking water supply wells in dispersed locations throughout the state. *Id.* ¶ 1. Plaintiff alleges that defendants are manufacturers, distributors and retailers of PCE and/or PCE-containing products that caused the contamination of plaintiff's wells. *Id.* ¶ 4. The complaint alleges eight state law causes of action: (1) strict products liability (design defect); (2) strict products liability (failure to warn); (3)

nuisance; (4) trespass; (5) negligence; (6) negligence *per se*; (7) California Civil Code violations; and (8) equitable indemnity.  Plaintiff seeks to recover compensatory and all other damages, including but not limited to all necessary funds to reimburse plaintiff for "the costs of designing, constructing, installing, operating and maintaining the treatment facilities and equipment required to comply with state and federal safe drinking water laws and to remove PCE from the drinking water it supplies to the public and/or for the costs of securing alternative sources of water as a result of the PCE contamination . . . ." *Id*. ¶ 5.

On May 22, 2008, plaintiff filed this lawsuit in the Superior Court for the County of San Mateo. On July 7, 2008, defendant PPG Industries, Inc. filed a timely notice of removal in this Court. Defendant's notice of removal states that the eighth cause of action for equitable indemnity is actually a claim for contribution under the Comprehensive Environmental Response, Compensation and Liability Act ("CERCLA"), 42 U.S.C. §§ 9601 *et seq.*  Plaintiff has moved to remand, contending that the eighth cause of action arises under state law, not CERCLA, and also contending that PPG's notice of removal is procedurally defective because defendant MW Equipment did not join in the removal.  Defendants oppose remand, and PPG has also filed a motion to amend the notice of removal to add the consent of MW Equipment.

**LEGAL STANDARD**

A defendant may remove any civil action brought in a state court over which the district court has original jurisdiction. 28 U.S.C. § 1441(a). Original federal jurisdiction embraces an action founded on a claim or right arising under the Constitution, treaties or laws of the United States (federal question jurisdiction), 28 U.S.C. § 1331, or an action between citizens of two different states and with a matter in controversy exceeding $75,000 (diversity jurisdiction), 28 U.S.C. § 1332. *See* 28 U.S. C. § 1441(a), (b). Federal law expressly provides that a district court shall remand any action in which subject-matter jurisdiction is lacking. 28 U.S.C. § 1447(c).

Because of the "Congressional purpose to restrict the jurisdiction of the federal courts on removal," courts must strictly construe the removal statute against removal jurisdiction. *Duncan v. Stuezle*, 76 F. 3d 1480, 1485 (9th Cir. 1996) (quoting *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S.

100, 108 (1941)); *see Boggs v. Lewis*, 863 F.2d 662, 663 (9th Cir 1988); *see also Petrie v. Pacific Stock Exchange, Inc.*, 982 F. Supp 1390, 1393 (N. D. Cal. 1997) ("the court must reject federal jurisdiction if there is any doubt as to whether removal was proper"). The burden of establishing grounds for federal jurisdiction rests on the removing party. *Emrich v. Touche-Ross & Co.*, 846 F. 2d 1190, 1195 (9th Cir. 1988) (citations omitted ); *see also Gaus v. Miles, Inc.*, 980 F. 2d 564, 566 (9th Cir. 1992) ("the 'strong presumption' against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper").

**DISCUSSION**

Defendants contend that removal was proper because plaintiff's eighth cause of action for equitable indemnity actually alleges a claim for cost recovery or contribution under CERCLA. The eighth cause of action for "equitable indemnity" alleges that the California Department of Toxic Substance Control ("DTSC") pursued an enforcement action against plaintiff arising from PCE contamination in Chico, California, and that a settlement between DTSC and plaintiff was approved by a court on May 23, 2007.[1] Complaint ¶¶ 159-60. Under the settlement, plaintiff is obliged to "incur significant costs designing and implementing measures to remediate PCE contamination and undertaking water treatment activities." *Id.* ¶ 160. The eighth cause of action alleges that plaintiff "is in no way legally responsible for the events giving rise to the Settlement, nor legally responsible in any manner for the damages allegedly sustained by DTSC" and that defendants' acts "were the direct and proximate cause of the PCE contamination that was the subject of DTSC's complaint and action against Plaintiff." *Id.* ¶ 161. In the eighth cause of action, plaintiff seeks a judgment against each defendant in an amount proportional to their responsibility. *Id.* ¶ 162.

It is well-established that CERCLA does not completely preempt state law claims. *See generally ARCO Environmental Remediation, L.L.C. v. Montana*, 213 F.3d 1108 (9th Cir. 2000). Defendants do not contend otherwise, but instead argue that because the DTSC's lawsuit against plaintiff, and the

---

[1] Defendants have submitted the DTSC's complaint, which was brought under CERCLA, and the court-approved settlement, in *California Department of Toxic Substances Control v. City of Chico et al.*, Case No. CIV S-02-0442 LKK DAD (E.D. Cal.). Def's Request for Judicial Notice, Ex. 1-2. The Court GRANTS defendants' request for judicial notice of these documents.

3

resulting settlement, were under CERCLA, that the eighth cause of action necessarily also arises under Section 113(f)(3)(B) of CERCLA. As an initial matter, the Court notes that on its face, the eighth cause of action does not plead the elements of a Section 113(f) claim for contribution; under such a claim, plaintiff would need to allege, *inter alia*, that defendants are potentially responsible parties ("PRPs") under Section 107(a) of CERCLA. 42 U.S.C. § 9613(f)(1) ("Any person may seek contribution from any other person who is liable or potentially liable under section 9607(a) of this title, during or following any civil action under section 9606 of this title or under section 9607(a) of this title."). The complaint does not allege that defendants fall into any of the four categories of PRPs specified in Section 107(a).[2]

None of the cases cited by defendant hold that CERCLA completely preempts the type of state law equitable indemnity claim alleged by plaintiff here. Instead, many of the cases hold that within the CERCLA context, a potentially liable CERCLA plaintiff bringing a CERCLA contribution claim against other PRPs must bring such a claim pursuant to Section 113(f), and not Section 107(a). *See, e.g.*, *United States v. Atlantic Research Corp.*, 127 S. Ct. 2331, 2338 n.6 (2007) (discussing interplay between Sections 107 and 113, and noting that certain costs are recoverable only under Section 107 and not 113, and vice versa); *New Castle County v. Halliburton NUS Corp.*, 111 F.3d 1116, 1124 (3d Cir. 1997) ("[W]e decide that a potentially responsible person under section 107(a), who is not entitled to any of the defenses enumerated under section 107(b), may not bring a section 107 action against another potentially responsible person."); *United States v. Colorado & E. R.R. Co.*, 50 F.3d 1530, 1534 (10th Cir. 1995) ("The CERC parties contend that the district court erred in allowing Farmland to recover under § 107 since cost recovery between PRPs in these circumstances is a claim for contribution under § 113(f). We agree.").

Defendants also cite cases holding that defendants involved in CERCLA litigation who settle with claimants are then protected against contribution and indemnification claims brought against them

---

[2] Plaintiff notes, and defendants do not dispute, that Section 107 does not expressly include the manufacturers, distributors or retailers of products or equipment in the four categories of PRPs, and California courts have analyzed other grounds, such as California statutes, for finding such defendants liable. *See., e.g.*, *City of Modesto Redevelopment Agency v. Superior Court*, 119 Cal. App. 4th 28 (2004) (defendant PCE and equipment manufacturers could be held liable under state Water Code; no allegation that defendants would be PRPs under CERCLA).

4

by non-settling defendants in that same case. *See, e.g.*, *Central Illinois Public Service Co. v. Industrial Oil Tank & Line Cleaning Serv.*, 730 F. Supp. 1498, 1505 (W.D. Mo. 1990); *City of Richmond v. Untied States et al.*, 1994 WL 578256 (N.D. Cal. July 20, 1994) (DLJ). The court in *Central Illinois Public Service Company* explained, "when Congress amended CERCLA in 1986, one year after *Conservation Chemical* was decided, Congress showed its intent more clearly. That is, it intended to preclude contribution actions by nonsettling parties against those parties which settled with the government, while leaving the contribution actions under state law available against parties not subject to CERCLA." 730 F. Supp. at 1505. These cases did not address the situation presented here, where a plaintiff who has settled a CERCLA action subsequently seeks equitable indemnification under state law against defendants who were not parties to the original CERCLA action.

Defendants argue that because plaintiff settled the CERCLA action with the DTSC, plaintiff is a liable party under CERCLA. While that is correct, the Court finds that it is *defendant*s' status, not *plaintiff*'s, that is relevant for purposes of analyzing the nature of plaintiff's equitable indemnity claim. Here, defendants were not parties to the DTSC CERCLA action, and have never been alleged to be PRPs under CERCLA. Although not directly on point, the Court finds persuasive *Edward Hines Lumber Company v. Vulcan Materials Company*, 685 F. Supp. 651 (N.D. Ill. 1998), *aff'd* 861 F.2d 155 (7th Cir. 1988), where the court held that a defendant who was not a PRP under CERCLA could be subject to liability under state law:

> Despite these provisions,[3] defendants contend that CERCLA precludes any cause of action under state law in which a plaintiff seeks contribution for the costs incurred in cleaning up a site containing hazardous substances. The gravamen of defendants' position is that a party incurring costs at the request of an EPA-ordered hazardous waste site cleanup can recover those costs only under federal law and therefore only from responsible parties under federal law. Defendants cite a litany of cases that they contend support this proposition. We do not read these cases so expansively as contradicting the language of the above-quoted statutory provisions. In the cases cited by defendants, the courts held that federal common law rather than state law determines the availability of an action for contribution against parties that are liable under CERCLA. [citations omitted] The courts did not state or suggest that CERCLA preempts any state law

---

[3] The two CERCLA provisions referenced are 42 U.S.C. § 9607(e)(2), "Nothing in this subchapter . . . shall bar a cause of action that an owner or operator or any other person subject to liability under this section, or a guarantor, has or would have, by reason of subrogation or otherwise against any person"; and 42 U.S.C. § 9652(d), "Nothing in this chapter shall affect or modify in any way the obligations or liabilities of any person under other Federal or State law, including common law, with respect to releases of hazardous substances or other pollutants or contaminants."

5

remedies to recover the costs of site cleanup from parties who are not liable under CERCLA but are potentially liable under state law.

*Id*. at 657-58.

Here, although there has been no judicial determination that defendants are not PRPs under CERCLA as there was in *Edward Hines*, there has been no allegation either in the DTSC action or the instant lawsuit that defendants are PRPs under CERCLA. Accordingly, the Court finds that defendants' authority, which all addresses claims within a CERCLA context, to be inapposite. In light of the general principle that CERCLA does not completely preempt state law, and in the absence of any cases holding that a plaintiff may not pursue an equitable indemnification claim under state law against defendants who are not alleged to be PRPs under CERCLA, the Court holds that plaintiff's eighth cause of action arises under state law, not CERCLA.[4] Because the Court finds that there is no basis for federal jurisdiction, the Court does not address the parties' arguments regarding the procedural defect in removal. Accordingly, the Court GRANTS plaintiff's motion for remand. The Court denies plaintiff's request for attorneys' fees.

## CONCLUSION

For the foregoing reasons, the Court GRANTS plaintiff's motion for remand and REMANDS this case to the Superior Court for the County of San Mateo. (Docket No. 33). All other pending motions are DENIED AS MOOT.

**IT IS SO ORDERED.**

Dated: October 30, 2008

SUSAN ILLSTON
United States District Judge

---

[4] The Court is not persuaded by defendants' contention that plaintiff's state law claim for equitable indemnification fails because plaintiff has alleged that it is not legally responsible for the injury to DTSC. "In traditional terms, the apportionment of loss between multiple tortfeasors has been thought to present a question of 'contribution,' while 'indemnity' has traditionally been viewed as concerned solely with whether a loss should be entirely shifted from one tortfeasor to another. . . ." *Exxcess Electronixx v. Heger Realty Corp.*, 64 Cal. App. 4th 698, 714 (1998) (internal citation omitted).